Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Attorneys for Defendants
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>　　　　Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN <u>SUPPORT</u>**<br><br>**Date: November 8, 2019**<br>**Time: 9:00 A.M.**<br>**Courtroom: 7, 19th Floor**<br>**Judge: Maxine M. Chesney**<br><br>**San Francisco Courthouse**<br>**450 Golden Gate Avenue**<br>**San Francisco, CA 94102** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on November 8, 2019, at 9:00 A.M., or as soon thereafter as the matter may be heard in Courtroom 7, located on the 19th Floor of this Court, 450 Golden Gate Avenue, San Francisco, California 94102, Defendants, Vade Secure, Incorporated ("VSI"), Vade Secure SASU ("VSS"; collectively with VSI, the "Vade Defendants"), and Olivier Lemarié ("Lemarié"; collectively with the Vade Defendants, "Defendants"), will and hereby do move this Court for an Order, under Federal Rule of Civil Procedure 12(b)(6), dismissing Plaintiffs', Proofpoint, Inc. ("Proofpoint") and Cloudmark, LLC's ("Cloudmark"; collectively with Proofpoint, "Plaintiffs"), claims for misappropriation of trade secrets under 18 U.S.C. § 1836(b). Defendants bring this motion under Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state facts sufficient to constitute a cause of action for misappropriation of trade secrets upon which relief may be granted. The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

## REQUESTED RELIEF

Defendants seek an order from this Court dismissing Plaintiffs' claims for trade secret misappropriation. Plaintiffs' cause of action for misappropriation of trade secrets fails against all Defendants because it does not contain sufficient factual matter to state a claim for relief against Defendants that is plausible on its face. As a result, Plaintiffs fail to allege factual allegations sufficient to reach the minimum pleading standard as to Defendants.

Dated: September 16, 2019

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: /s/ *Colin H. Murray*
      Colin H. Murray

*Attorneys for Defendants*
*Vade Secure, Incorporated; Vade Secure SASU;*
*and Olivier Lemarié*

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ...........................................................................................................1

II. RELEVANT FACTUAL BACKGROUND..................................................................1

    A. Lemarié has extensive cybersecurity experience and has acquired special knowledge known to those skilled in the art. ...............................................................1

    B. Plaintiffs have alleged that Lemarié went to work for a competitor, nothing more. .............2

III. LEGAL STANDARD....................................................................................................3

IV. ARGUMENT AND AUTHORITIES ...........................................................................4

    A. Plaintiffs fail to identify any trade secrets with sufficient particularity...............................4

    B. Plaintiffs fail to plausibly allege misappropriation by any Defendant. ................................6

V. CONCLUSION..............................................................................................................9

i

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*,
343 F. Supp. 3d 868 (N.D. Cal. 2018) ...................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...............................................................................................................3

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121 (N.D. Cal. May 21, 2018)
(Chesney, J.) ..........................................................................................................................5

*Brown v. Adidas Int'l*,
938 F. Supp. 628 (S.D. Cal. 1996) .........................................................................................8

*Chavez v. United States*,
683 F.3d 1102 (9th Cir. 2012) ................................................................................................4

*Citcon USA, LLC v. Riverpay Inc.*,
No. 18-cv-02585-NC, 2018 U.S. Dist. LEXIS 216961 (N.D. Cal. Dec. 27, 2018) ................4

*Conservation Force v. Salazar*,
646 F.3d 1240 (9th Cir. 2011) ................................................................................................3

*Cousins v. Lockyer*,
568 F.3d 1063 (9th Cir. 2009) ................................................................................................4

*E.&J. Gallo Winery v. Instituut Voor Landbouw - En Visserijonderzoek*,
No. 1:17-cv-00808-DAD-EPG, 2018 U.S. Dist. LEXIS 92259 (E.D. Cal. June 1,
2018) ......................................................................................................................................8

*Farhang v. Indian Inst. of Tech.*,
No. C-08-02658 RMW, 2010 U.S. Dist. LEXIS 53975 (N.D. Cal. June 1, 2010) .................9

*GSI Tech., Inc. v. United Memories, Inc.*,
No. 5:13-cv-01081-PSG, 2015 U.S. Dist. LEXIS 129568 (N.D. Cal. Sept. 25,
2015) ......................................................................................................................................7

