Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>vs.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER MARIO LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC<br><br>**PLAINTIFFS PROOFPOINT, INC. AND CLOUDMARK LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br><u>Hearing</u><br>**Date: November 8, 2019**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Maxine M. Chesney**<br>**Courtroom: 7, 19th Floor**<br>    **450 Golden Gate Avenue**<br>    **San Francisco, CA 94102** |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5, Proofpoint, Inc. and Cloudmark LLC (collectively, "Plaintiff") respectfully move for an order permitting them to file under seal the following portions of Plaintiff's Motion for Preliminary Injunction and Expedited Discovery ("Motion"), as well as Exhibits 1–6, 8, 13–20, 23, 31–35, 37–44, 47–48, 54–57, 61–64 to the Declaration of Jodie W. Cheng in support thereof, which contain Plaintiff's confidential information that Plaintiff considers as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model PO"). The reasons and specific bases for sealing the documents and excerpts identified below are set forth in the Declaration of Jodie W. Cheng in Support of Plaintiffs' Administrative Motion to File Under Seal filed herewith ("Cheng Decl.") at ¶ 4:

| **Location of Confidential Material** | **Contains Confidential Information Of:** |
|---|---|
| Proofpoint, Inc. and Cloudmark LLC's Motion for Preliminary Injunction and Expedited Discovery<br><br>Plaintiffs' confidential information redacted at pp. 3–13, 15–16, 18–20, 25. | Plaintiff |
| ***Exhibit 1*** to the Declaration of Jodie W. Cheng In Support of *Plaintiff's Motion* (Declaration of Thomas Lee)<br><br>Plaintiffs' confidential information redacted at ¶¶ 14–17, 23, 25–27, 29–36. | Plaintiff |
| ***Exhibit 2*** to the Declaration of Jodie W. Cheng In Support of *Plaintiff's Motion* (Declaration of Seth James Nielson, Ph.D.)<br><br>Plaintiffs' confidential information redacted at ¶¶ 90–95, 99–107. | Plaintiff |
| ***Exhibit 3*** to the Declaration of Jodie W. Cheng In Support of *Plaintiff's Motion* (Slides titled "Cloudmark Bizanga Joint Roadmap," dated Mar. 9, 2010) | Plaintiff |
| ***Exhibit 4*** to the Declaration of Jodie W. Cheng In Support of *Plaintiff's Motion* (Cloudmark email from Lemarié regarding "Trident algorithm readiness," dated December 5, 2015) | Plaintiff |

| | |
|---|---|
| **Exhibit 5** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email from Lemarié regarding "Detailed SMEP2 doc," dated August 22, 2016) | Plaintiff |
| **Exhibit 6** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (internal version of Cloudmark's letter to customers and partners regarding Cloudmark's acquisition of Bizanga) | Plaintiffs |
| **Exhibit 8** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Employment Agreement signed by Lemarié on February 27, 2010) | Plaintiff<br>Defendant Lemarié |
| **Exhibit 13** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Email from Lemarié to himself regarding "Gateway Dev," dated October 28, 2015) | Plaintiff |
| **Exhibit 14** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email from Blum regarding "DNS at Telus," dated August 20, 2014) | Plaintiff |
| **Exhibit 15** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Declaration of Kevin San Diego, dated July 21, 2019) | Plaintiff |
| **Exhibit 16** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Slides titled "Trident Project Status: Mario – June 2015") | Plaintiff |
| **Exhibit 17** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email regarding "QBR follow up," dated April 18, 2015) | Plaintiff |
| **Exhibit 18** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email from Lemarié regarding "Trident November initial planning," dated October 14, 2015) | Plaintiff |
| **Exhibit 19** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email from Lemarié regarding "DNS Security [Research] Notebook," dated October 14, 2014) | Plaintiff |
| **Exhibit 20** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email regarding "DNS Policy workflow," dated May 13, 2014) | Plaintiff |
| **Exhibit 23** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Alexandré Boussinet's Exit Interview from Cloudmark) | Plaintiff |
| **Exhibit 31** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark draft document titled "Proposal for CSP Cloud Support," dated August 12, 2016) | Plaintiff |
| **Exhibit 32** to the Declaration of Jodie W. Cheng In Support of | Plaintiff |

