[Counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>            Plaintiffs,<br><br>   vs.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>            Defendants. | CASE NO. 3:19-cv-4238-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:      November 8, 2019<br>Time:      10:30 a.m.<br>Location:  Ctrm. 7, 19th Floor |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil L.R. 16-9, the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, and the Court's Case Management Scheduling Order, the parties to the above-titled action, Plaintiffs Proofpoint, Inc. and Cloudmark LLC (collectively, "Proofpoint" or "Plaintiffs") and Defendants Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié (collectively, "Vade" or "Defendants"), jointly submit this Case Management Statement and Proposed Order in advance of the Case Management Conference on November 8, 2019.

**1.    JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over Plaintiffs' federal trade secret claims pursuant to 28 U.S.C. §§ 1331 and the trade secret laws of the United States, 18 U.S.C. §§ 1836 and 1839 *et seq*. This Court has extraterritorial jurisdiction over Plaintiffs' claims against Vade Secure SASU pursuant to 18 U.S.C. § 1837(2). The Court has supplemental jurisdiction over Plaintiffs' state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367(a) because the federal and state law claims derive from a common nucleus of operative fact. For purposes of this lawsuit only, the parties do not dispute personal jurisdiction, venue, or service. By this statement, Defendants do not concede that Plaintiffs have adequately stated a claim for misappropriation. All parties have been served.

**2.    FACTS**

**Plaintiffs' Statement**: This action arises from Defendants' misappropriation of Plaintiffs' trade secrets, as well as Defendant Lemarié's breach of contractual obligations related to the acts of misappropriation. As set forth in more detail in Plaintiffs' Complaint (Dkt. 1) and Preliminary Injunction Motion (Dkt. 31), Defendant Lemarié was Plaintiff's Cloudmark's former Vice President of Gateway Technology, during which time he led the design and development of Cloudmark technologies including Cloudmark's Trident (a cutting-edge email filter targeting spear phishing attacks through machine learning and behavioral analysis) and Cloudmark Gateway Mail Transfer Agent (an intelligent message routing platform based on technology acquired by Cloudmark from Defendant Lemarié's former company, Bizanga Ltd.). At the heart of this dispute are the confidential technologies and technical trade secrets embodied in these two Cloudmark products, which were developed over many years and by many engineers and programmers. In December 2016, Defendant

Lemarié abruptly resigned from Cloudmark and, within months, emerged as the Chief Technology Officer at Vade.  Defendant Lemarié's arrival at Vade was followed by a succession of rapid product announcements and the filing of a U.S. patent application, all of which closely mirror the technologies that Defendant Lemarié helped develop at Cloudmark.  For example, Vade filed a patent and released a product directed to detecting spear phishing attacks using techniques strikingly similar to those Defendant Lemarié helped developed as part of the Cloudmark Trident product.  Additionally, Vade has also recently indicated that it has developed and plans to release its own Mail Transfer Agent ("MTA") that, according to Vade, offers similar performance as Cloudmark's Gateway MTA and is meant to "destroy Cloudmark" and address customers and deployments "traditionally covered by Cloudmark."  Vade's rapid development of these technologies, which appear to incorporate and utilize methodologies strikingly similar to those developed by Defendant Lemarié and other former Cloudmark employees who now work at Vade.

In addition, Defendant Lemarié failed to comply with contractual obligations relating to, *inter alia*, his agreement to maintain and preserve Cloudmark confidential information and return the same to Cloudmark upon his departure.  For example, Plaintiffs learned that Defendant Lemarié left Cloudmark and failed to return an electronic repository of Cloudmark confidential materials that were hosted on a third-party platform.  Even after Defendant Lemarié became CTO at Vade, he maintained his access to and administrative rights over the Cloudmark confidential materials in the repository, while preventing and later revoking altogether Cloudmark's access to the repository.  Recently, Defendant Lemarié either destroyed or moved the materials out of the repository.

