United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al., <br> Plaintiffs, <br> v. <br> VADE SECURE, INCORPORATED, et al., <br> Defendants. | Case No. 19-cv-04238-MMC <br><br> **ORDER DENYING DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' COMPLAINT; VACATING HEARING** <br><br> Re: Dkt. No. 29 |

Before the Court is defendants Vade Secure, Inc., Vade Secure SASU (collectively, "Vade"), and Olivier Lemarié's ("Lemarié") Motion, filed September 16, 2019, "to Partially Dismiss Plaintiffs' Complaint." Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark, LLC ("Cloudmark") have filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the parties' respective written submissions, VACATES the hearing scheduled for November 8, 2019, and rules as follows.

By the instant motion, defendants seek dismissal of one of the five causes of action alleged in plaintiffs' complaint, namely, Count I, which alleges a claim of "Misappropriation of Trade Secrets" under the Defend Trade Secrets Act, 18 U.S.C. § 1836. For the reasons stated below, the motion is hereby DENIED:

1. Contrary to defendants' argument, plaintiffs have sufficiently described the alleged trade secrets, specifically, a "combination of technical features in a unified architecture" to "detect spear phishing attacks in real time," which combination, plaintiffs

allege, was "designed and developed" by Lemarié while he was employed by Cloudmark. (See Compl. ¶ 32 (listing features comprising claimed combination))[1]; see, e.g., Keyssa, Inc. v. Essential Products, Inc., 2019 WL 176790, at *2 (N.D. Cal. January 11, 2019) (denying motion to dismiss misappropriation claim, where trade secrets were allegedly obtained under nondisclosure agreement and complaint "describe[d] the categories of trade secret information" obtained, such as "[c]ircuitry and semiconductor architecture, including design files exchanged between the parties with iterative modifications by [plaintiff's] engineers"; finding description of trade secrets was "sufficiently particular to place [d]efendant on notice of what information is at issue"); TMX Funding, Inc. v Impero Technologies, Inc., 2010 WL 2509979, at *3-4 (June 17, 2010) (denying motion to dismiss misappropriation claim, where complaint "alleged nine broad categories of trade secret information" allegedly stolen by former employees, such as "software, source codes, data, formulas, and other technical information developed as proprietary and confidential products and services"; finding allegations sufficiently set forth "boundaries within which the secrets lie").

2. Contrary to defendants' arguments, plaintiffs have sufficiently alleged facts from which misappropriation reasonably can be inferred, specifically, that, after Lemarié "voluntarily terminated his employment with Cloudmark," he began working as the Chief Technology Officer for Vade (see Compl. ¶¶ 5-6), and that Vade thereafter began selling a product that "incorporated" the "techniques and technology developed previously by Lemarié and his team at Cloudmark" (see Compl. ¶ 8; see also Compl. ¶¶ 41-42 (describing Vade's competing product)). See Alta Devices, Inc. v. LG Electronics, Inc., 343 F. Supp. 3d 868, 883 (N.D. Cal. 2018) (finding allegations of misappropriation

---

[1]The "combination of technical features" is described as follows: (1) "behavioral analysis and machine learning"; (2) "heuristic rules"; (3) "statistical models and scoring"; (4) "real-time, cloud-based threat analysis"; and (5) "easy integration and quick deployment into the popular Microsoft Office 365 architecture in a unique and seamless manner using Office 365 journaling, which avoids making complicated modifications to a client's MX records." (See id.)

sufficient, where plaintiff alleged existence of "similarities" between its product and defendant's product and set forth "exactly how defendants improperly obtained the alleged trade secrets").

**IT IS SO ORDERED.**

Dated: November 5, 2019

MAXINE M. CHESNEY
United States District Judge