Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

PROOFPOINT, INC.; CLOUDMARK LLC,

Plaintiffs,

v.

VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,

Defendants.

**Case No. 3:19-cv-04238-MMC**

**Date Action Filed: July 23, 2019**

**DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS UNDER DTSA (18 U.S.C. § 1836 *et seq*.); BREACH OF EMPLOYMENT AND CONFIDENTIALITY AGREEMENTS**

**JURY TRIAL DEMANDED**

**Original Complaint Filed: July 23, 2019**

**Courtroom: 7, 19th Floor**
**Judge: Maxine M. Chesney**

**San Francisco Courthouse**
**450 Golden Gate Avenue**
**San Francisco, California 94102**

Defendant Olivier Lemarié ("Lemarié"), by and through his counsel, files this Answer and Affirmative and Other Defenses separately from Defendants Vade Secure, Inc. ("Vade Inc.") and Vade Secure SASU ("Vade SASU") (collectively "Vade Defendants"; collectively with Lemarié "Defendants") to Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark, LLC's ("Cloudmark"; collectively with Proofpoint, "Plaintiffs") Complaint:

Lemarié denies each and every matter, allegation, or thing in the Complaint except as may be affirmatively admitted or alleged herein. Moreover, to the extent any of the headings used by Plaintiffs in the Complaint constitute allegations of fact to which a response is required, Lemarié denies all the allegations contained in those headings.

**RESPONDING TO THE ALLEGATIONS IN THE COMPLAINT**

Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, Lemarié responds to the separate, numbered paragraphs of Plaintiffs' Complaint as follows:

1. Lemarié denies the allegations in paragraph 1.

2. Lemarié admits that he was a Cloudmark employee. Lemarié denies the remaining allegations in paragraph 2.

3. Lemarié admits that, while a Cloudmark employee, he worked on developing products for the cybersecurity market. Lemarié denies the remaining allegations in paragraph 3.

4. Lemarié admits that, while a Cloudmark employee, he worked on developing products for the cybersecurity market. Lemarié denies the remaining allegations in paragraph 4.

5. Lemarié admits that he terminated his employment with Cloudmark during the last quarter of 2016. Lemarié denies the remaining allegations in paragraph 5.

6. Lemarié admits that he is now a Vade, Inc. employee. Lemarié denies the remaining allegations in paragraph 6.

7. Lemarié admits that the Vade Defendants develop and market cybersecurity products. Lemarié denies the remaining allegations in paragraph 7.

8. The patent application and marketing materials referenced in paragraph 8 speak for themselves. Lemarié denies the remaining allegations in paragraph 8.

9. Lemarié admits that Plaintiffs filed an "Exhibit L" with the Complaint, and that document speaks for itself. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. Lemarié denies the allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 11.

12. Lemarié admits that Plaintiffs filed a Complaint initiating this lawsuit. Lemarié denies that Plaintiffs are entitled to any remedy or relief as a result of bringing this action. Lemarié denies the remaining allegations in paragraph 12. .

**THE PARTIES**

13. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Lemarié admits the allegations in paragraph 17.

**JURISDICTION AND VENUE**

18. Paragraph 18 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 20.

21. Paragraph 21 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 21.

22. Paragraph 22 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 25.

## INTRADISTRICT ASSIGNMENT

26. The first sentence of paragraph 26 states legal conclusions to which no response is required. Because this action has already been assigned to the San Francisco Division of the Northern District of California, Lemarié need not respond to the remaining allegations pertaining to intradistrict assignment. Lemarié denies the remaining allegations in paragraph 26.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

27. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

30. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié further admits that he served as Vice President of Gateway Technology of Cloudmark from 2010-2016 and reported directly to the Chief Executive Officer. Lemarié admits that he led the development of new products for the protection against email, mobile, and DNS based security threats. Lemarié denies the remaining allegations in paragraph 30.

31. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 31.

32. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 32.

33. Lemarié denies the allegations in paragraph 33.

34. Lemarié denies the allegations in paragraph 34.

35. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit A" and "Exhibit B" with the Complaint, and those documents speak for themselves. Lemarié also admits that he served as Chief Technical Officer of Bizanga. Lemarié denies the remaining allegations in paragraph 35.

36. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit A," "Exhibit C," "Exhibit D," and "Exhibit E" with the Complaint, and those documents speak for themselves. Lemarié denies the remaining allegations in paragraph 36.

37. Lemarié admits that Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné worked at Cloudmark during the time Lemarié was a Cloudmark employee. Lemarié also admits that, while a Cloudmark employee, he helped with the development of a product called Trident. Lemarié denies the remaining allegations in paragraph 37.

