Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS UNDER DTSA (18 U.S.C. § 1836 *et seq*.); BREACH OF EMPLOYMENT AND CONFIDENTIALITY AGREEMENTS**<br><br>**JURY TRIAL DEMANDED**<br><br>**Original Complaint Filed: July 23, 2019**<br><br>**Courtroom: 7, 19th Floor**<br>**Judge: Maxine M. Chesney**<br><br>**San Francisco Courthouse**<br>**450 Golden Gate Avenue**<br>**San Francisco, California 94102** |

Defendants Vade Secure, Incorporated ("Vade Inc.") and Vade Secure SASU ("Vade SASU") (collectively "Vade Defendants"), by and through their counsel, file this Answer, Affirmative and Other Defenses, and Counterclaims separately from Defendant Olivier Lemarié ("Lemarié"; collectively with Vade Defendants "Defendants") to Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark, LLC's ("Cloudmark"; collectively with Proofpoint, "Plaintiffs") Complaint:

Vade Defendants deny each and every matter, allegation, or thing in the Complaint except as may be affirmatively admitted or alleged herein. Moreover, to the extent any of the headings used by Plaintiffs in the Complaint constitute allegations of fact to which a response is required, Vade Defendants deny all the allegations contained in those headings.

## **RESPONDING TO THE ALLEGATIONS IN THE COMPLAINT**

Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, Vade Defendants respond to the separate, numbered paragraphs of Plaintiffs' Complaint as follows:

1. Vade Defendants deny the allegations in paragraph 1.

2. Vade Defendants admit that at one time Lemarié was a Cloudmark employee. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore deny them.

3. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and therefore deny them.

4. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore deny them.

5. Vade Defendants admit that Lemarié is no longer a Cloudmark employee. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore deny them.

6. Vade Defendants admit that Lemarié is now a Vade, Inc. employee. Vade Defendants deny the remaining allegations in paragraph 6.

1

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

7. Vade Defendants admit that they develop and market cybersecurity products. Vade Defendants deny the remaining allegations in paragraph 7.

8. The patent application and marketing materials referenced in paragraph 8 speak for themselves. Vade Defendants deny the remaining allegations in paragraph 8.

9. Vade Defendants admit that Plaintiffs filed an "Exhibit L" with the Complaint, and that document speaks for itself. Defendants deny the allegations in paragraph 9.

10. Vade Defendants deny the allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 11.

12. Vade Defendants admit that Plaintiffs filed a Complaint initiating this lawsuit. Vade Defendants deny that Plaintiffs are entitled to any remedy or relief as a result of bringing this action. Vade Defendants deny the remaining allegations in paragraph 12.

## **THE PARTIES**

13. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

14. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore deny them.

15. Vade Defendants admit the allegations in paragraph 15.

16. Vade Defendants admit the allegations in paragraph 16.

17. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and therefore deny them.

## **JURISDICTION AND VENUE**

18. Paragraph 18 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 20.

2

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

21.     Paragraph 21 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 21.

22.     Paragraph 22 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 22.

23.     Paragraph 23 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 23.

24.     Paragraph 24 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 24.

25.     Paragraph 25 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 25.

## INTRADISTRICT ASSIGNMENT

26.     The first sentence of paragraph 26 states legal conclusions to which no response is required. Because this action has already been assigned to the San Francisco Division of the Northern District of California, Vade Defendants need not respond to the remaining allegations pertaining to intradistrict assignment. Vade Defendants deny the remaining allegations in paragraph 26.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

27.     Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore deny them.

28.     Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore deny them.

29.     Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore deny them.

30.     Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 30 and therefore deny them.

3

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

31. Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 and therefore deny them.

32. Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore deny them.

33. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and therefore deny them.

34. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and therefore deny them.

35. Vade Defendants admit that Plaintiffs filed exhibits titled "Exhibit A" and "Exhibit B" with the Complaint, and those documents speak for themselves. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 and therefore deny them.

36. Vade Defendants admit that Plaintiffs filed exhibits titled "Exhibit A," "Exhibit C," "Exhibit D," and "Exhibit E" with the Complaint, and those documents speak for themselves. Vade Defendants also admit that Olivier Lemarié, Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné are now Vade, Inc. employees. Vade Defendants deny the remaining allegations in paragraph 36.

37. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and therefore deny them.

38. Vade Defendants admit that Olivier Lemarié is currently Vade, Inc.'s Chief Technical Officer. Vade Defendants also admit that Olivier Lemarié, Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné are now Vade, Inc. employees. Vade Defendants deny the remaining allegations in paragraph 38.

4

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

39. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 and therefore deny them.

40. Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit F" with the Complaint, and that document speaks for itself. Vade Defendants deny the remaining allegations in paragraph 40.

41. Vade Defendants admit that Plaintiffs filed exhibits titled "Exhibit H," "Exhibit I," and "Exhibit J" with the Complaint, and those documents speak for themselves. Vade Defendants deny the remaining allegations in paragraph 41.

42. Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit K" with the Complaint, and that document speaks for itself. Vade Defendants deny the remaining allegations in paragraph 42.

43. Vade Defendants admit that Plaintiffs filed an exhibit titled "Exhibit L" with the Complaint, and that document speaks for itself. Vade Defendants deny the remaining allegations in paragraph 43.

44. Vade Defendants admits that they are developing an MTA product. Vade Defendants deny the remaining allegations in paragraph 44.

45. Vade Defendants admit that Lemarié gave a presentation in 2018. Vade Defendants deny the remaining allegations in paragraph 45.

**Proofpoint and Cloudmark Protect Their Confidential and Proprietary, Including Trade Secret, Information**

46. Paragraph 46 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 46 and therefore deny them.

47. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and therefore deny them.

48. Paragraph 48 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 48 and therefore deny them.

5

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

49. Paragraph 49 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore deny them.

50. Paragraph 50 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 50 and therefore deny them.

51. Paragraph 51 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 51 and therefore deny them.

52. Paragraph 52 states legal conclusions to which no response is required. Vade Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 52 and therefore deny them.

53. Vade Defendants admit that Lemarié is now a Vade Inc. employee. Vade Defendants deny the remaining allegations in paragraph 53.

## COUNT I – TRADE SECRET MISAPPROPRIATION

**Misappropriation of Trade Secrets under the DTSA, 18 U.S.C. § 1836 et seq.**

**(Against all Defendants)**

54. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 53 of the Complaint by this reference as if set forth in their entirety here.

55. Vade Defendants deny the allegations in paragraph 55.

56. Vade Defendants deny the allegations in paragraph 56.

57. Vade Defendants deny the allegations in paragraph 57.

58. Vade Defendants deny the allegations in paragraph 58.

59. Vade Defendants deny the allegations in paragraph 59.

60. Vade Defendants deny the allegations in paragraph 60.

61. Vade Defendants deny the allegations in paragraph 61.

6

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

62. Vade Defendants deny the allegations in paragraph 62.

63. Vade Defendants deny the allegations in paragraph 63.

64. Vade Defendants deny the allegations in paragraph 64.

65. Vade Defendants deny the allegations in paragraph 65.

66. Vade Defendants deny the allegations in paragraph 66.

67. Vade Defendants deny the allegations in paragraph 67.

68. Vade Defendants deny the allegations in paragraph 68.

69. Vade Defendants deny the allegations in paragraph 69.

70. Vade Defendants deny the allegations in paragraph 70.

71. Vade Defendants deny the allegations in paragraph 71.

72. Vade Defendants deny the allegations in paragraph 72.

73. Vade Defendants deny the allegations in paragraph 73.

74. Vade Defendants deny the allegations in paragraph 74.

## COUNT II – BREACH OF CONTRACT

**Unauthorized Disclosure and Failure to Maintain Confidentiality of**

**Cloudmark Proprietary Information**

**(Against Lemarié)**

75. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 74 of the Complaint by this reference as if set forth in their entirety here.

76. Paragraph 76 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 76. Vade Defendants deny the remaining allegations in paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 77. Vade Defendants deny the remaining allegations in paragraph 77.

7

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

78. Paragraph 78 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 78. Vade Defendants deny the remaining allegations in paragraph 78.

