QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER MARIO LEMARIÉ<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:19-cv-04238-MMC<br><br>**PROOFPOINT, INC. AND CLOUDMARK LLC'S ANSWER TO VADE SECURE, INC. AND VADE SECURE SASU'S COUNTERCLAIMS**<br><br>Courtroom:  7, 19th Floor<br>Judge:      Hon. Maxine M. Chesney<br><br>Date Filed: July 23, 2019<br>Trial Date: July 26, 2021<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs and Counterclaim Defendants Proofpoint, Inc. ("Proofpoint") and Cloudmark LLC ("Cloudmark") (collectively, "Plaintiffs") hereby answer Defendants Vade Secure, Incorporated ("Vade Inc.") and Vade Secure SASU's ("Vade SASU") (collectively, "Vade Defendants") Answer and Counterclaims, filed November 19, 2019 (Dkt. 67) and December 9, 2019 (Dkt. 75). Except as otherwise expressly set forth below, Plaintiffs deny the allegations and characterizations contained in Vade Defendants' Counterclaims.

**JURISDICTION AND VENUE**

1. Plaintiffs respond that the allegations in Paragraph 1 state legal argument and conclusion for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 1.[1]

2. Plaintiffs respond that the allegations in Paragraph 2 state legal argument and conclusion for which no response is required. To the extent a response is required, Proofpoint admits its principal place of business is located at 892 Ross Drive, Sunnyvale, California 94089. Proofpoint also admits that it instituted the instant action against the Vade Defendants. Plaintiffs deny all other allegations in Paragraph 2.

3. Plaintiffs respond that the allegations in Paragraph 3 state legal argument and conclusion for which no response is required. To the extent a response is required, Cloudmark admits its principal place of business is located at 892 Ross Drive, Sunnyvale, California 94089. Cloudmark also admits that it instituted the instant action against the Vade Defendants. Plaintiffs deny all other allegations in Paragraph 3.

4. Plaintiffs admit that venue is proper in this Court and that they have their principal places of business in this judicial district, but otherwise deny the remaining allegations and characterizations set forth in Paragraph 4.

---

[1] Except as otherwise stated, all references to "Paragraphs" herein refer to Vade Defendants' Counterclaims filed November 19, 2019 (Dkt. 67 at 12-16) and December 9, 2019 (Dkt. 75 at 12-16).

## THE PARTIES

5. Plaintiffs admit, on information and belief, that Vade Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 100 Pine Street, Suite 1250, San Francisco, California 94111.

6. Plaintiffs admit, on information and belief, that Vade SASU is a "société par actions simplifiée unipersonnelle" organized under the laws of France, with its principal place of business at 2 bis avenue Antoine Pinay, Parc d'activites des 4 vents in HEM (59510) France.

7. Admitted.

8. Admitted.

## FACTUAL ALLEGATIONS

9. Plaintiffs incorporate by reference and re-allege the preceding paragraphs of this Answer to Counterclaims as if fully set forth herein.

10. Plaintiffs deny the allegations and characterizations set forth in Paragraph 10.

11. Plaintiffs admit that, on or about June 12, 2019, at least one publication reported that the Vade Defendants had "entered into a €70 million financing agreement." Plaintiffs deny the remaining allegations and characterizations set forth in Paragraph 11.

12. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, on that basis, deny all such allegations.

13. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and, on that basis, deny all such allegations.

## FIRST COUNTERCLAIM

### Defamation

14. Plaintiffs incorporate by reference and re-allege the preceding paragraphs of this Answer to Counterclaims as if fully set forth herein.

15. Paragraph 15 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny all such allegations.

16. Plaintiffs deny the allegations and characterizations set forth in Paragraph 16.

17. Paragraph 17 states legal argument and conclusions for which no response is required. Plaintiffs are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 and, on that basis, deny all such allegations.

18. Paragraph 18 states legal argument and conclusions for which no response is required. Plaintiffs are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 and, on that basis, deny all such allegations.

19. Paragraph 19 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 19.

20. Paragraph 20 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 20.

21. Paragraph 21 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 21.

## SECOND COUNTERCLAIM

**Intentional Interference with Prospective Economic Advantage**

22. Plaintiffs incorporate by reference and re-allege the preceding paragraphs of this Answer to Counterclaims as if fully set forth herein.

23. Paragraph 23 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, deny all such allegations.

24. Paragraph 24 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 24.

25. Paragraph 25 states legal argument and conclusions for which no response is

1  required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 25.

26. Paragraph 26 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 26.

## THIRD COUNTERCLAIM

### Unfair Competition Under California Business and Profession Code § 17200

27. Plaintiffs incorporate by reference and re-allege the preceding paragraphs of this Answer to Counterclaims as if fully set forth herein.

28. Paragraph 28 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations set forth in Paragraph 28 and, further, incorporate their responses to Paragraphs 9–13 as though fully set forth herein.

29. Paragraph 29 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 29.

30. Paragraph 30 states legal argument and conclusions for which no response is required. To the extent a response is required, Plaintiffs deny all allegations and characterizations set forth in Paragraph 30.

## VADE DEFENDANTS' PRAYER FOR RELIEF

Plaintiffs deny all allegations contained in paragraphs i-xii of Vade Defendants' Prayer for Relief and deny that Vade Defendants are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Plaintiffs assert the following defenses to Vade Defendants' Counterclaims. To the extent any of the defenses, in whole or in part, relates to, traverses, or negates an element of Vade Defendants' Counterclaims, Plaintiffs are not seeking to relieve Vade Defendants of their burden of proof or persuasion on that element; nor do Plaintiffs assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on Vade Defendants. All defenses below are pleaded in the alternative and do not constitute an admission of liability or that Vade

Defendants are entitled to any relief whatsoever.

