Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>vs.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER MARIO LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC<br><br>**PLAINTIFFS PROOFPOINT, INC. AND CLOUDMARK LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br><u>Hearing</u><br>Date: January 17, 2019<br>Time: 9:00 a.m.<br>Judge: Hon. Maxine M. Chesney<br>Courtroom: 7, 19th Floor<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5, Proofpoint, Inc. and Cloudmark LLC (collectively, "Plaintiffs") respectfully move for an order permitting them to file under seal the following portions of Plaintiffs' Reply in Support of Motion for Preliminary Injunction and Expedited Discovery ("Plaintiffs' Reply"), as well as Exhibits 1–11, 13, 16–18 to the Declaration of Jodie W. Cheng in support thereof, which contains confidential information of Plaintiffs and third parties to whom Plaintiffs owe a duty of confidentiality, and which is considered "Confidential," "Highly Confidential – Source Code," or "Highly Confidential – Attorneys' Eyes Only" under the N.D. Cal. Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets ("Model PO"). The reasons and specific bases for sealing the documents and excerpts identified below are set forth in the Declaration of Jodie W. Cheng in Support of Plaintiffs' Administrative Motion to File under Seal filed herewith ("Cheng Decl.") ¶ 4:

| **Location of Confidential Material** | **Contains Confidential Information Of:** |
|---|---|
| Proofpoint, Inc. and Cloudmark LLC's Reply in Support of Motion for Preliminary Injunction and Expedited Discovery<br><br>Highly Confidential – Attorneys' Eyes Only and Highly Confidential – Source Code information redacted at pp. 5–12. | Plaintiffs & Third Party |
| ***Exhibit 1*** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Supplemental Declaration of Seth James Nielsen, Ph.D.)<br><br>Highly Confidential – Attorneys' Eyes Only and Highly Confidential – Source Code information redacted at pp. 3–13. | Plaintiffs & Third Party |
| ***Exhibit 2*** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark email from Kevin San Diego to Angela Knox, dated December 13, 2016) | Plaintiffs |
| ***Exhibit 3*** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark presentation slides titled "Proposal for CSP Cloud Support," dated August 18, 2016) | Plaintiffs & Third Party |
| ***Exhibit 4*** to the Declaration of Jodie W. Cheng In Support of | Plaintiffs |

| | |
|---|---|
| *Plaintiffs' Reply* (Cloudmark presentation slides titled "Gateway Technology Roadmap," dated January 2011) | |
| **Exhibit 5** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark document titled "Cloudmark Security Platform for Email: Administration Guide," dated February 4, 2014) | Plaintiffs |
| **Exhibit 6** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark document titled "Cloudmark Security Platform for Email: Administration Guide," dated May 6, 2015) | Plaintiffs |
| **Exhibit 7** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark document titled "Cloudmark Security Platform for Email: Administration Guide," dated August 14, 2018) | Plaintiffs |
| **Exhibit 8** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark email from Oliver Lemarié to Guillaume Séjourné, including the attached Cloudmark document titled "Trident Policy Enhancements Research Document," dated July 12, 2016)<br><br>Highly Confidential – Attorneys' Eyes Only information redacted at pp. 2–26. | Plaintiffs |
| **Exhibit 9** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (email from Guillaume Séjourné regarding "Alerte—Discussions Vade/Guillaume," dated September 23, 2016)<br><br>Confidential information redacted at p. 1. | Third Party |
| **Exhibit 10** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Vade Secure employment offer letter to Guillaume Séjourné, dated September 28, 2016)<br><br>Confidential information redacted at pp. 1, 3. | Third Party |
| **Exhibit 11** to the Declaration of Jodie W. Cheng In Support of *Plaintiffs' Reply* (Cloudmark Exit Interview of Xavier Delannoy) | Third Party |

| | |
|---|---|
| ***Exhibit 13*** *to the Declaration of Jodie W. Cheng In Support of Plaintiffs' Reply* (Vade Secure employment offer letter to Alexandre Boussinet, dated April 28, 2016)<br><br>Confidential information redacted at pp. 1, 3. | Third Party |
| ***Exhibit 16*** *to the Declaration of Jodie W. Cheng In Support of Plaintiffs' Reply* (Cloudmark document titled "Proposal for CSP Cloud Support," dated August 18, 2016) | Plaintiffs & Third Party |
| ***Exhibit 17*** *to the Declaration of Jodie W. Cheng In Support of Plaintiffs' Reply* (Cloudmark email from Kevin San Diego to Olivier Lemarié, et al. regarding "Meeting notes—Re: Product Team Checkpoint," dated August 18, 2015)<br><br>Highly Confidential – Attorneys' Eyes Only information redacted at pp. 1–10. | Plaintiffs |
| ***Exhibit 18*** *to the Declaration of Jodie W. Cheng In Support of Plaintiffs' Reply* (Cloudmark internal draft document titled "Requirements for CSP Cloud Support," dated July 26, 2016) | Plaintiffs & Third Party |

## I.   LEGAL STANDARD

Records attached to non-dispositive motions, such as here, are not subject to the strong presumption of public access to judicial records and documents. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015). Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of FED. R. CIV. P. 26(c). *Id*. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted). Sealing is therefore appropriate where the requesting party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," and "narrowly tailor[s]" the request to sealable material only.  N.D. Cal. Civil L.R. 79-5(a).

## II. ARGUMENT

Plaintiffs hereby move to seal documents or portions thereof, as set forth fully in the accompanying declaration in support of its Administrative Motion to Seal. (Cheng Decl. ¶¶ 1–5.) These documents contain information that is "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code," or "Confidential" as described in the Model PO, and qualify for protection under Federal Rule of Civil Procedure 26(c). (*Id.*) In particular, the documents contain information relating to the technical operation of Plaintiffs' technologies and products, including references to source code and internal research & development activities. (*Id.* ¶ 4.) Moreover, several of these documents are confidential, internal drafts that contains notes and comments from Plaintiffs' engineers and personnel that reflect the development of Plaintiffs' technologies, solutions, and product/market strategy. The documents also include confidential agreements with third parties, confidential customer trials and communications, and personal information (including salary and home addresses of third parties), all of which Plaintiffs consider to be "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code," or "Confidential" information that would cause serious competitive or commercial harm to Plaintiffs should they become public. (*Id.*)

Plaintiffs' request is narrowly tailored and only seeks to seal the portions of Plaintiffs' Reply and supporting exhibits that contain or reflect information that Plaintiffs consider to be confidential and could create a substantial risk of serious harm if publicly disclosed. *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain . . . confidential product development information, the disclosure of which could harm [movant's] competitive advantage in the marketplace").

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Administrate Motion to File Under Seal.

| | |
|---|---|
| 1  DATED:  December 20, 2019 | Respectfully Submitted, |

2

3                                                          By */s/ Sean S. Pak*

4
        QUINN EMANUEL URQUHART & SULLIVAN, LLP
        Sean S. Pak (SBN 219032)
        seanpak@quinnemanuel.com
        Iman Lordgooei (SBN 251320)
        imanlordgooei@quinnemanuel.com
        50 California Street, 22nd Floor
        San Francisco, CA 94111
        Telephone: (415) 875-6600
        Facsimile: (415) 875-6700

        JWC LEGAL
        Jodie W. Cheng (SBN 292330)
        jwcheng@jwc-legal.com
        One Market Street
        Spear Tower, 36th Floor
        San Francisco, CA 94105
        Telephone: (415) 293-8308

        *Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 20, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on December 20, 2019, at San Francisco, California.

*/s/ Jodie W. Cheng*
Jodie W. Cheng