Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:  +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:  +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>**Date: January 17, 2020**<br>**Time: 9:00 am**<br>**Courtroom: 7, 19th Floor**<br>**Judge: Maxine M. Chesney**<br><br>**San Francisco Courthouse**<br>**450 Golden Gate Avenue**<br>**San Francisco, CA 94102** |

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-3(d)(1) and 7-11, Defendants Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié ("Defendants") object to and request that the Court strike new arguments, new theories, and new and unauthenticated[1] evidence in Plaintiffs Proofpoint, Inc. and Cloudmark LLC's ("Plaintiffs") reply in support of motion for preliminary injunction ("Reply," ECF No. 81-3). In particular, in view of Defendants' response establishing that Plaintiffs do not possess any trade secrets as alleged, much less any that have been misappropriated, Plaintiffs now make new arguments concerning the scope of their alleged trade secrets. Plaintiffs also attach 18 new exhibits, including a 14-page expert declaration and a 4-page fact witness declaration in a ***reply brief.*** All of these new arguments and exhibits, however, were available to Plaintiffs, but were not made in Plaintiffs' initial motion for preliminary injunction ("PI Motion," ECF No. 30-4). The Reply is, thus, a perfect example of parties improperly shifting their theories and arguments after realizing that their previous positions cannot succeed. Consistent precedent from the Ninth Circuit prohibits movants from asserting such new positions in a reply, and, as a result, these new arguments and exhibits should be stricken. Alternatively, Defendants should be permitted to file a sur-reply to address the arguments and exhibits that have been improperly asserted for the first time in the Reply.

## II. ARGUMENT AND AUTHORITIES

### A. New Arguments and Exhibits Submitted in the Reply Should Be Stricken.

Raising new arguments and theories for the first time in a reply is improper. *Rodgers v. Chevys Rest., LLC*, No. C13-03923 HRL, 2015 U.S. Dist. LEXIS 22164, at *13 (N.D. Cal. Feb. 24, 2015) (citing *Roe v. Doe*, No. C 09-0682 PJH, 2009 U.S. Dist. LEXIS 59440, at *14 (N.D. Cal. June 30, 2009)) (holding that, as raising new issues and submitting new facts in a reply brief are improper, "a court may strike new evidence raised for the first time in a reply"). For example, in *Docusign, Inc. v. Sertifi, Inc.*, defendant Sertifi moved to strike new facts and arguments in plaintiff Docusign's reply in support of a motion for preliminary injunction. 468 F. Supp. 2d 1305, 1307 (W.D. Wash.

---

[1] Exs. 2-14 and 16-18 are not properly authenticated. Where the only authentication provided by a party for its exhibits is the assertion by the party's attorney that the exhibits are "true and correct copies" of the exhibits, such references are insufficient to authenticate a document where the declarant lacks personal knowledge of the exhibits in question. *Orr v. Bank of America,* 285 F.3d 764, 778 (9th Cir. 2002).

2006). Specifically, Docusign "added new facts and analysis," filed a declaration that referenced a "host of new evidence and information," and provided "ten pages of new expert opinion." *Id*. The court noted that it "is well established that new arguments and evidence presented for the first time in Reply are waived." *Id*. (citing *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000)). The court recognized that Docusign's reply indeed raised "new evidence and argument" and that the reply included "extensive supplemental declarations . . . ." *Id*. Critically, the court held that the new evidence and arguments addressed "issues which should have been addressed in the opening brief, and the new evidence [was] inappropriate for Reply." Because "the scope of new evidence [was] too extensive to remedy by merely allowing supplemental briefing," the Court struck the new facts, evidence, and arguments. *Id.* The same result is warranted here.

### B. Plaintiffs Improperly Assert Several New Misappropriation Theories in the Reply.

First, in the PI Motion, Plaintiffs argued that the use of certain functionalities in their anti-spear phishing solution, ███, constituted their trade secrets. (Pls.' Mot. 8-9, 16-19.). In response, Defendants established that those functionalities are actually in the public domain and used by numerous third parties. (*E.g.*, Defs' Resp. 2, ECF No. 71-4.). Plaintiffs do not dispute that evidence.

