| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>  Sean S. Pak (SBN 219032)<br>  seanpak@quinnemanuel.com<br>  Iman Lordgooei (SBN 251320)<br>  imanlordgooei@quinnemanuel.com<br>  50 California Street, 22nd Floor<br>  San Francisco, CA 94111<br>  Telephone: (415) 875-6600<br>  Facsimile: (415) 875-6700<br><br>**JWC LEGAL**<br>  Jodie W. Cheng (SBN 292330)<br>  jwcheng@jwc-legal.com<br>  One Market Street<br>  Spear Tower, 36th Floor<br>  San Francisco, CA 94105<br>  Telephone: (415) 293-8308<br><br>*Attorneys for Plaintiffs*<br>*Proofpoint, Inc. and Cloudmark LLC* | Colin H. Murray (SBN 159142)<br>  colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802<br>Telephone: +1 415 576 3000<br>Facsimile:  +1 415 576 3099<br><br>Jay F. Utley (*Pro Hac Vice*)<br>  jay.utley@bakermckenzie.com<br>Bart Rankin (*Pro Hac Vice*)<br>  bart.rankin@bakermckenzie.com<br>Mackenzie M. Martin (*Pro Hac Vice*)<br>  mackenzie.martin@bakermckenzie.com<br>John G. Flaim (*Pro Hac Vice*)<br>  john.flaim@bakermckenzie.com<br>Chaoxuan Liu (*Pro Hac Vice*)<br>  charles.liu@bakermckenzie.com<br>Mark Ratway  (*Pro Hac Vice*)<br>  mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone: +1 214 978 3000<br>Facsimile:  +1 214 978 3099<br><br>*Attorneys for Defendants*<br>*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC-RMI<br><br>**JOINT DISCOVERY STATEMENT RE PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT OLIVIER LEMARIÉ, FIRST SET OF COMMON INTERROGATORIES TO DEFENDANTS, AND FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS** |

Honorable Judge Illman:

Pursuant to the Court's Order referring Plaintiffs' Motion to Compel (Dkt. 78) and all further discovery matters to Magistrate Judge Illman (Dkt. 79), Plaintiffs Proofpoint, Inc. and Cloudmark LLC ("Proofpoint" or "Plaintiffs") and Defendants Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié ("Vade" or "Defendants") file this Joint Discovery Statement regarding Defendants' objections and responses to Plaintiffs' discovery requests propounded October 10, 2019:

1. Plaintiffs' First Set of Requests for Production to Defendants (Nos. 1–30) (Ex. 1); and

2. Plaintiffs' First Set of Interrogatories to Defendants (Nos. 1–2) (Ex. 2); and

3. Plaintiffs' First Set of Interrogatories to Defendant Olivier Lemarié (No. 1) (Ex. 3) (collectively, the "Discovery Requests").

Plaintiffs also contend that this dispute extends to Plaintiffs' First Set of Interrogatories to Defendant Olivier Lemarié (No. 1) (Ex. 3) to which Defendants also presented an objection on the basis of foreign law (*see* Ex. 6 at 4).

Defendants contend, in particular, that Defendants served a substantive response to Plaintiffs' First Set of Interrogatories to Defendant Olivier Lemarié, and objected to the remaining Discovery Requests on the grounds that, among other things, French law prohibited the production of the documents and information sought in the manner requested. *See* Ex. 4–6 (Defendants' Responses & Objections).

Accordingly, Plaintiffs seek an order compelling the Defendants to produce documents responsive to Plaintiffs' requests for production, and to provide complete, substantive responses to Plaintiffs' interrogatories.

## **PLAINTIFFS' STATEMENT**

Nearly three months after Plaintiffs' served the Discovery Requests, and just a few weeks until the Settlement Conference (Dkt. 69), Defendants have failed to produce a single document or answer a single interrogatory. Defendants argue that complying with Plaintiffs' Requests—even to obtain discovery from Vade, Inc., a U.S. corporation, and Lemarié, an individual domiciled in this District—violates and is prohibited by French law[1]. According to Defendants, any discovery from Defendants must be obtained through the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. For months, Plaintiffs have negotiated with Defendants in good faith on a discovery plan under the Hague that would provide the full scope of discovery available under the Federal Rules—without imposing undue burden, delay or cost to Plaintiffs—as Defendants represented to Plaintiffs and the Court at the initial CMC. Yet Defendants have since conceded that, under the Hague Convention, Plaintiffs' access to discovery is uncertain and would be subject to French judicial oversight; and it has become apparent Defendants are only interested in an unduly burdensome and unnecessary discovery procedure in this case. (*See also* Dkt. 78.) Plaintiffs can no longer indulge Defendants' feigned concerns under French law and continued discovery stonewalling. Foreign law has no bearing on discovery in this case and Defendants should thus be compelled to answer Plaintiffs' outstanding requests.

