**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Sean S. Pak (SBN 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (SBN 251320)
  imanlordgooei@quinnemanuel.com
  50 California Street, 22nd Floor
  San Francisco, CA 94111
  Telephone: (415) 875-6600
  Facsimile: (415) 875-6700

**JWC LEGAL**
  Jodie W. Cheng (SBN 292330)
  jwcheng@jwc-legal.com
  One Market Street
  Spear Tower, 36th Floor
  San Francisco, CA 94105
  Telephone: (415) 293-8308

*Attorneys for Plaintiffs*
*Proofpoint, Inc. and Cloudmark LLC*

Colin H. Murray (SBN 159142)
  colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Jay F. Utley (*Pro Hac Vice*)
  jay.utley@bakermckenzie.com
Bart Rankin (*Pro Hac Vice*)
  bart.rankin@bakermckenzie.com
Mackenzie M. Martin (*Pro Hac Vice*)
  mackenzie.martin@bakermckenzie.com
John G. Flaim (*Pro Hac Vice*)
  john.flaim@bakermckenzie.com
Chaoxuan Liu (*Pro Hac Vice*)
  charles.liu@bakermckenzie.com
Mark Ratway (*Pro Hac Vice*)
  mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

*Attorneys for Defendants*
*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC-RMI<br><br>**JOINT DISCOVERY STATEMENT FOR ENTRY OF ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

Honorable Judge Illman:

  Plaintiffs Proofpoint, Inc. and Cloudmark LLC and Defendants Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié file this Joint Discovery Statement for Entry of an Order Regarding Discovery of Electronically Stored Information ("ESI Order"). The parties have met and conferred regarding suitable provisions for an order regarding electronic discovery in this case. As shown in the Proposed ESI Order filed herewith, the parties have reached agreement on a majority of provisions, with the exception of the following remaining disputes:

1. The parties dispute whether data privacy restrictions, including but not limited to the General Data Protection Regulation of the European Union (the "GDPR"), and laws of any foreign countries, including but not limited to the Loi 68-678 du 26 juillet 1968 relative à la communication de documents et renseignements d'ordre économique, commercial, industriel, financier ou technique à des personnes physiques ou morales étrangères [Law 68-678 of July 26, 1968, related to the disclosure to foreign natural or juridical person, of economic, commercial, industrial, financial or technical documents and information] (the "French Blocking Statute"), apply to documents, communications, electronically-stored information, source code, and data originating from France, or derived from such materials originating in France in this case (*see* ESI Order at 1-2);

2. Plaintiffs propose that each side conduct a preliminary deposition under Fed. R. Civ. P. 30(b)(6) limited to topics covering identification of proper custodians, search terms, and timeframes for electronic discovery, said deposition not counting toward discovery limits (*see* ESI Order at 7); and

3. The parties dispute the number of custodians subject to email production requests. Plaintiffs propose 15 Defendant custodians and 5 Plaintiff custodians. Defendants propose 8 custodians for each of Defendants and Plaintiffs (*see* ESI Order at 7).

  The parties' respective proposals for each dispute are provided in-line in the Proposed ESI Order filed herewith (with bracketed entries labeled "Plaintiffs' Proposal" and "Defendants' Proposal"). The parties respectfully submit their summaries and position statements regarding each dispute, below, and request the Court issue an ESI Order adopting one of the parties' proposals (e.g., by striking the language of the proposal being denied).

**PLAINTIFFS' STATEMENT**

I.      **Dispute 1 – Applicability of French Law**

Defendants have interjected a separate statement in the Proposed ESI Order restating their position that discovery in this case should be governed under The Hague Convention due to concerns over French law, and claiming that the "Parties contemplate a separate procedural order, pursuant to The Hague Convention Article 17, to govern production of ESI that originates in France or derives from information, data, and/or documents originating in France" (*see* ESI Order at 1-2). Defendants' separate statement is false, however, as Plaintiffs no longer contemplate any such separate procedural order to govern production of ESI or any other discovery in this case.

