Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS' ADMINISTRATIVE <u>MOTION TO FILE UNDER SEAL</u>**<br><br>**Date: February 7, 2020**<br>**Time: 9:00 A.M.**<br>**Courtroom: 7, 19th Floor**<br>**Judge: Maxine M. Chesney**<br><br>**San Francisco Courthouse**<br>**450 Golden Gate Avenue**<br>**San Francisco, CA 94102** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants, Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié (collectively, "Defendants"), hereby move the Court to seal portions of Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Preliminary Injunction and Expedited Discovery ("Sur-Reply"), as well as portions of Exhibits A and C to the Declaration of Mackenzie Martin ("Martin Declaration") in support of this Motion.  This Motion is based upon the positions below and the Declaration of Mackenzie Martin filed herewith, and such other and further evidence and argument as may be presented at any hearing on this Motion.

**I.     INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Defendants hereby submit this motion for administrative relief to file under seal portions of the Sur-Reply and of Exhibits A and C to the Martin Declaration.

Certain portions of the Sur-Reply and Exhibits A and C to the Martin Declaration contain, discuss, or relate to one of the following sealable categories of information: (1) Defendants' business-confidential information qualifying for protection under Federal Rule of Civil Procedure 26(c); or (2) information Plaintiffs, Proofpoint, Inc. and Cloudmark LLC ("Plaintiffs"), have filed under seal in this case with leave of this Court.  Thus, to protect Defendants' own business-confidential information, and in accordance with the Court's prior sealing rulings, Defendants move for leave to file under seal the following portions of their Sur-Reply and Exhibits A and C to the Martin Declaration that correspond to, discuss, or relate to Defendants' business-confidential information or to the sealed portions of Plaintiffs' PI Motion, Reply in support of the PI Motion, and accompanying exhibits:

| Document Containing Plaintiffs' Alleged Confidential Information and/or Defendants' Business-Confidential Information | Designating Party and Location of Information |
|---|---|
| Defendants' Sur-Reply in Opposition to Plaintiffs' Motion for Preliminary Injunction and Expedited Discovery | Plaintiffs: pp. 5, 6, 7 |
| **Exhibit A** to the Declaration of Mackenzie Martin in Support of Defendants' Administrative Motion to File Under Seal (Declaration of Dr. Brad Karp, Ph.D.) | Plaintiffs: p. 9 |
| **Exhibit C** to the Declaration of Mackenzie Martin in Support of Defendants' Administrative Motion to File Under Seal (Declaration of Olivier Lemarié) | Plaintiffs: pp. 1, 3<br><br>Defendants: pp. 1-3 |

## II.  ARGUMENT

### A.  Sealing is Necessary to Protect Defendants' Business-Confidential Information.

In *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), the Ninth Circuit established standards governing sealing requests. Records attached to nondispositive motions are not subject to the strong presumption of access. *Id.* at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).

Here, Defendants can establish good cause for sealing their business-confidential information. In *VIA Techs., Inc. v. Asus Comput. Int'l*, the court found good cause for sealing portions of documents because they contained the defendants' "confidential business information" discussing the design of products accused of allegedly misappropriating trade secrets. No. 14-cv-03586-BLF, 2017 U.S. Dist. LEXIS 107268, at *3 (N.D. Cal. July 11, 2017). Similarly, and as set forth in the Martin Declaration, Defendants seek to seal portions of Exhibit C to the Martin Declaration pertaining to Defendants' business-confidential information discussing product design. Martin Decl. ¶ 3. If disclosed to the public, Defendants' business-confidential information would be

of particular interests to Defendants' competitors, and Defendants would therefore suffer competitive harm. *See MacDonald v. Ford Motor Co.*, No. 13-cv-02988-JST, 2015 U.S. Dist. LEXIS 151279, at *6 (N.D. Cal. Nov. 2, 2015) (determining Ford's business-confidential information should be sealed because public exposure of the information could subject Ford to undue burden or expense).

### B. Sealing is Necessary to Comply with Prior Sealing Rulings.

Local Rule 79-5 states that the Court may issue an order to file a document under seal if the requesting party demonstrates: (1) the document, or portions thereof, is "privileged or . . . otherwise entitled to protection under the law" and (2) the request is "narrowly tailored." Here, portions of Defendants' Sur-Reply and portions of Exhibits A and C to the Martin Declaration contain information designated as confidential by Plaintiffs, for which the Court granted in part Plaintiffs' requests for leave to file under seal, or contain information relating to or discussing such previously designated information. Thus, given that the Court has already granted Plaintiffs leave to file various documents and portions of documents under seal, Defendants seek to comply with any applicable order of the Court. But as Defendants argue in their Sur-Reply, a substantial portion of the alleged confidential information in Plaintiffs' PI Motion, Reply in support of the PI Motion, and accompanying exhibits is publicly available and not entitled to any confidentiality designation or protection from public disclosure. Additionally, that some of Plaintiffs' alleged confidential information has already been filed under seal does not relieve Plaintiffs of their obligation to comply with Civil L.R. Rule 79-5(e).

### III. CONCLUSION

In sum, Defendants' request is narrowly tailored to address only portions of Defendants' Sur-Reply and Exhibits A and C to the Martin Declaration that correspond to, discuss, or relate to Defendants' business-confidential information or to Plaintiffs' information that the Court granted Plaintiffs leave to file under seal. All other exhibits and evidence will remain fully accessible. Thus, Defendants request that the Court grant their administrative motion to file under seal portions of Defendants' Sur-Reply and portions of Exhibits A and C to the Martin Declaration.

| | | |
|---|---|---|
| 1 | Dated: January 17, 2020 | **BAKER & McKENZIE LLP** |
| 2 | | |
| 3 | | By: /s/ *Bart Rankin* |
| 4 | | Colin H. Murray (SBN 159142)<br>colin.murray@bakermckenzie.com |
| 5 | | **BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor |
| 6 | | San Francisco, CA  94111-3802<br>Telephone:     +1 415 576 3000 |
| 7 | | Facsimile:       +1 415 576 3099 |
| 8 | | Danielle L. Benecke (SBN 314896)<br>danielle.benecke@bakermckenzie.com |
| 9 | | **BAKER & McKENZIE LLP**<br>600 Hansen Way |
| 10 | | Palo Alto, CA  94304<br>Telephone:     +1 650 856 2400 |
| 11 | | Facsimile:       +1 650 856 9299 |
| 12 | | Jay F. Utley (Admitted *Pro Hac Vice*)<br>jay.utley@bakermckenzie.com |
| 13 | | Bart Rankin (Admitted *Pro Hac Vice*)<br>bart.rankin@bakermckenzie.com |
| 14 | | Mackenzie M. Martin (Admitted *Pro Hac Vice*)<br>mackenzie.martin@bakermckenzie.com |
| 15 | | John G. Flaim (Admitted *Pro Hac Vice*)<br>john.flaim@bakermckenzie.com |
| 16 | | Chaoxuan Liu (Admitted *Pro Hac Vice*)<br>charles.liu@bakermckenzie.com |
| 17 | | Mark Ratway  (Admitted *Pro Hac Vice*)<br>mark.ratway@bakermckenzie.com |
| 18 | | **BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500 |
| 19 | | Dallas, Texas 75201<br>Telephone:     +1 214 978 3000 |
| 20 | | Facsimile:       +1 214 978 3099 |
| 21 | | |
| 22 | | Attorneys for Defendants,<br>Vade Secure, Incorporated; Vade Secure |
| 23 | | SASU; and Olivier Lemarié |

4