UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>Defendants. | Case No. 19-cv-04238-MMC (RMI)<br><br>**ORDER**<br>Re: Dkt. Nos. 78, 91, 92, 93 |

Now pending before the court are a series of discovery disputes presented through three jointly filed letter briefs (dkts. 91, 92, 93). Previously, Plaintiffs filed a Motion to Compel (dkt. 78) production of documents and interrogatory responses which had been the subject of an objection by Defendants based on French law; thereafter, the matter was referred to the undersigned and the Parties were instructed to proceed by letter brief (dkt. 79). As described below, and for the reasons stated on the record, the relief sought in the motion to compel and the three letters briefs is granted in part and denied in part.

In the first letter brief (dkt. 91), Plaintiffs seek an order compelling Defendants to produce documents that are responsive to Plaintiffs' requests, as well as to provide substantive responses to Plaintiffs' interrogatories. *Id*. at 2, 3-5. Defendants had objected to tendering this information, arguing that for information originating in France, a provision of French law prohibits the communication of any economic, industrial, financial, or technical information for use in foreign judicial proceedings, subject to treaties or international agreements governing the procedures for the exchange of such information for use in non-French court proceedings. *Id*. at 5-7.

Comity and foreign law, by themselves, are not dispositive whenever a discovery dispute

may arise in relation to documents sought in a United States court which might be subject to protection by foreign law. *See Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 208 (1958); *see also Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1474-75 (9th Cir. 1992). Instead, courts are directed to consider a number of factors in determining whether or not a foreign law may operate to excuse noncompliance with the discovery orders of a court of the United States. *See generally Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522 (1987). Those factors include: (1) the importance of the documents or other information requested to the litigation; (2) the degree of specificity of the request; (3) whether or not the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or the extent to which compliance with the request would undermine important interests of the state where the information is located. *Id.* at 544 n.28. The *Aerospatiale* list is not exhaustive, the Court of Appeals for the Ninth Circuit has also considered "the extent and the nature of the hardship that inconsistent enforcement would impose upon the person . . . [and] the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state." *United States v. Vetco, Inc.*, 691 F.2d 1281, 1287 (9th Cir. 1981); *see also Richmark*, 959 F.2d at 1475; *see also In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. c-07-5944-SC 2014 WL5462496 at *3 (N.D. Cal. Oct. 23, 2014).

When making a determination as to whether any documents or information at issue might be protected from disclosure under French and European Union law, it is important to note that "[t]he party relying on foreign law has the burden of showing such law bars production [of documents or information]." *In re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, 211 F.R.D. 374, 377 (C.D. Cal. 2002). However, it should also not go without mention that "it is well settled that such [foreign] statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that [foreign] statute." *Societe Nationale Industrielle Aerospatiale*, 482 U.S. at 544 n.29 (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A.*, 357 U.S. at 204-06). For

this reason, courts have been instructed to employ the above-described multi-factor balancing test, as set forth in the Restatement (Third) of Foreign Relations Law, Section 442(1)(c), in order to evaluate the respective interests of the United States and of the party seeking the discovery, in comparison to the foreign state's interest in secrecy. *Aerospatiale*, 482 U.S. at 543-44 n.28; *see also BrightEdge Techs., Inc. v. Searchmetrics, GmbH*, No. 14-cv-01009-WHO (MEJ), 2014 WL 3965062 at *2 (N.D. Cal. Aug. 13, 2014).

The court finds that the majority of these factors weigh in favor of proceeding with discovery under the Federal Rules of Civil Procedure in this case rather than the employment of Hague Convention procedures. First, it is far from clear just how much of the information sought in discovery "originated" in France. At oral argument, counsel for Defendants at one point suggested that some of the information sought in discovery originated in France, but at another point suggested that it all originated in France. Meanwhile, Plaintiffs submitted that Defendant Vade Secure, Inc. and Defendant Olivier Lemarie are based in the United States, while Defendant Vade Secure SASU (a foreign corporation) does business in the United States and is subject to the jurisdiction of this court in this matter. As Plaintiffs put it, "[g]iven Defendants domestic activities, most of the information sought by the [d]iscovery [r]equests is located in the U.S. and from U.S. entities." Letter Br. (dkt. 91) at 4. While Defendants expressed generalized disagreement with this assertion, the court finds that Defendants' general disagreement, by itself, was insufficient to meet their burden in demonstrating that French or European law clearly bars the production of the information sought in these proceedings.

