Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>             Plaintiffs,<br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>             Defendants. | **Case No. 3:19-cv-04238-MMC-RMI**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER (ECF NO. 112)** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that under Northern District of California Civil Local Rule 7-9, Defendants hereby move this Court for an order granting them leave to file a motion for reconsideration of this Court's January 31, 2020 Order at ECF No. 112. As required by Civil Local Rule 7-9(b)(3), Defendants respectfully contend, as discussed more fully below, that the Court did not "consider material facts or dispositive legal arguments which were presented to the Court . . . ." In accordance with Civil Local Rule 7-9(d), no hearing time or date has been scheduled, and no response is due unless ordered by the Court.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, oral argument of counsel, and such other matters as this Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

Pursuant to Civil Local Rule 7-9, Defendants hereby file this motion for leave to file a motion for partial reconsideration of the Order at ECF No. 112. Specifically, Defendants move the Court for leave to file a motion for reconsideration of the rulings on the jointly filed letter brief at ECF No. 91 (the "Hague Letter Brief") relating to Plaintiffs' Motion to Compel (ECF No. 78).

**II.    LEGAL STANDARD**

Under Civil Local Rule 7-9, the moving party must show "reasonable diligence in bringing the motion" for leave and also one of the following: "(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b). A motion for leave to file a motion for reconsideration may not "repeat any oral or written argument made by the applying party in support of or in opposition to the

interlocutory order which the party now seeks to have reconsidered." *Id.* at 7-9(c).

## III.    FACTUAL BACKGROUND

Plaintiffs filed a Motion to Compel on December 13, 2019, relating to a complicated issue of international law, including 24 pages of briefing and 17 exhibits (more than 140 pages of exhibits). (ECF No. 78.)  The motion was referred to this Court on December 16, 2019, and the Parties filed a joint 5-page letter brief attaching no affidavits or exhibits, other than Plaintiffs' discovery requests and Defendants' objections and responses, on January 6, 2020 (ECF No. 91), in compliance with this Court's standing order.  Defendants' response to Plaintiffs' 24-page motion was therefore limited to 2.5 pages of letter briefing, and Defendants could not submit relevant affidavits or exhibits.  General Standing Order of Magistrate Judge Robert M. Illman 13(a);  (ECF No. 91 n.6, pp. 5-7).  The Parties participated in a hearing on January 31, 2020, and the Court granted the Motion to Compel the same day, finding that Defendants did not meet their "burden in demonstrating that French or European law clearly bars the production of information."  (ECF No. 112 at 3, 4.)

## IV.    ARGUMENT

Defendants bring this motion for leave to file a motion for reconsideration within 14 days of the relevant order, which is considered "reasonable diligence in bringing the motion" under Civil Local Rule 7-9. *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-02965-MMC (DMR), 2016 U.S. Dist. LEXIS 155732, at *8 (N.D. Cal. Nov. 9, 2016).  Defendants respectfully submit that the Court did not "consider material facts or dispositive legal arguments" in determining that Defendants did not "meet their burden in demonstrating that French or European law clearly bars the production of information sought in these proceedings." (ECF No. 112 at 3.)  The Court was correct to analyze the *Aerospatiale/Richmark* factors because French law applies to the discovery requests at issue in the Hague Letter Brief.[1]  (ECF No. 112 at 3-4.)  But Defendants also respectfully submit that the Court

---

[1] Those factors include:  (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located; (6) the extent and the nature of the hardship that inconsistent enforcement would impose upon the person; and (7) the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992)

did not "consider material facts or dispositive legal arguments" in assessing certain of those factors and in ordering discovery to proceed under the Federal Rules of Civil Procedure.  Civil L.R. 7-9(b)(3);  (ECF No. 112 at 4).  The Court's standing order prohibited Defendants from filing declarations and exhibits material to several factors, including factors 3, 4, 5, and 6.  (ECF No. 91 n.6, pp. 5-7; Declaration of Mark Ratway in Support of Defendants' Motion for Leave ("Ratway Decl.") ¶ 3, Ex. A at 4:1-6, 4:11-15, 12:19-13:6, 30:4-6, 31:21-32:8.)  And the Court also did not consider dispositive facts and arguments relating to factors 1, 4, 6, and 7.  Accordingly, Defendants should be afforded the opportunity to file a motion for reconsideration.  *E.g., Gonzales v. Uber Techs., Inc.*, No. 17-cv-02264 (JSC), 2018 U.S. Dist. LEXIS 76844, at *3 (N.D. Cal. May 2, 2018) (granting motion for leave where the court's order did not address certain facts or arguments); *Mauia v. Petrochem Insulation, Inc.*, No. 18-cv-01815 (TSH), 2018 U.S. Dist. LEXIS 198894, at *6 (N.D. Cal. Nov. 21, 2018) (referring to order granting motion for leave where the court did not consider dispositive legal arguments).

