Colin H. Murray (SBN 159142)
 colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:  +1 415 576 3099

Danielle L. Benecke (SBN 314896)
 danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:  +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>    Plaintiffs,<br>  v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>    Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF <u>MAGISTRATE JUDGE (ECF NO. 112)</u>** |

## I. INTRODUCTION

Plaintiffs served discovery requests in this matter that seek documents and information maintained and stored on servers located in France and/or originate from France. French law requires that such documents and information be produced via agreed-upon Hague Convention procedures. To the extent a party or individual produces documents or information subject to French law in contravention of those procedures, that party or individual is subject to civil and criminal penalties.

At the outset of this litigation, Defendants proposed that discovery from Defendants proceed under procedures adopted by Chapter II of the Hague Convention. Those procedures allow Plaintiffs to obtain effectively the same discovery available under the Federal Rules of Civil Procedure and to do so well within the fact-discovery deadline governing this proceeding. Defendants also agreed that, if the proposed procedure for some reason did not operate the way Defendants envisioned, Plaintiffs would certainly be free to request that the Court modify the procedure or that it be abandoned altogether. In other words, Defendants proposed a procedure that would not prejudice Plaintiffs in any way, and would permit Defendants to produce documents and information without subjecting themselves to penalties or prosecution by the French authorities.

Despite that, on January 31, 2020, Magistrate Judge Illman entered an order requiring Defendants to produce documents and information in violation of French law (the "Order," ECF No. 112.) That Order was based in large part on Plaintiffs' unsupported speculation about the location of documents and information, and their hypothetical and unsubstantiated concerns about purported cost and delays. Thus, the Order is clearly erroneous and should be vacated, in pertinent part.

## II. FACTUAL BACKGROUND

Before this lawsuit was filed, Plaintiffs instituted a discovery proceeding in France to obtain documents and information relating to the Vade products at issue in this lawsuit. (Pls.' Mot. for Preliminary Injunction at 24-25, ECF No. 31.) Plaintiffs clearly recognize that the documents and information now at issue originated from and are located in France. (*See id.*) But because Plaintiffs have not yet been able to obtain the documents and information through the French courts, Plaintiffs sought to circumvent that proceeding, and served Plaintiffs' First Requests for Production and First Set of Interrogatories on all Defendants in this matter on October 10, 2019 (the "Discovery

Requests").[1]  (ECF Nos. 78-2 & 78-3.)

Because the Discovery Requests are clearly subject to French law, Defendants notified Plaintiffs shortly after the requests were served that Defendants would need to produce relevant, non-privileged documents and information in response through appropriate Hague Convention procedures.  (Joint Case Mgmt. Stmt. Ex. A, ECF No. 60-1.)  During the case management conference and in multiple written communications thereafter, Defendants further explained on the record that the proposed procedures under Chapter II of the Hague Convention would cause no meaningful delay in the discovery process, and would allow Plaintiffs to effectively take the same scope of discovery that would otherwise be available under the Federal Rules of Civil Procedure.  And conducting discovery as proposed by Defendants, while causing no prejudice to Plaintiffs, would prevent Defendants from subjecting themselves to penalties or prosecution under French law.  (*See* Letter from Rankin to Pak of Nov. 15, 2019, ECF No. 78-10; Declaration of Bart Rankin ¶ 3, Ex. A, Hr'g Tr. of Jan. 31, 2020, 18:15-19:4.)  In fact, Defendants agreed to Plaintiffs' suggested modification to the proposed procedure that, in Plaintiffs' own words, would "eliminate the risk of potential delays."  (Hr'g Tr. 18:15-19:4.)

Yet, Plaintiffs resisted proceeding under Chapter II of the Hague Convention, arguing without support that the Hague procedures would cause undue delay and expense.  (Joint Disc. Stmt. at 2-5, ECF No. 91.)  The Order subsequently relies heavily on those representations.  (Order at 4.)  Plaintiffs, however, failed to present any facts to substantiate such claims, which are contrary to their prior representations.  Thus, the Order is clearly erroneous and should be vacated, in pertinent part.

