| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>  Sean S. Pak (SBN 219032)<br>  seanpak@quinnemanuel.com<br>  Iman Lordgooei (SBN 251320)<br>  imanlordgooei@quinnemanuel.com<br>  50 California Street, 22nd Floor<br>  San Francisco, CA 94111<br>  Telephone: (415) 875-6600<br>  Facsimile: (415) 875-6700<br><br>**JWC LEGAL**<br>  Jodie W. Cheng (SBN 292330)<br>  jwcheng@jwc-legal.com<br>  One Market Street<br>  Spear Tower, 36th Floor<br>  San Francisco, CA 94105<br>  Telephone: (415) 293-8308<br><br>*Attorneys for Plaintiffs*<br>*Proofpoint, Inc. and Cloudmark LLC* | Colin H. Murray (SBN 159142)<br>  colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111-3802<br>Telephone: +1 415 576 3000<br>Facsimile: +1 415 576 3099<br><br>Jay F. Utley (*Pro Hac Vice*)<br>  jay.utley@bakermckenzie.com<br>Bart Rankin (*Pro Hac Vice*)<br>  bart.rankin@bakermckenzie.com<br>Mackenzie M. Martin (*Pro Hac Vice*)<br>  mackenzie.martin@bakermckenzie.com<br>John G. Flaim (*Pro Hac Vice*)<br>  john.flaim@bakermckenzie.com<br>Chaoxuan Liu (*Pro Hac Vice*)<br>  charles.liu@bakermckenzie.com<br>Mark Ratway (*Pro Hac Vice*)<br>  mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone: +1 214 978 3000<br>Facsimile: +1 214 978 3099<br><br>*Attorneys for Defendants*<br>*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>        Defendants. | CASE NO. 3:19-cv-4238-MMC-RMI<br><br>**JOINT DISCOVERY STATEMENT RE ENFORCEMENT OF DISCOVERY ORDER** |

Honorable Judge Illman:

Pursuant to the Court's Order referring discovery matters to Magistrate Judge Illman (Dkt. 79) and the Court's Order re Dkt. Nos. 78, 91, 92, 93 (Dkt. 112 (the "Order")), Plaintiffs Proofpoint, Inc. and Cloudmark LLC ("Proofpoint" or "Plaintiffs") and Defendants Vade Secure SASU, Vade Secure, Incorporated, and Olivier Lemarié ("Vade" or "Defendants") file this Joint Discovery Statement regarding Plaintiffs' request for enforcement of the Court's Order at Dkt. 112.

Plaintiffs contend that Defendants have been and continue to be in violation of the Court's Order, as no stay of the Order has been granted.  This Court issued the Order granting Plaintiffs' Motion to Compel on January 31, 2020, and Defendants' responses to Plaintiffs' First Sets of Discovery Requests (*see* Dkts. 78, 91) were therefore due by February 14.  Defendants have not produced any discovery since the Order issued.  On February 14, Defendants filed several motions seeking review of and relief from the Court's Order, and a stay of the Order until final disposition of the motion for relief.  (Dkts. 121–123.)  Defendants' motion for reconsideration (Dkt. 121) is set for hearing on March 20; motion for relief (Dkt. 122) was denied as moot in view of the pending motion for reconsideration (Dkt. 125); and motion to stay (Dkt. 123) has not been decided but is also likely moot given the motion for relief upon which it is based was denied as moot.  Accordingly, Plaintiffs seek an order enforcing the Court's Order at Dkt. 112.

Defendants contend that the instant request for enforcement is improper because Defendants timely objected to the Order and sought its reconsideration—which reconsideration has now been set for hearing—and timely sought a stay of the Order's enforcement.  The request for enforcement is thus nothing more than duplicative motion practice regarding issues already briefed and pending for the Court's determination, and unnecessarily multiplies costs.  As such, it should be denied in its entirety in view of Defendants' pending Motion for Leave to File a Motion for Reconsideration of Order ("Reconsideration Motion") (ECF No. 121), the upcoming hearing regarding the same, and Defendants' Motion to Stay Related Discovery Pending Final Disposition of Defendants' Motion for Relief from the January 31, 2020 Discovery Order of the Honorable Robert M. Illman ("Motion to Stay") (ECF No. 123).  Defendants further reserve all rights and intend to seek reasonable attorneys' fees and costs incurred to prepare the instant letter brief.

