| | |
|---|---|
| Colin H. Murray (SBN 159142)<br>  colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA 94111-3802<br>Telephone: +1 415 576 3000<br>Facsimile: +1 415 576 3099<br><br>Jay F. Utley (*Pro Hac Vice*)<br>  jay.utley@bakermckenzie.com<br>Bart Rankin (*Pro Hac Vice*)<br>  bart.rankin@bakermckenzie.com<br>Mackenzie M. Martin (*Pro Hac Vice*)<br>  mackenzie.martin@bakermckenzie.com<br>John G. Flaim (*Pro Hac Vice*)<br>  john.flaim@bakermckenzie.com<br>Chaoxuan Liu (*Pro Hac Vice*)<br>  charles.liu@bakermckenzie.com<br>Mark Ratway (*Pro Hac Vice*)<br>  mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone: +1 214 978 3000<br>Facsimile: +1 214 978 3099<br><br>*Attorneys for Defendants*,<br>*Vade Secure, Incorporated; Vade Secure*<br>*SASU; and Olivier Lemarié* | **QUINN EMANUEL URQUHART &**<br>**SULLIVAN, LLP**<br>  Sean S. Pak (SBN 219032)<br>  seanpak@quinnemanuel.com<br>  Iman Lordgooei (SBN 251320)<br>  imanlordgooei@quinnemanuel.com<br>  50 California Street, 22nd Floor<br>  San Francisco, CA 94111<br>  Telephone: (415) 875-6600<br>  Facsimile: (415) 875-6700<br><br>**JWC LEGAL**<br>  Jodie W. Cheng (SBN 292330)<br>  jwcheng@jwc-legal.com<br>  One Market Street<br>  Spear Tower, 36th Floor<br>  San Francisco, CA 94105<br>  Telephone: (415) 293-8308<br><br>*Attorneys for Plaintiffs*,<br>  *Proofpoint, Inc. and Cloudmark LLC* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>               Plaintiffs,<br>  v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>               Defendants. | **Case No. 3:19-cv-04238-MMC-RMI**<br><br>**Date Action Filed: July 23, 2019**<br><br>**JOINT DISCOVERY STATEMENT REGARDING DEFENDANTS' ENTITLEMENT TO PROTECTIVE ORDER IN VIEW OF PLAINTIFFS' FAILURE TO IDENTIFY A TRADE <u>SECRET</u>** |

Honorable Judge Illman:

Pursuant to the Court's Order referring all discovery matters to Magistrate Judge Illman (ECF No. 79), Defendants, Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarie ("Defendants"), and Plaintiffs, Proofpoint, Inc. and Cloudmark LLC ("Plaintiffs"), file this Joint Discovery Statement regarding Defendants' entitlement to a protective order in view of Plaintiffs' failure to identify a trade secret.

Plaintiffs brought the instant action against Defendants *over seven months ago* alleging misappropriation of trade secrets and breaches of contract provisions related thereto. But to date, and as recognized by the Court in ruling on Plaintiffs' motion for preliminary injunction, Plaintiffs have not identified any trade secret on which their claims could be premised. By statute, Plaintiffs cannot proceed with discovery until they have done so. Despite this, Plaintiffs served discovery requests on Defendants and recently on numerous third parties.[1] The Parties have met and conferred on the arguments set forth herein, but were unable to resolve the disputes.

Plaintiffs contend that Defendants' request is unfounded. Discovery has been open in this case since October 2019, yet Defendants served an interrogatory requesting identification of Plaintiffs' trade secrets just a few days ago on March 2, 2020. As explained to Defendants during the parties' meet and confers, Plaintiffs intend to answer the interrogatory and provide an identification of the trade secrets. Accordingly, the purported dispute is moot or at a minimum not ripe for adjudication at this time. Moreover, there is no statutory bar against proceeding with discovery until Plaintiffs have answered Defendants' interrogatory, nor is there any basis to deny Plaintiffs their right to litigate this case and take discovery from Defendants and relevant third parties. Plaintiffs also dispute Defendants' characterization of the Court's ruling on Plaintiffs' motion for preliminary injunction—the Court did not find that "Plaintiffs have not identified any trade secret on which their claims could be premised" as alleged by Defendants, above.

