Colin H. Murray (SBN 159142)
 colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Danielle L. Benecke (SBN 314896)
 danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>                         Plaintiffs,<br><br>        v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>                         Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 149)** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Defendants, Vade Secure SASU, Vade Secure, Inc., and Olivier Lemarié (collectively, "Vade"), hereby move this Court for an order vacating in part the Magistrate Judge's April 20, 2020 Order (the "Order," ECF No. 149) and barring Plaintiffs from proceeding with discovery for failure to properly identify the trade secrets allegedly misappropriated.

## I.    INTRODUCTION

Section 2019.210 requires a plaintiff to identify "with *reasonable particularity* the purported trade secrets which *allegedly have been misappropriated* before commencing discovery relating to the trade secrets." *Perlan Therapeutics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1336, 101 Cal. Rptr. 3d 211 (2009) (emphases added). Despite this statutory requirement, Plaintiffs admittedly identified in their disclosure the "universe" of what Mr. Lemarié had "access to" as a former employee—as opposed to identifying with reasonable particularity the alleged trade secrets that Plaintiffs claim have been misappropriated. (Decl. of M. Martin in Support of Defs.' Mot. for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Martin Decl.") ¶ 5, ECF No. 152-1; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) Plaintiffs have also admitted that they do not know any particular purported trade secrets that have allegedly been misappropriated by Vade. (Martin Decl. ¶ 4; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) And Plaintiffs admit that their purported trade secret disclosure contains "███████████ ████████████████████████████," and argue that Vade should bear the burden of identifying which portions of the ███████████████████████████████ ██████████ are alleged trade secrets.[1] (Pls.' Am. Objs. and Resps. to Defs.' 1st Set of Interrogs. 7-10, ECF No. 144-3 (hereinafter "Pls.' TSID") (claiming as trade secrets *all* ██████████████ ████████████████████████████████████████████████, among other files, features, and functionalities); Nielson Decl. ¶¶ 24, 34, 41, ECF No. 144-4.)[2] Despite these

---

[1] Plaintiffs have even argued that, because "███████████████████████████ █████████████████████████████████████████████████████████████ ████████████████████," despite the Protective Order that restricts source code review to outside counsel and experts. (Nielson Decl. ¶ 34, ECF No. 144-4; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 6, ECF No. 145; Protective Order § 7.3, ECF No. 117.)

[2] Dr. Nielson credits Plaintiffs for identifying, in one portion of the TSID,

undisputed facts, on April 20, 2020, the Magistrate Judge entered an order denying Vade's request for protection from discovery until Plaintiffs comply with Section 2019.210 (the "Order," ECF No. 149). The Order misapplied the law and, in doing so, improperly shifted to Vade the burden of identifying what trade secret(s) has allegedly been misappropriated.

## II.   FACTUAL BACKGROUND

Since the outset of this litigation, Vade has argued that Plaintiffs have failed to identify any trade secret with sufficient particularity. (*E.g.*, Mot. to Partially Dismiss Pls.' Compl. 9-11, ECF No. 29; Defs.' Resp. to Mot. for Prelim. Inj. 14-16, ECF No. 72; Joint Disc. Statement re Defs.' Entitlement to Prot. Order 3-5, ECF No. 128.) In denying Plaintiffs' motion for preliminary injunction—and after considering a voluminous record—this Court determined that the record "[did] not include evidence that sufficiently identifies the claimed trade secrets." (Order Denying Pls.' Mot. for Prelim. Inj. 4-5, ECF No. 126.)

Plaintiffs' Section 2019.210 disclosure (Pls.' TSID, ECF No. 144-3) repeats the same purported evidence from the preliminary injunction record and therefore fails for the same reasons.[3] And to the extent there is any departure from their prior attempt, that departure makes the disclosure even more improper in that it *expands* the disclosure to the "universe" of source code that Mr. Lemarié had "access to" regarding Cloudmark's Trident and MTA products, and for at least the third time again *shifts* Plaintiffs' trade secret theory by disclosing yet another combination(s) of functions and features with different products. (*Compare* Pls.' TSID 11, 14-15, 29, 30-31, 34-35, 42, 45, 47, 49 (claiming for the first time that all ███████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████. (Pls.' TSID 7-10, ECF No. 144-3.)

