Colin H. Murray (SBN 159142)
 colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone:  +1 415 576 3000
Facsimile:   +1 415 576 3099

Danielle L. Benecke (SBN 314896)
 danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA  94304
Telephone:  +1 650 856 2400
Facsimile:   +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ, <br><br> Defendants. | **Case No. 3:19-cv-04238-MMC** <br><br> **Date Action Filed: July 23, 2019** <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY RELATED DISCOVERY PENDING FINAL DISPOSITION OF DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF <u>MAGISTRATE JUDGE (ECF NO. 149)</u>** <br><br> **Date: June 12, 2020** <br> **Time: 9:00 a.m.** <br> **Courtroom 7, 19th Floor** <br> **Judge: Maxine M. Chesney** <br><br> **San Francisco Courthouse** <br> **450 Golden Gate Avenue** <br> **San Francisco, CA 94102** |

## <u>NOTICE OF MOTION AND MOTION</u>

PLEASE TAKE NOTICE that, on June 12, 2020, at 9:00 am in Courtroom 7 of the above captioned court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants, Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié (collectively, "Defendants" or "Vade"), will and hereby do move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure for an order granting a limited stay of discovery until final disposition of Defendants' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge (ECF No. 149) ("Motion for Relief").

This Motion to Stay is made on the grounds that a stay of discovery related to Defendants' Motion for Relief should be granted until a final disposition of the Motion for Relief, given that the Court's determination of the Motion for Relief will govern whether discovery should proceed.

This Motion to Stay relies upon this Notice of Motion, the attached Memorandum of Points and Authorities, the papers on file with the Court, and any argument of counsel made at any hearing on this Motion to Stay.

Dated: May 4, 2020

**BAKER & McKENZIE LLP**

By:  /s/ *Mackenzie Martin*

Jay F. Utley (Admitted *Pro Hac Vice*)
 jay.utley@bakermckenzie.com
Bart Rankin (Admitted *Pro Hac Vice*)
 bart.rankin@bakermckenzie.com
Mackenzie M. Martin (Admitted *Pro Hac Vice*)
 mackenzie.martin@bakermckenzie.com

*Attorneys for Defendants*
*Vade Secure, Incorporated; Vade Secure*
*SASU; and Olivier Lemarié*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants hereby move the Court for entry of an order staying discovery relating to Plaintiffs' claims, which are each based on a theory of trade secret misappropriation, until the Court has fully adjudicated Defendants' Motion for Relief. Defendants show good cause as follows:

## I.    FACTUAL BACKGROUND

Plaintiffs, Proofpoint, Inc. and Cloudmark LLC ("Plaintiffs"), brought the instant action against Defendants *over nine months ago*, alleging misappropriation of trade secrets and breaches of contract provisions related thereto. And since the outset of this litigation, Defendants have argued that Plaintiffs have failed to identify any trade secret with sufficient particularity. (*E.g.*, Mot. to Partially Dismiss Pls.' Compl. 9-11, ECF No. 29; Defs.' Resp. to Mot. for Prelim. Inj. 14-16, ECF No. 72; Joint Disc. Statement re Defs.' Entitlement to Prot. Order 3-5, ECF No. 128.)

On February 20, 2020, after considering a voluminous record on Plaintiffs' motion for preliminary injunction, this Court determined that "the evidence plaintiffs offer[ed] by way of elaboration [was] not sufficiently specific to make out a prima facie case of trade secret misappropriation" and that the record "[did] not include evidence that sufficiently identifies the claimed trade secrets." (Order Denying Plfs.' Mot. for Prelim. Inj. 4-5, ECF No. 126.) On March 6, 2020, Defendants moved for protection from discovery under California Code of Civil Procedure Section 2019.210 until Plaintiffs identify their allegedly misappropriated trade secrets with reasonable particularity. (*See* Joint Letter Br. of Mar. 6, 2020, ECF No. 128.) Defendants' motion was set for hearing on March 20, 2020, and, around midnight on the eve of the hearing, Plaintiffs served a purported trade secrets disclosure. (*See* Mar. 20, 2020 H'rg Tr. 17:9-15.) As a result, during the hearing, the Magistrate Judge ordered the parties to file a supplemental brief to address what issues remained for determination in connection with the motion for protection. (ECF No. 140.) Again, on the eve of the deadline to file the supplemental brief, Plaintiffs served an amended trade secrets disclosure. (*See* Pls.' Am. Objs. and Resps. to Defs.' 1st Set of Interrogs., ECF No. 144-3 (hereinafter "Pls.' TSID").) The parties filed a joint supplemental brief on March 30, 2020. (*See* Joint Disc. Statement re Pls.' Disclosure of Trade Secrets, ECF No. 145.)

