Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' MOTION TO CHANGE TIME PURSUANT TO CIVIL L.R. 6-3**<br><br>Court: Courtroom 7 – 19th Floor<br>Judge: Hon. Maxine M. Chesney |

Pursuant to Civil L.R. 6-3, Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark LLC ("Cloudmark") (collectively, "Plaintiffs") hereby request that the Pretrial Preparation Order (Dkt. 63) be modified to extend the Deadline to Amend Pleadings therein from May 28, 2020 to August 14, 2020. At the time the Court set this deadline, it was contemplated that discovery would proceed in this action forthwith, and that, by May 28, 2020, the parties would have conducted sufficient discovery to file any necessary amendments to their pleadings. Unfortunately, that has not been the case. Rather, Defendants Vade Secure, Incorporated, Vase Secure SASU, and Olivier Lemarié (collectively, "Defendants") raised unsuccessful objections to discovery *ad seriatim*, significantly delaying discovery in this case. Indeed, Defendants produced their first document just this past Friday, May 22, 2020—nearly 7 months into discovery. Given the lack of discovery to date, Plaintiffs respectfully request that the deadline to amend pleadings be extended until at least August 14, 2020. The extension is necessary to provide Plaintiffs time—albeit less time than originally contemplated when the deadline was set to May 28—to assess Defendants' recent and forthcoming discovery and to identify necessary amendments to the pleadings. Despite Plaintiffs' efforts, Defendants have refused to stipulate to the requested extension of time.

I.  **DEFENDANTS' FAILURE TO ENGAGE IN DISCOVERY FOR THE PAST 7 MONTHS**

The extension of time is being sought to address the lack of any meaningful discovery from Defendants since the outset of this case. Plaintiffs served their first set of discovery requests in this action on October 10, 2019. (Dkts. 91-1, 91-2, 91-3.) Shortly thereafter, this Court held a case management conference (Dkt. 62) and issued a Pretrial Preparation Order (Dkt. 63) setting, *inter alia*, the deadline to amend pleadings to May 28, 2020—roughly 7 months after the opening of discovery. Since that time, Defendants have repeatedly resisted discovery in this case, raising objections *ad seriatim*, and forcing extensive motion practice. (*See, e.g.*, Dkt. 78 (Plaintiffs' motion to compel); Dkt. 91 (joint discovery letter brief regarding Plaintiffs' motion to compel); Dkt. 112 (order granting motion to compel); Dkts. 121-123 (Defendants' motions for reconsideration and relief from order, and motion to stay discovery); Dkt 145 (joint discovery letter brief regarding Defendants' motion for protective order from discovery); Dkt. 149 (order denying Defendants'

motions for reconsideration and protective order); Dkts. 152, 154 (Defendants' motion for relief from order and motion to stay discovery).)  On May 12, 2020, this Court issued an Order finally disposing of Defendants' latest objections to discovery.

Throughout this time, Defendants refused to provide any discovery.  Indeed, Defendants did not produce a single document in this case until just this past Friday, May 22, 2020.  Even now, based on Plaintiffs' preliminary review, Defendants' document production is woefully deficient. For example, Defendant Lemarié still has not produced a single document, and Vade's production only includes 49 documents identifying Mr. Lemarié as a custodian.

## II. PLAINTIFFS' EFFORTS TO OBTAIN A STIPULATION FOR THE EXTENSION OF TIME

Despite the expectation that the parties would have engaged in significant discovery by the deadline to amend pleadings, that deadline is now impending, with discovery still in its infancy. Accordingly, on May 6, 2020, Plaintiffs asked Defendants to stipulate to extending the deadline to amend pleadings and, on May 8, explained that the rationale for doing so was to provide the parties time to engage in discovery.  (Ex. A; Ex. B.)

On May 12, Defendants' counsel declined to stipulate, but on May 13, indicated they were reconsidering Plaintiffs' request.  (Ex. C; Ex. D.)

On May 18, Plaintiffs again asked for Defendants' position.  (Ex. E.)  On May 21, Defendants finally informed Plaintiffs that they object to any proposal to extend the deadline to amend pleadings.  (Ex. F.)

## III. THERE IS GOOD CAUSE FOR THE REQUESTED EXTENSION

Good cause exists to extend the deadline to amend pleadings.  The original deadline was set under the assumption that parties would have conducted more than 6 months of discovery.  Yet, due to Defendants' delays, Plaintiffs have only within the past week received documents in this case, and, even so, Defendants' document production remains deficient.  In order to investigate the facts regarding Defendants' conduct, the extent of Plaintiffs' injuries, and any additional claims and remedies corresponding thereto, Plaintiffs need time to receive and review discovery from

Defendants. Plaintiffs, therefore, request a short, 2.5 month extension of the deadline to amend pleadings to August 14, 2020.

Without the extension, Plaintiffs would be prejudiced, since they would be required to seek leave of court for each and every amendment to the pleadings that may arise through Plaintiffs' investigation and review of discovery in this case. As mentioned, the original deadline to amend pleadings was set for May 28 with the expectation that the parties would be able to engage in significant discovery, and that obvious amendments to the pleadings could therefore be made without wasting the parties' and the Court's resources engaging in motion practice.

Moreover, there have been no previous time modifications to the Pretrial Preparation Order in this case, nor would the requested extension have any effect on the remaining schedule for the case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant the motion to extend the deadline to amend pleadings.

DATED: May 26, 2020                    Respectfully Submitted,


By /s/ *Sean S. Pak*
Sean S. Pak
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*