1  Colin H. Murray (SBN 159142)
   colin.murray@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
   Two Embarcadero Center, 11th Floor
3  San Francisco, CA  94111-3802
   Telephone:  +1 415 576 3000
4  Facsimile:  +1 415 576 3099

5  Danielle L. Benecke (SBN 314896)
   danielle.benecke@bakermckenzie.com
6  **BAKER & McKENZIE LLP**
   600 Hansen Way
7  Palo Alto, CA  94304
   Telephone:  +1 650 856 2400
8  Facsimile:  +1 650 856 9299

9  Attorneys for Defendants
   VADE SECURE, INCORPORATED;
10 VADE SECURE SASU;
   OLIVIER LEMARIÉ
11 [Additional counsel listed on signature page]

12                              UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

14 | | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC, | **Case No. 3:19-cv-04238-MMC-RMI** |
| Plaintiffs, | **Date Action Filed: July 23, 2019** |
| v. | **DEFENDANTS' WRITTEN REQUEST FOR AN ALTERNATIVE PROCEDURE TO SATISFY THE COURT'S MEET-AND-CONFER REQUIREMENT REGARDING DEFENDANTS' MOTION TO QUASH** |
| VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ, | |
| Defendants. | |

Pursuant to paragraph 13(b) of Magistrate Judge Illman's standing order, Defendants respectfully request that the Court fashion a one-time alternative procedure to satisfy the Court's meet-and-confer requirement relating to discovery disputes. Specifically, Defendants seek leave to file a motion to quash six nonparty subpoenas served by Plaintiffs without an in-person meet-and-confer and without lead counsel participating in the meet-and-confer. Good cause exists because of the COVID-19 pandemic and related restrictions on travel, the imminent production of documents by the nonparties absent the immediate filing of a motion to quash the subpoenas, and the recent change in Defendants' lead counsel designation. Counsel for Defendants made extensive efforts to—and did—confer in good faith with counsel for Plaintiffs by telephone and in writing to attempt to resolve the dispute addressed by Defendants' motion to quash, but agreement could not be reached.

Plaintiffs served six subpoenas to nonparties (Evernote Corporation, Amazon Web Services, Inc., Docker, Inc., Github, Inc., Datto, Inc., and General Catalyst Group Management, LLC) on February 18-20, 2020. Defendants served written correspondence on Plaintiffs articulating objections on March 3, 2020, and made several efforts to confer with Plaintiffs in early March regarding the subpoenas. (Declaration of Mackenzie Martin ¶ 3 & Attachment 1, attached hereto (hereinafter "Martin Decl.").) On March 10, 2020, Plaintiffs and Defendants agreed to jointly advise the nonparties on that same day that the deadlines to comply with the subpoenas were suspended until the Court resolved Defendants' Motion for Reconsideration, which addressed whether Plaintiffs' identification of an alleged trade secret was sufficient for discovery to proceed in the case. (*Id.* ¶¶ 4-5.) As a result, Defendants did not need to take any action to quash the subpoenas at that time. After this Court's Order denying Defendants' Motion for Reconsideration (Dkt. No. 149, Apr. 20, 2020), Plaintiffs would not continue to hold the subpoenas in abeyance even though Defendants confirmed that they would file, and then did file, objections under Federal Rule of Civil Procedure 72 (Dkt. No. 152, May 4, 2020). (Martin Decl. ¶ 6.) Counsel for the parties conferred by telephone for approximately one hour on April 28, 2020, discussing Defendants' motion to quash. (*Id.* ¶ 7.) The parties further corresponded regarding the motion to quash, and the issues raised in it, on April 29 and 30 and May 1, 5, 7, 8, 12, 18, 19, 20, and 21. (*Id.*) On the April 28, 2020 teleconference and referenced correspondence, Defendants repeatedly made Plaintiffs aware of their intent to file a

motion to quash and their arguments in support of the same if the document and deposition topics were not narrowed to address Defendants' stated objections. (*Id.*)

Good cause exists here for the alternative procedure of not requiring an in-person meet-and-confer in light of the COVID-19 pandemic. Indeed, the parties confirmed with the Court's Courtroom Deputy, Ms. Knudson, that they are relieved of the in-person meeting requirement at this time. (Email from G. Knudson to I. Lordgooei and M. Martin, May 19, 2020 (not attached).)

