**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
  Sean S. Pak (SBN 219032)
  seanpak@quinnemanuel.com
  Iman Lordgooei (SBN 251320)
  imanlordgooei@quinnemanuel.com
  50 California Street, 22nd Floor
  San Francisco, CA 94111
  Telephone: (415) 875-6600
  Facsimile: (415) 875-6700

**JWC LEGAL**
  Jodie W. Cheng (SBN 292330)
  jwcheng@jwc-legal.com
  One Market Street
  Spear Tower, 36th Floor
  San Francisco, CA 94105
  Telephone: (415) 293-8308

*Attorneys for Plaintiffs*
*Proofpoint, Inc. and Cloudmark LLC*

Colin H. Murray (SBN 159142)
  colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Jay F. Utley (*Pro Hac Vice*)
  jay.utley@bakermckenzie.com
Bart Rankin (*Pro Hac Vice*)
  bart.rankin@bakermckenzie.com
Mackenzie M. Martin (*Pro Hac Vice*)
  mackenzie.martin@bakermckenzie.com
John G. Flaim (*Pro Hac Vice*)
  john.flaim@bakermckenzie.com
Chaoxuan Liu (*Pro Hac Vice*)
  charles.liu@bakermckenzie.com
Mark Ratway (*Pro Hac Vice*)
  mark.ratway@bakermckenzie.com
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

*Attorneys for Defendants*
*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>          Plaintiffs,<br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>          Defendants. | **Case No. 3:19-cv-04238-MMC-RMI**<br><br>**Date Action Filed: July 23, 2019**<br><br>**JOINT STATEMENT RE: PROPOSED ORDER PURSUANT TO ECF NO. 175** |

Honorable Judge Illman:

      Defendants Vade Secure, Incorporated and Vade Secure SASU (collectively "Vade") and Olivier Lemarié (collectively with Vade, "Defendants") and Plaintiffs, Proofpoint, Inc. and Cloudmark LLC's ("Plaintiffs") file this short joint statement in connection with Defendants' motion to quash six nonparty subpoenas served by Plaintiffs.  (*See* Jt. Disc. Statement, ECF No. 167.)  The Parties were unable to reach agreement on a Proposed Order and attach their respective Proposed Orders.  Defendants' Proposed Order is attached as Exhibit 1 and Plaintiffs' Proposed Order is attached as Exhibit 2.  The transcript of the June 5, 2020 hearing is attached as Exhibit 3.  The Parties also set forth below a brief description of the remaining unresolved issues in separate statements below.

1

Case No. 3:19-cv-04238-MMC-RMI
JOINT STATEMENT RE: PROPOSED ORDER PURSUANT TO ECF NO. 175

**Defendants' Statement – Proposed Order Attached as Exhibit 1**

Defendants moved to quash the subpoenas based on objections that they, *inter alia*, violate federal privacy laws such as the Stored Communications Act ("SCA"), demand Defendants' privileged information, and are overbroad. (ECF No. 167.) The Court ordered the Parties to meet and confer to attempt to reach agreement on limitations and a procedure for the nonparties to produce documents and information that protects Defendants' rights and privileges. (ECF No. 175.) Defendants have engaged in good faith to attempt to reach agreement, but agreement could not be reached on all issues. Key to the remaining issues in dispute is Plaintiffs' attempt to *compel* consent to the release of unlimited account content, including relating to unknown accounts, protected by the SCA. Consistent with the Court's prior statement that consent would not be compelled without Vade having the opportunity to brief the issue of compelled consent, which has not happened, *see* Hr'g Tr. at 4: 14-24 (Ex. 3), Defendants ask the Court to permit briefing to allow for a full record regarding compelled consent and other disputed issues.

Compelling Nonparty Responses: Plaintiffs' Proposed Order is, in effect, an order compelling nonparties to produce documents "as soon as possible," which is not an issue that has been briefed before the Court. Plaintiffs' proposed order fails to acknowledge the nonparties' written objections and rights to move to quash or to seek to limit, by agreement or otherwise, the scope and timing of their responses to the subpoenas. Moreover, Plaintiffs have not filed a motion to compel, and the Court has not made any rulings in this regard. Defendants' Proposed Order addresses the handling of documents and information, once produced by nonparties, as was discussed during the Hearing on June 5, 2020.

Date Limitation: Defendants seek a temporal limitation of January 1, 2016 forward for all account information and content sought from the four nonparty service providers. Plaintiffs will not agree to any temporal limitations. Plaintiffs' allegations in this case relate to former Cloudmark engineers that departed many months after January 1, 2016. (Pls.' Compl. ¶¶ 5-6, 38.) Especially given the privacy interests implicated, the proposed temporal limitation is necessary.

