| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Iman Lordgooei (SBN 251320)<br>imanlordgooei@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>**JWC LEGAL**<br>Jodie W. Cheng (SBN 292330)<br>jwcheng@jwc-legal.com<br>One Market Street<br>Spear Tower, 36th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 293-8308<br><br>*Attorneys for Plaintiffs*<br>*Proofpoint, Inc. and Cloudmark LLC* | Colin H. Murray (SBN 159142)<br> colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802<br>Telephone: +1 415 576 3000<br>Facsimile:  +1 415 576 3099<br><br>Jay F. Utley (*Pro Hac Vice*)<br> jay.utley@bakermckenzie.com<br>Bart Rankin (*Pro Hac Vice*)<br> bart.rankin@bakermckenzie.com<br>Mackenzie M. Martin (*Pro Hac Vice*)<br> mackenzie.martin@bakermckenzie.com<br>John G. Flaim (*Pro Hac Vice*)<br> john.flaim@bakermckenzie.com<br>Chaoxuan Liu (*Pro Hac Vice*)<br> charles.liu@bakermckenzie.com<br>Mark Ratway  (*Pro Hac Vice*)<br> mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone: +1 214 978 3000<br>Facsimile:  +1 214 978 3099<br><br>*Attorneys for Defendants*<br>*Vade Secure, Incorporated; Vade Secure SASU; and Olivier Lemarié* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>   Plaintiffs,<br><br>   v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>   Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING NONPARTY SUBPOENAS** |

1  Plaintiffs Proofpoint, Inc. and Cloudmark LLC (collectively, "Proofpoint") and Defendants
2  Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade") and Olivier Lemarié
3  ("Lemarié"; collectively with "Vade," "Defendants") (collectively, with Proofpoint, the "Parties"),
4  by and through their undersigned counsel, hereby request, subject to the approval of the Court, to
5  the following procedure and timelines relating to the discovery of materials in this case from third
6  parties GitHub, Inc. ("GitHub"), Docker, Inc. ("Docker"), Evernote Corp. ("Evernote"), and
7  Amazon Web Services, Inc. ("AWS") (collectively, the "Service Providers"), General Catalyst
8  Group Management, LLC ("General Catalyst"), and Datto Corp. ("Datto") (collectively, with the
9  Service Providers, the "Non-Parties," and any of the individually, a "Non-Party").

10  WHEREAS, between February 18-20, 2020, Proofpoint served subpoenas on the Non-
11  Parties requesting production of documents and information responsive to various requests and
12  topics;

13  WHEREAS, Defendants and a majority of the Non-Parties have objected to the requests
14  for the production of documents and information and to depositions on the grounds that they seek
15  documents, information, and testimony that, *inter alia*, are not relevant, are duplicative, violate
16  privacy interests, including the Stored Communications Act, and/or are privileged (including
17  attorney-client privilege, work-product privilege, and common-interest privilege);

18  WHEREAS, on May 26, 2020, the Parties filed a Joint Discovery Statement RE: Nonparty
19  Subpoenas (Dkt. 167), in which Vade sought to quash the subpoenas to the Non-Parties, and, on
20  June 5, 2020, the Court held a hearing thereon;

21  WHEREAS, no Non-Party joined in Vade's motion to quash, or has otherwise moved to
22  quash the subpoenas;

23  WHEREAS, Proofpoint's subpoenas to the Service Providers request, *inter alia*, metadata,
24  documents, and other content associated with accounts registered to various email addresses,
25  including:

26  a) olemarie@cloudmark.com,        guillaume.sejourne@cloudmark.com,
27     gsejourne@cloudmark.com,        guillaume.sejourne@bizanga.com,
       aboussinet@cloudmark.com,       alexandre.boussinet@cloudmark.com,
28

    xdelannoy@cloudmark.com, xavier.delannoy@cloudmark.com (collectively, "Cloudmark Email Addresses");

  b) olivier.lemarie@gmail.com, olemarie@me.com, mario@overnetworks.com, ol@overnetworks.com, olemarie@overnetworks.com, mario@lemarie.us, guillaume.sejourne@gmail.com, alex.boussinet@gmail.com, xavier.delannoy@gmail.com (collectively, "Personal Email Addresses");

  c) mario@vadesecure.com, olemarie@vadesecure.com, olivier.lemarie@vadesecure.com, guillaume.sejourne@vadesecure.com, gsejourne@vadesecure.com, guillaume@vadesecure.com, sejourne@vadesecure.com, alexandre.boussinet@vadesecure.com, alex.boussinet@vadesecure.com, aboussinet@vadesecure.com, alexandre@vadesecure.com, boussinet@vadescure.com, xavier.delannoy@vadesecure.com, xdelannoy@vadesecure.com, xavier@vadesecure.com, delannoy@vadesecure.com (collectively, "Vade Email Addresses"); and

  d) all other email addresses ending in "@vadesecure.com" and "@vaderetro.com";

WHEREAS, subject to any of the Non-Parties' (a) objections to Proofpoint's subpoenas, (b) rights, if any, to file a motion to quash, and/or (c) agreements with Proofpoint narrowing the scope of the requests or regarding the timing of any collection or production, which the Parties cannot waive, the Parties have further met and conferred regarding a procedure for the handling of any production of non-content metadata alone ("Metadata") or any documents and information other than Metadata ("Other Documents and Information") by the Non-Parties, as set forth below;

WHEREAS, for the avoidance of doubt, Metadata refers to account names and/or registered email addresses, account and file creation dates, last accessed and deletion dates, IP addresses used to access the accounts, and the like, but does not include other metadata that contains user content, such as file names, subject lines, or folder or notebook names, and the like, unless otherwise agreed to by the Parties.