*Pellerin v. Honeywell Int'l, Inc.*,
877 F. Supp. 2d 983 (S.D. Cal. 2012) ....................................................................................7

*Space Data Corp. v. X.*,
No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571 (N.D. Cal. Feb. 16, 2017) ................4

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ................................................................................................4

ii

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

*Synopsys, Inc. v. ATopTech, Inc.*,
   No. C 13-2965 SC, 2013 U.S. Dist. LEXIS 153089 (N.D. Cal. Oct. 24, 2013) ........................... 5, 6

*Teradata Corporation v. SAP SE*,
   No. 18-cv-03670-WHO, 2018 U.S. Dist. LEXIS 209872 (N.D. Cal. Dec. 12,
   2018) ................................................................................................................................. 5, 7

*Vendavo, Inc. v. Price f(x) AG*,
   No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637 (N.D. Cal. Mar. 23, 2018) ........... 2, 4, 5, 6, 7

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) ............................................................................................... 3

**Federal Statutes**

18 U.S.C. § 1836(b)(1) ................................................................................................................. 4

18 U.S.C. § 1839(5) ..................................................................................................................... 7

**Other Authorities**

https://en.wikipedia.org/wiki/Simple_Mail_Transfer_Protocol .................................................... 3

iii

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs assert, but fail to adequately plead, a claim for misappropriation of trade secrets. Plaintiffs' Complaint contains allegations that Defendants engaged in a scheme to misappropriate broad categories of "valuable trade secrets and other confidential information," but fails to sufficiently identify any of the purported trade secrets or plead that any Defendant misappropriated a trade secret. Under similar circumstances, numerous courts have dismissed trade secret misappropriation claims under Rule 12(b)(6). The same result is warranted here.

## II.   RELEVANT FACTUAL BACKGROUND

### A.   Lemarié has extensive cybersecurity experience and has acquired special knowledge known to those skilled in the art.

For purposes of this motion only, the statements in Plaintiffs' Complaint and accompanying exhibits are taken as true. Plaintiffs' Complaint makes clear that Lemarié is a person skilled in the art of cybersecurity based on over twenty years of experience in the industry. (Pls.' Compl. Ex. A, ECF No. 1.) In particular, Lemarié's professional career dates back to at least 1994, when he founded Internet-Way, which would become a major business internet service provider in France. (*Id*.) While there, Lemarié was responsible for the company's research and product-development efforts, all of which were in the cyber industry. After Internet-Way was acquired, Lemarié went on to work for and found additional companies focused on providing internet-based products and solutions to many Fortune 500 companies. (*Id*.) In each instance, Lemarié was responsible for developing these cyber-based products, which would necessarily include understanding how to leverage and use known tools, such as source code and algorithms, when performing those job functions. (*Id*.)

In 2004, Lemarié founded a company called Bizanga, and served as its Chief Technology Officer. (*Id*.) While there, Lemarié continued to apply the same technological skills acquired over the course of more than a decade to, again, develop cyber-based products targeting email protection. (*Id*.) In March 2019, Bizanga was acquired by Cloudmark. Lemarié went to work at Cloudmark after the acquisition, and served there as Vice President. As he had done previously, Lemarié again led product-development efforts related to the "protection of carriers against email, mobile and dns

1

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

based security threats." (*Id.*)  In November 2016, Lemarié resigned from Cloudmark. (*Id.* ¶ 6.) Subsequent to his departure from Cloudmark, the Complaint alleges that "Lemarié joined Vade as its Chief Technology Officer in February 2017."[1] (*Id.* ¶ 38.)  Over two years later, this lawsuit was filed, claiming, among other things, trade secret misappropriation.

### B. Plaintiffs have alleged that Lemarié went to work for a competitor, nothing more.

The Vade Defendants are also in the cybersecurity business and, like various others in the industry, the Vade Defendants offer products that combat unwanted email, or spam. For example, in March 2017, VSI filed a patent application, listing Sebastian Goutal as the named inventor, titled "Detection of Email Spoofing and Spear Phishing Attacks." (*Id.* Ex. F.)  As explained in the specification, the problem of "phishing" or "spear phishing" was a known email security threat in the industry. (*Id.* Ex. F col. 1 ll. 5-22.)  Accordingly, the Vade Defendants, being in the business of providing cyber-security solutions, developed and released products addressing these known threats. (*Id.* Exs. F, H, & I.)  As reflected by the timing of the March 2017 patent filing, VSI had been developing these solutions before Lemarié joined the company, which was just a month before in February 2017. (*Id.* ¶ 38.)  Indeed, since joining VSI, the Complaint does not allege that Lemarié assisted with the development of any product that has actually been released and sold. At most, the Complaint infers that Lemarié was involved in the development of a product that has not yet been released to the market. (*Id.* ¶¶ 40-45.)