| | |
|---|---|
| *Plaintiff's Motion* (Cloudmark email to Lemarié, regarding "Enterprise brainstorming session output/initial features list," dated January 7, 2015) | |
| ***Exhibit 33*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark draft document titled "Cloudmark Trident Solution Guide," dated December 11, 2015) | Plaintiff |
| ***Exhibit 34*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark draft document titled "Cloudmark Trident Datasheet," dated January 5, 2016) | Plaintiff |
| ***Exhibit 35*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Slides of Trident product overview, dated August 4, 2016) | Plaintiff |
| ***Exhibit 37*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Master License Agreement and Amendment 1 to the Master License Agreement for Cloudmark software) | Plaintiff |
| ***Exhibit 38*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Software Evaluation Agreement for Cloudmark software) | Plaintiff |
| ***Exhibit 39*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark document titled "Cloudmark Spear Phishing Protection: Trial Overview," dated May 12, 2016) | Plaintiff |
| ***Exhibit 40*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Email from Lemarié to himself regarding "TODO," dated September 29, 2015) | Plaintiff |
| ***Exhibit 41*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark email from Lemarié regarding "Spear Phishing" dated January 22, 2015) | Plaintiff |
| ***Exhibit 42*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark document titled "Trident Trial Setup for O365," dated August 15, 2016) | Plaintiff |
| ***Exhibit 43*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark document titled "Trident O365 Integration," dated July 18, 2016) | Plaintiff |
| ***Exhibit 44*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark document titled "Trident Product Architecture," dated August 17, 2015) | Plaintiff |
| ***Exhibit 47*** *to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion* (Cloudmark email regarding customer trial results, dated March 31, 2017) | Plaintiff |

| | |
|---|---|
| **Exhibit 48** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark presentation regarding customer trial results, dated March 31, 2017) | Plaintiff |
| **Exhibit 54** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Asperti Bailiff Report and certified English language translation) | Defendants |
| **Exhibit 55** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Order of the President of the Commercial Court of Lille) | All Parties |
| **Exhibit 56** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Guepin Bailiff Report and certified English language translation) | Defendants |
| **Exhibit 57** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Vade Secure's Application Requesting Withdrawal of Order of Commercial Court of Lille) | All Parties |
| **Exhibit 61** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Spreadsheet titled "Bizanga Savings Calculator") | Plaintiff |
| **Exhibit 62** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (License agreement between GOTO Software and Bizanga and certified English language translation) | Plaintiff |
| **Exhibit 63** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email to Lemarié regarding "Feedback Requested: Trident Solution Guide: Update," dated August 31, 2016) | Plaintiff |
| **Exhibit 64** to the Declaration of Jodie W. Cheng In Support of Plaintiff's Motion (Cloudmark email from Lemarié regarding "Spear Phishing," dated January 31, 2015) | Plaintiff |

## I.   LEGAL STANDARD

Records attached to non-dispositive motions, such as here, are not subject to the strong presumption of public access to judicial records and documents. *See, e.g., Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015). Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id.* The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is

disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted). Sealing is therefore appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," and "narrowly tailor[s]" the request to sealable material only. N.D. Cal. Civil L.R. 79-5(a).

## II.   ARGUMENT

Plaintiff hereby moves to seal documents or portions thereof, as set forth fully in the accompanying declaration in support of its Administrative Motion to Seal. Cheng Decl. at ¶¶ 1–5. These documents contain information that is "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code" or "Confidential" as described in the "Model Protective Order For Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets," referenced in the Local Rules for the Northern District of California, and qualify for protection under Federal Rule of Civil Procedure 26(c). *Id.* In particular, the documents contain information relating to the technical operation of Plaintiff's technologies and products, including references to source code and internal research & development activities. *Id.* at ¶ 4. The documents also include competitive financial data, confidential license agreements, confidential results of customer trials, and personal information (including salary and home addresses of non-parties), all of which Plaintiffs consider to be "Highly Confidential – Attorneys' Eyes Only" information that would cause serious competitive or commercial harm to Plaintiffs should they become public. *Id.* Finally, Plaintiffs also request to seal non-public documents from a foreign proceeding in conformance with the accessibility of the foreign materials and because they may potentially contain information that Defendants' deem confidential.

Plaintiffs' request is narrowly tailored and only seeks to seal the portions of Plaintiff's motion and supporting exhibits that contain or reflect information that Plaintiffs consider to be confidential and could create a substantial risk of serious harm if publicly disclosed. *See, e.g., Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain . . . confidential product development

information, the disclosure of which could harm [movant's] competitive advantage in the marketplace").

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Administrate Motion to File Under Seal.

DATED: September 25, 2019            Respectfully Submitted,

By */s/Sean Pak*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*