Accordingly, Plaintiffs brought the instant action for further discovery of the scope and extent of Defendant Lemarié's actions, which Plaintiffs have reason to believe include the misappropriation of Plaintiffs' trade secrets, as well as those of his new employer, Vade, which has rapidly developed and has either already deployed or is poised to deploy strikingly similar technologies as those developed for Cloudmark.

**Defendants' Statement**:  Plaintiffs' causes of action in this lawsuit are based on purported trade secrets.  As detailed in Defendants' Partial Motion to Dismiss Complaint (ECF No. 29) and Reply (ECF No. 51), Plaintiffs have failed to identify any trade secrets and failed to plausibly plead

misappropriation by any Defendant.  The Complaint merely alleges that some undefined combination of common elements, including various common elements not even listed in the Complaint, constitutes the trade secret(s) at issue.  Plaintiffs' Complaint does not distinguish the alleged trade secret(s) from matters of general knowledge, and so the Complaint is deficient on its face.

Plaintiffs' Preliminary Injunction Motion and accompanying exhibits only further emphasize the deficiencies in this lawsuit.  These papers contain information that was sealed on the basis that Plaintiffs consider such information "Confidential" or "Confidential - Attorneys' Eyes Only" under the N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.  However, the information contained in the Preliminary Injunction Motion and its accompanying exhibits is readily available from numerous public sources—including Plaintiffs' own marketing materials and websites.

Contrary to Plaintiffs' meritless claims, Defendants Vade Secure, Incorporated and Vade Secure SASU (the "Vade Defendants") have independently developed their products after years of significant investments in research and development.  For example, the Vade Defendants' development of their anti spear-phishing technologies, which was led by inventor and Chief Science Officer Sebastien Goutal, dates back to at least as early as 2015.  And contrary to Plaintiffs' allegations, the Vade Defendants' forthcoming MTA product is different in several significant respects in comparison to other MTA products currently available on the market.  The Vade Defendants strongly dispute any allegation that its forthcoming MTA product was developed using any of Plaintiffs' alleged confidential or trade secret information.

As Plaintiffs' concede above, Plaintiffs brought this action "for further discovery," in an improper attempt to find support for their unfounded claims.  Meanwhile, since the initiation of this lawsuit, upon information and belief, Plaintiffs' have made false statements to Vade Defendants' customers and potential customers relating to the present lawsuit, which have interfered with contract negotiations resulting in damages to the Vade Defendants.  The Vade Defendants intend to take the appropriate action against Plaintiffs as a result.  Defendants reserve all rights to amend or further supplement Defendants' Statement.

**3.    LEGAL ISSUES**

The principal disputed legal issues are:

- Whether Plaintiffs have properly asserted any claim of trade secret misappropriation;
- Whether Defendants misappropriated any valid trade secrets of Plaintiffs in violation of the Defend Trade Secrets Act;
- Whether any such misappropriation has been willful;
- Whether an injunction should issue against Defendants arising from the alleged trade secrets misappropriation;
- Whether Defendant Lemarié breached his contractual obligations to Plaintiff Cloudmark through one or more of his: 1) alleged unauthorized disclosure and failure to maintain confidentiality of Cloudmark Proprietary Information, 2) alleged failure to disclose inventions; 3) alleged failure to maintain and make available Cloudmark's company records; and 4) alleged failure to deliver materials containing Cloudmark Proprietary Information;
- Whether Defendants Vade Secure, Incorporated and Vade Secure SASU are vicariously liable for Defendant Lemarié's alleged misappropriation;
- The nature of equitable relief, if any, appropriate to address Defendants' alleged trade secret misappropriation and Defendant Lemarié's alleged breach of contract; and
- The amount of any damages owed Plaintiffs, if any, by Defendants for the alleged trade secrets misappropriation and breach of contract claims, as well as any fees and costs owed Plaintiffs, and whether Defendants are jointly and severally liable for such damages.