38. Lemarié admits that he is currently Vade, Inc.'s Chief Technical Officer. Lemarié denies the remaining allegations in paragraph 38.

39. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit F" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 40.

41. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit H," "Exhibit I," and "Exhibit J" with the Complaint, and those documents speak for themselves. Lemarié denies the remaining allegations in paragraph 41.

42. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit K" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 42.

43. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit L" with the Complaint, and that document speaks for itself. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 43 and therefore denies them.

44. Lemarié admits that the Vade Defendants are developing an MTA product. Lemarié denies the remaining allegations in paragraph 44.

45. Lemarié admits that he gave a presentation in 2018. Lemarié denies the remaining allegations in paragraph 45.

**Proofpoint and Cloudmark Protect Their Confidential and Proprietary, Including Trade Secret, Information**

46. Paragraph 46 states legal conclusions to which no response is required. To the extent it does not, any agreement referenced in paragraph 46 speaks for itself, and Lemarié denies any and all interpretations or characterizations of any agreement set forth in paragraph 46. Lemarié denies the remaining allegations in paragraph 46.

47. Lemarié admits that he was offered employment with Cloudmark as the Vice President of Gateway Technology. As to the remaining allegations in paragraph 47 regarding an Employee Proprietary Information and Invention Agreement (the "PIIA"), the PIIA speaks for itself, and Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 47. Lemarié denies the remaining allegations in paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 50.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 52.

53. Lemarié admits that he terminated his employment with Cloudmark in the last quarter of 2016. Lemarié further admits that he is now a Vade Inc. employee. Lemarié denies the remaining allegations in paragraph 53.

**COUNT I – TRADE SECRET MISAPPROPRIATION**

**Misappropriation of Trade Secrets under the DTSA, 18 U.S.C. § 1836 et seq.**

**(Against all Defendants)**

54. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 53 of the Complaint by this reference as if set forth in their entirety here.

55. Lemarié denies the allegations in paragraph 55.

56. Lemarié denies the allegations in paragraph 56.

57. Lemarié denies the allegations in paragraph 57.

58. Lemarié denies the allegations in paragraph 58.

59. Lemarié denies the allegations in paragraph 59.

60. Lemarié denies the allegations in paragraph 60.

61. Lemarié denies the allegations in paragraph 61.

62. Lemarié denies the allegations in paragraph 62.

63. Lemarié denies the allegations in paragraph 63.

64. Lemarié denies the allegations in paragraph 64.

65. Lemarié denies the allegations in paragraph 65.

66. Lemarié denies the allegations in paragraph 66.

67. Lemarié denies the allegations in paragraph 67.

68. Lemarié denies the allegations in paragraph 68.

69. Lemarié denies the allegations in paragraph 69.

70. Lemarié denies the allegations in paragraph 70.

71. Lemarié denies the allegations in paragraph 71.

72. Lemarié denies the allegations in paragraph 72.

73. Lemarié denies the allegations in paragraph 73.

74. Lemarié denies the allegations in paragraph 74.

**COUNT II – BREACH OF CONTRACT**

**Unauthorized Disclosure and Failure to Maintain Confidentiality of Cloudmark Proprietary Information**

**(Against Lemarié)**

75. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 74 of the Complaint by this reference as if set forth in their entirety here.

76. Paragraph 76 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 76. Lemarié denies the remaining allegations in paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 77. Lemarié denies the remaining allegations in paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 78. Lemarié denies the remaining allegations in paragraph 78.

79. Lemarié denies the allegations in paragraph 79.

80. Lemarié denies the allegations in paragraph 80.

81. Lemarié denies the allegations in paragraph 81.

**COUNT III – BREACH OF CONTRACT**

**Failure to Disclose Inventions**

**(Against Lemarié)**

82. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 81 of the Complaint by this reference as if set forth in their entirety here.

83. Paragraph 83 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 84. Lemarié denies the remaining allegations in paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 85. Lemarié denies the remaining allegations in paragraph 85.

86. Lemarié denies the allegations in paragraph 86.

87. Lemarié denies the allegations in paragraph 87.

88. Lemarié denies the allegations in paragraph 88.

89. Lemarié denies the allegations in paragraph 89.

## COUNT IV – BREACH OF CONTRACT

### Failure to Maintain and Make Available Cloudmark Company Records

### (Against Lemarié)

90. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 89 of the Complaint by this reference as if set forth in their entirety here.

91. Paragraph 91 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 91.

92. Paragraph 92 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 92. Lemarié denies the remaining allegations in paragraph 92.