79. Vade Defendants deny the allegations in paragraph 79.

80. Vade Defendants deny the allegations in paragraph 80.

81. Vade Defendants deny the allegations in paragraph 81.

## COUNT III – BREACH OF CONTRACT

### Failure to Disclose Inventions

### (Against Lemarié)

82. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 81 of the Complaint by this reference as if set forth in their entirety here.

83. Paragraph 83 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 83.

84. Paragraph 84 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 84. Vade Defendants deny the remaining allegations in paragraph 84.

85. Paragraph 85 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 85. Vade Defendants deny the remaining allegations in paragraph 85.

86. Vade Defendants deny the allegations in paragraph 86.

87. Vade Defendants deny the allegations in paragraph 87.

88. Vade Defendants deny the allegations in paragraph 88.

89. Vade Defendants deny the allegations in paragraph 89.

8

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

## COUNT IV – BREACH OF CONTRACT

**Failure to Maintain and Make Available Cloudmark Company Records**

**(Against Lemarié)**

90. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 89 of the Complaint by this reference as if set forth in their entirety here.

91. Paragraph 91 states legal conclusions to which no response is required. Vade Defendants deny the remaining allegations in paragraph 91.

92. Paragraph 92 states legal conclusions to which no response is required. Vade Defendants deny any and all interpretations or characterizations of the PIIA in paragraph 92. Vade Defendants deny the remaining allegations in paragraph 92.

93. Paragraph 93 states a legal conclusion to which no response is required. Vade Defendants deny the remaining allegations in paragraph 93.

94. Vade Defendants deny the allegations in paragraph 94.

95. Vade Defendants deny the allegations in paragraph 95.

96. Vade Defendants deny the allegations in paragraph 96.

97. Vade Defendants deny the allegations in paragraph 97.

## COUNT V – BREACH OF CONTRACT

**Failure to Deliver Materials Containing Cloudmark Proprietary Information**

**(Against Lemarié)**

98. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 97 of the Complaint by this reference as if set forth in their entirety here.

99. Paragraph 99 states a legal conclusion to which no response is required. Vade Defendants deny the remaining allegations in paragraph 99.

100. Vade Defendants deny the allegations in paragraph 100.

9

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

101. Vade Defendants deny the allegations in paragraph 101.

102. Vade Defendants deny the allegations in paragraph 102.

103. Vade Defendants deny the allegations in paragraph 103.

104. Vade Defendants deny the allegations in paragraph 104.

## VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

105. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 104 of the Complaint by this reference as if set forth in their entirety here.

106. Vade Defendants deny the allegations in paragraph 106.

## JOINT AND SEVERAL LIABILITY

107. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Vade Defendants incorporate their responses above to paragraphs 1 through 106 of the Complaint by this reference as if set forth in their entirety here.

108. Vade Defendants deny the allegations in paragraph 108.

## JURY DEMAND

109. Vade Defendants need not respond to Plaintiffs' jury demand and any allegations relating thereto.

## PLAINTIFFS' PRAYER FOR RELIEF

Vade Defendants deny that Plaintiffs are entitled to any relief whatsoever, either as requested in the Complaint or otherwise.

## VADE DEFENDANTS' AFFIRMATIVE DEFENSES

110. By alleging the Affirmative Defenses set forth below, Vade Defendants do not admit or concede liability on any claim brought by Plaintiffs, nor do Vade Defendants concede that they bear the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

10

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

## FIRST DEFENSE

### (Failure to State a Claim)

111.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to state a claim(s) upon which relief can be granted.

## SECOND DEFENSE

### (Independent Invention)

112.   Plaintiffs' trade secret claim is barred, in whole or in part, by the doctrine of independent invention.

## THIRD DEFENSE

### (Readily Ascertainable Through Proper Means)

113.   Plaintiffs' trade secret misappropriation claim(s) is barred, in whole or in part, because Plaintiff(s) alleged trade secrets are readily ascertainable through proper means.

## FOURTH DEFENSE

### (Estoppel)

114.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied estoppel.

## FIFTH DEFENSE

### (Unclean Hands)

115.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH DEFENSE

### (Waiver)

116.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied waiver.