Plaintiffs reserve their rights to assert additional claims and/or defenses as facts are learned or present themselves during discovery or otherwise during the course of these proceedings, and expressly reserve the right to amend their answer to assert any such additional defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

31. Vade Defendants' Counterclaims, including each and every purported claim of relief and associated allegation, fails to state any claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

32. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants have not appropriately pled, shown, nor proven that either Vade Inc. or Vade SASU has adequate standing for the relief sought.

**THIRD AFFIRMATIVE DEFENSE**

**(Non-Actionable Opinion)**

33. Vade Defendants' Counterclaims are barred, in whole or in part, because all or parts of any statements that Plaintiffs allegedly made are non-actionable opinions.

**FOURTH AFFIRMATIVE DEFENSE**

**(Truth)**

34. Vade Defendants' Counterclaims are barred, in whole or in part, because all or parts of any statements that Plaintiffs allegedly made are true or substantially true.

**FIFTH AFFIRMATIVE DEFENSE**

**(Lack of Actual Malice)**

35. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade cannot prove that Plaintiffs made any alleged statements with knowledge that they were false or with reckless disregard of whether they were false or not.

**SIXTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

36. Vade Defendants' Counterclaims are barred, in whole or in part, because all or parts of any statements that Plaintiffs allegedly made are protected by the First Amendment of the Constitution of the United States, as well as the constitution and the laws of California.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Any Interference Privileged or Justified)**

37. Vade Defendants' Counterclaims are barred, in whole or in part, because Plaintiffs' actions were privileged and/or justified.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Fair Competition)**

38. Vade Defendants' Counterclaims are barred, in whole or in part, because Plaintiffs' alleged conduct constitutes fair competition.

**NINTH AFFIRMATIVE DEFENSE**

**(Neither Fraudulent Nor Likely to Mislead)**

39. Vade Defendants' Counterclaims are barred, in whole or in part, because any alleged conduct of Plaintiffs was neither "fraudulent" nor "likely to mislead" the general public within the meaning of Business and Professions Code § 17200 or otherwise.

**TENTH AFFIRMATIVE DEFENSE**

**(Waiver and/or Estoppel)**

40. Vade Defendants' Counterclaims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

41. Vade Defendants' Counterclaims are barred, in whole or in part, by Vade Defendants' bad faith in filing the Counterclaims.

### TWELFTH AFFIRMATIVE DEFENSE

### (Preemption)

42. Vade Defendants' Counterclaims are barred, in whole or in part, by the doctrine of preemption.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

43. Vade Defendants are not entitled to injunctive relief because any alleged injury to Vade Defendants is not immediate or irreparable, and Vade Defendants have an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

44. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants have not been injured or damaged as a proximate result of any action or omission for which Plaintiffs are responsible.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Speculative, Uncertain, and Unforeseeable Damages)

45. Vade Defendants' Counterclaims are barred, in whole or in part, because any alleged damages are speculative, uncertain, and not foreseeable to Plaintiffs.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

46. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants have failed to state facts sufficient to support an award of attorneys' fees against Plaintiffs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Detriment)

47. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants have suffered no detriment from the alleged acts and omissions about which Vade Defendants now complain.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

48. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants would be unjustly enriched by any recovery against Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

49. At all times material hereto, all of Plaintiffs' actions were undertaken in good faith and without fraud, oppression or malice against Vade Defendants or their rights, thereby precluding any and all claims for punitive or exemplary damages.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Causation; Fault of Others)

50. If and to the extent Vade Defendants have suffered any compensable injury or damage as a proximate result of Plaintiffs' conduct, all of which is specifically denied, all such injury and damage was the proximate result, in whole or in part, of the negligence, fault, and want of due care of Vade Defendants or others.

### TWENTY FIRST AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

51. Vade Defendants' Counterclaims are barred, in whole or in part, because Vade Defendants' failure to take reasonable and appropriate steps to mitigate damages, if any.

### TWENTY SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

52. Vade Defendants' Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY THIRD AFFIRMATIVE DEFENSE

### (Lack of Particularity; Reservation of Rights)

53. Vade Defendants' Answer, Affirmative and Other Defenses, and Counterclaims to Complaint do not describe the Counterclaims or events with sufficient particularity to permit Plaintiffs to ascertain what other defenses may exist. Plaintiffs therefore reserve the right to assert

all defenses that may pertain to the Counterclaims once the precise nature of such Counterclaims is ascertained.

## RESERVATION

Plaintiffs reserve all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the laws of the State of California and United States, and any other defenses, at law or equity, that now exist or in the future may be available based on discovery and other factual investigation or developments in this case.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues related to Vade Defendants' Counterclaims so triable by right.

## PRAYER FOR RELIEF

Plaintiffs deny that Vade Defendants are entitled to any relief whatsoever, whether as sought in the Prayer for Relief of Vade Defendants' Counterclaims or otherwise, in connection with this civil action.

Plaintiffs respectfully request the following relief:

1. That the Court dismiss Vade Defendants' Counterclaims against Proofpoint and Cloudmark with prejudice;

2. That the Court deny all relief from Proofpoint and Cloudmark requested by Vade Defendants in their Counterclaims;

3. That the Court enter judgment in favor of Proofpoint and Cloudmark and against Vade Defendants on Vade Defendants' Counterclaims;

4. That the Court award Proofpoint and Cloudmark their costs of suit incurred in this action; and

5. That the Court award Proofpoint and Cloudmark such other and further relief as the Court deems just, equitable, and proper.

DATED:  December 10, 2019	Respectfully Submitted,


By */s/ Sean S. Pak*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SWBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*