Instead, Plaintiffs now try to argue that their alleged trade secret is using an expanded list of functionalities in a "unified architecture."[2] (Pls.' Reply 3.) This argument was not made anywhere in the initial PI Motion. Rather, this is an example of Plaintiffs shifting their position realizing that the previous arguments cannot succeed. While the new argument is equally flawed, it should be stricken from the Reply because it was available to Plaintiffs when they filed the PI Motion, but not included therein. *See Docusign*, 468 F. Supp. 2d at 1307, 1311; *see also Glow Indus. v. Lopez*, 252 F. Supp. 2d 962, 1004 n. 150 (C.D. Cal. 2002) (denying motion for preliminary injunction, criticizing the plaintiff's submission of evidence with its reply, and noting: "To permit plaintiff to supplement the record further at this stage of the proceedings in order to correct deficiencies in the original showing would simply prejudice defendants further and reward plaintiff's questionable litigation

---

[2] Plaintiffs' PI Motion did not list "heuristic rules" or "statistical models and scoring" as trade secret elements and functionalities allegedly misappropriated by Defendants, but do so now for the first time in the Reply. (*Compare* Pls.' Reply n. 6 *with* Pls.' Mot. 16 ("The second category of trade secret information . . .").)

2

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY

1  strategy."). As a result, if this improper argument were to remain in the Reply, which can be found
2  at p. 2 line 24-p. 5 line 6, including footnotes within those portions, and p. 12 lines 18-19, Defendants
3  will not have an opportunity to respond to this new position. *Rodgers*, 2015 U.S. Dist. LEXIS 22164,
4  at *13; *Docusign*, 468 F. Supp. 2d at 1308. Accordingly, those portions of the Reply containing this
5  new argument should be stricken.

6      Second, Plaintiffs now attempt improperly to shift their arguments concerning the MTA
7  products. Specifically, in the PI Motion, Plaintiffs contended that the following functionalities in
8  Plaintiffs alleged MTA were proprietary and confidential to Plaintiffs: [REDACTED]
9  [REDACTED]
10 [REDACTED]
11 [REDACTED] (Pls.' Mot. 15-16.) Again, in response, Defendants established that
12 those functionalities were widely known and used in numerous other MTA products. (Defs' Resp.
13 11.) Plaintiffs do not dispute those facts. Rather, they once again present a new theory, this time by
14 attempting to argue that the functionalities of Vade' NextGen MTA were known to Plaintiffs and,
15 thus, not unique to Vade. (Pls.' Reply 6-7.) In doing so, Plaintiffs implicitly attempt to claim that
16 these additional functionalities are also Plaintiffs' purported trade secrets. Again, Plaintiffs did not
17 make that argument in the PI Motion, despite that they certainly had the ability to fully define, and
18 indeed should have defined, the purported proprietary features of their MTA technology at that time.
19 It is improper to attempt to add to that definition in the Reply and deprive Defendants an opportunity
20 to respond. *See Docusign*, 468 F. Supp. 2d at 1307, 1311; *Glow Indus.*, 252 F. Supp. 2d at 1004 n.
21 150; *Cont'l W. Ins. Co. v. Lexington Ins. Co.*, No. C09-1112 MJP, 2010 U.S. Dist. LEXIS 47588, at
22 *14-15 (W.D. Wash. May 14, 2010) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).
23 As a result, those new arguments, which can be found in the following locations in the Reply, should
24 be stricken: Reply at p. 5 line 14-p. 7 line 26; Reply at p. 9 line 17-19, and p. 9 line 28-p. 10 line 16.
25 *See Rodgers*, 2015 U.S. Dist. LEXIS 22164, at *13; *Docusign*, 468 F. Supp. 2d at 1308.

26     Notably, Plaintiffs argue in the Reply that the alleged "MTA-related trade secrets" include
27 "[REDACTED]
28 [REDACTED] (Pls.' Reply 5-6) in relation to their claims against Vade's MTA. (*E.g.*, *id*. at 5-

3

7.) But in the PI Motion, Plaintiffs never make any such arguments. To the contrary, in the PI Motion, Plaintiffs associate ▓▓▓ only with Vade's O365 product—and never with Vade's MTA. (Pls.' Mot. 10-11, 18-19.) And in the PI Motion, Plaintiffs never mention concepts for a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ at all. Accordingly, Plaintiffs have presented new theories and arguments, and Defendants have no opportunity to respond. And so the Reply at p. 5 line 14-p. 7 line 26 should be stricken from the record. *Rodgers*, 2015 U.S. Dist. LEXIS 22164, at *13; *Docusign*, 468 F. Supp. 2d at 1308.