*First*, Defendants' own disregard for the French Block Statute proves their lack of concern for, and absence of "fear of prosecution" under, French law. For example, in opposing Plaintiffs' motion for preliminary injunction, Defendants—without concern for foreign law or Hague procedures—submitted six witness declarations, including from four French employees (Dkts. 72-5, 72-7–72-9), and many factual assertions that are directly related to Plaintiffs' Discovery Requests—e.g., features and design of Defendants' MTA products (*compare* Ex. 1, RFP 3–4 *with* Dkt. 72 at 2–7); recruiting and poaching of Plaintiffs' former employees (*compare* Ex. 2, ROG 1 *with* Dkt. 72 at 7–8); product development process (*compare* Ex. 1, RFP 6 *with* Dkt. 72 at 2–7); U.S. patents (*compare* Ex. 2, ROG 2 *with* Dkt. 72-3 ¶¶ 2, 4–8); and Defendant Lemarié's handling of Plaintiffs' confidential information (*compare* Ex. 1, RFP 20 *with* Dkt.71-10 ¶¶ 7–11). Perhaps most tellingly, if there was any truth to Defendants' claim that French law prohibits them from providing information in a U.S. judicial proceeding, Defendants could have moved for a protective order or otherwise raised the issue to the Court; Defendants had plenty of time to seek judicial intervention in advance of filing their Opposition (*see* Dkts. 31, 63.) But they did not. Indeed, Defendants' disregard for French law is consistent with this District's finding that the French Blocking Statute "does not subject defendants to a realistic risk of prosecution." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 WL 5462496, at *6–7 (N.D Cal. Oct. 23, 2014).[2]

---

[1] The relevant French statute states: "Subject to treaties or international agreements and existing laws and regulations, it is forbidden to any persons to request, research or communicate, in writing, orally or in any other form, any economic, industrial, financial or technical documents or information, leading to the construction of evidence for the purpose of foreign judiciary or administrative proceedings, or within the framework of these." Act. 68–678, Art. 1 bis, Jul. 26, 1968 ("Blocking Statute").

[2] Notably, the French Blocking Statute has never been enforced in circumstances such as this, where parties to a U.S. action, subject to personal jurisdiction of the court, were obligated to respond to and participate in discovery under the U.S. Federal Rules. *See In re Advocat*

*Second*, Defendants and the discovery at issue are not subject to French law.  There is no reason why French, or other foreign, law would prevent compliance with the Federal Rules for the U.S. Defendants here.  Defendant Vade Secure, Inc. is organized under California law with its principal place of business in San Francisco (Dkt. 74 ¶ 15); Defendant Lemarié has been domiciled and employed within this District for over a decade (Dkt. 74 ¶ 2-5); and Defendant Vade Secure SASU markets and sells products and has offices in the United States (*e.g.*, https://www.vadesecure.com/en/company/). (*See also* Dkt. 78 at 14–16.)  Even under Defendants' view, French law does not prevent compliance with the Discovery Requests because Defendants allege that their possession of or access to the trade secret information originate from within the United States, at Vade, Inc.'s offices in San Francisco, CA—not France.  (*E.g.*, Dkt. 72-3 ¶ 2.)

*Third*, even if French law somehow applies to Defendants, "it is well settled that such [foreign] statues do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute."[3] *BridghtEdge Techs., Inc. v. Searchmetrics, GmbH.*, 2014 WL 3965062, at *2 (N.D. Cal. Aug. 13, 2014); *see also Jones v. Deutsche Bank AG*, 2006 WL 648369, at *3 (N.D. Cal. Mar. 10, 2006).  To determine whether discovery should proceed under the Federal Rules despite foreign law, courts apply the factors set forth in *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522 (1987) and *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992).  Here, all factors favor discovery under the Federal Rules.  (*See also* Dkt. 78 at 16–23.)  *(i) Importance of the Discovery* and *(ii) Specificity of the Requests*: The Discovery Requests narrowly target information central to Plaintiffs' misappropriation and breach claims— *e.g.*, use and disclosure of Plaintiffs' information (*e.g.*, Ex. 3, ROG 1; Ex. 1, RFP 20–21, 24, 30), corporate structure and relationships among Defendants (*e.g., id.* RFP 26), and technical details regarding specific products of Defendants' (*e.g., id.* RFP 1, 3–11, 28)—and are limited to relevant time periods (*e.g., id.* RFP 14–18, 23) and specific individuals (*e.g., id.* RFP 7–10, 12–18).  *(iii) Location of Information and Parties*: Given Defendants' domestic activities, most of the information sought by the Discovery Requests is located in the U.S. and from U.S. entities (*e.g.*, Dkt. 72-3 ¶ 2; Dkt. 72-6 ¶¶ 2-3).  The key events in this action, as well as the subject of the Discovery Requests, concern Lemarié's employment with Plaintiff Cloudmark and, subsequently, Defendant Vade, Inc.—both of which occurred in San Francisco, CA.  (*E.g.*, Ex. 3, ROG 1; Ex. 1, RFP 20–21; *see also* Dkt. 78 at 15, 18.)  *(iv) Availability of Alternative Means*: Discovery under the Hague Convention is not "substantially equivalent" to discovery under the Federal Rules. *Aérospatiale*, 482 U.S. at 542 (Hague Convention procedures may be "unduly time consuming and expensive, as well as less certain to produce needed evidence than direct use of the Federal Rules").  Even Defendants admitted that their proposed Hague Convention procedures "cannot guarantee that Plaintiffs 'will still be afforded all the same processes and protections that would be available for deposition conducted under the Federal Rules and U.S. law'" or that the