Plaintiffs have met and conferred with Defendants multiple times to discuss the terms of an acceptable discovery plan pursuant to The Hague Convention Article 17 to allay Defendants' concerns regarding any implications of French law on discovery in this case – to be clear, Plaintiffs have engaged in these discussions solely as a courtesy to Defendants, and maintain that there are no valid concerns under French law, which is wholly inapplicable here. Throughout the parties' discussions, Plaintiffs have raised several concerns and logistical issues relating to Defendants' discovery proposal under Article 17, including raising issues that are likely to lead to undue burden and cost to Plaintiffs. Defendants have yet to present any proposal that addresses Plaintiffs' concerns. Accordingly, although Plaintiffs remain willing to continue conferring with Defendants on a compromise, it does not appear at this time that the parties will be able to agree to an acceptable discovery plan under Article 17 that provides for the same scope of discovery as under the Federal and Local Rules, and that does not impose undue burden or costs that Plaintiffs would not otherwise have to bear under the standard discovery procedures.

As explained in Plaintiffs' concurrently-filed discovery letter (*see also* Dkt. 78 at 8-23), foreign law does not govern discovery in this case and Defendants' concern over foreign law is unfounded, thus there is no need for a separate procedural order. Indeed, "[i]t is well settled that [foreign blocking statutes such as the French Blocking Statute] do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, n. 29 (1987); *see also* Dkt. 78 at 8-23; Dkt. 60-2. Tellingly, Defendants themselves have voluntarily provided discovery in the form of French witness declarations and information regarding products under development in France without regard to any concerns under French law. *See* Dkt. 72 and exhibits thereto.

Regardless of how the Court decides the foreign law issue, however, there is no reason to include a separate statement in the ESI Order that sets forth what Defendants "contemplate" or that "Defendants do not intend to waive and do not waive their rights." This is particularly true where, as here, Defendants' separate statement refers to a discovery plan and order that the parties are not even close to coming to terms on. Defendants' confusing and incorrect separate statement should be stricken.

## II. Dispute 2 – Preliminary ESI Deposition

In the interest of engaging in an efficient and orderly ESI discovery process, Plaintiffs propose that the parties be granted leave to conduct a preliminary deposition under Fed. R. Civ. P. 30(b)(6) for the purpose of ascertaining the identity of appropriate email custodians, appropriate ESI search terms, and appropriate timeframes for collection, said deposition not otherwise counting against the parties' discovery limits. This will allow the parties to identify appropriate custodians and search terms at the outset, lowering the risk of potential disputes relating to the scope of ESI discovery later in the case. Although the parties have separately agreed to two (2) interrogatories directed to such topics, it would be far more efficient if the parties were also allowed to take a deposition. In particular, a deposition would allow the parties to obtain information directly from a subject matter expert and, unlike written interrogatories, would allow for follow-up questions.

Moreover, granting the separate ESI deposition in the context of the ESI order and outside of the course of regular discovery would avoid the need for the parties to seek leave of court for subsequent Rule 30(b)(6) depositions. In particular, multiple 30(b)(6) depositions of a party potentially require leave of court, as there is no clear precedent on whether corporate entities are subject to the Fed. R. Civ. P. 30(a)(2)(A)(ii) limit of one deposition per deponent. *See, e.g.*, *Heath v. Google LLC*, No. 15-cv-01824-BLF (VKD), 2018 U.S. Dist. LEXIS 161223, at *5-7 (N.D. Cal. Sep. 19, 2018); *cf. Burdick v. Union Sec. Ins. Co.*, No. CV 07-4028 ABC(JCx), 2008 U.S. Dist. LEXIS 99994, at *9-11 (C.D. Cal. Dec. 3, 2008); *Krause v. Nev. Mut. Ins. Co.*, No. 2:12-CV-342 JCM (CWH), 2014 U.S. Dist. LEXIS 98672, at *7-9 (D. Nev. July 21, 2014). Accordingly, if the parties were to serve a first Rule 30(b)(6) deposition notice directed to ESI topics, any further depositions on other topics would likely require leave of court. Plaintiffs' proposal avoids the burden that additional, unnecessary motion practice would have on the parties and the Court.