"Where the outcome of litigation 'does not stand or fall on the present discovery order,' or where the evidence sought is cumulative of existing evidence, courts have generally been unwilling to override foreign secrecy laws," however, "[w]here the evidence is directly relevant," this factor weighs against utilizing Hague procedures. *Richmark*, 959 F.2d at 1475. Plaintiffs have complained that they have thus far not received any discovery whatsoever, and therefore the court also finds that the discovery presently sought is vital to Plaintiffs' case, and that the requests have been formulated with the requisite degree of specificity in that they are narrowly tailored to target information related to Plaintiffs' misappropriation and breach of contract claims. As to the

location of the information and the parties, the court finds that two of the three named Defendants are located in this district, and that any information kept by Defendant Vade Secure SASU is either accessible from this district or easily transmitted or transported here. There is also Plaintiffs' assertion that much of the information it seeks is already in this district. As to the availability of an alternative means of securing this information, the court agrees with Plaintiffs that the increased costs and added delays associated with proceeding under the Hague Convention and involving the French judiciary (or a private French Commissioner) in the discovery process of this case would be unduly expensive and time consuming under the circumstances. Regarding the assessment of each nation's interest in the matter, this factor requires the court to evaluate the interests of each nation in requiring or prohibiting disclosure, and to determine whether or not disclosure would affect important substantive policies or interests of either the United States or France. *Richmark*, 959 F.2d at 1476. Here, the United States has an interest in "vindicating the rights of American plaintiffs" and in preserving fairness in litigation by requiring equal disclosure from the parties. *See Aerospatiale*, 482 U.S. at 540 n.25; *Richmark*, 959 F.2d at 1477. While these interests may not be very seriously impaired by using Hague procedures in some cases, the court finds merit in Plaintiffs' arguments about the added expense and associated delays with the employment of those procedures in this case. The court finds that this factor does not weigh heavily in either direction given that both nations have strong interests here: secrecy for France and fairness in litigation for the United States. Lastly, it should be noted that "[i]f a discovery order is likely to be unenforceable, and therefore to have no practical effect, that factor counsels against requiring compliance with the order." *Richmark*, 959 F.2d at 1478. Here, Defendants have given no indication that they will refuse to comply, or that the discovery orders of this court would be unenforceable outside the Hague Convention procedures; accordingly, this factor also weighs in Plaintiffs' favor. Having found that the majority of factors weigh in favor of proceeding under the Federal Rules of Civil Procedure rather than utilizing Hague Convention procedures, Plaintiffs' Motion to Compel (dkts. 78, 91) is **GRANTED**.

As to the disputes presented in the Parties second letter brief (dkt. 92), Defendants' request to include their proposed language in the forthcoming proposed ESI order pertaining to the

General Data Protection Regulation of the European Union is **GRANTED**. Defendants' request to include their proposed language in the forthcoming proposed ESI order pertaining to the French blocking law described above is **DENIED**. Regarding the number of custodians that would be subject to email production requests, it is **ORDERED** that there shall be up to 15 such custodians from Defendants and up to 8 such custodians from Plaintiffs.

Regarding the disputes presented in the Parties third letter brief (dkt. 93), Defendants' request to include their proposed language in the forthcoming proposed protective order pertaining to the General Data Protection Regulation of the European Union is **GRANTED**. Defendants' request to include their proposed language in the forthcoming proposed protective order pertaining to the French blocking law described above is **DENIED**. Plaintiffs' requests (1) to modify the standard protective order as to the location for inspection of information subject to the protective order, and (2) to modify the standard protective order regarding the installation of particular software for evaluating information subject to the protective order, are **DENIED**. Lastly, it is herewith **ORDERED** that under the parties' forthcoming proposed protective order, a producing party shall provide requested source code printouts within 10 days of any request by the receiving party.

**IT IS SO ORDERED.**

Dated: January 31, 2020

ROBERT M. ILLMAN
United States Magistrate Judge