### 1. French law applies to the discovery requests

Regarding whether French law applies to the discovery requests, the Court criticized Defendants' "generalized" assertions, and found that this was insufficient for Defendants to meet their burden in demonstrating that French or European law applies to the production of information sought in these proceedings.  (ECF No. 112 at 3.)  But Defendants had no opportunity to introduce the declaration of Jean-Dominique Touraille, whose sworn testimony states that the discovery sought by Plaintiffs is subject to the laws of France, and also discusses documents and ESI seized during an investigative search initiated by Proofpoint, Inc. and conducted by bailiffs at Vade Secure, SASU ("VSS") offices in France.  (Declaration of Jean-Dominique Touraille in Support of Defendants' Statement Regarding Discovery Dispute ("Touraille Decl.") ¶¶ 42-43, 4-10.)  And Defendants had no opportunity to provide a letter from the French Ministry of Justice advising Defendants of the scope and applicability of the French Blocking Statute, and further advising Defendants to proceed under the Hague Convention.  (Ratway Decl. ¶ 6, Ex. D.)  And Defendants had no opportunity to introduce the declaration of Romain Seguy, the Chief Financial Officer of VSS, whose sworn

---

(citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court*, 482 U.S. 522, 543-44 (1987)).

testimony states that company documents and information for both VSS and Vade Secure Incorporated ("VSI") that are responsive to the discovery requests "are maintained and stored on servers located in France and/or originate from France," and that "source code, product development documents, financial information, human resources information, and IT information" for both companies "are stored and maintained on servers in France in the usual course of business." (Declaration of Romain Seguy in Support of Defendants' Motion for Leave ("Seguy Declaration") ¶ 7.) Such material evidence would have confirmed Defendants' assertions in the condensed briefing (ECF No. 91 at 5, 7) and at the hearing (*e.g.*, Ratway Decl. ¶ 3, Ex. A at 4:1-6, 4:11-15, 12:19-13:6, 30:4-6, 31:21-32:8). Defendants did not have an opportunity to present material evidence or dispositive arguments relating to the same, and thus should have the opportunity to file a motion for reconsideration. *Richmark*, 959 F.2d at 1474 n.7; *Connex R.R. LLC v. AXA Corporate Sols. Assurance*, No. CV 16-02368-ODW (RAOx), 2017 U.S. Dist. LEXIS 215050, at *33 (C.D. Cal. Feb. 22, 2017) (assuming French law applied based on declarations from French counsel and communications from the French Ministry of Justice).

### 2.     Factor 1:  Importance of the documents or information requested

Regarding factor 1, the Court found that the discovery sought "is vital to Plaintiffs' case" because Plaintiffs had not yet received any discovery. (ECF No. 112 at 3.) But none of the cases cited by Plaintiffs or by the Court[2] held or reasoned that where a party had not yet obtained discovery, factor 1 should weigh against proceeding under the Hague Convention. As explained in *Richmark* and cited by the Court, the inquiry focuses on whether the *outcome* of the litigation stands or falls on the present discovery *order*. *Richmark*, 959 F.2d at 1475; (ECF No. 112 at 3). In *Richmark*, for example, the information sought was the subject of a state secret in China and thus could not be disclosed at all. *Richmark*, 959 F.2d at 1472, 1475. Accordingly, the *Richmark* court found that the order compelling disclosure was necessary to the outcome of the litigation under this factor because absent the order the party "cannot hope to enforce the judgment." *Id*. at 1475. Here, there is no

---

[2] Those cases include *BrightEdge Techs., Inc. v. Searchmetrics, GmbH*, No. 14-cv-01009-WHO (MEJ), 2014 U.S. Dist. LEXIS 112377, at *7-8 (N.D. Cal. Aug. 13, 2014); *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, MDL No. 1917, 2014 U.S. Dist. LEXIS 151222, at *58-59 (N.D. Cal. Oct. 23, 2014); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992).

evidence in the record or authority indicating that the outcome of the litigation stands or falls on the present discovery order—i.e., whether discovery should proceed under Chapter II of the Hague Convention or the Federal Rules of Civil Procedure. To the contrary, this case is in its early stages, with more than a year-and-a-half before trial, and, should the Court order the Parties to proceed under Chapter II of the Hague Convention, the relevant authorities of record indicate that production will proceed in a manner allowing for the Parties to obtain documents, information, and deposition testimony necessary to litigate their claims and defenses. *Salt River Project Agric. Improvement & Power Dist. v. Trench Fr. SAS*, 303 F. Supp. 3d 1004, 1009 (D. Ariz. 2018); *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 17-1041 JFB/SCY, 2019 U.S. Dist. LEXIS 163360, at *13 (D.N.M. Sept. 17, 2019); (ECF No. 91 at 6). There is no indication that the Court considered these authorities. *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3; *Mauia*, 2018 U.S. Dist. LEXIS 198894, at *6.