## III.     ARGUMENT AND AUTHORITIES

### A.     An order that is clearly erroneous or contrary to the law should be vacated.

Under Federal Rule 72(a) and Local Rule 72-2, if a magistrate judge's non-dispositive order is clearly erroneous or contrary to law, this Court may modify or set aside that order.  *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 U.S. Dist. LEXIS 169026, at *6-7 (N.D. Cal. Nov. 25, 2013); *Viasat, Inc. v. Space Sys./Loral, Inc.*, No. 3:12-cv-00260-H, 2014 U.S. Dist. LEXIS 30795,

---

[1] Plaintiffs also served a First Set of Interrogatories separately on Defendant Olivier Lemarié, but, because the information sought through those Interrogatories did not implicate French law, Mr. Lemarié has already provided full and complete responses to those Interrogatories.  (*See* Joint Disc. Stmt. at 2, ECF No. 91.)

2

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 112)

at *17-18 (S.D. Cal. Jan. 31, 2014). A magistrate judge's factual findings are clearly erroneous if the district court is left with the definite and firm conviction that a mistake has been made. *Ingram*, 2013 U.S. Dist. LEXIS 169026 at *7 (quotation marks omitted). Here, the Order was based on Plaintiffs' unsubstantiated fears of cost and delay, and, if not corrected, requires Defendants to immediately violate French law. A mistake has been made, and Defendants request that it be corrected in a manner that does not prejudice any party or this proceeding. *See id.*

**B.    The Order's determination that French law did not apply was clearly erroneous.**

Under French law commonly referred to as the "French Blocking Statute," a party is prohibited from disclosing documents or information that originated in France, or that is maintained in France, for use in a non-French proceeding, unless such documents or information were obtained under an international treaty or agreement, such as the Hague Convention. *See Salt River Project Agric. Improvement &Power Dist. v. Trench Fr. SAS,* 303 F. Supp. 3d 1004, 1006 (D. Ariz. 2018). When a party's discovery requests are subject to foreign law, as is the case here, courts engage in a seven-factor analysis to determine whether the foreign law should be applied. Those factors are: (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located; (6) the extent and the nature of the hardship that inconsistent enforcement would impose upon the person; and (7) the extent to which enforcement by action of either state can reasonably be expected to achieve compliance with the rule prescribed by that state. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1475 (9th Cir. 1992)).

At the outset, the Order reached the clearly erroneous conclusion that Defendants had not met their burden of "demonstrating that French or European law clearly bars the production of the information sought in these proceedings." (Order at 3.) That determination was based solely on Plaintiffs' representation that "given Defendants domestic activities, most of the information sought by the discovery requests is located in the US. and from U.S. entities." (*Id.*) But that representation

3

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 112)

is unsubstantiated and contrary to the factual record and the law.

Specifically, the Ninth Circuit has held that it has "neither the power nor the expertise to determine for ourselves what [foreign] law is." *Richmark*, 959 F.2d at 1474 n.7. Under similar circumstances, courts assume the application of French law before analyzing the factors set forth above. *Connex R.R. LLC v. AXACorproate Sols. Assurance*, No. CV 16-02368-ODW, 2017 U.S. Dist. LEXIS 215050, at *33 (C.D. Cal. Feb. 22, 2017). Here, Defendants' French counsel reviewed the requests and was prepared to submit a declaration attesting to the fact that the discovery sought was subject to the French Blocking Statute. (Declaration of Jean-Dominique Touraille ¶¶ 42-43, ECF No. 121-9.) Similarly, Defendants were prepared to submit a letter from the French Ministry of the Justice that states that Defendants' discovery obligations in this lawsuit are subject to French law. (ECF No. 91 at 6-7; ECF No. 121-5 at 4-5.) Thus, the only evidence proffered from the only party with actual knowledge of the location and origin of Defendants' documents made clear that French law applies. The Order's contrary conclusion was clearly not supported by the record.

The Order's conclusions regarding the required, seven-factor analysis are similarly erroneous. Under the first and second factors, the Order held that the discovery sought is vital to the case, and, thus, that this factor weighed against using the proposed Hague procedures. But Defendants' proposal does not in any way seek to *bar* the production of responsive documents and information, which was the case in the *Richmark* opinion cited by the Court. *Richmark*, 959 F.2d at 1475; (Order at 3.) And the Order fails to even address the broad, far-reaching nature of Plaintiffs' Discovery Requests, requests that go far beyond documents and information vital to this litigation. These factors weigh in favor of the application of French law.

Factor 3, whether the documents originated from the United States, is addressed above, and, likewise weigh in favor of the application of French law.