## PLAINTIFFS' STATEMENT

**Defendants' Continuing Violation of Court Order**

The Court's January 31, 2020 order (Dkt. 112 ("Order")) granted Plaintiffs' Motion to Compel and ordered Defendants to produce documents and substantive interrogatory responses responsive to Plaintiffs' First Sets of Discovery Requests (Dkts. 78, 91) by February 14. However, between January 31 and February 14, Defendants made no apparent effort to comply with or otherwise seek to stay the Order. To date, Defendants have not produced any discovery in compliance with the Order. Defendants believe their non-compliance is justified based on an apparent belief that the Order was somehow stayed while Defendants internally discussed, prepared, filed, and now await decisions on motions seeking review of the Order (Dkts. 121–123). But the law is clear that, absent a stay—which has neither been granted nor agreed to in this case—a court order is in full operation upon issuance and compliance is mandatory. *See, e.g.*, *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *5 n.7 (N.D. Cal. Aug. 26, 2011); *Advanced Microtherm, Inc. v. Norman Wright Mech.*, 2010 WL 10133699, at *1–2 (N.D. Cal. Sept. 22, 2010); *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *3–4 (N.D. Cal. May 27, 2009).

Specifically, immediately after the Court issued the Order on January 31, Plaintiffs inquired when they could expect to receive Defendants' discovery pursuant to the Order. Yet Defendants refused to confirm that they would comply with the Court's Order at all. Rather, Defendants insisted that they "need[ed] an opportunity to assess the order, discuss these issues with US and French counsel, and determine how to proceed" and "anticipat[ed] needing the benefit of this week to have discussions and to allow Defendants an opportunity to make a decision on how to proceed." (*See, e.g.*, Dkt. 124-2 at 12.) It is and was apparent that Defendants had no intention of complying with their discovery obligations. Notably, despite reiterating for over a week that they were deliberating their options in response to the Order, Defendants chose not to seek a stay of the Order from the Court or by agreement with Plaintiffs.

Plaintiffs repeatedly explained that, contrary to Defendants' position, there is no automatic "right" to stay a court order for the planning, preparation, or pendency of objections under Fed. R. Civ. P. 72. (*Id.* at 8-9.) That is, discovery obligations pursuant to the Court's Order compelling production were not automatically stayed because Defendants were having internal discussions or decision-making "on how to proceed," nor were they stayed pending resolution of any objections to the Order that Defendants were contemplating under Rule 72. On February 11, Plaintiffs even provided clear legal precedent to Defendants, explaining that they would be in violation of the Order if they did not produce responsive materials and information by February 14. (*Id.* at 8 (citing *Oracle Am., Inc. v. Google, Inc.*, 2011 WL 3794892, at *5 n.7; *Advanced Microtherm, Inc. v. Norman Wright Mech.*, 2010 WL 10133699, at *1–2; *Hanni v. Am. Airlines, Inc.*, 2009 WL 1505286, at *3–4).) Defendants did not cite any authorities to the contrary, despite Plaintiffs' invitation to do so. (*Id.*)

Yet, on February 14, the deadline for compliance with the Order, Defendants had not produced a single document or interrogatory response pursuant to the Order. Rather, they filed three separate motions directed to reconsideration of and relief from the Court's Order and staying enforcement of the Order pending final disposition of motion for relief (*see* Dkts. 121–123). Defendants' motion to stay the Order (Dkt. 123) has not been decided, nor will it be decided soon,

given the Court's standard briefing schedule. Moreover, the motion regarding reconsideration (Dkt. 121) is set for hearing on March 20, and the motion for relief (Dkt. 122) was denied without prejudice to being refiled after resolution of the motion for reconsideration (Dkt. 125).