---

[1] Defendants have objected to the subpoenas Plaintiffs served on third parties. (Exs. A-B.) Further, Defendants have repeatedly requested to meet and confer about the third-party subpoenas this week, which Plaintiffs have refused to do, prejudicing Defendants. Defendants intend to move to quash the third-party subpoenas.

# DEFENDANTS' STATEMENT

## Legal Standard for Protective Order and Section 2019.210 Trade Secret Identification

"Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown" (*Phillips v. GMC*, 307 F.3d 1206, 1210 (2002)), the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). Here, good cause exists to grant a protective order barring Plaintiffs' discovery because Plaintiffs have not identified the trade secrets at issue as required under California Code of Civil Procedure § 2019.210.

Section 2019.210 requires that "before commencing discovery relating to [a] trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity."[2] Cal. Code Civ. P. § 2019.210. This statute "is not limited in its application to a cause of action under the Uniform Trade Secrets act . . . for misappropriation of the trade secret, but extends to any cause of action which relates to the trade secret." *Advanced Modular Sputtering Inc. v. Superior Court*, 132 Cal. App. 4th 826, 830, 33 Cal. Rptr. 3d 901, 903 (2005). Thus, § 2019.210 "applies not only to theft of trade secrets, but also to disclosure of secrets in violation of a nondisclosure agreement[.]" *Neothermia Corp. v. Rubicor Med. Inc.*, 345 F. Supp. 2d 1042, 1044 (2004).

Further, because § 2019.210 is not "cause of action specific," it applies to the entire lawsuit in which the trade secrets allegations are asserted. *Advanced Modular*, 132 Cal. App. 4th at 834 (citing *Neothermia*, 345 F. Supp. 2d at 1043). Accordingly, if "the discovery relates to the misappropriation of trade secrets claim, plaintiff must comply with [§] 2019.210 regardless of whether the discovery also relates to other claims." *Pacesetter, Inc. v. Nervicon Co.*, No. BC424443, 2010 Cal. Super. LEXIS 1542, at *7 (Mar. 4, 2010). Further, with limited exceptions that do not apply, § 2019.210 also applies to and prohibits a plaintiff from seeking substantive discovery from third parties. *Id.* at *7-8.

The degree of particularity required in identifying a trade secret depends on the facts of the specific case. *Advanced Modular,* 132 Cal. App. 4th at 835-36. Where the alleged trade secrets "consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required *to distinguish the alleged trade secrets from matters already known to persons skilled in that field*." *Id.* at 836 (emphasis added); *see also Perlan Therapeutics, Inc. v. Superior Court*, 178 Cal. App. 4th 1333, 1345-1346 (2009) (overruled on other grounds) (upholding protective order because plaintiff failed to "describe with a 'more exacting level of particularity' how its secrets differed from publicly available knowledge"); *TelSwitch, Inc. v. Billing Sols., Inc.*, No. C 12-00172 EMC (LB), 2012 U.S. Dist. LEXIS 127043, at *7, *13-14 (N.D. Cal., Sept. 6, 2012) ("Courts regularly reject section 2019.210 disclosures that do not delineate the boundaries of their trade secrets.").

Notably, the Section 2019.210 requirements serve four policy objections: "(1) it promotes investigation of claims prior to suit and discourages the filing of meritless trade secret complaints;

---

[2]"Courts in the Northern District of California . . . have generally found that section 2019.210 is applicable in federal cases." *Lilith Games (Shanghai) Co. v. uCool, Inc.*, No. 15-CV-01267-SC, 2015 U.S. Dist. LEXIS 89365, at *6 (N.D. Cal. July 9, 2015).

(2) it prevents plaintiff from using the discovery process as a means to obtain the defendant's trade secrets; (3) it frames the appropriate scope of discovery; and (4) it enables the defendant to form complete and well-reasoned defenses." *Neothermia*, 345 F. Supp. 23 at 1044.