[3](Pls.' TSID 12-13, 27-28, 31-32, 35-36, 39-40, 45-46, 49-50, 54-55, 57-58, 63-64, 70-72, ECF No. 144-3 (listing "███████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████," which are the same or substantially the same as exhibits found at ECF Nos. 30-9, 30-19, 30-23, 30-24, 30-27, 30-30, 30-31, 30-34, 30-35, 30-42, 30-45, 82-3, 82-4, 82- 5, 82-9, 82-18).) These duplicative documents account for 27 of the 36 documents produced with Plaintiffs' TSID.

2

), ECF No. 144-3, *with* Compl. ¶ 32, ECF No. 1 *and* Pls.' Reply re Mot. for Prelim. Inj. 3 n.6, ECF No. 81-3 (alleging those features only in the Trident context); *see also* Defs.' Sur-Reply re Mot. for Prelim. Inj. 1, 3-4, ECF No. 99-4 (showing Plaintiffs' shifting trade secret theories during the preliminary injunction briefing).) Plaintiffs' approach is not only prejudicial to Vade but is also further indication that Plaintiffs are attempting the well-worn and improper strategy of alleging "theft of trade secrets with vagueness, then tak[ing] discovery into the defendants' files, and then cleverly specify[ing] whatever happens to be there as having been trade secrets stolen from plaintiff." *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519, 2014 U.S. Dist. LEXIS 26371, at *14-15 (N.D. Cal. Feb. 28, 2014); *see also Swarmify Inc. v. Cloudfare Inc.*, No. C 17-06957 WHA, 2018 U.S. Dist. LEXIS 91333, at *6-7 (N.D. Cal. May 31, 2018). This is precisely what Section 2019.210 forbids, and should be rejected.

## III.    ARGUMENT AND AUTHORITIES

### A.    An order that is contrary to the law should be vacated.

If a magistrate judge's non-dispositive order is clearly erroneous or contrary to law, the Court may modify or set aside that order. *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 U.S. Dist. LEXIS 169026, at *6-7 (N.D. Cal. Nov. 25, 2013). The Court reviews a magistrate judge's factual determinations for clear error and reviews legal conclusions de novo. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

### B.    The determination that Plaintiffs satisfied Section 2019.210 is contrary to law.

In *Imax Corp. v. Cinema Technologies, Inc.*, the Ninth Circuit explained (1) that a catch-all trade secret disclosure is tantamount to a failure to identify a trade secret with sufficient particularity under California law and (2) that, when a plaintiff fails to identify what the defendant allegedly misappropriated or incorporated into defendant's product, the defendant cannot fairly rebut a misappropriation claim. 152 F.3d 1161, 1165-67 (9th Cir. 1998). In that case, Imax listed several components of its projector system, such as "the design of the cam unit, *including every dimension and tolerance that defines or reflects that design*," and "the design of the film arms, *including every dimension and tolerance that defines or reflects that design*." *Id*. at 1166 (emphases in original). The *Imax* court held that such a trade secrets identification did not "clearly refer to tangible trade secret

3

Case No. 3:19-cv-04238-MMC
DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 149)

material." *Id.* at 1167. The court explained that the defendant "*could not be expected to prepare its rebuttal* to Imax's trade secrets claim without some concrete identification of exactly which 'dimensions and tolerances' Imax alleged were incorporated into [defendant's] own projector system." *Id.* (emphasis added).

Similarly, in *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, the plaintiffs' catch-all disclosure failed to "clearly define the boundaries of each alleged trade secret." No. 1:17-cv-00808-DAD-EPG, 2018 U.S. Dist. LEXIS 102529, at *13 (E.D. Cal. June 18, 2018). There, the plaintiffs' "vague description of the components of the compilation could encompass virtually thousands of differing bits of information that Plaintiffs' counsel may later reassemble and identify as they see fit as this case progresses." *Id.* at *13-14. Such a trade secret disclosure was found to be so general that the defendants were left to guess at the specifics of the trade secrets and could not reasonably prepare defenses. *See id.* at *12, 14 (noting that "a defendant cannot be expected to prepare its rebuttal to trade secrets claim[s] without some concrete identification of exactly what was misappropriated or incorporated into the defendant's product") (internal citations omitted); *see also InteliClear, LLC v. ETC Glob. Holdings, Inc.*, No. 2:18-cv-10342-RGK-SK, 2019 U.S. Dist. LEXIS 109827, *9-11 (C.D. Cal. June 28, 2019) (finding insufficient plaintiff's catch-all description of trade secrets that designated an entire software system product, which included elements that plaintiff conceded were not secret); *see also Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-PJH, 2018 U.S. Dist. LEXIS 77735, at *7 (N.D. Cal. May 8, 2018).