1

On April 20, 2020, the Magistrate Judge issued a discovery order ("Order") that denied Defendant's motion for protective order, stating that Plaintiffs had identified their allegedly misappropriated trade secrets with reasonable particularity. (Order 13-16, ECF No. 149.) On May 4, 2020, Defendants timely filed their Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion for Relief"), seeking relief from the Order under Federal Rule 72(a) and Civil Local Rule 72-2, and the Motion for Relief explains why the Order was contrary to law. (Defs' Mot. for Relief 3-5, ECF No. 152.) Thus, Defendants now request that discovery relating to Plaintiffs' claims, each of which is based on a theory of trade secret misappropriation, be temporarily stayed until final disposition of Defendants' Motion for Relief.

## II.  ARGUMENT AND AUTHORITIES

A short, temporary stay should be granted because Defendants are likely to succeed on their Motion for Relief, the balance of hardships weighs in Defendants' favor, and public interest favors granting the stay. Courts have recognized that there is not a clear standard or test that governs a motion to stay discovery while a motion for relief from a magistrate judge's ruling is pending. *In re 28 U.S.C. § 1782 Nikon Corp. v. GlobalFoundries U.S. Inc.*, No. 17-mc-8007-BLF, 2017 U.S. Dist. LEXIS 155692, at *6-7 (N.D. Cal. Sep. 22, 2017). Some courts have considered the following factors when making that determination: (1) the likelihood of success of the pending motion for relief; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *See id*. Similarly, when the Ninth Circuit is determining whether to stay a judgment pending appeal, it considers "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury." *Id.* "At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

Other courts, however, have held that a motion to stay in this posture is tantamount to a motion for protective order or limiting discovery and that such a movant is entitled to a protective order upon a showing of good cause to avoid annoyance, embarrassment, oppression, or undue

burden or expense. *In re Nikon*, 2017 U.S. Dist. LEXIS 155692, at *6-7. For example, in *In re Nikon*, GlobalFoundries sought a stay of the magistrate judge's order requiring GlobalFoundries to produce a large amount of documents. *Id.* The district court exercised its wide discretion and held that good cause existed to stay the order that would otherwise require GlobalFoundries to incur the expense of collecting and producing documents while the Court considered the challenge to that order. *Id.*

Further, this Court has granted motions to stay in the exact same context as here, i.e., pending resolution of a motion for relief filed under Federal Rule 72 and Civil Local Rule 72-2. *See, e.g.*, *Perez v. Wells Fargo Bank, N.A.*, No. 17-cv-00454-MMC, 2018 U.S. Dist. LEXIS 27871, at *4 (N.D. Cal. Jan. 30, 2018) (Chesney, J.) ("Lastly, defendant's Motion to Stay, by which defendant seeks an order staying the above-referenced discovery pending resolution of the Motion for Relief, is hereby GRANTED.").

Here, because Defendants meet the requirements of any applicable standard, the instant motion to stay should be granted.

### 1. Defendants are likely to succeed on their Motion for Relief.

Under Federal Rule 72(a) and Civil Local Rule 72-2, if a magistrate judge's nondispositive order is clearly erroneous or contrary to law, the court may modify or set aside that order. *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 U.S. Dist. LEXIS 169026, at *6-7 (N.D. Cal. Nov. 25, 2013); *Viasat, Inc. v. Space Sys./Loral, Inc.*, No. 3:12-cv-00260-H, 2014 U.S. Dist. LEXIS 30795, at *17-18 (S.D. Cal. Jan. 31, 2014). The court reviews a magistrate judge's factual determinations for clear error and reviews legal conclusions de novo to determine whether they are contrary to law. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

Here, Defendants have demonstrated in their Motion for Relief that the Order's determination—that Plaintiffs' catch-all disclosure is sufficient under Section 2019.210—is contrary to law. In *Imax Corp. v. Cinema Technologies, Inc.*, the Ninth Circuit explained (1) that a catch-all trade secret disclosure is tantamount to a failure to identify a trade secret with sufficient particularity under California law and (2) that when a plaintiff fails to identify what the defendant allegedly misappropriated or incorporated into defendant's product, the defendant cannot fairly rebut a misappropriation claim. 152 F.3d 1161, 1165-67 (9th Cir. 1998). In the purported trade secret