Defendants remain mindful of the Court's requirement that lead counsel participate in meet-and-confers. Good cause exists in this instance for the alternative procedure of not requiring lead counsel to participate in the meet-and-confer regarding Defendants' motion to quash. First, Defendants understand that certain of the nonparties will produce documents in response to Plaintiffs' subpoena imminently absent the filing of Defendants' motion to quash. (Martin Decl. ¶ 10.) As discussed in Defendants' motion to quash, the documents and testimony requested from the nonparties implicate the privacy rights of Defendants' employees, violate federal privacy laws, and seek Defendants' attorney-client and work-product privileged documents, and, thus, production of the information and documents, as requested, would be highly prejudicial to Defendants. Therefore, the immediate filing of Defendants' motion to quash is necessary. In addition, Defendants just recently changed their designation of lead counsel. (Dkt. No. 161, May 19, 2020.) Defendants made this change specifically to reduce scheduling conflicts and also to comply with the Court's Standing Order regarding lead counsel participating in meet-and-confers, but, by the time of the change of designation to Jay Utley, the nonparty's document productions were already imminent.

Moreover, Defendants twice invited Plaintiffs' lead counsel to confer with Defendants' lead counsel prior to the filing of motion to quash:

- <u>May 20 at 2:17 p.m. PT</u>: "[W]e intend to proceed with moving to quash the subpoenas. I've attached a shell for Plaintiffs to insert their portion of the discovery letter. . . . To the extent Sean would like to discuss these third party subpoenas directly with Jay, we are available tomorrow morning for a call. We intend to file by noon CT tomorrow, so please provide your insert by that time."

- <u>May 21 at 7:33 a.m. PT</u>: "Following up on the below email, please advise whether Plaintiffs

intend to provide their brief insert on the motion to quash today.  Also, let us know if Sean would like to discuss this directly with Jay this morning."

(Martin Decl. ¶ 8.)  Plaintiffs responded by stating that they "agree" that such a call "is not necessary."  (*Id*. ¶ 9.)

For the foregoing reasons, Defendants move the Court for leave to permit the alternative meet-and-confer procedure requested herein.

| | |
|---|---|
| Dated: May 26, 2020 | **BAKER & McKENZIE LLP** |
| | By: /s/ *Mackenzie Martin* |
| | Colin H. Murray (SBN 159142) |
| | colin.murray@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | Two Embarcadero Center, 11th Floor |
| | San Francisco, CA  94111-3802 |
| | Telephone:     +1 415 576 3000 |
| | Facsimile:      +1 415 576 3099 |
| | |
| | Danielle L. Benecke (SBN 314896) |
| | danielle.benecke@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | 600 Hansen Way |
| | Palo Alto, CA  94304 |
| | Telephone:     +1 650 856 2400 |
| | Facsimile:      +1 650 856 9299 |
| | |
| | Jay F. Utley (Admitted *Pro Hac Vice*) |
| | jay.utley@bakermckenzie.com |
| | Bart Rankin (Admitted *Pro Hac Vice*) |
| | bart.rankin@bakermckenzie.com |
| | Mackenzie M. Martin (Admitted *Pro Hac Vice*) |
| | mackenzie.martin@bakermckenzie.com |
| | John G. Flaim (Admitted *Pro Hac Vice*) |
| | john.flaim@bakermckenzie.com |
| | Chaoxuan Liu (Admitted *Pro Hac Vice*) |
| | charles.liu@bakermckenzie.com |
| | Mark Ratway  (Admitted *Pro Hac Vice*) |
| | mark.ratway@bakermckenzie.com |
| | **BAKER & McKENZIE LLP** |
| | 1900 North Pearl Street, Suite 1500 |
| | Dallas, Texas 75201 |
| | Telephone:     +1 214 978 3000 |
| | Facsimile:      +1 214 978 3099 |
| | |
| | *Attorneys for Defendants* |
| | *Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié* |