Unidentified Accounts Using "@vade" Domains: Plaintiffs' proposal orders service providers to produce account information *and content* for *any* account registered using an @vadesecure.com or @vaderetro.com domain, and Plaintiffs have demanded that Defendants be compelled to consent to release of information and content associated with unidentified @vade domains. This is a violation of Vade's employees' privacy interests and has not been considered by the Court, much less briefed by Vade.

Unowned Accounts: The four Vade engineers identified in the Complaint are only aware of accounts registered with the service providers using ol@overnetworks.com, alex.boussinet@gmail.com, guillaume.sejourne@gmail.com, and xavier.delannoy@gmail.com. Based on speculation, Plaintiffs' seek a court order compelling Vade to consent to the production of the content of accounts registered using numerous other email addresses. Certain employees have agreed to provide consent to production of information and content, for the known accounts, to Defendants' counsel with a temporal limitation and to the extent not already publicly available. Vade also does not object to the service providers informing the Parties if any of the speculative email addresses were used to create an account, at which time the Parties can meet and confer to discuss the discovery of any such accounts.

Respectfully submitted,<br>
**BAKER & McKENZIE LLP**<br>
By: /s/ *Mackenzie Martin*<br>
Mackenzie M. Martin

**Plaintiffs' Statement – Proposed Order Attached as Exhibit 2**

The parties have reached agreement on many of the provisions for an order regarding the nonparties. However, the parties are at an impasse on the following issues:

**Clear guidance to nonparties:** Defendants object to language that provides specific direction to the nonparties regarding collection and production of responsive information. However, that is exactly the purpose of the order. (Ex. 3 at 26:12–14 (Court instructing parties to "draft up an order that is going to capture all these sort of procedural things and include a timeline in there"; *id*. at 26:18–20 ("But I do want a timeline in the order so the third parties know what their expectations are as well.").  As the Court instructed, Plaintiffs' proposal sets forth what is expected of the nonparties so that any divergence may be identified and, if needed, addressed by the Court. (*See id*. at 26:15–20, 25:23–26:1.)

**Collection from Service Provider accounts associated with relevant email addresses[1] (Ex. 2 ("Pls' PO"), recitals a–c):** Defendants propose that only the Service Provider accounts unilaterally identified by Defendants should be collected and reviewed; and any action regarding other accounts registered to the Former Cloudmark Employees would be postponed pending a later meet-and-confer. But Defendants' proposal defeats the very purpose of the order: to provide clarity as to what the nonparties should produce. (Ex. 3 at 26:6–10 ("COURT: So what I want you guys to do is craft that language . . . so that it is clear for the third parties that they are not, you know, in danger of producing something that they shouldn't have . . . ."); *see also id*. at 26:11–20, 25:23–26:1).) The parties have already spent hours discussing review procedures that address the concerns of Defendants (and employees); and these procedures should apply equally to all productions of account content.

**Inventory of accounts registered to Vade Email Addresses (Pls' PO ¶ 1(b))**: Defendants contend that they cannot determine all Vade corporate email addresses (i.e., ending in "@vadesecure.com" or "@vaderetro.com") that are registered to Service Provider accounts, but have provided no good reason why the Service Providers should not identify the accounts. Such accounts may contain relevant information and, at a minimum, should be subject to N.D. Cal. ESI disclosure obligations. Plaintiffs' proposal does not ask the Service Providers to immediately produce the content of the accounts; instead, Plaintiffs' proposal simply allows the parties to meaningfully discuss which accounts likely contain information that should be collected. Moreover, Plaintiffs' proposal imposes no further burden on the nonparties, as most of them were already in the process of this investigation when Defendants filed their Motion to Quash.

**Requiring consent under the SCA without temporal limitation (Pls' PO ¶ 7):** The main purpose of a procedure allowing initial review by Defendants is to alleviate Defendants' alleged privacy concerns and so the nonparties may produce information without fear of violating the SCA. (Ex. 3 at 25:17–26:5.) Without such consents, the order will not allow for any production by the nonparties. Thus, Plaintiffs request the language requiring the parties to obtain necessary consents. According to Defendants, the Former Cloudmark Employees already agree to provide consent for some of their account contents, limited to content "dated" after January 1, 2016. But Defendants' consents should not be restricted; limiting consent to content dated after Jan. 1, 2016 would likely exclude the most relevant information—content created by the Former Cloudmark Employees during their Cloudmark employment.

Respectfully submitted,<br>
By: /s/ *Sean Pak*<br>
Sean Pak

---

[1] Those of Olivier Lemarié, Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné.

**ATTESTATION OF CONCURRENCE**

      I, Jodie W. Cheng, am the ECF user whose ID and password are being used to file this **JOINT DISCOVERY STATEMENT RE: PROPOSED ORDER PURSUANT TO ECF NO. 175** Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in the filing of this document.

Dated: June 11, 2020

                                                      By:   /s/ *Jodie W. Cheng*
                                                                      Jodie W. Cheng