WHEREAS, the Parties have further met and conferred to attempt to reach agreement to avoid Court intervention and further briefing regarding Defendants' objections under the Stored Communications Act, relevance, or an asserted privilege, objections which Defendants do not waive, and have agreed on the following proposed procedure for the handling of any documents and information produced by the Non-Parties;

WHEREAS, Proofpoint reserves the right to seek the collection and production of additional metadata and other documents and information from any accounts that may be relevant, and Defendants reserve all rights to object and do not waive any applicable privilege or objection to the discovery of such additional metadata and other documents and information.

WHEREAS, Defendants have represented that they will not withhold any documents or information from production solely on the basis of an alleged privacy interest, and Proofpoint has agreed, therefore, that Defendants do not need to provide a log of documents withheld on the basis of an alleged privacy interest;

WHEREAS, Defendants have represented that they are able to and will provide the necessary written consents under the Stored Communications Act (18 U.S.C. § 2701 *et seq.*) ("SCA") to allow the Service Providers to make the productions referenced in ¶¶ 3-4, below;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. Any non-content Metadata, but not Other Documents and Information, produced by the Service Providers will be limited to Metadata for accounts registered to the Cloudmark Email Addresses, Personal Email Addresses, and Vade Email Addresses, as defined above, and will be produced by the Service Providers simultaneously to the Parties' respective outside counsel, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," with Bates numbers;

2. Any listing of Service Provider accounts registered to email addresses ending with "@vadesecure.com" and "@vaderetro.com" produced by the Service Providers ("Account Inventory") will be limited to a list of account or user names and registered email addresses with those domains, and will be produced by the Service Providers simultaneously to the Parties' respective outside counsel, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," with Bates numbers;

3. Any Other Documents and Information produced by the Service Providers Evernote, AWS, and Docker will be limited to their respective accounts registered to ol@overnetworks.com (Evernote and AWS) and guillaume.sejourne@gmail.com (Evernote and Docker) for, and limited to, the respective time periods of and after January 1, 2004 (for the

ol@overnetworks.com accounts) and September 1, 2008 (for the guillaume.sejourne@gmail.com accounts), and will be produced only to Defendants' outside counsel, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," with Bates numbers, and with such production, such Service Providers will inform Proofpoint's outside counsel of the Bates numbers associated with said production (but without producing any Other Documents and Information to Proofpoint or Proofpoint's outside counsel), and any production of Other Documents and Information to Proofpoint or Proofpoint's outside counsel to be made only by Defendants' outside counsel, unless otherwise agreed to by the Parties;

4.     Any Other Documents and Information produced by the Service Provider GitHub will be limited to documents and information that are not publicly available for accounts registered to ol@overnetworks.com, guillaume.sejourne@gmail.com, alex.boussinet@gmail.com, and xavier.delannoy@gmail.com for, and limited to, the respective time periods of and after January 1, 2004 (for the ol@overnetworks.com accounts), September 1, 2008 (for the guillaume.sejourne@gmail.com accounts), March 1, 2011 (for the alex.boussinet@gmail.com accounts), and July 1, 2007 (for the xavier.delannoy@gmail.com accounts);

5.     to the extent that the Metadata or Account Inventory reveal additional Service Provider accounts registered to or associated with the Cloudmark Email addresses, the Personal Email Addresses, and/or the Vade Email Addresses, the Parties shall meet and confer within one week of identification of said account(s) regarding said account(s), and to the extent it is agreed by the Parties or ordered by the Court that content from said account(s) should be collected and produced by Non-Parties, the handling of any such productions should follow the procedures outlined herein, absent a showing of good cause;

6.     to the extent that any Cloudmark privileged documents or information are produced, Defendants' outside counsel shall immediately notify Proofpoint's outside counsel and return such documents or information to Proofpoint's outside counsel, and Proofpoint shall retain the right to claw back production of such documents and withhold them as privileged;

7. Any Other Documents and Information produced by General Catalyst and Datto will be produced only to Defendants' outside counsel, as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and with Bates numbers, and General Catalyst and Datto will inform Proofpoint's outside counsel of the Bates numbers associated with said production (but without producing any Other Documents and Information to Proofpoint or Proofpoint's outside counsel), and any production of Other Documents and Information to Proofpoint or Proofpoint's outside counsel to be made only by Defendants' outside counsel;

8. Defendants shall have two (2) weeks from the date of production to them by a Non-Party to review and produce the same to Proofpoint's outside counsel in the litigation unless otherwise agreed by the Parties or ordered by the Court;

9. in the case of a production provided by mail or delivery (e.g., courier, FedEx, DHL, etc.), the date of production is understood to be the date of the arrival at Defendants' outside counsel's office specified to the applicable Non-Parties by Defendants;

10. Defendants may withhold production of documents and information based on relevance and/or a claim of privilege, and Proofpoint may challenge any such withholding based on relevance or assertion of a claim of privilege, however, any such documents or information withheld on the basis of a claim of privilege shall be identified on a log served no later than two (2) weeks after the date of Defendants' document production to Proofpoint;

11. said log shall identify:  a) all of the author(s), sender(s), and/or recipient(s), to the extent such information exists, of said document or information; b) the Bates number(s) associated with said document or information; c) the basis for the claim of privilege; and d) a description of the nature of the documents or information in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim; but need not include documents or communications authored following the filing of the Complaint in the first instance and such documents and communications may be identified by category, rather than individually, if appropriate; and

12. To the extent that any Party's or Non-Party's privileged documents or information are inadvertently produced as a part of the above procedure, that party shall retain the right to claw back production of such documents and withhold them as privileged consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b).

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____
Hon. Robert M. Illman
United States Magistrate Judge