Despite public documents announcing VSI's product development and releases directed to email threats of phishing, spear phishing, and malware in at least March 2017 and June 2018, Plaintiffs did not bring suit at that time. (*See, e.g.*, *id.* Exs. F & H.)  In June 2019, however, it was announced that "Vade Secure" entered into a financing agreement worth €70 million, making VSI

---

[1] This allegation highlights the imprecise and vague nature of Plaintiffs' allegations. For example, while acknowledging that VSI and VSS are separate entities, Plaintiffs simply treat them as a single party for purposes of their allegations.  Courts have criticized plaintiffs for failing to distinguish between separate entities when alleging trade secret misappropriation, and this is one of many failures that doom Plaintiffs' trade secret claim in this matter.  *See Vendavo, Inc. v. Price f(x) AG*, No. 17-cv-06930-RS, 2018 U.S. Dist. LEXIS 48637, at *10 (N.D. Cal. Mar. 23, 2018) (finding that the complaint's lack of specificity was exacerbated by the fact that it did "not distinguish between Price f(x), Inc. (a Delaware corporation), and Price f(x) AG (a German corporation)").

and VSS bigger competitive threats to Plaintiffs. (*Id.* Ex. L.) Approximately one month after that announcement, Plaintiffs, which includes Proofpoint that did not even acquire Cloudmark until after Lemarié's departure, filed this lawsuit alleging, among other things, trade secret misappropriation against VSI, VSS, and Lemarié.

But in bringing their misappropriation claim, Plaintiffs fail to actually identify what they claim to be their trade secrets. Instead, the Complaint largely just alleges that the Vade Defendants have competing products that address similar industry problems. (*Id.* ¶¶ 40-45.) Plaintiffs' only attempt to identify some alleged trade secrets is in the form of a laundry list of general categories of information that would be used in the development of any cybersecurity product or solution. (*Id.* ¶¶ 55-66). For example, Plaintiffs contend the following formulaic recitation sufficiently identifies the allegedly misappropriated trade secret(s) at this stage of the proceeding: "Plaintiffs own and possess certain confidential, proprietary, and trade secret information including proprietary techniques, implementations, methods, processes, algorithms, software policies and logic for transferring electronic mail messages using SMTP that are flexible and scalable." (*Id.* ¶ 57.) SMTP is, of course, simply the open public protocol for transmitting e-mail over the Internet. https://en.wikipedia.org/wiki/Simple_Mail_Transfer_Protocol. Courts have consistently held such allegations to be insufficient. Accordingly, for the reasons stated herein, Plaintiffs' trade secret claim against Defendants should be dismissed.

## III.   LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011). A complaint will fail this test where it either lacks "a cognizable legal theory" of the defendant's liability or, alternatively, offers insufficient facts in support of such a theory. *Id.* at 1242. The alleged facts must give rise to a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the plaintiff pleads facts allowing the court to reasonably infer liability for the alleged misconduct. *Id.*

In resolving a Rule 12(b)(6) motion, a court views the complaint in the light most favorable to the plaintiff and takes as true the complaint's properly pleaded factual allegations. *Wilson v.*

3

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

*Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012).  But, "to be entitled to the presumption of truth, [the] allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Courts therefore disregard conclusory legal allegations and unwarranted factual inferences, as they are not entitled to the presumption of truth.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009); *accord Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012).

## IV.   ARGUMENT AND AUTHORITIES

Under the Defend Trade Secrets Act (the "DTSA"), the "owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce."  18 U.S.C. § 1836(b)(1).  The DTSA defines a trade secret as "information that (1) derives economic value from not being generally known and (2) is subject to reasonable measures of secrecy by its owner."  *Citcon USA, LLC v. Riverpay Inc.*, No. 18-cv-02585-NC, 2018 U.S. Dist. LEXIS 216961, at *9 (N.D. Cal. Dec. 27, 2018) (citations omitted).  To plead a trade secret misappropriation claim, "a plaintiff must plead that the plaintiff owned a trade secret, that the defendant acquired it through improper means, and that this misappropriation caused the plaintiff damages."  *Id*.