Plaintiffs reserve the right to raise additional factual or legal issues that may arise through the course of this action. Defendants have not yet answered Plaintiffs' Complaint and reserve the right to raise additional factual or legal issues that may arise through the course of this action. To be clear, Defendants strongly dispute each of Plaintiffs' claims, and take the position that Plaintiffs are not entitled to any recovery, relief, or award at law or in equity as a result of those claims.

## 4. MOTIONS

Defendants' Partial Motion to Dismiss (Dkt. 29) is currently pending. Plaintiffs filed their opposition on September 30, 2019 (Dkt. 46). Defendants filed their reply on October 7, 2019 (Dkt. 51). The Court will hear the motion on November 8, 2019.

Additionally, Plaintiffs' Motion for Preliminary Injunction and Expedited Discovery (Dkt. 31) is currently pending. Defendants' opposition and Plaintiffs' reply are stayed pending resolution of Defendants' Partial Motion to Dismiss (Dkt. 52).

Additionally, Plaintiffs served Plaintiffs' First Request for Production to All Defendants, First Set of Interrogatories to All Defendants, and First Set of Interrogatories to Olivier Lemarié (together, "Plaintiffs' Discovery Requests") on October 10, 2019. Defendants intend to file a motion for

protective order based on alleged issues relating to French law and ongoing French proceedings concerning Plaintiffs' Discovery Requests.  The issue is described in more detail, below, in Section E ("Discovery Disputes").  The parties anticipate other customary motion practice, including discovery motions, summary judgment motions, *Daubert* motions, and motions *in limine*.

5. **AMENDMENTS OF PLEADINGS**

**Plaintiffs' Statement**: Plaintiffs do not intend to amend the pleadings at this stage of the case, but reserve the right to seek to amend the pleadings based on additional information that may be obtained through discovery.  Plaintiffs propose that the deadline to amend the pleadings be stipulated by the parties after a period of fact discovery in this action and, consistent with Fed. R. Civ. P. 15, be set for some time after the Court rules on Defendants' partial motion to dismiss.  Plaintiffs suggest an appropriate deadline to amend pleadings is one (1) month prior to the close of fact discovery.

**Defendants' Statement**:  Defendants' partial motion to dismiss is pending and, thus, Defendants have not yet asserted any defenses or counterclaims.  Defendants do not agree with Plaintiffs' proposed deadline to amend pleadings, which is not until one month before fact discovery closes.  It would make little sense to permit a party to amend their pleadings to add new claims or parties with such little time left in the discovery period to explore any such new subject matter.  Defendants' proposal in Appendix A proposes a deadline approximately five months before Defendants' proposed close of fact discovery.

6. **EVIDENCE PRESERVATION**

The parties and their counsel hereby certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action, including electronic data and materials.

7. **INITIAL DISCLOSURES**

Counsel for the parties have agreed to exchange initial disclosures under Federal Rule of Civil Procedure 26(a) by the date of the Case Management Conference, November 8, 2019.

8. **DISCOVERY**

The parties anticipate taking discovery in accordance with the Federal Rules of Civil

Procedure, the Local Rules, and the Court's Standing Order for Civil Cases.  Pursuant to Rule 26(f) and paragraph 8 of the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement, the parties propose the following discovery plan.

### A. Discovery Taken To Date

Discovery is in the early stages.  Plaintiffs served Plaintiffs' First Request for Production to All Defendants, First Set of Interrogatories to All Defendants, and First Set of Interrogatories to Olivier Lemarié (together, "Plaintiffs' Discovery Requests") on October 10, 2019.  As noted above, Defendants intend to file a motion for protective order in response to these requests.

### B. Scope of Anticipated Discovery

The parties expect to engage in fact discovery, including third-party discovery, and expert discovery.