93. Paragraph 93 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 93.

94. Lemarié denies the allegations in paragraph 94.

95. Lemarié denies the allegations in paragraph 95.

96. Lemarié denies the allegations in paragraph 96.

97. Lemarié denies the allegations in paragraph 97.

**COUNT V – BREACH OF CONTRACT**

**Failure to Deliver Materials Containing Cloudmark Proprietary Information**

**(Against Lemarié)**

98. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 97 of the Complaint by this reference as if set forth in their entirety here.

99. Paragraph 99 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 99.

100. Lemarié denies the allegations in paragraph 100.

101. Lemarié denies the allegations in paragraph 101.

102. Lemarié denies the allegations in paragraph 102.

103. Lemarié denies the allegations in paragraph 103.

104. Lemarié denies the allegations in paragraph 104.

**VICARIOUS LIABILITY / RESPONDEAT SUPERIOR**

105. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 104 of the Complaint by this reference as if set forth in their entirety here.

106. Lemarié denies the allegations in paragraph 106.

**JOINT AND SEVERAL LIABILITY**

107. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 106 of the Complaint by this reference as if set forth in their entirety here.

108. Lemarié denies the allegations in paragraph 108.

**JURY DEMAND**

109. Lemarié need not respond to Plaintiffs' jury demand and any allegations relating thereto.

**PLAINTIFFS' PRAYER FOR RELIEF**

Lemarié denies that Plaintiffs are entitled to any relief whatsoever, either as requested in the Complaint or otherwise.

**DEFENDANTS' AFFIRMATIVE DEFENSES**

110. By alleging the Affirmative Defenses set forth below, Lemarié does not admit or concede liability on any claim brought by Plaintiffs, nor does he concede that he bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

**FIRST DEFENSE**

**(Failure to State a Claim)**

111. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to state a claim(s) upon which relief can be granted.

**SECOND DEFENSE**

**(Readily Ascertainable Through Proper Means)**

112. Plaintiffs' trade secret misappropriation claim(s) is barred, in whole or in part, because Plaintiff(s) alleged trade secret(s) are readily ascertainable through proper means.

**THIRD DEFENSE**

**(Modification)**

113. Plaintiffs' breach of contract claim is barred, in whole or in part, based on the doctrine of modification.

**FOURTH DEFENSE**

**(Privilege)**

114. Plaintiffs' breach of contract claim is barred, in whole or in part, based on the doctrine of privilege.

**FIFTH DEFENSE**

**(Offset)**

115. The amount of damages, if any, owed to Plaintiffs must be reduced or offset by the amount of damages owed to Lemarié.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

116. Plaintiffs' claims are barred, in whole or in part, for failure to make reasonable efforts to mitigate Plaintiffs' damages, if any, as required by law.

**SEVENTH DEFENSE**

**(Punitive Damages Unconstitutional or Not Permitted by Statute)**

117. Under the circumstances of this case, any award of punitive damages would violate the United States Constitution and/or the California Constitution.

**EIGHTH DEFENSE**

**(Estoppel)**

118. Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied estoppel.

**NINTH DEFENSE**

**(Unclean Hands)**

119. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**TENTH DEFENSE**

**(Waiver)**

120. Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied waiver.

**RESERVATION OF RIGHTS**

Lemarié reserves the right to raise additional affirmative and other defenses as they are discovered or become available.

## DEFENDANT LEMARIÉ'S PRAYER FOR RELIEF

Lemarié respectfully prays that:

i. The Court enter judgment on Plaintiffs' Complaint against Plaintiffs and in favor of Defendants;

ii. The Court award Defendants their attorneys' fees as permitted by law;

iii. The Court award Defendants their costs of suit, including reasonable litigation expenses, as permitted by law; and

iv. The Court award Defendants any additional relief the Court deems just and proper.

Dated: November 19, 2019

**BAKER & McKENZIE LLP**

By: /s/ *Bart Rankin*

Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Jay F. Utley (Admitted *Pro Hac Vice*)
jay.utley@bakermckenzie.com
Bart Rankin (Admitted *Pro Hac Vice*)
bart.rankin@bakermckenzie.com
Mackenzie M. Martin (Admitted *Pro Hac Vice*)
mackenzie.martin@bakermckenzie.com
John G. Flaim (Admitted *Pro Hac Vice*)
john.flaim@bakermckenzie.com
Chaoxuan Liu (Admitted *Pro Hac Vice*)
charles.liu@bakermckenzie.com
Mark Ratway (Admitted *Pro Hac Vice*)
mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

*Attorneys for Defendants,*
*Vade Secure, Incorporated; Vade Secure SASU;*
*and Olivier Lemarié*