## RESERVATION OF RIGHTS

Vade Defendants reserve the right to raise additional affirmative and other defenses as they are discovered or become available.

## COUNTERCLAIMS

Vade Defendants further submit the following Counterclaims and allege as follows:

11

**Jurisdiction and Venue**

1. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367 because these Counterclaims are so related to Plaintiffs' claims in the action within such original jurisdiction that they form part of the same case or controversy.

2. This Court has general and specific personal jurisdiction over Proofpoint, Inc. because it regularly conducts business within this jurisdiction by at least operating its principal place of business at 892 Ross Drive, Sunnyvale, California 94089. Further, Proofpoint's unlawful actions giving rise the Vade Defendants' Counterclaims occurred in the State of California. Indeed, Proofpoint has voluntarily submitted to this Court's jurisdiction by instituting this action in the first instance.

3. This Court has general and specific personal jurisdiction over Cloudmark LLC because it regularly conducts business within this jurisdiction, by at least operating its principal place of business at 892 Ross Drive, Sunnyvale, California 94089. Further, Cloudmark's unlawful actions giving rise the Vade Defendants' Counterclaims occurred in the State of California. Indeed, Cloudmark has voluntarily submitted to this Court's jurisdiction by instituting this action in the first instance.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all Plaintiffs are residents of the state of California and reside in this judicial district.

**The Parties**

5. Vade Secure, Incorporated is a corporation organized under the laws of the State of California, with its principal place of business at 100 Pine Street, Suite 1250, San Francisco, California 94111.

6. Vade Secure SASU is a "société par actions simplifiée unipersonnelle" organized under the laws of France, with its principal place of business at 2 bis avenue Antoine Pinay, Parc d'activites des 4 vents in HEM (59510) France.

7. On information and belief, Proofpoint, Inc. is a public corporation organized under the laws of the State of Delaware, with its principal place of business at 892 Ross Drive, Sunnyvale, California 94089.

12

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

8. On information and belief, Cloudmark LLC is a corporation organized under the laws of the State of Delaware, with its principal place of business at 892 Ross Drive, Sunnyvale, California 94089.

## Acts Giving Rise to the Counterclaims

9. Vade Defendants reallege and incorporate herein by reference all of the allegations in the preceding paragraphs of this Answer, Affirmative and Other Defenses, and Counterclaims.

10. On information and belief, Plaintiffs, who are direct competitors with Vade Defendants, have embarked on a plan and scheme to harass Vade Defendants and interfere with Vade Defendants' relationships with existing and potential customers.

11. In particular, Plaintiffs have known of the facts allegedly giving rise to this lawsuit for years, but sat idle. Indeed, there was not then nor is there now a credible basis for their allegations. Rather, as Plaintiffs acknowledge, on or about June 12, 2019, it was announced that Vade Defendants secured EUR 70 million (nearly US$80 million) in financing, making them a bigger competitive threat to Plaintiffs. Accordingly, the filing of this lawsuit and Plaintiffs' improper conduct in the marketplace since that announcement have been in furtherance of this scheme to unlawfully harm Vade Defendants' business.

12. Pursuant to this unlawful scheme, Plaintiffs have, on information and belief, falsely told Vade Defendants' customers and potential customers that Vade Defendants are not financially stable, including but not limited to statements to the effect that Vade Defendants will or will likely soon be bankrupt, that this lawsuit covers all of Vade Defendants' products and services, and that this lawsuit will preclude Vade Defendants from being able to provide those products and services to their customers. For example, on information and belief, on or around August 29, 2019, one or more of Plaintiffs' employees made false statements to a director and other employees of Vade Defendants' customer to the effect that the present lawsuit by Plaintiffs would "easily bankrupt" Vade Defendants. Before those knowingly false statements were made, Vade Defendants had an agreement in principle with this customer to provide products and services. As a direct and proximate result of Plaintiffs' conduct, however, that customer pulled out the agreement, and Vade Defendants lost that business.