### C. Plaintiffs Improperly Introduce New Evidence in the Reply.

"New evidence submitted as part of a reply is improper." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010 (C.D. Cal. 2001); *see also Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1104 (N.D. Cal. 2017); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). With their Reply, Plaintiffs filed 18 new exhibits, including 16 new documents, a 4-page corporate witness declaration, and a 14-page expert declaration, none of which should be considered because Defendants have no opportunity to respond. (Pls.' Reply, Exs. 1-18.) Much of this evidence relates to the new legal theories proffered by Plaintiffs, as mentioned above. (*See supra* § II.B.) In addition, other portions of the Reply also reference and present arguments in relation to the new exhibits—for example, p. 11 lines 6-14; p. 11 line 23-p. 12 line 5; p. 13 line 26-p. 14 line 13; and p. 15 lines 3-6. Therefore, these portions of the Reply, including footnotes within those portions, and all exhibits should also be stricken from the record. *Rodgers*, 2015 U.S. Dist. LEXIS 22164, at *13; *Docusign*, 468 F. Supp. 2d at 1308.

Additionally, pursuant to Local Rule 7-3(d), Defendants object to and move to strike the new evidence in support of the Reply, for the reasons set forth below:

| Evidence | Defendants' Objections |
|---|---|
| Ex. 1 - Nielsen Decl. | The entire expert declaration relates to Plaintiffs' new legal theories about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in relation to Vade's NextGen MTA and thus should be stricken. The expert declaration is also entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *Crandall*, 249 F. Supp. 3d at 1104 (sustaining objection to and declining to consider new evidence submitted with reply). |
| Ex. 2 - Dec. 13, 2016 email from San Diego to Knox re: ▓▓▓ | Exhibit 2 relates to Plaintiffs' new legal theory about "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in relation to |

4

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY

| | | |
|---|---|---|
| | | Vade's NextGen MTA and thus should be stricken. Exhibit 2 also relates to Plaintiffs' new legal theories about Cloudmark product design features not previously argued (e.g., ▮▮▮▮▮) and thus should be stricken. Moreover, Exhibit 2 is entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. |
| | Ex. 3 - Proposal for CSP Cloud Support (Aug. 18, 2016) | Exhibit 3 relates to Plaintiffs' new legal theories about ▮▮▮▮▮ in relation to Vade's NextGen MTA and thus should be stricken. Moreover, Exhibit 3 is entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. |
| | Ex. 4 - Gateway Technology Roadmap (Jan. 2011); Ex. 5 - Cloudmark Security Platform for Email Administration Guide; Ex. 6 - Cloudmark Security Platform for Email Administration Guide (May 2015); Ex. 7 - Cloudmark Security Platform for Email Administration Guide (Version 5.6) (Aug. 2018) | Exhibits 4-7 relate to Plaintiffs' new legal theories about Cloudmark product design features not previously argued (e.g., ▮▮▮▮▮) and thus should be stricken. Moreover, Exhibits 4-7 are entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. |
| | Ex. 8 - Sept. 27, 2016 email from Lemarie to Séjourné re: Doc Policy; Ex. 9 - Sept. 23, 2016 email from Séjourné to Séjourné re: Alerte; Ex. 10 - Sept. 28, 2016 letter to Séjourné; Ex. 11 - May 26, 2016 Exit Interview; Ex. 12 - April 26, 2016 email from Delannoy to Benoist; Ex. 13 - April 28, 2016 letter to Boussinet; Ex. 14 - April 14, 2016 email from Delannoy to Séjourné re: linked in | Exhibits 8-14 are entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. These documents relate directly to arguments Plaintiffs made in the PI Motion and were in Plaintiffs' possession, so these documents should have been filed with the PI Motion, and not for the first time in the Reply, so that Defendants would have had an opportunity to consider and respond to these documents. *Cont'l W. Ins.*, 2010 U.S. Dist. LEXIS 47588, at *14-15; *Pacquiao v. Mayweather*, No. 2:09-cv-2448-LRH-RJJ, 2010 U.S. Dist. LEXIS 92343, at *3-4 (D. Nev. Aug. 13, 2010). |
| | Ex. 15 - San Diego Dec. | Exhibit 15 is entirely new, speculative, contains inadmissible hearsay, and should be stricken because Defendants have no opportunity to respond. *E.g.*, *Crandall*, 249 F. Supp. 3d at 1104. |
| | Ex. 16 - Proposal for CSP Cloud Support, Aug. 18, 2016 | Exhibit 16 relates to Plaintiffs' new legal theories about a ▮▮▮▮▮ in relation to Vade's NextGen MTA and thus should be stricken. Moreover, Exhibit 16 is entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. |
| | Ex. 17 - Aug. 18, 2015 email from San Diego re: Meeting Notes; Ex. 18 - Requirements for CSP Cloud Support (July 26, 2016) | Exhibits 17-18 are entirely new and thus should be stricken because Defendants have no opportunity to respond. *E.g.*, *id*. Further, Exhibits 17-18 are not referenced in Plaintiffs' Reply and thus are irrelevant and should be stricken. |