---

*Christopher X.*, Cour de cassation [Cass. Crim.], Paris, crim., Dec. 12, 2007, Bull. crim., No. 7168 (Fr.) (sole case in which a French court prosecuted a Blocking Statute violation; facts involved fraudulently obtained discovery); *see also In re CRT*, 2014 WL 5462496, at *7.

[3] U.S. courts determining foreign law may accord "respectful consideration" to submissions from foreign judiciaries and governments; but applying a "highly deferential" standard would be error.  *Animal Science Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, 138 S. Ct. 1865 (2018).

Commissioner, who would be appointed by the French judiciary to oversee discovery, will not interfere with or delay discovery. Indeed, courts have found that Hague procedures are not an "effective alternative because these procedures may limit discovery to exclude relevant [information]" and, concerning France, "is particularly slow [and] often the results are unsatisfactory." *Autodesk, Inc. v. ZWCAD Software Co.*, 2015 WL 1928184, at *6 (N.D. Cal. Mar. 27, 2015); *In re CRT*, 2014 WL 5462496, at *6. *(v) Balance of National Interests*: There is a "substantial interest in vindicating the rights of American plaintiffs," whereas interest in enforcing blocking statutes "is entitled to less deference since [their] primary purpose is to protect its citizens from discovery obligations in foreign courts." *BrightEdge*, 2014 WL 3965062, at *5. Therefore, all factors favor conducting discovery under the Federal Rules rather than Hague Convention procedures.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

*/s/ Sean Pak*
Sean Pak

## DEFENDANTS' STATEMENT

Under French law, a party is prohibited from disclosing information that originated in France for use in a non-French proceeding, unless such documents were obtained under an international treaty or agreement, such as the Hague Convention.[4] Indeed, if a party produces documents or information in violation of French law, that party exposes itself to both civil and criminal penalties.[5] Here the Defendants are Vade Secure SASU ("Vade SASU") (a French entity), Vade Secure, Inc. ("Vade Inc.") (Vade SASU's subsidiary), and Olivier Lemarié (a French national). As a result, with limited exceptions, Defendants' documents and information originate from France, and in most instances, are being stored on servers and equipment located in France.[6] Accordingly, to avoid violating French law and the General Data Protection Regulation of the European Union ("GDPR"),[7] Defendants proposed a plan that has been endorsed by numerous courts under similar circumstances, in which Plaintiffs could take discovery under Chapter II of the Hague Convention.[8] Under Defendants' proposal, Plaintiffs would be able to conduct and complete fact

---

[4]*See, e.g.*, *Salt River Project Agric. Improvement & Power Dist. v. Trench Fr. SAS*, Civ. No. 2:17-cv-01468-DGC (D. Ariz. Feb. 21, 2018), ECF No. 78 at Ex. C.

[5]Loi 68-678 du 26 juillet 1968 relative à la communication de documents et renseignements d'ordre économique, commercial, industriel, financier ou technique à des personnes physiques ou morales étrangères [Law 68-678 of July 26, 1968, related to the disclosure to foreign natural or juridical person, of economic, commercial, industrial, financial or technical documents and information], art. 1 *bis*.

[6]Defendants are prepared to submit a declaration from French attorney Jean-Dominique Touraille stating, among other things, that the information sought by Plaintiffs' outstanding discovery requests is subject to French law.

[7]Commission Regulation 2016/679, 2016 O.J. (L 119) (EU).

[8]*Salt River Project Agric. Improvement & Power Dist. v. Trench Fr. SAS*, 303 F. Supp. 3d 1004, 1007 (D. Ariz. 2018) ("*Salt River*"); *Sun Group U.S.A. Harmony City, Inc. v. CRCC Corp. Ltd.*, Civ. No. 17-cv-02191-SK (N.D. Cal. Nov. 19, 2019), ECF No. 148; *Dentsply Sirona Inc. v.*

discovery well within the deadline set by the Court, and obtain all forms of discovery otherwise available under the Federal Rules of Civil Procedure. Plaintiffs, however, have refused and insist, through a motion to compel, that Defendants be required to produce discovery in a manner that unnecessarily exposes them to civil and criminal penalties. Thus, Plaintiffs' motion should be denied, and the parties should conduct discovery under Chapter II of the Hague Convention.

**Relevant Factual Background:** Plaintiffs brought this suit, knowing that Defendants' documents were located in France and subject to French law. In fact, at or about the same time this lawsuit was filed, Plaintiffs instituted a French discovery proceeding, seeking to obtain, among other things, Defendants' development documents and source code underlying the products at issue in this lawsuit. That French discovery proceeding is still ongoing. Having not yet obtained documents in that forum, Plaintiffs served their First Set of Requests for Production, First Set of Interrogatories to all Defendants, and a First Set of Interrogatories to Olivier Lemarié on October 10, 2019. On October 18, 2019, well before the deadline for objections, Defendants informed Plaintiffs that the information sought by their requests is subject to French Law and the GDPR, and thus, Plaintiffs would need to seek those documents through the appropriate Hague Convention procedures.[9] Defendants further explained that Plaintiffs could make requests through Chapter II of the Hague Convention in a manner that would permit them to obtain the same types of discovery permitted under the Federal Rules of Civil Procedure.[10] Proceeding under Chapter II would only add approximately two months to the overall discovery process, which would not be prejudicial given the fact discovery does not close in this matter until December 11, 2020, and trial is not set until July 26, 2021.[11] Indeed, had Plaintiffs submitted discovery requests under Chapter II as proposed, they would have already received, or be nearing receipt, of the requested, non-privileged documents and information, and this issue would be moot.

Instead, Plaintiffs responded by taking the position that they would only proceed under Chapter II if Defendants agreed to a number of unreasonable concessions and restrictions, such as having a lawyer from Plaintiffs' counsel serve as the appointed Commissioner designated to monitor the discovery requests to ensure compliance with French law.[12] Because Defendants could not agree to Plaintiffs' unwarranted demands, Plaintiffs now seek to compel discovery, claiming that French law does not apply. Plaintiffs, however, are incorrect, and their request should be denied.

**Argument and Authorities**: Once a court determines that foreign law applies to a party's discovery requests, the court then engages in a seven-factor analysis to determine whether to employ Hague Convention procedures.[13] Regarding the first determination, the Ninth Circuit has noted that it has "neither the power nor the expertise to determine for ourselves what [foreign] law is."[14] Indeed, the Court here may *assume* that French law applies to the discovery requests at issue after considering relevant evidence.[15] In particular, Defendants are prepared to submit a declaration from Defendants' French counsel who has personal knowledge of Plaintiffs' applicable requests and Defendants' documents. He will attest that responsive documents and information

---

*Edge Endo, LLC*, 2019 U.S. Dist. LEXIS 163360 *11-14 (D.N.M. Sept. 17, 2019) ("*Dentsply*"); *Dentsply*, Civ. No. 1:17-cv-01041-JFB-SCY (D.N.M. Sept. 23, 2019), ECF Nos. 250-51.

[9] (Joint Case Management Statement at Ex. A, ECF No. 60-1.)
[10] (ECF Nos. 78-10 & 78-13.)
[11] (Ct.'s Pretrial Preparation Order at 1, ECF No. 63.)
[12] (Letter from Pak to Rankin, Nov. 25, 2019, ECF No. 78-11.)
[13] *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 543-44 (1987).
[14] *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 n.7 (9th Cir. 1992).
[15] *E.g., Connex R.R. LLC v. AXACorporate Sols. Assurance*, No. CV 16-02368-ODW (RAOx), 2017 U.S. Dist. LEXIS 215050, at *33 (C.D. Cal. 2017) (assuming French law applied based on declarations from French counsel and communications from the French Ministry of Justice); *see also Salt River*, 303 F. Supp. 3d at 1007 (same).

are subject to French law.  Further, Defendants are prepared to submit a letter from the French Ministry of the Economy providing that Defendants' discovery obligations in this lawsuit are subject to French law and advising Defendants to proceed through the Hague.

The fact that Vade Inc. was incorporated in the U.S. and Lemarié resides, in part, in the U.S. does not change that French law applies to the information sought.  Any argument to the contrary ignores that Vade SASU is Vade, Inc.'s parent and could be subject to prosecution for Vade Inc.'s acts in violation of French law.  Such an argument also ignores that Lemarié is the CTO of Vade, Inc. and a French citizen.  His actions could subject both Vade SASU and himself to prosecution.  Indeed, as the Touraille declaration and French government letter make clear, French law is implicated by Plaintiffs' discovery requests, as Plaintiffs themselves acknowledged by first seeking those documents through the French courts.[16]  This action is, thus, easily distinguishable from the authorities on which Plaintiffs rely.  Because French law applies, a "particularized analysis" of the national interests at stake is required to determine whether to employ Hague procedures.[17]  For this analysis, courts examine seven factors.[18]

**(1) Importance of the Documents; and (2) Specificity of the Request:**  Courts are generally unwilling to override foreign laws "where the outcome of the litigation does not stand or fall on the present discovery order," which is the case here.[19] **(3) Origin of Information and Location of Information and Parties:**  Because the documents and information sought by the First Set of Requests for Production and Interrogatories to all Defendants originated in France, this factor weighs in favor of applying the Hague.[20]  **(4) Alternate Means of Obtaining Information:**  Because Defendants *agree* to follow Chapter II, subject to their right to lodge appropriate objections, and because Plaintiffs would have ample time to conduct discovery, this factor favors the Hague Convention.[21]  **(5) Balance of National Interests:**  As Plaintiffs' counsel's firm has noted, recent decisions have ordered discovery under Chapter II when balancing these interests.[22]  The same result is warranted here.  **(6) Hardship to Defendants:**  Because French law poses "a possibility of criminal prosecution[,]" this factor weighs in favor the Hague Convention.[23]  Under almost identical circumstances, this factor was weighed in favor of applying Chapter II of the Hague Convention, which should be the case here.[24]  **(7) Likelihood of Compliance:**  Because Defendants will comply with an order from this Court requiring Hague Convention procedures, this factor weighs in favor of utilizing those procedures.[25]

Lastly, Plaintiffs contend that because Defendants submitted declarations when responding to Plaintiffs' motion for preliminary injunction, Defendants have indicated a willingness to violate French law.  Those declarations assert facts and do not describe the contents of documents or other types of information that would be subject to French law.  Thus, Plaintiffs' arguments are both incorrect and unsupported.

---

[16] *See supra* at n.3.
[17] *Societe*, 482 U.S. at 543-44.
[18] *Richmark*, 959 F.2d at 1475.
[19] *Salt River*, 303 F. Supp. 3d at 1007-08 (quoting *Richmark*, 959 F.2d at 1475); *Finjan, Inc. v. Zscaler, Inc.*, No. 17-CV-06946-JST (KAW), 2019 U.S. Dist. LEXIS 24570, at *6 (N.D. Cal. Feb. 14, 2019).
[20] *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 209 (E.D.N.Y. 2007); *see also SEC v. Stanford Int'l Bank, Ltd.*, 776 F. Supp. 2d 323, 333 (N.D. Tex. 2011).
[21] *See* Alexander Blumrosen, *International Comity and Chapter II of the Hague Evidence Convention*, 1 The International Dispute Resolution News 5 (2019), https://www.yumpu.com/en/document/read/62639932/idr-news-spring-2019-4-17-19-final ("*Blumrosen Article*"); *Connex R.R.*, 2017 U.S. Dist. LEXIS 215050, at *40-41.
[22] *See supra* at n.8; *French Defenses Against Foreign Legal Proceedings May Be Getting a Boost*, Quinn Emanuel Business Litigation Reports (September 2019), https://www.quinnemanuel.com/the-firm/publications/article-september-2019-french-defenses-against-foreign-legal-proceedings-may-be-getting-a-boost/ (last visited Jan. 3, 2020).
[23] *Salt River*, 303 F. Supp. 3d at 1010.
[24] *Id.*
[25] *Id.*

Respectfully submitted,

Baker & McKenzie LLP

*/s/ Bart Rankin*
Bart Rankin

Attorney for Defendants

**ATTESTATION OF CONCURRENCE**

I, Sean Pak, am the ECF user whose ID and password are being used to file this **JOINT DISCOVERY STATEMENT RE PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT OLIVIER LEMARIÉ, FIRST SET OF COMMON INTERROGATORIES TO DEFENDANTS, AND FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS**. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated:  January 6, 2020                             */s/ Sean Pak*
                                                                    Sean Pak