## III. Dispute 3 – Email Custodian Limits

Plaintiffs' request for email discovery from 15 Defendant custodians and 5 Plaintiff custodians (as opposed to 8 Defendant and Plaintiff custodians under Defendants' proposal) is directly proportionate to the needs of this case. In particular, the central claims in this case are directed to Defendants' misappropriation of Plaintiffs' trade secrets developed in large part by individuals who are now employed by the Vade Secure Defendants, such as Defendant Lemarié. Accordingly, the majority of discoverable email in this case will necessarily come from Defendants' custodians, not Plaintiffs'. Tellingly, Defendants' initial disclosures identify 20 Vade Secure employees with purported knowledge of facts relevant to this case and upon whom Defendants may rely at trial. By contrast, Plaintiffs' initial disclosures only identify 3 relevant Proofpoint or Cloudmark employees. Thus under Defendants' proposal, Plaintiffs will likely need to seek leave for discovery from additional custodians, whereas Plaintiffs' proposed limits lowers the likelihood for further motion practice on this issue.

Moreover, despite Defendants' counterclaims alleging defamation, tortious interference, and unfair competition based on alleged statements made by "one or more of Plaintiffs' employees," Defendants have yet to name any such employee or provide any concrete facts regarding their allegations. Indeed, Plaintiffs have made multiple requests for Defendants to

identify the individual(s) who made the alleged false statements and to whom those alleged statements were made for the purpose of investigating Defendants' claims, yet Defendants have refused to provide any such information.

Accordingly, Plaintiffs have a concrete need to conduct discovery from at least 15 Defendant custodians, while Defendants have not identified any need for discovery from more than 5 Plaintiff custodians. Defendants' proposal should be denied in favor of Plaintiffs' proposal, which is more proportional to the needs of the parties in this case and therefore lowers the need for potential future motion practice.

> Respectfully submitted,
>
> QUINN EMANUEL URQUHART & SULLIVAN, LLP
>
> */s/ Sean Pak*
> Sean Pak

## DEFENDANTS' STATEMENT

### I. Dispute 1 – Applicability of French Law

As argued in the Joint Letter Brief Regarding Plaintiffs' Motion to Compel, French law prohibits Defendants from disclosing information that originated in France for use in a non-French proceeding, unless produced in accordance with an international treaty, such as under Chapter II of The Hague Convention. Loi 68-678 du 26 juillet 1968 relative à la communication de documents et renseignements d'ordre économique, commercial, industriel, financier ou technique à des personnes physiques ou morales étrangères [Law 68-678 of July 26, 1968, related to the disclosure to foreign natural or juridical person, of economic, commercial, industrial, financial or technical documents and information], art. 1 *bis*. In addition, discovery of Defendants' information is subject to the General Data Protection Regulation of the European Union (the "GDPR"). Commission Regulation 2016/679, 2016 O.J. (L 119) (EU). The European Union enacted the GDPR to protect individuals' personal information and data. Defendants' proposal simply makes clear that the parties may conduct discovery and also operate in compliance with applicable French and European law, by acknowledging that discovery governed by the ESI Order may further be governed by a separate procedural order relating to The Hague Convention and/or may be subject to data privacy restrictions. This does not prejudice Plaintiffs in any way, but rather adds clarity to the order, which may avoid any confusion or unnecessary disputes going forward.

### II. Dispute 2 – Preliminary ESI Deposition

The parties have agreed that each is entitled to serve up to two interrogatories for the purpose of ascertaining the appropriate identity of e-mail custodians and search terms to be used in the collection of electronically stored discovery. This is in addition to the initial disclosures that have already been served, in which Defendants have identified 20 individuals by both name, title, and

scope of their knowledge of relevant facts. Despite that and before ever receiving Defendants' responses to the custodial interrogatories, Plaintiffs demand that Defendants also agree that Plaintiffs are entitled to further take a deposition to discover the same information that has been or will be made available through agreed-upon written discovery. Plaintiffs, however, have not articulated what they anticipate learning that cannot be obtained from the initial disclosures and agreed interrogatories. On the other hand, requiring a deposition solely for this purpose would unnecessarily increase the cost of this proceeding. Indeed, a deposition of any Defendant will likely require the witness and/or counsel to travel internationally. Plaintiffs have offered no competent justification for such a burdensome departure from the model order, and Plaintiffs' request should be denied. *See Loop AI Labs*, 2015 U.S. Dist. LEXIS 126078 at *36 (holding that "in the ordinary course, the court treats the Northern District's model protective order as setting forth presumptively reasonable conditions regarding the treatment of highly confidential information"); *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C-11-05973 PSG, 2012 U.S. Dist. LEXIS 51724, *8 (N.D. Cal. Apr. 12, 2012) ("The court cannot help but observe that in many other patent cases in this district the parties have stipulated to the Model Protective Order without suffering prejudice."). Such a result would not work any prejudice on Plaintiffs because, to the extent Plaintiffs are not satisfied after receiving Defendants interrogatories, they can certainly raise this issue at that time.

### III.     Dispute 3 – Email Custodian Limits

Defendants propose that each side be permitted to collect electronically stored information from 8 e-mail custodians each. In contrast to Defendants' fair and equal proposal, Plaintiffs contend that they should be given the opportunity to collect documents from 15 custodians, but Defendants should be limited to collecting from only 5. This is inequitable on its face, and Plaintiffs have presented no credible justification for such a lopsided arrangement.

Rather, Plaintiffs rely on their own woefully inadequate initial disclosures in an effort to support their unbalanced proposal. In particular, Plaintiffs contend that, because they only disclosed 2 individuals with relevant knowledge in their disclosures and Defendants disclosed 20, the contrast between the two allegedly supports Plaintiffs' demand to collect from *10 more* custodians than Defendants. Plaintiffs' argument, however, is nonsensical. For example, Plaintiffs—two large companies—identified only *two* (2) relevant Cloudmark employees and *zero* (0) Proofpoint employees likely to have discoverable information that Plaintiffs may use to support claims or defenses in this case. While Plaintiffs may wish to unduly limit the number of employees they will rely upon—a decision they will have to live with—that does not in any way mean that those are the only two employees from whom relevant information can and should be collected. In fact, Plaintiffs own exhibits attached to their motion for preliminary injunction disclose dozens of employees that were involved with and likely have relevant information concerning the products at issue. Plaintiffs cannot be heard to argue that, because they decided to limit the number of fact witnesses they may rely upon, Defendants should be correspondingly limited in terms of the number of custodians from whom Defendants seek to collect documents.

Defendants' proposal, in which each party is equally allowed eight (8) custodians, is consistent with typical ESI orders for trade secrets cases in this Court and does not prejudice either party, and Plaintiffs have not provided any justification for seeking disproportionate discovery from

Defendants.  *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404-LHK (VKD), 2019 U.S. Dist. LEXIS 27102, at *1-3 (N.D. Cal. 2019) (limiting a party to ESI discovery from no more than 10 custodians after holding that its initial request for ESI discovery from 33 custodians was disproportional to the needs of the case).  Accordingly, Defendants' proposal should be adopted.

    Respectfully submitted,

    Baker & McKenzie LLP

    */s/ Bart Rankin*
    Bart Rankin

    Attorney for Defendants

**ATTESTATION OF CONCURRENCE**

I, Sean Pak, am the ECF user whose ID and password are being used to file this **JOINT DISCOVERY STATEMENT FOR ENTRY OF ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION**. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated:  January 6, 2020                         */s/ Sean Pak*
                                                Sean Pak