### 3.  Factor 3: The location and/or origination of Defendants' documents

Regarding factor 3, the Court adopted *Plaintiffs*' factual assertions about the location of *Defendants*' documents and information, and determined that Defendants' "general disagreement" was insufficient to meet their burden and thus found that factor 3 of the *Aerospatiale*/*Richmark* test weighed in favor of Plaintiffs. (ECF No. 112 at 3, 4.) As mentioned above, Defendants had no opportunity to introduce material evidence relating to the location and origination of the documents and information sought. Such material evidence would have confirmed Defendants' assertions in the condensed briefing (ECF No. 91 at 5, 7) and at the hearing (*e.g.*, Ratway Decl. ¶ 3, Ex. A at 4:1-6, 4:11-15, 12:19-13:6, 30:4-6, 31:21-32:8), which also would have changed the outcome of factor 3 of the *Aerospatiale*/*Richmark* test. *Sun Group U.S.A. Harmony City, Inc. v. CRCC Corp. Ltd.*, No. 17-cv-02191-SK, 2019 U.S. Dist. LEXIS 200616, at *8-9 (N.D. Cal. Nov. 19, 2019); *Richmark*, 959 F.2d at 1475 ("The fact that all the information to be disclosed . . . are located in a foreign country weighs against disclosure . . . since those . . . documents are subject to the law of that country in the ordinary course of business."). But the Court was not able to consider such material evidence because Defendants had no opportunity to provide it. *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3.

### 4.  Factor 4: Alternative means of obtaining information

Regarding factor 4, the Court found that unspecified "increased costs and delays" associated

with proceeding under the Hague Convention would be unduly expensive and time consuming. (ECF No. 112 at 4.) But Defendants had no opportunity to introduce the Touraille Declaration, which explains that appointing a commissioner under Chapter II of the Hague Convention typically takes no more than two months in France, that discovery begins "immediately" after the commissioner is appointed, and that the Chapter II procedures involving the commissioner are flexible. (Touraille Decl. ¶¶ 25-36.) And Defendants had no opportunity to introduce correspondence between the parties, which had narrowed the disputes on Chapter II procedures and, in Plaintiffs' words, "eliminate[d] the risk of potential delays associated with the commissioner's participation." (Ratway Decl. ¶ 5, Ex. C; *see also id*. ¶¶ 7-9, Exs. E-G.) Such material evidence relating to Chapter II of the Hague Convention would have confirmed Defendants' assertions in the condensed briefing (ECF No. 91 at 6-7) and at the hearing (*e.g.*, Ratway Decl. ¶ 5, Ex. A at 17:14-19:4, 20:12-16, 21:1-25), and would have changed the outcome of factor 4 of the *Aerospatiale/Richmark* test because all of the cases and reasoning relied on by Plaintiffs and the Court related to the slower approach under Chapter I (not Chapter II) of the Hague Convention. *E.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2014 U.S. Dist. LEXIS 151222, at *61 (referencing a report on the Hague Convention Chapter I (Letters of Request Procedures)). Other than Plaintiffs' speculation about the Chapter II procedure, the evidence and authorities indicate that Chapter II is substantially equivalent to proceeding under the Federal Rules of Civil Procedure. *Salt River*, 303 F. Supp. 3d at 1004; (Touraille Decl.; Ratway Decl. ¶¶ 4-5, Exs. B & C.) The Court was not able to consider Defendants' material evidence because Defendants were not allowed to provide it, and there is no indication that the Court considered the relevant authorities balancing this factor in the context of Chapter II of the Hague Convention. *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3; *Mauia*, 2018 U.S. Dist. LEXIS 198894, at *6.

### 5. Factors 5 and 6:  French national interests and hardship to Defendants

Similarly, regarding factors 5 and 6, Defendants had no opportunity to present material evidence relating to the French national interests or the hardship to Defendants, including:  (1) a letter from the French Ministry of Justice confirming that the French Blocking Statute punishes violations with a prison term of 6 months and a fine of 18,000 Euros (Ratway Decl. ¶ 6, Ex. D); (2)

the Touraille Declaration, which explained examples of enforcements of the French Blocking Statute, the uncertainty surrounding recent increased scrutiny by French authorities in relation to the French Blocking Statute, and also the proceedings initiated by Proofpoint, Inc. in France involving the same issues and same documents at issue in the Motion to Compel (Touraille Decl. ¶¶ 4-10, 17-24); and (3) the Opinion of French law professor Antoine Gaudemet, which also explained examples of enforcements of the French Blocking Statute, and the uncertainty surrounding recent increased scrutiny by French authorities (Ratway Decl. ¶ 4, Ex. B at ¶ 17). Accordingly, with respect to factors 5 and 6, the Court did not consider material evidence because Defendants were not allowed to provide it. *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3.

Further, with respect to factor 5, while it is unclear why the Order focuses on "expense and associated delays" (ECF No. 112 at 4), the relevant authorities provide that a court should "consider expressions of interest by the foreign state, the significance of disclosure in the regulation of the activity in question, and indications of the foreign state's concern for confidentiality prior to the controversy." *Richmark*, 959 F.2d at 1476 (citations omitted). The Court here did not consider these issues with respect to France, or the above-mentioned evidence, and still found that factor 5 did "not weigh heavily in either direction." (ECF No. 112 at 4.) If the Court had had the opportunity to fully consider the relevant authorities and evidence, this factor would have tipped heavily in favor of proceeding under Chapter II of the Hague Convention, and factor 5 is considered the most important factor. *Salt River*, 303 F. Supp. 3d at 1009 ("Unlike the U.S. interests, which are unlikely to be impaired if Hague procedures are used, this French interest may be impaired if the Court simply orders discovery. This factor weighs in favor of utilizing Hague procedures."); *Richmark*, 959 F.2d at 1476 (explaining that this factor is the most important factor). Moreover, the Court's order does not discuss factor 6 at all, and so the Court did not consider material facts or dispositive arguments in relation to both factors 5 and 6. *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3; *Mauia*, 2018 U.S. Dist. LEXIS 19894, at *6.

  **6.**  **Factor 7: The extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state**

Regarding factor 7, the Court relied on *Richmark*, which did not involve analogous facts and

also ultimately found that factor 7 weighed *against* compelling disclosure. *Richmark*, 959 F.2d at 1478. But the Court did not consider relevant authorities and facts relating to compliance with an order for the parties to proceed under Chapter II of the Hague Convention, particularly where the producing party agrees to comply with or consents to the Hague procedures. *E.g.*, *Salt River*, 303 F. Supp. 3d at 1010; *Dentsply*, 2019 U.S. Dist. LEXIS 163360, at *13-14; (Ratway Decl. ¶ 3, Ex. A at 41:25-42:6); *Gonzales*, 2018 U.S. Dist. LEXIS 76844, at *3; *Mauia*, 2018 U.S. Dist. LEXIS 198894, at *6.

## V.   CONCLUSION

For the foregoing reasons, the Court should allow Defendants the opportunity to file a motion for reconsideration so that the Court may assess the above-mentioned material evidence and authorities in the context of more complete briefing on these factors. Defendants respectfully request a deadline of February 28, 2020 to file the motion for reconsideration.

| | |
|---|---|
| Dated: February 14, 2020 | **BAKER & McKENZIE LLP** |
| | By: /s/ *Bart Rankin* |
| | Colin H. Murray (SBN 159142)<br>colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802<br>Telephone:     +1 415 576 3000<br>Facsimile:       +1 415 576 3099 |
| | Danielle L. Benecke (SBN 314896)<br>danielle.benecke@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>600 Hansen Way<br>Palo Alto, CA  94304<br>Telephone:     +1 650 856 2400<br>Facsimile:       +1 650 856 9299 |
| | Jay F. Utley (Admitted *Pro Hac Vice*)<br>jay.utley@bakermckenzie.com<br>Bart Rankin (Admitted *Pro Hac Vice*)<br>bart.rankin@bakermckenzie.com<br>Mackenzie M. Martin (Admitted *Pro Hac Vice*)<br>mackenzie.martin@bakermckenzie.com<br>John G. Flaim (Admitted *Pro Hac Vice*)<br>john.flaim@bakermckenzie.com<br>Chaoxuan Liu (Admitted *Pro Hac Vice*)<br>charles.liu@bakermckenzie.com<br>Mark Ratway  (Admitted *Pro Hac Vice*)<br>mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone:     +1 214 978 3000<br>Facsimile:       +1 214 978 3099 |
| | *Attorneys for Defendants*<br>*Vade Secure, Incorporated; Vade Secure SASU;*<br>*and Olivier Lemarié* |