The Order's conclusion regarding factor 4 was also erroneous. The Court held that this factor weighed against applying French law because of the "cost and added delays associated with proceeding under the Hague Convention." (Order at 4.) But the Court made that determination solely on the basis of Plaintiffs' assertions regarding admittedly speculative cost and delay—but Plaintiffs failed to present any evidence to support those speculative assertions. To the contrary,

4

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 112)

Defendants had agreed to Plaintiffs' proposed procedure under Chapter II, which, according to Plaintiffs, would have eliminated the risk of potential delays associated with the Chapter II procedures. (Hr'g Tr. 18:15-19:4.) Further, the only authority cited in the record that analyzes procedures under Chapter II of the Hague Convention found those procedures should apply under this factor. *Salt River*, 303 F. Supp. 3d at 1009.

The Court held that factor 5 was neutral, but failed to fully consider the French national interests since Defendants were not permitted to submit relevant evidence from the French Ministry of Justice and from experts in French law, and because there is no indication that the Court considered the ongoing proceedings in France and the interests of the French court in deciding the French law issues in relation to the documents and information at issue in both proceedings. (Order at 4; Hr'g Tr. 12:19-13:6, 20:19-25, 31:21-32:8, 37:25-39:10;) J. Illman's General Standing Order 13(a).

With respect to factor 6, the Court did not provide any analysis or determination, and did not indicate any consideration of Defendants' evidence relating to increased scrutiny of and attention to the French Blocking Statute by the French authorities, or relevant facts distinguishing this case from those cited by Plaintiffs. (ECF No. 91 at 7, n.21-22; Hr'g. Tr. 26:9-23, 41:2-19.)

Finally, the Court determined that factor 7 weighed against proceeding under Chapter II of the Hague Convention. (Order at 4.) But under factor 7, a court considers whether an order from the court would be complied with. Plaintiffs did not in any way indicate that they would not abide by an order requiring the parties to proceed under the Hague Convention. And Defendants further agreed to each party's reservation of rights to later seek relief from the Court. Thus, this factor weighs in favor of holding that discovery should proceed at this stage under the Hague Convention.

At bottom, the Order erroneously determined that French law does not apply to the Discovery Requests based on representations from Plaintiffs that were wholly speculative, based on distinguishable authorities, and without a complete record. While the relief sought by Defendants would not result in any harm or prejudice to Plaintiffs or this Court's schedule, the current Order requires Defendants to violate French law after they have been advised by French authorities not to do so. To avoid that unjust result and to correct the clear error underlying the Order, Defendants request that their objections be sustained.

5

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 112)

| | | |
|---|---|---|
| 1 | Dated: February 14, 2020 | **BAKER & McKENZIE LLP** |
| 2 | | |
| 3 | | By: */s/ Bart Rankin* |
| 4 | | Colin H. Murray (SBN 159142)<br>colin.murray@bakermckenzie.com |
| 5 | | **BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor |
| 6 | | San Francisco, CA  94111-3802<br>Telephone:    +1 415 576 3000 |
| 7 | | Facsimile:      +1 415 576 3099 |
| 8 | | Danielle L. Benecke (SBN 314896)<br>danielle.benecke@bakermckenzie.com |
| 9 | | **BAKER & McKENZIE LLP**<br>600 Hansen Way |
| 10 | | Palo Alto, CA  94304<br>Telephone:    +1 650 856 2400 |
| 11 | | Facsimile:      +1 650 856 9299 |
| 12 | | Jay F. Utley (Admitted *Pro Hac Vice*)<br>jay.utley@bakermckenzie.com |
| 13 | | Bart Rankin (Admitted *Pro Hac Vice*)<br>bart.rankin@bakermckenzie.com |
| 14 | | Mackenzie M. Martin (Admitted *Pro Hac Vice*)<br>mackenzie.martin@bakermckenzie.com |
| 15 | | John G. Flaim (Admitted *Pro Hac Vice*)<br>john.flaim@bakermckenzie.com |
| 16 | | Chaoxuan Liu (Admitted *Pro Hac Vice*)<br>charles.liu@bakermckenzie.com |
| 17 | | Mark Ratway  (Admitted *Pro Hac Vice*)<br>mark.ratway@bakermckenzie.com |
| 18 | | **BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500 |
| 19 | | Dallas, Texas 75201<br>Telephone:    +1 214 978 3000 |
| 20 | | Facsimile:      +1 214 978 3099 |
| 21 | | |
| 22 | | *Attorneys for Defendants,*<br>*Vade Secure, Incorporated; Vade Secure SASU;*<br>*and Olivier Lemarié* |

6

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 112)