The law is clear that, absent court order, Defendants' discovery obligations are not stayed pending the resolution of their motions. *Oracle America*, 2011 WL 3794892, at *5 n.7; *Advanced Microtherm*, 2010 WL 10133699, at *1–2; *Hanni*, 2009 WL 1505286, at *3–4. As Magistrate Judge Ryu explained in the *Oracle* case, "the filing of objections to a magistrate judge's order on a non-dispositive matter does not stay the order's operation." 2011 WL 3794892, at *5 n.7. Magistrate Ryu further noted that if filing an objection "operates as automatic stay of magistrate judge's order," then that would "provide losing parties with artificial incentive to object and use objection process as device to further delay discovery and derail preparation of case for trial." *Id*. Yet delay and derailing preparation of this case are precisely what Defendants are attempting here.

Tellingly, Defendants waited the full fourteen (14) days of the objection period under Rule 72 before filing their objections, seeking leave for reconsideration, or seeking a stay—and even then Defendants did not seek to expedite resolution of their motions or otherwise show any urgency. The reason is clear: Defendants' goal throughout this case has been to delay and obstruct all attempts by Plaintiffs to obtain and proceed with discovery. Now, over half a year into this case, more than four (4) months into discovery, and with two (2) weeks until the Settlement Conference (*see* Dkts. 69, 102), Defendants have still not produced a single document or source code, or provided substantive responses to Plaintiffs' interrogatories. Defendants' strategy would be concerning in any litigation, but is even more so here where Plaintiffs are attempting to ascertain the scope and extent of Defendants' use and disposition of Plaintiffs' trade secrets, all the while facing irreparable harm by Defendants' ongoing activities.

Indeed, there is the potential for irreparable harm just from Defendants' continued delays. For example, relevant documents and evidence might be destroyed—inadvertently or otherwise—during this extended period of delay. Notably, the only interrogatory response that contains any substantive information in this case is a response in which Defendant Olivier Lemarié admits to having destroyed relevant documents and evidence. Moreover, it is unclear whether Defendants have undertaken any attempt to collect or preserve relevant documents for production. For example, in recent meet and confers, Defendants' counsel indicated that they do not even know what the review environment will be for Defendants' source code—intimating that no source code has been collected, despite the Court's Order.

Finally, Defendants have only in the past few days requested that Plaintiffs "identify Plaintiffs' alleged trade secret(s) with reasonable particularity" and indicated that they intend to seek "motion for protection from discovery relating to Plaintiffs' claims" until such disclosure—thus indicating that Defendants will seek yet an additional avenue for delaying production of relevant materials in this case. Despite that Defendants have not served any discovery on Plaintiffs requesting an identification of trade secrets with particularity, Plaintiffs are nevertheless amenable to providing a more detailed listing of their trade secrets and will do so in due course. However, that should not hold Defendants' obligation to produce relevant documents and source code in abeyance. Indeed, Judge Chesney, in denying Defendants' Motion to Dismiss, found that Plaintiffs' trade secret identification was sufficient at the pleading stage to allow the case to proceed to discovery. Nor have Defendants ever objected to the requested discovery on the

grounds that they do not have sufficient notice of Plaintiffs' trade secrets at issue in the case, and thus have waived any such objection. *See* Dkts. 91-4, 91-5, 91-6 (Defendants' objections and responses to requests for production and interrogatories). Accordingly, there is no reason not to enforce the Order and require Defendants to provide discovery while Plaintiffs work toward providing trade secret disclosure on a parallel track. Such a result would allow discovery in this case to proceed more expeditiously—which is particularly crucial in view of Defendants' delays to date.

Accordingly, because there is currently no stay—nor is one appropriate under the circumstances (*see* Dkt. 124 at 14–18)—Defendants have been and are currently in violation of the Court's Order and should be ordered to produce responsive materials immediately. Plaintiffs therefore respectfully request enforcement of the Order at Dkt. 112 and require Defendants to immediately production of documents, source code, and interrogatory responses.

                                                                                                  Respectfully submitted,

                                                                                                  QUINN EMANUEL URQUHART
                                                                                                  &amp; SULLIVAN, LLP

                                                                               */s/ Sean S. Pak*
                                                                               Sean Pak

### DEFENDANTS' STATEMENT

Plaintiffs have argued[1] that "Defendants' discovery obligations under the Federal Rules and the Magistrate Judge's order are not stayed . . . pending resolution of any objections to Magistrate Illman's order." In support of their position, Plaintiffs referenced the following authorities: *Oracle America, Inc. v. Google, Inc.*, No. C-10-03561-WHA (DMR), 2011 U.S. Dist. LEXIS 96121, 2011 WL 3794892, at *5 n.7 (N.D. Cal. Aug. 26, 2011); *Advanced Microtherm, Inc. v. Norman Wright Mech.*, No. C 04-2266 JW (PVT), 2010 U.S. Dist. LEXIS 146116, 2010 WL 10133699, at *1-2 (N.D. Cal. Sept. 22, 2010); *Hanni v. Am. Airlines, Inc.*, No. C-08-00732 CW (EDL), 2009 U.S. Dist. LEXIS 49338, 2009 WL 1505286, at *3-4 (N.D. Cal. May 27, 2009). The Court should deny Plaintiffs' request to enforce the Order for the following reasons:

First, Defendants timely filed their Reconsideration Motion on February 14, 2020. (ECF No. 121.) As Plaintiffs concede, the Reconsideration Motion has already been set for hearing on March 20, 2020. Thus, Plaintiffs' instant request for enforcement disregards the Court's determination to hear Defendants' Reconsideration Motion. None of the authorities cited by Plaintiffs involve the present context, where the Court has already set a hearing for reconsideration of the order that Plaintiffs now seek to enforce.

Second, unlike the parties in the authorities Plaintiffs cite, Defendants also timely filed

---

[1] Defendants have not received Plaintiffs' portion of the letter brief requesting relief in advance of the filing, and so Defendants' arguments are provided in response to Plaintiffs' positions and authorities cited in correspondence leading up to this filing.

their Motion to Stay on February 14, 2020. (ECF No. 123.)  Contrary to Plaintiffs' contentions, Defendants' Motion to Stay is still pending and is based in part on Defendants' Reconsideration Motion. (Defs. Mot. to Stay 1, ECF No. 123.)  Plaintiffs have acknowledged as much. (Pls.' Resp. and Opp. to Defs.' Motions 14, ECF No. 124.)  As noted above, Plaintiffs cited *Oracle* in support of their position, and *Hanni*, on which *Oracle* was based.  *Oracle*, 2011 U.S. Dist. LEXIS 96121, at *20 n.7 (citing *Hanni*, 2009 WL 1505286, at *3).  But in *Hanni*, the court specifically noted that "Plaintiffs did not *move* to stay" the underlying order, which distinguishes both *Hanni* and *Oracle* from the circumstances here.  *Hanni*, 2009 U.S. Dist. LEXIS 49338, at *9 (emphasis added).  And in *Advanced Microtherm*, the parties seeking relief had sought multiple stays that were *denied*.  When those parties eventually requested Ninth Circuit re-hearing of their writ petition *en banc*, they did *not* request a stay pending *en banc* review.  Accordingly, *Advanced Microtherm* is also distinguishable.

With Defendants' timely filed Motion to Stay, the Court can and should properly stay discovery pending final disposition of Defendants' Reconsideration Motion.  *See, e.g., Perez v. Wells Fargo Bank, N.A.*, No. 17-cv-00454-MMC, 2018 U.S. Dist. LEXIS 27871, at *4 (N.D. Cal. Jan. 30, 2018) (Chesney J.) ("Lastly, defendant's Motion to Stay, by which defendant seeks an order staying the above-referenced discovery pending resolution of the Motion for Relief, is hereby GRANTED."); *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys., LLC*, No. 14-cv-02435-MEJ, 2014 U.S. Dist. LEXIS 158901, at *4 (N.D. Cal. Nov. 10, 2014) (granting motion to stay discovery order pending motion for relief from the order); Order Granting Def.'s Mot. for Leave 3, *Perez v. State Farm Mutual Automobile Insurance Co.*, No. C 06-01962 JW (N.D. Cal. Aug. 1, 2011), ECF No. 438 (granting leave to file motion for reconsideration of discovery order and staying discovery "until the Court issues its ruling on . . . Motion for Reconsideration"); Order Granting Def. Liberty Mutual's Mot. for Leave 3, *Perez v. State Farm Mutual Automobile Insurance Co.*, No. C 06-01962 JW (N.D. Cal. Aug. 5, 2011), ECF No. 446 (same); *Houston Cas. Co. v. Nat'l Union Fire Ins. Co.*, No. C 18-06147 WHA, 2019 U.S. Dist. LEXIS 214548, at *3-4 (N.D. Cal. Dec. 11, 2019) (granting motion to stay enforcement of discovery order "pending resolution of the motion for reconsideration").

As explained in the Motion to Stay, Defendants will suffer undue burden and irreparable harm if a discovery stay is not granted. (ECF No. 123 at 11.)  A party that produces documents or information in violation of the French Blocking Statute is subject to both civil and criminal penalties from the French authorities. (*Id.*)  Thus, if Defendants are required to produce documents and information in violation of French law, they would be subjecting themselves to potential penalties and/or prosecution. (*Id.* at 12.)  That harm cannot be undone or otherwise cured after the fact, and creates an unnecessary and undue burden on Defendants. (*Id.*)  On the other hand, a stay while the Court considers Defendants' Reconsideration Motion would not result in any prejudice to Plaintiffs. (*Id.*)  As a result, the balance of hardships associated with denying the instant request for enforcement tips decidedly in Defendants' favor. (*Id.*)

Indeed, regardless of how the Court may rule on Defendants' Motion to Stay or their Reconsideration Motion, it is a waste of judicial resources for this Court to separately consider Plaintiffs' request for enforcement.  If the Reconsideration Motion or the Motion to Stay are granted, Plaintiffs' instant request for enforcement would be moot.  And even if Defendants' motions were ultimately denied, Plaintiffs' instant motion should still be denied *without prejudice*.  For example, *Cup v. Ampco-Pittsburgh Corp.* involved an analogous situation, where the district

court had granted plaintiff's motion to compel arbitration. No. 17-cv-0189, 2017 U.S. Dist. LEXIS 122589, at *2 (W.D. Pa. Aug. 3, 2017). The defendant moved to stay the court's order, and the plaintiff responded with a motion to enforce the same order. *Id.* The court ultimately denied defendant's motion to stay after analysis of the relevant factors, but still denied plaintiff's motion to enforce as moot. *Id.* at *7. Plaintiff's motion was denied "without prejudice" so that plaintiff could refile the enforcement motion "if the arbitration process is further delayed." *Id.* Similarly, in this action, even if the Court were to deny Defendants' Motion to Stay, Plaintiffs' instant request for enforcement should be denied as moot without prejudice to refiling.

By filing the instant request for enforcement, Plaintiffs have engaged in clearly duplicative motion practice because Plaintiffs have already responded in opposition to Defendants' Motion for Reconsideration, Motion for Relief, and Motion to Stay (ECF No. 124),[2] all of which address the exact same Order, and the Court has already set a hearing to reconsider that Order. Defendants discussed this with Plaintiffs in person and via email, and made Plaintiffs aware that the request for enforcement was duplicative of the motions and issues already pending before the Court. Plaintiffs insisted on proceeding with the present letter brief submission, and so Defendants were forced to prepare this response. Therefore, Defendants reserve all rights and intend to move for sanctions to seek reasonable attorneys' fees and costs associated with responding to Plaintiffs' instant request for enforcement.

For the foregoing reasons, Plaintiffs' request for enforcement should be denied, and Defendants should be awarded reasonable attorneys' fees and costs associated with responding to the instant motion.

Respectfully submitted,

BAKER & MCKENZIE LLP

*/s/ Mackenzie Martin*
Mackenzie Martin

---

[2] In the same document (ECF No. 124), Plaintiffs filed oppositions to Defendants' Reconsideration Motion (ECF No. 121) and Defendants' Motion for Relief from the Order (ECF No. 122). Plaintiffs did not seek the Court's leave before filing such oppositions, and the Court did not request such oppositions. Under Civil Local Rules 7-9(d) and 72-2, such oppositions are improper and therefore should be disregarded.

**ATTESTATION OF CONCURRENCE**

I, Iman Lordgooei, am the ECF user whose ID and password are being used to file this **JOINT DISCOVERY STATEMENT RE ENFORCEMENT OF DISCOVERY ORDER**. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: February 25, 2020         */s/Iman Lordgooei*
                                 Iman Lordgooei