### Section 2019.210 Bars Plaintiffs' Discovery

In the first paragraph of the Complaint, Plaintiffs allege that the "action ***arises from*** an unlawful scheme among Defendants to ***misappropriate Plaintiffs' valuable trade secrets*** and other confidential information to gain an unfair competitive advantage in the marketplace. Specifically, this is a lawsuit to end Defendants' ongoing pattern of misappropriating Plaintiffs' trade secrets, and violating contractual obligations in Lemarié's Employment Agreement and Employee Proprietary Information and Invention Agreement ('PIIA') with Cloudmark." (Compl. ¶ 1, ECF No. 1.)

On these grounds, Plaintiffs assert a cause of action for trade secret misappropriation under the DTSA, 18 U.S.C. § 1836 *et seq.*, (Compl. ¶¶ 54-74) and California breach of contract claims (Compl. ¶¶ 75-104). As noted by Judge Chesney, these breach of contract claims "are based on a theory that Lemarié disclosed Cloudmark's trade secrets to Vade." Order Den. Pls.' Mot. for Prelim. Inj. ("Order") 2 n.6 ("[P]laintiffs allege defendants have misappropriated Cloudmark's trade secrets and that Lemarié has a breached a written agreement with Cloudmark, which agreement prohibited him from disclosing Cloudmark's trade secrets."), ECF No. 126.

Here, Plaintiffs' claims irrefutably relate to trade secrets. *Advanced Modular*, 132 Cal. App. 4th at 834 (noting that allegations of breach of confidentiality agreements by disclosure of trade secrets were factually dependent on misappropriation allegations); *Neothermia Corp. v. Rubicor Med. Inc.*, 345 F. Supp. 2d 1042, 1044 (2004) (holding that § 2019.210 applies to "disclosure of secrets in violation of nondisclosure agreement"). Accordingly, § 2019.210 applies to Plaintiffs' entire action against Defendants. *Advanced Modular*, 132 Cal. App. 4th at 834.

To proceed with discovery, Plaintiffs were required to identify their purported trade secret(s) with reasonable particularity. But Plaintiffs have failed to provide anything more than a generic description. As the Court noted in recent ruling on Plaintiffs' motion for preliminary injunction, Plaintiffs have not identified the trade secrets on which they base their claims:

> Here, plaintiffs, as noted, assert that the source code for Cloudmark's products includes trade secrets . . . . Standing alone, however, ***such assertions do not suffice to identify the claimed trade secrets*** . . . .
>
> […]
>
> [Plaintiffs] assert in their motion that one of Cloudmark's trade secrets consists of "technical information for specific combinations of elements" comprising Cloudmark's Trident product; additionally, in their reply, plaintiffs state Cloudmark's trade secrets "relate to" the "architecture" of Cloudmark's MTA product. ***Plaintiffs have not, however, pointed to evidence identifying the aspects of the claimed combination of elements and architecture that are in fact trade secrets***.

(Order 4, ECF No. 126) (emphases added and citations omitted).

As noted above, despite this ruling, Plaintiffs have still failed to provide specific identification of any code element, or architecture that in fact could be a trade secret. This is precisely what § 2019.210 is intended to prevent. Plaintiffs should not be permitted to stonewall Defendants and impair Defendants' ability to prepare their defense, while also attempting to advance their own interests through a fishing expedition for Defendants' trade secrets. *See Neothermia*, 345 F. Supp. 23 at 1044.

For these reasons, Defendants respectfully request that the Court grant their request for protective order barring Plaintiffs from proceeding with discovery against Defendants or any third parties in this action, until they identify their purported trade secret[s] with reasonable particularity.

>    Respectfully submitted,
>
>    **BAKER & McKENZIE LLP**
>
>    */s/ Mackenzie M. Martin*
>    Mackenzie M. Martin

## PLAINTIFFS' STATEMENT

Through the instant letter brief, Defendants are pursuing yet another avenue for delay in providing Plaintiffs with any discovery in this action. In particular, despite that discovery has been open since October 2019, Defendants only now—nearly five months later—seek an "identification of Plaintiffs' trade secrets with reasonable particularity." Indeed, until now, Defendants had expressed no inability to understand Plaintiffs' claims or ascertain the scope of discovery in this action, and only refused to produce documents and information subject to their concerns under the French Blocking Statute. Yet now Defendants seek a broad protective order absolving them of their discovery obligations until Plaintiffs have identified their trade secrets in a trade secret disclosure statement that complies with the California Code of Civil Procedure ("CCP") § 2019.210. Defendants appear to base their latest strategy on Judge Chesney's finding that there was insufficient evidence on the record before her in the parties' preliminary injunction briefing to ascertain likelihood of success of Plaintiffs' trade secret misappropriation claims. Dkt. 126. However, that finding does not mean Plaintiffs have not otherwise put Defendants on notice of the trade secrets (*see* Dkt. 61 at 1-2 (finding that "[c]ontrary to defendants' argument, plaintiffs have sufficiently described the alleged trade secrets . . ." and "sufficiently alleged facts from which misappropriation reasonably can be inferred") or that discovery cannot proceed until Plaintiffs serve a more specific identification of the trade secrets.

Defendants' request for a protective order is without merit and, in any event, moot or at least not ripe in view of Plaintiffs' commitment to identifying the trade secrets in response to an interrogatory served by Defendants on March 2, 2020 requesting identification of trade secrets.

### I. Defendants' Request For Application Of CUTSA Disclosure Requirements To Claims Brought Solely Under The DTSA Is Unfounded

As an initial matter, CCP § 2019.210 provides, in relevant part, that, "[i]n any action alleging the misappropriation of a trade secret ***under the [California] Uniform Trade Secrets Act*** . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity . . . ." (emphasis added). But Plaintiffs' claims for misappropriation of trade secrets in this action are brought under the Federal Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.*, ***not*** the California Uniform Trade Secrets Act ("CUTSA"). *See* Dkt. 1 at 15. Indeed, Plaintiffs have not asserted any claims under CUTSA in this action. Accordingly, it is unclear on what basis Defendants seek to impose § 2019.210 on Plaintiffs in this action. Nor are Plaintiffs aware of any authority requiring a trade secret disclosure in compliance with § 2019.210 where only DTSA claims have been raised.

Rather, the cases cited by Defendants throughout the parties' meet and confer process leading up to the instant letter brief are inapposite. Indeed, each one of the cases that Defendants cited to Plaintiffs during the meet and confer process are dated years before the enactment of the DTSA and, as such, cannot possibly stand for the proposition that CUTSA provisions apply to claims brought solely under the DTSA. Moreover, each one of Defendants' cited cases related to allegations of misappropriation under the state UTSA—not under Federal DTSA. *See Neothermia Corp. v. Rubicor Med., Inc.*, 345 F. Supp. 2d 1042, 1044 (N.D. Cal. Nov. 15, 2004) (requiring § 2019 disclosure for state law breach of NDA claim because the alleged breach was based on an unauthorized disclosure of a trade secret, which constituted misappropriation under CUTSA); *Mai Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 522 (9th Cir. 1993) (considering misappropriation claims brought under CUTSA and at summary judgment, not pre-discovery); *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App. 4th 210, 221 (2010) (considering misappropriation claims brought under CUTSA); *Advanced Modular Sputtering Inc. v. Superior Court*, 132 Cal.App.4th 826 (2005) (considering and applying § 2019.210 to state law claims that "hinge[d] upon the factual allegation" of misappropriation under CUTSA). Thus Defendants have not cited (at least as of the parties' simultaneous exchange of position statements for this joint letter brief) any case that has held a claim for misappropriation solely under the Federal DTSA is subject to disclosure requirements under CUTSA. Indeed, courts in this district have declined to consider whether § 2019.210 applies to claims under DTSA, thereby recognizing that there is at least no clear precedent to support such a finding. *See, e.g., WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 847 (N.D. Cal. 2019) ("the Court does not consider whether section 2019.210 applies to claims under the DTSA").

### II. Defendants' Request For Application Of CUTSA Disclosure Requirements To Plaintiffs' Breach Of Contract Claims Is Unfounded

Defendants also contend that discovery cannot proceed on Plaintiffs' breach of contract claims because those, too, should be subject to the disclosure requirements under CUTSA § 2019.210. Defendants cite the *Advanced Modular* and *Neothermia* cases for support of their request. However, again, both of these cases issued well before the enactment of the DTSA and did not involve circumstances such as here, where the underlying claim for misappropriation of trade secrets was asserted solely under a Federal statute, and not CUTSA. Moreover, the court in

*Advanced Modular* imposed § 2019.210 for causes of action, such as breach of confidentiality agreements, that "***hinge[d]***" upon the factual allegation that [defendant] misappropriated [plaintiff's] trade secrets." 132 Cal.App.4th at 834-35 (emphasis added). Thus *Advanced Modular* is limited to cases where "every cause of action is ***factually dependent*** on the misappropriation allegation, [such that] discovery can commence only after the allegedly misappropriated trade secrets have been identified with reasonable particularity, as required by section 2019.210." *Id*. (emphasis added). Similarly, the court in *Neothermia* applied § 2019(d) (the predecessor to § 2019.210) to breach of NDA claims that were based on disclosure of trade secrets that constituted misappropriation under CUTSA—not claims that only touched on misappropriation, let alone misappropriation under a Federal statute. 345 F.Supp.2d at 1044.

These cases do not apply to Plaintiffs' breach of contract claims here. In particular, each one of Plaintiffs' breach of contract claims against Mr. Lemarié is based on more than just Plaintiffs' claim of Mr. Lemarié's misappropriation of trade secrets—which claim is limited to misappropriation under DTSA, not CUTSA. For example, Plaintiffs' Count II – Breach of Contract for unauthorized disclosure and failure to maintain confidentiality of Cloudmark Proprietary Information is based not just on Mr. Lemarié's actions with respect to Cloudmark's trade secrets, but also its confidential materials that may not constitute trade secrets but that are nevertheless subject to Mr. Lemarié's confidentiality obligations, such as "know-how . . . as well as any information regarding Cloudmark's plan for, *inter alia*, research and development of new products." Dkt. 1 at 18. Additionally, Plaintiffs Count III – Breach of Contract for failure to disclose inventions is not based on misappropriation of trade secrets. Rather, it is based on a failure to disclose inventions that Mr. Lemarié may have authored, conceived or reduced to practice in the six-month period following his departure from Cloudmark. Dkt. 1 at 19-20. Similarly, Counts IV and V – Breaches of Contract for failure to maintain and make available Cloudmark's company records and failure to deliver such materials, respectively, are not based on misappropriation of trade secrets. Rather, they relate to the fact that Mr. Lemarié retained, even after his departure from Cloudmark, Cloudmark's confidential information and files in an Evernote account that he restricted Cloudmark personnel from accessing and later deleted altogether and, thus, failed to return those materials to Cloudmark.

Accordingly, even under Defendants' cases, none of Plaintiffs' breach of contract claims hinge or are factually "dependent on" a misappropriation allegation, let alone one under CUTSA. Thus discovery should be ordered to proceed at least as to these claims without further delay.

At bottom, Plaintiffs have already indicated that they intend to answer Defendants' March 2nd interrogatory seeking an identification of Plaintiffs' trade secrets. Accordingly, Defendants' request for a protective order is moot or at least not yet ripe, and should therefore be denied.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN LLP

*/s/ Sean S. Pak*
Sean S. Pak

## ATTESTATION OF CONCURRENCE

I, Mackenzie M. Martin, am the ECF user whose ID and password are being used to file this **JOINT DISCOVERY STATEMENT REGARDING DEFENDANTS' ENTITLEMENT TO PROTECTIVE ORDER IN VIEW OF PLAINTIFFS' FAILURE TO IDENTIFY A TRADE SECRET**.  Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated:  March 6, 2020                             */s/ Mackenzie M. Martin*
                                                                    Mackenzie M. Martin