Here, Plaintiffs served an improper "catch-all" disclosure, claiming trade secrets in *all* of the source code underlying multiple products—which includes ██████████████████████ (*see supra* n.3)—and in a ████████████████, many of which this Court has already considered when denying the motion for preliminary injunction (*see supra* n.4). In Plaintiffs' own words during the meet-and-confer, Plaintiffs disclosed the entire "universe" of what they contend Mr. Lemarié had access to as a former employee, without identifying what Plaintiffs claim was misappropriated. (Martin Decl. ¶ 5.) Critically, Plaintiffs' expert admits that Plaintiffs' disclosure includes portions of Plaintiffs' code that "██████████████████████████████████ ██████████." (Nielson Dec. ¶¶ 24, 34, ECF No. 144-4.) Indeed, the Order also relies heavily on

4

Plaintiffs' expert, Nielson,[4] and his conclusion that Plaintiffs' disclosure would allow a person of relevant skill to understand what Plaintiffs claim as a trade secret, and to distinguish the claimed trade secrets from information or techniques generally known in the field. (Order at 14.) But the Order fails to recognize that Nielson's conclusion rests on an improper premise—i.e., that Vade should bear the burden of making that identification. (*See* Nielson Decl. ¶¶ 24, 34, ECF No. 144-4.) To require Vade to do so improperly shifts the burden of identifying the alleged trade secrets that form the basis of ***Plaintiffs***' claims to Vade. Because the Order, in effect, relieves Plaintiffs of the burden of identifying the allegedly misappropriated trade secrets, it is contrary to law and should be vacated in-part. *See Imax*, 152 F.3d at 1167; *E. & J. Gallo Winery*, 2018 U.S. Dist. LEXIS 102529, at *12-14; *InteliClear*, 2019 U.S. Dist. LEXIS 109827, at *9-11.

Relying on *Genentech* and *Brescia*, the Magistrate Judge denied the relief requested by Vade, reasoning that Vade had failed to explain *why* the level of specificity manifested by Plaintiffs' disclosure is not reasonable at this stage. (Order at 16.) But Vade expressly explained that Plaintiffs' flawed catch-all trade secrets identification makes it impracticable if not impossible for Vade to prepare a rebuttal to Plaintiffs' claim and creates an environment where Plaintiffs have already and can continue to improperly shift their trade secret definition to match whatever they see in discovery. (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2-3, ECF No. 145.) Simply put, Vade cannot be expected to prepare a rebuttal without a concrete identification of what was allegedly misappropriated—something Plaintiffs should have known before filing suit. *E. & J. Gallo Winery*, 2018 U.S. Dist. LEXIS 102529, at *12; *Imax Corp.*, 152 F.3d at 1167; *InteliClear*, 2019 U.S. Dist. LEXIS 109827, at *9-11; (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 3-4, ECF No. 145).

The opinions relied upon in the Order are thus distinguishable, and Defendants respectfully request that the Order be vacated-in-part, and that this Court order that Plaintiffs are precluded from conducting any discovery—party or third-party—in relation to their claims until they comply with Section 2019.210.

---

[4]As previously noted, Defendants had no opportunity to analyze Nielson's declaration prior to filing the joint brief because Plaintiffs did not provide it in advance of the filing. (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets n.1, ECF No. 145.)

5

1

Dated: May 4, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BAKER & McKENZIE LLP**


By: */s/ Mackenzie Martin*

Colin H. Murray (SBN 159142)
 colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:     +1 415 576 3000
Facsimile:      +1 415 576 3099

Danielle L. Benecke (SBN 314896)
 danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:     +1 650 856 2400
Facsimile:      +1 650 856 9299

Jay F. Utley (Admitted *Pro Hac Vice*)
 jay.utley@bakermckenzie.com
Bart Rankin (Admitted *Pro Hac Vice*)
 bart.rankin@bakermckenzie.com
Mackenzie M. Martin (Admitted *Pro Hac Vice*)
 mackenzie.martin@bakermckenzie.com
John G. Flaim (Admitted *Pro Hac Vice*)
 john.flaim@bakermckenzie.com
Chaoxuan Liu (Admitted *Pro Hac Vice*)
 charles.liu@bakermckenzie.com
Mark Ratway  (Admitted *Pro Hac Vice*)
 mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone:     +1 214 978 3000
Facsimile:      +1 214 978 3099


*Attorneys for Defendants,*
*Vade Secure, Incorporated; Vade Secure*
*SASU; and Olivier Lemarié*