3

disclosure there, Imax had listed several components of its projector system, such as "the design of the cam unit, *including every dimension and tolerance that defines or reflects that design*," and "the design of the film arms, *including every dimension and tolerance that defines or reflects that design*." *Id.* at 1166 (emphases in original). The *Imax* court held that such a trade secrets identification did not "clearly refer to tangible trade secret material." *Id.* at 1167. The court explained that the defendant "*could not be expected to prepare its rebuttal* to Imax's trade secrets claim without some concrete identification of exactly which 'dimensions and tolerances' Imax alleged were incorporated into [defendant's] own projector system." *Id.* (emphasis added).

Similarly, in *E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, the plaintiffs' catch-all disclosure failed to "clearly define the boundaries of each alleged trade secret." No. 1:17-cv-00808-DAD-EPG, 2018 U.S. Dist. LEXIS 102529, at *13 (E.D. Cal. June 18, 2018). There, the plaintiffs' "vague description of the components of the compilation could encompass virtually thousands of differing bits of information that Plaintiffs' counsel may later reassemble and identify as they see fit as this case progresses." *Id.* at *13-14. Such a trade secret disclosure was found to be so general that the defendants were left to guess at the specifics of the trade secrets and could not reasonably prepare defenses. *See id.* at *12, *14 (noting that "a defendant cannot be expected to prepare its rebuttal to trade secrets claim[s] without some concrete identification of exactly what was misappropriated or incorporated into the defendant's product") (internal citations omitted); *see also InteliClear, LLC v. ETC Global Holdings, Inc.*, No. 2:18-cv-10342-RGK-SK, 2019 U.S. Dist. LEXIS 109827, *9-11 (C.D. Cal. June 28, 2019) (finding insufficient plaintiff's catch-all description of trade secrets that designated an entire software system product, which included elements that plaintiff conceded were not secret); *see also Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-PJH, 2018 U.S. Dist. LEXIS 77735, at *7 (N.D. Cal. May 8, 2018).

Here, Plaintiffs served an improper "catch-all" disclosure, generically claiming as trade secret *all* of the source code underlying multiple products—which includes ████████████████ ████████[1]—and a ████████████████, many of which this Court already considered when

---

[1]Plaintiffs' expert, Nielson, credits Plaintiffs for identifying, in one portion of Plaintiff's TSID, ████████████████████████████████████████

denying the motion for preliminary injunction.[2] In Plaintiffs' own words during the meet-and-confer, Plaintiffs disclosed the entire "universe" of what they contend Mr. Lemarié had access to as a former employee, without identifying what Plaintiffs claim was misappropriated. (Decl. of M. Martin in Support of Motion for Relief ("Martin Decl.") ¶ 5, ECF No. 152-1; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) Plaintiffs also admitted that they do not know any particular purported trade secret that has allegedly been misappropriated by Vade. (Martin Decl. ¶ 4, ECF No. 152-1; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) And critically, Plaintiffs' expert admits that Plaintiffs' disclosure includes portions of Plaintiffs' code that "████████████████████████████████████████████████████████████████." (Decl. of S. Nielson in Support of Joint Disc. Statement re Pls.' Disclosure of Trade Secrets ("Nielson Decl.") ¶¶ 24, 34, ECF No. 144-4.)

Notwithstanding these clear deficiencies, the Magistrate Judge's Order relies heavily on Plaintiffs' expert, Nielson,[3] and his conclusion that Plaintiffs' disclosure would allow a person of relevant skill to understand what Plaintiffs claim as a trade secret, and to distinguish the claimed trade secrets from information or techniques generally known in the field. (Order at 14.) But the Order fails to recognize that Nielson's conclusion rests on improper premises—i.e., that Vade should bear the burden of identifying the portions of Plaintiffs' code that "██████████████████████████ ██████████████████████" and distinguish them from the portions that are potentially trade secrets,

---

[2] ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████. (TSID 6-10, ECF No. 144-3.)

[2] (Pls.' TSID 12-13, 27-28, 31-32, 35-36, 39-40, 45-46, 49-50, 54-55, 57-58, 63-64, 70-72, ECF No. 144-3 (listing documents such as "█████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████," documents that are the same or substantially the same as exhibits found at ECF Nos. 30-9, 30-19, 30-23, 30-24, 30-27, 30-30, 30-31, 30-34, 30-35, 30-42, 30-45, 82-3, 82-4, 82-5, 82-9, 82-18).) These duplicative documents account for 27 of the 36 documents produced with Plaintiffs' TSID.

[3] As Defendants noted in the underlying briefing (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets n.1, ECF No. 145), Defendants had no opportunity to analyze Nielson's expert opinion prior to the filing of the joint brief because Plaintiffs did not provide Defendants with that information in advance of the filing.

5

and that Vade could use former Cloudmark employees to help with this process.[4] (Nielson Decl. ¶¶ 24, 34, ECF No. 144-4.) Doing so would improperly shift the burden of identifying the alleged trade secrets to Vade and would violate the Court's Protective Order. Any one of these issues would be sufficient to render Plaintiffs' disclosure insufficient under California law, and so the Order is contrary to law. *Imax*, 152 F.3d at 1167; *E. & J. Gallo Winery*, 2018 U.S. Dist. LEXIS 102529, at *12-14; *InteliClear*, 2019 U.S. Dist. LEXIS 109827, at *9-11.

Relying on *Genentech* and *Brescia*, the Magistrate Judge denied the relief requested by Vade, reasoning that Vade had failed to explain *why* the level of specificity manifested by Plaintiffs' disclosure is not reasonable at this stage. (Order at 16 (first citing *Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 U.S. Dist. LEXIS 36140, at *47-48 (N.D. Cal. Mar. 5, 2019), then citing *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143 (2009).)  But Vade expressly explained that Plaintiffs' flawed catch-all trade secrets identification makes it impracticable if not impossible for Vade to prepare a rebuttal to Plaintiffs' claim and creates an environment where Plaintiffs have already improperly shifted—and can continue to improperly shift—their trade secret definition to match whatever they see in discovery. (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2-3, ECF No. 145.) Simply put, Vade cannot prepare a rebuttal without a concrete identification of what was allegedly misappropriated—something Plaintiffs should have known before filing suit but have yet to disclose. *E. & J. Gallo Winery*, 2018 U.S. Dist. LEXIS 102529, at *12; *Imax Corp.*, 152 F.3d at 1167; *InteliClear*, 2019 U.S. Dist. LEXIS 109827, at *9-11; (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 3-4, ECF No. 145).

Further, the Order's reliance on *Genentech* and *Brescia* is misplaced in view of the undisputed facts in this case. In each of those cases, the plaintiffs had at least attempted to identify what they believed to be the misappropriated trade secrets, although the defendants took issue with the degree of specificity of the same. *Brescia*, 172 Cal. App. 4th at 151; *Genentech*, 2019 U.S. Dist.

---

[4] Plaintiffs have even taken the position that, because "█████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████," despite the Court's Protective Order that restricts source code review to outside counsel and experts. (Nielson Decl. ¶ 34, ECF No. 144-4; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 6, ECF No. 145; Protective Order § 7.3, ECF No. 117.)

LEXIS 36140, at *46, *48-49. Neither of those cases involved a plaintiff's admitted failure to identify even the metes and bounds of what it believed to be the misappropriated trade secrets. Unlike the *Genentech* and *Brescia* cases, Plaintiffs (through their expert) have conceded that their purported trade secret identification includes source code that is *not* proprietary, and would apparently require an expert using source code analyzer tools (or Vade employees, who are not permitted under the Protective Order to view Plaintiffs' code) to identify what portions constitute trade secrets and what portions constitute open source or standards-based code. (Nielson Decl. ¶¶ 24, 34, ECF No. 144-4.) As mentioned above and in the underlying briefing, Vade cannot prepare a rebuttal without identification of what was allegedly misappropriated. *E. & J. Gallo Winery*, 2018 U.S. Dist. LEXIS 102529, at *12; *Imax Corp.*, 152 F.3d at 1167; *InteliClear*, 2019 U.S. Dist. LEXIS 109827, at *9-11; (Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 3-4, ECF No. 145).

As set forth above and in the Motion for Relief, Defendants are likely to succeed on their request to have the Order vacated-in-part, and thus a stay is appropriate. *See Perez*, 2018 U.S. Dist. LEXIS 27871, at *4; *In re Nikon Corp.*, 2017 U.S. Dist. LEXIS 155692, at *6-7.

**2.      Because Defendants will suffer undue burden and irreparable harm if a stay is not granted, while Plaintiffs will not be harmed by the temporary stay, the balance of hardships weighs in Defendants' favor.**

The Section 2019.210 requirement serves four policy objectives: "(1) it promotes investigation of claims prior to suit and discourages the filing of meritless trade secret complaints; (2) it prevents plaintiff from using the discovery process as a means to obtain the defendant's trade secrets; (3) it frames the appropriate scope of discovery; and (4) it enables the defendant to form complete and well-reasoned defenses." *Neothermia Corp. v. Rubicor Med. Inc.*, 345 F. Supp. 2d 1042, 1044 (2004). Defendants have suffered and will continue to suffer harm from Plaintiffs' attempt to use discovery as a fishing expedition in an effort to cobble together a basis for their improper claims of trade secret misappropriation.

As discussed above, Plaintiffs disclosed the entire "universe" of what they contend Mr. Lemarié had access to as a former employee, without identifying what Plaintiffs claim was misappropriated. (Martin Decl. ¶ 5, ECF No. 152-1; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) Indeed, Plaintiffs have admitted that they do not know any

7

particular purported trade secret that has allegedly been misappropriated by Vade. (Martin Decl. ¶ 4, ECF No. 152-1; Joint Disc. Statement re Pls.' Disclosure of Trade Secrets 2, 7, ECF No. 145.) Plaintiffs' trade secret theories have already shifted multiple times in this case. (*Compare* Pls.' TSID 11, 14-15, 29, 30-31, 34-35, 42, 45, 47, 49 (claiming for the first time that all ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓), ECF No. 144-3, *with* Compl. ¶ 32, ECF No. 1 *and* Pls.' Reply re Mot. for Prelim. Inj. 3 n.6, ECF No. 81-3 (alleging these features only in the Trident context); *see also* Defs.' Sur-Reply re Mot. for Prelim. Inj. 1, 3-4, ECF No. 99-4 (showing Plaintiffs' shifting trade secret theories during the preliminary injunction briefing).) And, critically, Plaintiffs' expert admits that Plaintiffs' disclosure includes portions of Plaintiffs' code that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." (Nielson Decl. ¶¶ 24, 34, ECF No. 144-4.) In brief, Plaintiffs seek to require Defendants to bear the burden of identifying Plaintiffs' trade secrets while handing over their own confidential technical information and source code, allowing Plaintiffs to use the discovery process as a means to obtain Defendants' trade secrets and shift their theories and claims to correspond to whatever they find in discovery. Doing so is improper and would irreparably harm Vade. *Neothermia Corp.*, 345 F. Supp. at 1044; *Jobscience, Inc. v. CVPartners, Inc.*, No. C 13-04519, 2014 U.S. Dist. LEXIS 26371, at *14-15 (N.D. Cal. Feb. 28, 2014); *Swarmify Inc. v. Cloudflare Inc.*, 2018 U.S. Dist. LEXIS 91333, at *6-7 (N.D. Cal. May 31, 2018).

On the other hand, a short, temporary stay while the Court considers Defendants' Motion for Relief would not result in any harm to Plaintiffs. Under Civil Local Rule 72-2, the Court would notify Plaintiffs within 14 days of the filing of Motion for Relief to file Plaintiffs' response, and thereafter the Court can rule on the Motion for Relief immediately, since no hearing would be held concerning the motion unless otherwise ordered by the Court. Further, Plaintiffs are the ones who delayed years before bringing this suit. (Defs.' Resp. to Mot. for Prelim. Inj. 7-9, ECF No. 72.) Plaintiffs are the ones who have failed to sufficiently identify their own trade secrets, even after years of so-called "investigation" of their claims and even after more than nine months into their suit. (Pls.' Compl., ECF No. 1; Pls.' Reply re Mot. for Prelim. Inj. 12-13, ECF No. 82; Order Denying Plfs.' Mot. for Prelim. Inj. 4-5, ECF No. 126; Pls.' TSID, ECF No. 144-3.) And Plaintiffs' failures have persisted,

8

despite Defendants' repeated arguments (and the Court's holding) that Plaintiffs have not identified any trade secret with sufficient particularity. (*E.g.*, Mot. to Partially Dismiss Pls.' Compl. 9-11, ECF No. 29; Defs.' Resp. to Mot. for Prelim. Inj. 14-16, ECF No. 72; Joint Disc. Statement re Defs.' Entitlement to Prot. Order 3-5, ECF No. 128.) Therefore, Plaintiffs cannot credibly argue that they would suffer any undue prejudice and harm from a short, temporary stay while the Court considers Defendants' Motion for Relief. Further, this action is still in its early stages and fact discovery is not set to close until December 2020. (Pretrial Preparation Order at 1, ECF No. 63.) Accordingly, staying discovery as requested would not unduly prejudice Plaintiffs' ability to prepare their case under the current schedule.

Thus, while Defendants will suffer irreparable and undue harm absent a stay, Plaintiffs will suffer little, if any, harm, and so the balance of hardships associated with granting this motion to stay tips decidedly in Defendants' favor.

### 3. Public interest favors granting a short, temporary stay.

The public has an interest in enforcing Section 2019.210 so as to protect defendants from unjustified allegations of trade secret misappropriation by plaintiffs. *See Prado v. Equifax Info. Servs. LLC*, 331 F.R.D. 134, 139 (N.D. Cal. 2019) (denying discovery requests because the "defendant's proposed discovery constitutes a substantial burden, both on the plaintiffs themselves and on the public interest in enforcing the statute") (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065-66 (9th Cir. 2004) (quotation marks omitted)). On the other hand, the stay sought by Defendants here is short and temporary because, under Civil Local Rule 72-2, the Court would notify Plaintiffs within 14 days of the Motion for Relief to file their response, and thereafter the Court can rule on the Motion for Relief immediately. Plaintiffs cannot credibly argue that any delay in discovery will be indefinitely long, especially because the delay is largely caused by Plaintiffs' own delay in bringing the suit and in identifying their allegedly misappropriated trade secrets with reasonable particularity. Therefore, this factor favors granting the stay.

## III. CONCLUSION

The Magistrate Judge's April 20, 2020 Order (ECF No. 149) requires Defendants to proceed with discovery before Plaintiffs have identified their allegedly misappropriated trade secrets with

9

1   reasonable particularity. For the reasons set forth above and in the Motion for Relief, the Order was

2   contrary to law and should be vacated in-part. To prevent the irreparable harm and undue burden that

3   Defendants would incur while the Motion for Relief is being considered and decided, Defendants

4   respectfully request, for good cause shown herein, that this Motion to Stay be granted. *See Perez*,

5   2018 U.S. Dist. LEXIS 27871, at *4; *In re Nikon Corp.*, 2017 U.S. Dist. LEXIS 155692, at *6-7.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: May 4, 2020                          **BAKER & McKENZIE LLP**

2

3                                                By:  /s/ *Mackenzie Martin*

4                                                Colin H. Murray (SBN 159142)
                                                  colin.murray@bakermckenzie.com
5                                                **BAKER & McKENZIE LLP**
                                                Two Embarcadero Center, 11th Floor
6                                                San Francisco, CA  94111-3802
                                                Telephone:     +1 415 576 3000
7                                                Facsimile:      +1 415 576 3099

8                                                Danielle L. Benecke (SBN 314896)
                                                  danielle.benecke@bakermckenzie.com
9                                                **BAKER & McKENZIE LLP**
                                                600 Hansen Way
10                                               Palo Alto, CA  94304
                                                Telephone:     +1 650 856 2400
11                                               Facsimile:      +1 650 856 9299

12                                               Jay F. Utley (Admitted *Pro Hac Vice*)
                                                  jay.utley@bakermckenzie.com
13                                               Bart Rankin (Admitted *Pro Hac Vice*)
                                                  bart.rankin@bakermckenzie.com
14                                               Mackenzie M. Martin (Admitted *Pro Hac Vice*)
                                                  mackenzie.martin@bakermckenzie.com
15                                               John G. Flaim (Admitted *Pro Hac Vice*)
                                                  john.flaim@bakermckenzie.com
16                                               Chaoxuan Liu (Admitted *Pro Hac Vice*)
                                                  charles.liu@bakermckenzie.com
17                                               Mark Ratway  (Admitted *Pro Hac Vice*)
                                                  mark.ratway@bakermckenzie.com
18                                               **BAKER & McKENZIE LLP**
                                                1900 North Pearl Street, Suite 1500
19                                               Dallas, Texas 75201
                                                Telephone:     +1 214 978 3000
20                                               Facsimile:      +1 214 978 3099

21                                               *Attorneys for Defendants*

22                                               *Vade Secure, Incorporated; Vade Secure*
                                                *SASU; and Olivier Lemarié*
23

24

25

26

27

28