### A.   Plaintiffs fail to identify any trade secrets with sufficient particularity.

While the details of the trade secret need not be spelled out in the plaintiff's complaint, the plaintiff "must 'describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the trade secret lies.'"  *Vendavo, Inc.*, 2018 U.S. Dist. LEXIS 48637, at *9-10 (quoting *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 988 (S.D. Cal. 2012)) (granting motion to dismiss trade secret misappropriation claim for complaint's failure to identify trade secrets).  For example, in *Space Data Corp. v. X.*, the court dismissed a DTSA misappropriation claim where plaintiff failed to make "clear which aspects of its technology and other information are part of patents and pending patent applications, if any, and which are secret."  No. 16-cv-03260-BLF, 2017 U.S. Dist. LEXIS 22571, *4-5 (N.D. Cal. Feb.

4

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

16, 2017) (internal quotation marks and citations omitted); *see also Synopsys, Inc. v. ATopTech, Inc.*, No. C 13-2965 SC, 2013 U.S. Dist. LEXIS 153089, at *19-21 (N.D. Cal. Oct. 24, 2013) (finding purported trade secrets of "proprietary input and output formats, scripts, and technical product documentation" to be "too sweeping and vague for Defendant to be on notice of what trade secrets are at issue and where the boundary between those secrets and general knowledge might lie"). Likewise, in *Teradata Corporation v. SAP SE*, the plaintiff alleged purported trade secrets including information "on the design and optimization of . . . MPP systems and the execution of analytical queries in such systems." No. 18-cv-03670-WHO, 2018 U.S. Dist. LEXIS 209872, at *10 (N.D. Cal. Dec. 12, 2018). In dismissing the misappropriation claims, the court held that "more particularity is needed to separate [the] alleged trade secret information on design and optimization from other information that is general knowledge in the trade or of special knowledge of those persons who are skilled in the trade." *Id*. at *13 (internal quotation marks and citation omitted).

Trade secret misappropriation claims have also been dismissed at the pleadings stage when the complaint sets "out its purported trade secrets in broad, categorical terms, more descriptive of types of information that generally *may* qualify as protectable trade secrets than as any kind of listing of particular trade secrets [plaintiff] has a basis to believe actually were misappropriated . . . ." *Vendavo*, 2018 U.S. Dist. LEXIS 48637, at *9 (emphasis in original). The same is true even when broad descriptions are tied to a particular product. *See Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933-MMC, 2018 U.S. Dist. LEXIS 85121, at *7 (N.D. Cal. May 21, 2018) (Chesney, J.). Further, a plaintiff also fails to properly identify the boundaries of its purported trade secrets when they are preceded by the words "including" or "such as," which have the effect of impermissibly expanding the scope of the potential trade secrets to matters beyond the complaint. *Id.*

Here, Plaintiffs' Complaint violates each of the foregoing legal principles. Plaintiffs have not properly identified any trade secrets they claim to be at issue. Rather, Plaintiffs have only pleaded broad categories of information, processes, and procedures without any effort to identify the boundaries within which their alleged trade secrets lie. For example, Plaintiffs claim as their trade secrets an undefined combination of six well-known components for developing cyber-security

5

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

products or solutions, such as "statistical dispersion models and quantitative scoring" and "comparison or analysis using cloud-based databases." (Pls.' Compl. ¶ 55.) The bulleted items in paragraph 55 of the Complaint are not in any way unique to Plaintiffs, but rather they are common tools and methods used industry-wide. Further, of the broad categories of information listed in paragraph 55 of Plaintiffs' Complaint, there could conservatively be over 60 potential combinations. (*Id.*) Making matters worse, Plaintiffs introduce the generic list with the phrase "such as proprietary combinations of," thereby leaving the door open to further impermissible speculation about what exactly is the subject of Plaintiffs' trade secret claim. *See Vendavo*, 2018 U.S. Dist. LEXIS 48637, at *9.

The rest of the Complaint fairs no better. From paragraphs 55-66, Plaintiffs recite the same conclusory allegations, claiming to "own and possess certain confidential, proprietary, and trade secret information *including* proprietary techniques, implementations, methods, . . . source code, programs, compilations, internal communications and documents, product documentation, and confidential marketing material," among other general, laundry list items. (Pls.' Compl. ¶¶ 55-66.) Plaintiffs, thus, provide nothing more than a non-exhaustive list of generic building blocks for any cyber-based product or solution as their purported trade secrets. Plaintiffs further make no effort to distinguish any purported trade secret from information that is general knowledge in the trade or of special knowledge to those persons skilled in the trade. This is a fatal flaw in Plaintiffs' trade secret misappropriation claim, and is especially problematic here where Defendants have decades of independent experience designing and developing cyber-security products. *See Synopsys, Inc.*, 2013 U.S. Dist. LEXIS 153089, at *19-21. As a result, Plaintiffs failed to state a claim for trade secret misappropriation, and this motion should be granted. *See id*; *Vendavo*, 2018 U.S. Dist. LEXIS 48637, at *9-10.

**B.      Plaintiffs fail to plausibly allege misappropriation by any Defendant.**

Plaintiffs' trade secret misappropriation claim also fails because Plaintiffs fail to plausibly allege that VSI, VSS, or Lemarié misappropriated any alleged trade secret. To reiterate, plaintiffs bringing a DTSA misappropriation claim must establish—as the second element of such a claim—misappropriation by the defendant. Under the DTSA, "misappropriation" means either (1) the

6

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

"[a]cquisition of a trade secret by another person who knows or has reason to know that the trade secret was acquired by improper means;" or (2) the "[d]isclosure or use of a trade secret of another without express or implied consent." 18 U.S.C. § 1839(5). "The term 'improper means' includes, among other ways, misrepresentation, theft, or breach of duty to maintain secrecy." *Teradata Corp.*, 2018 U.S. Dist. LEXIS 209872, at *9 (citing 18 U.S.C. § 1839(6)). Though Plaintiffs need not "plead exactly how Defendants improperly obtained [or used] the alleged trade secret," *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 883 (N.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original), Plaintiffs "must plead facts showing [they are] entitled to relief." *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (N.D. Cal. 2012) (citations omitted).

Here, as an initial matter, it should be noted that VSI and VSS are separate and distinct entities, and the actions of one are not imputed to the other. Courts have criticized misappropriation claims that fail to address the distinction between named defendants. *Vendavo*, 2018 U.S. Dist. LEXIS 48637, at *10 (finding that the complaint's lack of specificity was exacerbated by the fact that it did "not distinguish between Price f(x), Inc. (a Delaware corporation), and Price f(x) AG (a German corporation)"). While Plaintiffs fail to state a claim even when lumping allegations against VSI and VSS together, this is indicative of Plaintiffs' vague and insufficient claim.

But taking Plaintiffs' lumped allegations on their face as applying to both VSI and VSS, they fail to sufficiently plead that the Vade Defendants are liable for (1) acquiring Plaintiffs' trade secrets by improper means or (2) disclosing or using Plaintiffs' trade secrets without express or implied consent. At most, Plaintiffs have pleaded that the Vade Defendants engaged in lawful conduct between competitors. For example, Plaintiffs allege "Vade aggressively recruited and 'hunted' engineers and technical personnel from Cloudmark . . . ." (Compl. at 9, ¶ 36.) Plaintiffs further aver that "two of Cloudmark's Senior Software Engineers, its Engineering Product Coordinator and Senior Technical Writer, and Vice President of Gateway Technology all left Cloudmark to join Vade . . . to develop a competing solution." (*Id*.) With respect to these allegations that Plaintiffs' employees—including Lemarié—joined the Vade Defendants, a plaintiff "cannot substantiate trade secret misappropriation claims against a competitor solely on the basis that a former employee now works for a competitor." *E.g.*, *GSI Tech., Inc. v. United Memories, Inc.*, No. 5:13-cv-01081-PSG,

7

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

2015 U.S. Dist. LEXIS 129568, at *30 n.119 (N.D. Cal. Sept. 25, 2015).  Next, based largely on marketing materials, Plaintiffs accuse a number of the Vade Defendants' products or planned products as generally being similar to, sharing unique advantages with, and using the same computer programming language as several of Plaintiffs' products. (*See* Pls.' Compl. ¶¶ 41-42, 44-45.)  But alleging similarity between two products is insufficient to support a claim of misappropriation.  *Brown v. Adidas Int'l*, 938 F. Supp. 628, 634 (S.D. Cal. 1996) ("Although Brown alleges that the drawings he provided to adidas [sic] constituted a trade secret, Brown does not allege sufficiently that adidas [sic] misappropriated his designs. Brown merely asserts that his drawings demonstrate 'design similarities' to the predator soccer shoe.").  Moreover, Plaintiffs allegations about the alleged similarities with their products are wholly conclusory and without any factual support.  As they stand, the allegations do not lead to an inference that the Vade Defendants improperly acquired or used any trade secret.  As a result, Plaintiffs have not stated a claim of trade secret misappropriation against the Vade Defendants.

Plaintiffs have also failed to plausibly plead that Lemarié misappropriated any trade secret.  Plaintiffs claim that Lemarié received alleged trade secrets under his alleged Employee Proprietary Information and Inventions Agreement (the "PIIA"). (*See generally* Pls.' Compl. ¶¶ 46-53.)  Thus, Plaintiffs "must plead facts which, if proven to be true, would show that the defendant used the information in a manner not authorized by the parties' agreement."  *E.&J. Gallo Winery v. Instituut Voor Landbouw - En Visserijonderzoek*, No. 1:17-cv-00808-DAD-EPG, 2018 U.S. Dist. LEXIS 92259, at *16 (E.D. Cal. June 1, 2018) (citation omitted).  Plaintiffs have failed to do so.

Specifically, Plaintiffs have failed to sufficiently allege how Lemarié used alleged trade secrets in a way that violated the PIIA.  Instead, Plaintiffs essentially assert the alleged obligations Lemarié had under the PIIA, but did not identify with requisite specificity how those obligations were allegedly violated to amount to trade secret misappropriation.  For example, Plaintiffs aver that "Lemarié agreed that he would hold in strictest confidence and could not disclose, use, lecture upon or publish any of Cloudmark's Proprietary Information—which is defined to include Cloudmark's trade secrets . . . other than as required in connection with his work for Cloudmark . . . ." (Pls.' Compl. ¶ 49).  Plaintiffs also allege that Lemarié agreed under the PIIA that "during the period of

8

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

his employment and for six months after termination thereof, he would promptly disclose to Cloudmark fully and in writing all inventions that he authored, conceived or reduced to practice, either alone or jointly with others, and to otherwise preserve the confidentiality of all such inventions." (*Id*. ¶ 50.) Plaintiffs then allege that Lemarié failed to disclose to Cloudmark any inventions he authored during the six-month period after his employment terminated at Cloudmark, "despite on information and belief working on Vade solutions that are directly competitive to Cloudmark's offerings and embodying the same combinations of features." (*Id*.)

These allegations simply do not support a claim for trade secret misappropriation. Plaintiffs, while alleging that Lemarié had duties under his employment agreements, do not plead facts leading to an inference that Lemarié used a *trade secret* in violation of the PIIA. *See Farhang v. Indian Inst. of Tech.*, No. C-08-02658 RMW, 2010 U.S. Dist. LEXIS 53975, at *46 (N.D. Cal. June 1, 2010) (finding a complaint's statement that defendants "disclosed plaintiff's trade secrets without their express or implied consent" conclusory and not supported by adequate factual allegations). At most, Plaintiffs alleged provisions of his PIIA that Plaintiffs believe Lemarié violated. But Plaintiffs have failed to plead how Lemarié used any undefined trade secret in a manner not authorized by the PIIA. Thus, Plaintiffs' trade secret misappropriation claim against Lemarié should be dismissed.

## V.   CONCLUSION

For the stated reasons, the Court should grant Defendants' motion to dismiss Plaintiffs Proofpoint, Inc. and Cloudmark, LLC's trade secret misappropriation claims under Federal Rule of Civil Procedure 12(b)(6).

9

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES

1  Dated: September 16, 2019         Respectfully submitted,

2                                    **BAKER & McKENZIE LLP**

3

4                                    By: /s/ *Colin H. Murray*
                                            Colin H. Murray

5
                                     *Attorneys for Defendants*
6                                    *Vade Secure, Incorporated; Vade Secure SASU;*
                                     *and Olivier Lemarié*

10

Case No. 3:19-cv-04238-MMC
DEFENDANTS' NOTICE OF MOTION & MOTION TO PARTIALLY DISMISS COMPLAINT; MEMO OF POINTS & AUTHORITIES