**Plaintiffs' Anticipated Discovery**: Plaintiffs currently anticipate seeking discovery on at least the following topics:

- The design, development and operation, including source code, of all mail or message transfer agent ("MTA") technologies by Vade, including those in testing and development;
- The design, development and operation, including source code, of all anti-spear phishing email filter technologies by Vade, including those in testing and development;
- The origination and development of all patent applications relating to anti-spear phishing email filters by Vade;
- The involvement of Defendant Lemarié or any other former Cloudmark employees in the origination, design, and/or development of Vade's patent applications and technologies, including those relating to MTA and anti-spear phishing email filters, including without limitation use of Plaintiffs' trade secrets as part of said origination, design, and/or development;
- Vade's knowledge of use of Plaintiffs' trade secrets by Defendant Lemarié or any other former Cloudmark employee;
- The possession and/or use of Plaintiffs' confidential information and trade secrets by any Defendant;
- Actions taken by Defendant Lemarié and other former Cloudmark employees during the respective periods of time when they decided to leave Cloudmark, but before they actually resigned;
- The destruction or loss of any evidence by any Defendant;
- Defendant Lemarié's failure to adhere to his contractual obligations with Cloudmark;
- Damages and harm caused by Defendants' trade secret misappropriation;
- Damages and harm caused by Defendant Lemarié's breaches of his contractual obligations to Plaintiffs; and
- Defendants' defenses to Plaintiffs' claims.

**Defendants' Anticipated Discovery**: Defendants currently anticipate seeking discovery on at least the following topics. Defendants have not yet filed an answer in this lawsuit and reserve the right to modify the list of topics below:

- Plaintiffs' delay in bringing this lawsuit;
- The design, development and operation of Cloudmark's Trident product;
- The design, development and operation of Cloudmark's Gateway Mail Transfer Agent product;
- The details surrounding Cloudmark's acquisition of technology from Bizanga Ltd.;
- Plaintiffs' procedures and policies for protecting their trade secrets;
- Plaintiffs' failures to maintain as confidential their purported trade secrets relating to the Trident product and the Gateway Mail Transfer Agent product throughout the lifespan of those products, including acquisition(s) of supporting technologies to those products;
- The reason for the Trident product being pulled from the market;
- Plaintiffs' motivations for bringing this lawsuit;
- Plaintiffs' statements made to customers and potential customers about Defendants and this lawsuit, and damages caused by such statements;
- Prior public disclosures of Plaintiffs' purported trade secrets, by either Plaintiffs or third parties;
- The number of employee departures at Proofpoint and/or Cloudmark, and reasons for those departures, from 2016 to present;
- The destruction or loss of any evidence by Plaintiffs.

C.      **Proposed Limitations or Modifications Of the Discovery Rules**

The parties have agreed that privilege logs need not include documents authored following the filing of the Complaint in the first instance. Each party reserves the right to request from the other party or the Court that this agreement be modified.

**Plaintiffs' Proposal**: Plaintiffs propose that the Federal Rules be modified to allow Plaintiffs to take up to 10 party depositions and 10 third-party depositions, and that Defendants (collectively) may take up to 5 party depositions and 5 third-party depositions, with additional depositions allowed with the other side's approval (not to be unreasonably withheld). Plaintiffs propose that depositions under Fed. R. Civ. P. 30(b)(6) may continue for more than a single day to the extent necessary, for example in view of the number and complexity of topics on which a single witness may be designated. Plaintiffs propose that the parties agree to meet and confer in good faith on these limits and on scheduling. Notwithstanding the foregoing, the parties may seek leave to take additional depositions in accordance with Fed. R. Civ. P. 30(a)(2). Plaintiffs also propose that depositions requiring a

-7-    No. 3:19-cv-4238-MMC
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER

translator be permitted to continue for two days (counting as a single deposition) to account for time lost to translation. Plaintiffs request that they be allowed to depose Defendant Lemarié at least twice in this action, including initially on topics relating to Plaintiffs' motion for preliminary injunction.

As to written discovery, Plaintiffs propose that they be allowed to serve 15 common interrogatories on all Defendants and 10 interrogatories to each individual Defendant, and that Defendants (collectively) may serve 15 interrogatories on Plaintiffs as a group. Plaintiffs also propose that each side may serve up to 75 non-authentication requests for admission and unlimited authentication requests for admission.

**Defendants' Proposal**: Plaintiffs proposal above is disproportionate by an order of magnitude with respect to both depositions and written discovery. Plaintiffs have provided no justification for their disproportionate proposal above, nor for their request for multiple depositions of Defendant Lemarié. Instead of Plaintiffs' unjustified and prejudicial approach, Defendants contend that the discovery limits be governed by the federal rules of civil procedure. If a need actually arises to modify those limitations, either party is free to make that request then. With respect to requests for admission, Defendants do not agree with Plaintiffs' blanket modification. Rather, Defendants maintain that discovery and presentment of evidence in this matter shall be governed by the federal rules of civil procedure and evidence.

D.    **Stipulated E-Discovery and Protective Orders**

During the Rule 26(f) conference, the parties discussed entering into a stipulated protective order and a stipulated order regarding e-discovery. The parties plan to submit these proposed stipulated orders at or shortly after the November 8, 2019 case management conference.

E.    **Discovery Disputes**

As mentioned above, Defendants intend to file a motion for protective order in response to Plaintiffs' Discovery Requests served on October 10, 2019. In particular, Defendants intend to move for a protective order in view of their assertion that French law precludes Defendants from producing the documents and information sought by Plaintiffs' Discovery Requests in the manner sought by Plaintiffs, which Defendants assert would subject them to civil and criminal penalties under French law. Plaintiffs dispute the applicability of French Law to Defendants' discovery obligations in this

action, or the purported risk of any criminal prosecution. The parties' respective positions are set forth in correspondence, attached for the Court's review as **Exhibits A and B**, and will be further explained in the forthcoming motion papers. The parties have met and conferred on this issue, but were unable to reach agreement.

**9.   CLASS ACTIONS**

This section is not applicable to the above-captioned action.

**10.  RELATED CASES**

There are no cases related to the above-captioned action.

**11.  RELIEF**

**Plaintiffs' Statement**: Plaintiffs' Complaint (Dkt. 1) seeks the following relief:

- Judgment in Plaintiffs' favor and against Defendants on all causes of action alleged;
- Compensatory damages for actual loss and unjust enrichment caused by the misappropriation of Plaintiffs' trade secret information, or, in the alternative, compensatory damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for Defendants' unauthorized disclosure or use of the trade secret information;
- Exemplary damages equal to two times the amount of the compensatory damages awarded;
- An award of Plaintiffs' reasonable attorneys' fees and costs;
- Compensatory damages arising from the breach of various contractual obligations by Defendant Lemarié;
- Preliminary and permanent injunctive and other equitable relief, including an order to immediately cease and discontinue importing, making, using, offering for sale, or selling any product or service embodying Plaintiffs' trade secrets and/or confidential information;
- Specific performance and other equitable relief, including directing Defendant Lemarié to comply with his contractual obligations to Plaintiffs and directing Vade to assign any intellectual property developed, solely or jointly with others, by Lemarié during the term of his employment at Vade that utilized Plaintiffs' trade secrets and/or confidential information; and
- Pre-judgment and post-judgment interest as well as any such other and further relief as the Court deems just and proper.

Additionally, Plaintiffs have been and will be irreparably harmed by Defendants' ongoing trade secret misappropriation such that monetary damages are insufficient and preliminary and permanent injunctive relief are necessary, including for the reasons set forth in Plaintiffs' Motion for Preliminary Injunction (Dkt. 31). To estimate past damages to the limited extent that damages are quantifiable here, Plaintiffs will need, among other things, to understand the full extent of Defendants'

use of Plaintiffs' trade secrets and patented technology, the identity of all individuals who have ever had access to Plaintiffs' confidential files and information (or information derived therefrom), and the work each of those individuals has done for Defendants.

**Defendants' Statement**: Defendants reserve the right to assert defenses and counterclaims against Plaintiffs, including claims for damages, when they answer Plaintiffs' Complaint, and Defendants also reserve the right to seek reasonable costs and fees. Defendants reserve the right to supplement or modify this statement and provide additional bases for relief after filing their answer and throughout the course of this action. Defendants maintain that Plaintiffs are not entitled to any recovery, relief, or award at law or in equity as a result of any claims they bring, individually or collectively, during this lawsuit.

**12. SETTLEMENT AND ADR**

Pursuant to ADR L.R. 3-5, the parties have reviewed the Court's ADR handbook, discussed the available ADR procedures and considered whether this case would benefit from an ADR procedure. The parties have agreed to proceed with an early settlement conference before a Magistrate Judge to occur 3 months after Defendants have answered Plaintiffs' complaint.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial or entry of judgment.

**14. OTHER REFERENCES**

At this time, the parties do not believe that this case is suitable for reference to a special master, binding arbitration, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES**

The parties will work together in good faith to narrow any issues and expedite the presentation of evidence at trial to the extent practicable. The parties also agree in good faith to stipulate to the authenticity and admissibility of business records and other documents to the extent possible. At this time, the parties do not request any bifurcation of issues, claims, or defenses, but reserve the right to make such a request as discovery progresses in this action.

**16. EXPEDITED TRIAL PROCEDURE**

1    The parties do not propose that this case proceed under the Expedited Trial Procedure of
2 General Order 64 Attachment A.

3 **17.   SCHEDULING**

4    The parties present their scheduling proposals in Appendix A attached hereto.

5    **Plaintiffs' Statement**:  Plaintiffs' proposed schedule roughly aligns with Defendants'
6 proposal, but provides a more workable and streamlined path to trial.  For example, Plaintiffs'
7 schedule does not require the parties to work on opening expert reports during the Christmas and New
8 Year's holidays.  Further, setting the deadline to amend pleadings one month before the close of fact
9 discovery provides the parties sufficient time to incorporate information learned through discovery as
10 well as to follow up on any issues that may arise out of the amended pleadings.

11    **Defendants' Statement**:  Defendants' propose a trial date approximately two years from the
12 filing of this lawsuit, which is consistent with typical timelines afforded by this Court.  Further,
13 Plaintiffs' proposed deadline to amend the pleadings falls one month before its proposed close of fact
14 discovery and just six weeks before the deadline for opening expert reports, which leaves little time
15 for exploring any new claims.  Should the need arise for one of the parties to amend pleadings at such
16 a late stage of this lawsuit, the Federal Rules of Civil Procedure provides for a mechanism to seek
17 leave from the Court.

18 **18.   TRIAL**

19    Plaintiffs request a trial by jury.  The parties estimate an expected trial length of eight (8) –
20 fourteen (14) court days, subject to any changes in the scope of the parties' claims and defenses.

21 **19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

22    Each party has filed the Certification of Interested Entities or Persons required by Civil Local
23 Rule 3-15, the contents of which are restated below.

24    **Plaintiffs' Certification**: Pursuant to Civil L.R. 3-15, Plaintiffs' undersigned counsel certifies
25 that, other than the named parties, no other persons, associations of persons, firms, partnerships,
26 corporations (including parent corporations) or other entities (i) have a financial interest in the subject
27 matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject
28 matter or in a party that could be substantially affected by the outcome of this proceeding.

**Defendants' Certification**: Pursuant to Civil L.R. 3-15, Defendants' undersigned counsel certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: (1) Proofpoint, Inc., Plaintiff; (2) Cloudmark LLC, Plaintiff; (3) Vade Secure, Incorporated, Defendant; (4) Vade Secure SASU, Defendant and interested party having a financial interest in Defendant Vade Secure, Incorporated; (5) Olivier Lemarié, Defendant; and (6) LLG Capital, Interested party having a financial interest in Defendant Vade Secure SASU.

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS**

The parties agree to service by email for all discovery requests, responses, and objections; deposition notices and objections; motions, oppositions, and replies; pretrial disclosures and exchanges; and all other pleadings and papers to the extent practicable, and to the extent not already served upon counsel of record via the Court's CM/ECF system.

# APPENDIX A

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Case Management Conference | Nov. 8, 2019 10:30 a.m. (Dkt. 23) ||
| Last Day to Amend Pleadings | Jul. 21, 2020 | July 13, 2020 |
| Close of Fact Discovery | Aug. 21, 2020 | December 11, 2020 |
| Opening Expert Reports | Sept. 4, 2020 | January 11, 2021 |
| Responsive Expert Reports | Sept. 25, 2020 | February 12, 2021 |
| Close of Expert Discovery | Oct. 16, 2020 | March 12, 2021 |
| Deadline to file Dispositive and *Daubert* Motions | Oct. 30, 2020 | March 26, 2021 |
| Oppositions to Dispositive and *Daubert* Motions | Nov. 20, 2020 | April 23, 2021 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | Nov. 20, 2020 | June 14, 2021 |
| Replies in support of Dispositive and *Daubert* Motions | Dec. 11, 2020 | May 7, 2021 |
| Deadline to file Motions *in Limine* | Dec. 11, 2020 | June 14, 2021 |
| Oppositions to Motions *in Limine* | Dec. 21, 2020 | June 28, 2021 |
| Joint Pretrial Order | Dec. 21, 2020 | July 1, 2021 |
| Objections to Fed. R. Civ. P. 26(a)(3) Disclosures | Dec. 21, 2020 | June 28, 2021 |
| Hearing on Dispositive and *Daubert* Motions | Jan. 8, 2021 9:00 a.m. | June 11, 2021 9:00 a.m. |
| Final Pretrial Conference | Jan. 12, 2021 10:00 a.m. | July 20, 2021 10:00 a.m. |
| Jury Trial | Jan. 18, 2021 | July 26, 2021, or as soon thereafter as the Court is available |

| | |
|---|---|
| DATED:  November 1, 2019 | Respectfully Submitted, |
| | By */s/ Sean Pak* |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Iman Lordgooei (SBN 251320)<br>imanlordgooei@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| | JWC LEGAL<br>Jodie W. Cheng (SBN 292330)<br>jwcheng@jwc-legal.com<br>One Market Street<br>Spear Tower, 36th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 293-8308 |
| | *Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC* |

By: /s/ *Mackenzie M. Martin*
Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile:   +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile:   +1 650 856 9299

Jay F. Utley (Admitted *Pro Hac Vice*)
jay.utley@bakermckenzie.com
Bart Rankin (Admitted *Pro Hac Vice*)
bart.rankin@bakermckenzie.com
Mackenzie M. Martin (Admitted *Pro Hac Vice*)
mackenzie.martin@bakermckenzie.com
John G. Flaim (Admitted *Pro Hac Vice*)
john.flaim@bakermckenzie.com
Chaoxuan Liu (Admitted *Pro Hac Vice*)
charles.liu@bakermckenzie.com
Mark Ratway  (Admitted *Pro Hac Vice*)
mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: +1 214 978 3000
Facsimile:   +1 214 978 3099

*Attorneys for Defendants*
*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié*

**ATTESTATION OF CONCURRENCE**

I, Sean Pak, am the ECF user whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated:  November 1, 2019                    */s/ Sean Pak*
                                                                    Sean Pak

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and the parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

                                                                  _____
                                                                  HON. MAXINE M. CHESNEY
                                                                  UNITED STATES DISTRICT JUDGE