13

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

13. Further, on information and belief, on or around August 30, 2019, one or more of Plaintiffs' employees made false statements to senior officers and/or employees of a prospective customer of Vade Defendants to the effect that the lawsuit was against "all [of Vade Defendants'] products" and therefore had "the potential to bankrupt" Vade Defendants. Again, Vade Defendants had an agreement in principle with this customer before those knowingly false statements were made. After those false statements were made, the customer also backed out of the deal with Vade Defendants on a product not accused in this lawsuit as a direct and proximate result of Plaintiffs' unlawful conduct.

## FIRST CAUSE OF ACTION

### (Defamation)

14. Vade Defendants reallege and incorporate herein by reference all of the allegations in the preceding paragraphs of this Answer, Affirmative and Other Defenses, and Counterclaims.

15. At all relevant times alleged herein, all of Plaintiffs' employees were acting in their official capacity as Plaintiffs' employees and, therefore, their actions are attributable to Plaintiffs.

16. Plaintiffs have made false and misleading representations to Vade Defendants' customers and potential customers including at least that:

   a. Vade Defendants are not financially stable;

   b. Vade Defendants will or will likely soon be bankrupt;

   c. The present lawsuit by Plaintiffs will "easily bankrupt" Vade Defendants;

   d. The lawsuit is against all of Vade Defendants' products; and/or

   e. The lawsuit has "the potential to bankrupt" Vade Defendants.

17. These statements have adversely affected Vade Defendants' business and reputation and are defamatory without necessity of explanatory matter. These statements were made to Vade Defendants' customers and potential customers with whom Vade Defendants had agreements in principle to provide products and services.

18. These statements, by imputing at least the items at paragraphs 16 a. through e. above, also tend to directly injure Vade Defendants in respect of their trade or business by having a natural tendency to lessen their profits. Further, as a natural consequence and a direct and proximate result

14

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

of Plaintiffs' knowingly false statements, Vade Defendants lost the business and economic relationships with those customers and potential customers.

19. Plaintiffs' statements establish a prima facie case of actionable defamation because they involve Vade Defendants' business, were published, were and are false, and were made with the knowledge that they were false, and with spite, hatred, and ill will toward Vade Defendants. Plaintiffs had no reasonable grounds to believe the statements were true, and acted with reckless disregard for ascertaining the truth. Thus, Plaintiffs' statements are actionable, and actionable per se, and Vade Defendants are entitled to damages in an amount to be proven at trial.

20. As a natural consequence and proximate result of Plaintiffs' defamatory statements, Vade Defendants have suffered actual damages in the form of loss of customers and harm to their reputation, and were exposed to contempt. Vade Defendants therefore suffered specific and general damages, and are entitled to punitive damages, in an amount to be proven at trial.

21. As a proximate result of Plaintiffs' defamatory statements, Vade Defendants have suffered and will continue to suffer irreparable harm unless Plaintiffs cease making the statements alleged herein. Vade Defendants have no adequate remedy at law and are entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Advantage)**

22. Vade Defendants reallege and incorporate herein by reference all of the allegations in the preceding paragraphs of this Answer, Affirmative and Other Defenses, and Counterclaims.

23. At all relevant times alleged herein, all of Plaintiffs' employees were acting in their official capacity as Plaintiffs' employees and, therefore, their actions are attributable to Plaintiffs.

24. Plaintiffs deliberately interfered with Vade Defendants' prospective economic advantage. Vade Defendants have enjoyed prospective economic relationships with their customers and prospective customers that were of substantial economic benefit to Vade Defendants. With knowledge of Vade Defendants' valuable relationships with their customers and prospective customers, Plaintiffs' false and misleading statements and other acts alleged in paragraphs 9 to 13

15

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

herein were knowingly designed to interfere with and disrupt those relationships. Plaintiffs' actions were independently wrongful as they violated California law as alleged herein.

25. Plaintiffs acted both oppressively and maliciously with intent to cause injury to Vade Defendants and with conscious disregard of the rights of others. Accordingly, Vade Defendants are entitled to exemplary damages, in addition to compensatory damages, as permitted by law.

26. As a proximate result of Plaintiffs' defamatory statements, Vade Defendants have suffered and will continue to suffer irreparable harm unless Plaintiffs cease making the false and misleading statements alleged herein. Vade Defendants have no adequate remedy at law and are entitled to preliminary and permanent injunctive relief.

## THIRD CAUSE OF ACTION

**(Unfair Competition Under California Business and Professions Code § 17200)**

27. Vade Defendants reallege and incorporate herein by reference all of the allegations in the preceding paragraphs of this Answer, Affirmative and Other Defenses, and Counterclaims.

28. Plaintiffs' acts as alleged in paragraphs 9 to 13 herein constitute "unlawful, unfair, or fraudulent business act[s] or practice[s]" within the meaning of California Business and Professions Code § 17200 *et seq*.

29. As a direct and proximate result of Plaintiffs' wrongful conduct, Vade Defendants have been and will continue to be harmed, and Plaintiffs have been and will continue to be unjustly enriched.

30. As a direct and proximate result of Plaintiffs' wrongful conduct, Vade Defendants are entitled to injunctive relief, restitution, and an order of disgorgement of all of Plaintiffs' ill-gotten gains from their unlawful, unfair, or fraudulent business acts or practices.

## **VADE DEFENDANTS' PRAYER FOR RELIEF**

Vade Defendants respectfully pray that:

i. The Court enter judgment on Plaintiffs' Complaint against Plaintiffs and in favor of Defendants;

ii. The Court enter judgment that the Plaintiffs' defamed Vade Defendants, collectively or individually;

16

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

iii. The Court enter judgment that Plaintiffs have engaged in intentional interference with Vade Defendants' prospective economic advantage, collectively or individually;

iv. The Court enter judgment that Plaintiffs have engaged in unfair competition under California Business and Professions Code § 17200;

v. The Court enter judgment for preliminary and permanent injunctive relief enjoining the wrongful and unfair acts by Plaintiffs alleged herein, and by those persons acting in concert with Plaintiffs, including related individuals, entities, agents, or representatives;

vi. The Court award Vade Defendants' actual damages sustained as a result of the acts alleged herein, together with prejudgment interest, according to proof;

vii. The Court order disgorgement of the Plaintiffs' profits resulting from the acts alleged herein;

viii. The Court award Vade Defendants restitution of any profits resulting from the acts alleged herein;

ix. The Court award Defendants punitive damages as permitted by law;

x. The Court award Defendants their attorneys' fees as permitted by law;

xi. The Court award Defendants their costs of suit, including reasonable litigation expenses, as permitted by law; and

xii. The Court award Defendants any additional relief the Court deems just and proper.

17

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

| | | |
|---|---|---|
| 1 | Dated: November 19, 2019 | **BAKER & McKENZIE LLP** |
| 2 | | By: /s/ *Bart Rankin* |
| 3 | | Colin H. Murray (SBN 159142) |
| 4 | | colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP** |
| 5 | | Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802 |
| 6 | | Telephone:     +1 415 576 3000<br>Facsimile:       +1 415 576 3099 |
| 7 | | Danielle L. Benecke (SBN 314896) |
| 8 | | danielle.benecke@bakermckenzie.com<br>**BAKER & McKENZIE LLP** |
| 9 | | 600 Hansen Way<br>Palo Alto, CA  94304 |
| 10 | | Telephone:     +1 650 856 2400<br>Facsimile:       +1 650 856 9299 |

Jay F. Utley (Admitted *Pro Hac Vice*)
  jay.utley@bakermckenzie.com
Bart Rankin (Admitted *Pro Hac Vice*)
  bart.rankin@bakermckenzie.com
Mackenzie M. Martin (Admitted *Pro Hac Vice*)
  mackenzie.martin@bakermckenzie.com
John G. Flaim (Admitted *Pro Hac Vice*)
  john.flaim@bakermckenzie.com
Chaoxuan Liu (Admitted *Pro Hac Vice*)
  charles.liu@bakermckenzie.com
Mark Ratway  (Admitted *Pro Hac Vice*)
  mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone:     +1 214 978 3000
Facsimile:       +1 214 978 3099

*Attorneys for Defendants,*
*Vade Secure, Incorporated; Vade Secure SASU;*
*and Olivier Lemarié*

18

Case No. 3:19-cv-04238-MMC
DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S
ANSWER, AFFIRMATIVE AND OTHER DEFENSES, AND COUNTERCLAIMS TO COMPLAINT