**D.     Alternatively, Defendants Request the Court's Leave to File a Sur-Reply.**

To the extent the Court does not strike the above-mentioned portions of the Reply and evidence, Defendants respectfully request leave to file a sur-reply of no more than 15 pages,

5

exclusive of declarations, so that they have a fair opportunity to address the new arguments, theories, evidence, and case law[3] raised for the first time in the Reply. (*See supra* §§ II.B, II.C.) The Court has granted such requests under similar circumstances. *Johnson v. Monsanto Co.*, No. 16-cv-01244-MMC, 2016 U.S. Dist. LEXIS 58309, at *2 n.1 (N.D. Cal. May 2, 2016) (Chesney, J.); *Sharper Image Corp. v. Consumers Union of United States, Inc.*, No. 03-4094 MMC, 2004 U.S. Dist. LEXIS 24484, at *2 n.1 (N.D. Cal. Feb. 23, 2004) (Chesney, J.); *Toomey v. Nextel Communs., Inc.*, No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793, at *2 (N.D. Cal. Sep. 23, 2004) (Chesney, J.). Defendants need 15 pages because most of the Reply and all of the 18 exhibits are new matter. Further, Defendants respectfully request until January 17, 2020, to file the sur-reply due to intervening holidays and associated travel and absences, the volume of new material that requires response, and the availability of witnesses and Defendants' expert due to the holidays.

## III.   CONCLUSION

New arguments, evidence, and legal theories should not be included in a reply. Because Plaintiffs did so, Defendants object to the new arguments, evidence, and legal theories, and respectfully request the Court to strike the same and not consider them. And to the extent they are not stricken, Defendants respectfully request leave to file a sur-reply (and declarations) to respond to the same.

---

[3] The Reply also cites new case authorities as part of Plaintiffs' attempt to present new arguments and theories. (Pls.' Reply 3 (citing new case *Brocade Comm'cs Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 890126 (N.D. Cal. Jan. 23, 2013)); *id.* at 14 (citing new cases *Eldorado Stone, LLC v. Renaissance Stone, Inc.*, 2005 WL 5517732 (S.D. Cal. May 31, 2005) & *Lillge v. Verity*, 2007 WL 2900568 (N.D. Cal. Oct. 2, 2007)).

| | |
|---|---|
| Dated: December 27, 2019 | **BAKER & McKENZIE LLP** |
| | By: /s/ Bart Rankin |
| | Colin H. Murray (SBN 159142) |
| | colin.murray@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | Two Embarcadero Center, 11th Floor |
| | San Francisco, CA  94111-3802 |
| | Telephone:    +1 415 576 3000 |
| | Facsimile:     +1 415 576 3099 |
| | |
| | Danielle L. Benecke (SBN 314896) |
| | danielle.benecke@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | 600 Hansen Way |
| | Palo Alto, CA  94304 |
| | Telephone:    +1 650 856 2400 |
| | Facsimile:     +1 650 856 9299 |
| | |
| | Jay F. Utley (Admitted *Pro Hac Vice*) |
| | jay.utley@bakermckenzie.com |
| | Bart Rankin (Admitted *Pro Hac Vice*) |
| | bart.rankin@bakermckenzie.com |
| | Mackenzie M. Martin (Admitted *Pro Hac Vice*) |
| | mackenzie.martin@bakermckenzie.com |
| | John G. Flaim (Admitted *Pro Hac Vice*) |
| | john.flaim@bakermckenzie.com |
| | Chaoxuan Liu (Admitted *Pro Hac Vice*) |
| | charles.liu@bakermckenzie.com |
| | Mark Ratway  (Admitted *Pro Hac Vice*) |
| | mark.ratway@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | 1900 North Pearl Street, Suite 1500 |
| | Dallas, Texas 75201 |
| | Telephone:    +1 214 978 3000 |
| | Facsimile:     +1 214 978 3099 |
| | |
| | *Attorneys for Defendants,* |
| | *Vade Secure, Incorporated; Vade Secure SASU;* |
| | *and Olivier Lemarié* |

7

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OBJECTIONS TO REPLY EVIDENCE AND ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY