Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' MOTION TO COMPEL NONPARTY GITHUB, INC. TO COMPLY WITH SUBPOENA *DUCES TECUM* AND MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>**Hearing**<br>**Date:**  N/A (General Order 72-4)<br>**Judge:**  Hon. Robert M. Illman |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiffs PROOFPOINT, INC. and CLOUDMARK LLC will and hereby do move for an order compelling nonparty Github, Inc. to comply with the subpoena *duces tecum*, served on February 18, 2020, by immediately producing the requested documents and information. Plaintiffs bring this Motion pursuant to Civil Local Rules 37-2 and 7-2 (as modified by General Order 72-4), and Federal Rule of Civil Procedure 37.

Plaintiffs' Motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities; the supporting declaration of Jodie W. Cheng ("Cheng Decl.") and accompanying exhibits; all matters of which the Court may take judicial notice; other pleadings on file in this action; and other written or oral argument that Plaintiff may present to the Court.

As described in the following Memorandum, the declaration of Jodie W. Cheng, and the accompanying exhibits, Plaintiffs have attempted to confer with Github, Inc. regarding this motion but have received no response from Github. Plaintiffs' attempts to meet and confer took place on at least April 27, 2020, May 13, 2020, June 8, 2020, and June 22, 2020.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rules 37-2 and 7-2, Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark LLC ("Cloudmark") (collectively, "Plaintiffs") hereby move to compel nonparty Github, Inc. ("Github") to comply with the subpoena *duces tecum*, served on February 18, 2020, by immediately producing the requested documents and information.

### I. INTRODUCTION

Headquartered in San Francisco, California, nonparty Github is an online service provider that hosts software development data, most frequently software code, for storage and collaboration. Users may use Github to store and organize code in Repositories (similar to electronic folders); share the code with other users; and track and manage edits and versions of code. Github is frequently used by software companies as well as individual software engineers, including Defendant Olivier Lemarié and the other former Cloudmark engineers now employed by Vade Secure, Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné (collectively, the "Former Cloudmark Employees").

On February 18, 2020, Plaintiffs served nonparty Github with a subpoena *duces tecum*. (Ex. 1 (the "Subpoena"); Ex. 2 (Proof of Service of Subpoena).) The Subpoena requests documents and information concerning technical data hosted on Github's platform that potentially reflects the confidential and proprietary information that was improperly transferred from Cloudmark to Vade Secure through Defendant Lemarié and the Former Cloudmark Employees. After serving the Subpoena, Plaintiffs' counsel contacted Github to coordinate Github's response. (Ex. 3 (Apr. 27, 2020 email from Plaintiffs' counsel to Github).) In fact, Plaintiffs' counsel continued to email Github's legal department over the next few months to inquire regarding Github's response and to provide updates regarding relevant litigation activity—including Defendants' Motion to Quash, the Court's decision to uphold the Subpoena (as well as Plaintiffs' subpoenas to other nonparties), and the parties' agreement in which Defendants agreed to provide consents under the Stored Communications Act to produce the account contents hosted by online service providers, including Github. (*Id*.; Ex. 4 (May 13, 2020 email from Plaintiffs' counsel to Github); Ex. 5 (Jun. 8, 2020

email from Plaintiffs' counsel to Github); Ex. 6 (Jun. 22, 2020 email from Plaintiffs' counsel to Github); Dkt. 188 at 4.)

But the Subpoena and Plaintiffs' communications have gone unanswered.[1] (Ex. 4 (May 13, 2020 email from Plaintiffs' counsel to Github (e.g., "It has now been almost three months since the subpoena was served on Github, yet we have not heard from you at all in this matter.")); Ex. 5 (Jun. 8, 2020 email from Plaintiffs' counsel to Github ("Accordingly, we are reaching out again to get your position on timing of discovery from Github and when we can expect your production to be ready.")); Ex. 6 (Jun. 22, 2020 email from Plaintiffs' counsel to Github ("Also, please be advised that, since we have not received any response from Github to the subpoena served in February, if we do not hear from you by Thursday morning this week, we will be forced to seek relief from the Court.")).)

The Subpoena set a reasonable compliance deadline over a month after service, on March 20th, though Plaintiffs sought to accommodate Github's timing. (*E.g.*, Ex. 5 ("Ideally, we would like to avoid any further motion practice relating to the subpoena, and work cooperatively with you to obtain the necessary discovery.").) Yet Github has failed (and continues to fail) to comply with the Subpoena requests or respond in any fashion. (Cheng Decl. at ¶¶ 17, 22–23.) Given that Github appears to be blatantly disregarding the Subpoena and has waived all grounds for objections, Plaintiffs respectfully request that the Court compel Github to comply with Subpoena by immediately producing the requested documents and information. *See, e.g.*, *Schoonmaker v. City of Eureka*, No. 17-cv-06749, 2018 WL 5829851, at *2 (N.D. Cal. Nov. 7, 2019) (Illman, M.J.).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(a)(1) provides that "any party may serve a subpoena commanding a nonparty 'produce designated documents, electronically stored information, or

---

[1] Throughout this litigation, the only communication received from Github is an email regarding the evidence preservation letter sent by Plaintiffs to Github over a year ago. (Ex. 7 (Jul. 25, 2019 email from Github legal department); Ex. 8 (Jul. 26, 2019 communication from Plaintiffs' counsel to Github attaching preservation letter); *see also*, Ex. 9 (Aug. 4, 2019 email from Plaintiffs' counsel to Github ("We didn't hear back from your legal notice team . . . .").) Since Github's July 25, 2019 email, there has been no further communication or response from Github regarding this action.

tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1); *see also Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066, 2011 WL 2470493, *1 (N.D. Cal. Jun. 21, 2011). The nonparty recipient may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served." FED. R. CIV. P. 45(d)(2)(B). "Failure to serve timely objections waives all grounds for objection." *Schoonmaker v. City of Eureka*, No. 17-cv-06749, 2018 WL 5829851, at *2 (N.D. Cal. Nov. 7, 2019) (Illman, M.J.) (citations omitted).

Pursuant to Civil Local Rule 37-2, the party moving to compel "must detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of Fed R. Civ. P. 26(b)(2) are satisfied." *See also Realtek Semiconductor Corp. v. LSI Corp.*, 2014 WL 4365114, *1 (N.D. Cal. Sept. 3, 2014) ("It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b).") (citation omitted). Once the movant establishes that the information requested by the subpoena "is within the scope of permissible discovery, the burden shifts to the party opposing discovery." *Id.* (quoting *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010)).

### III.   FACTUAL BACKGROUND

On July 25–26, 2019, counsel for Plaintiffs communicated with in-house legal counsel for Github regarding this litigation and a request for Github to preserve evidence relating to Defendants' accounts on Github. (Ex. 7; Ex. 8.) Specifically, on July 25th, Github's legal department provided instructions to Plaintiffs for sending an evidence preservation letter, as well as Github's policies regarding "civil subpoenas and other formal discovery requests." (Ex. 7.)

On February 18, 2020, Plaintiffs served the Subpoena on Github, requesting production of eight categories of documents, pursuant to Github's policies concerning civil subpoenas. (*Id.*; Subpoena at Requests.) Github has failed to serve any objections.

On March 10, 2020, Defendants' counsel contacted Github to inform them of the then-outstanding discovery disputes between the Parties regarding the scope of discovery and Plaintiffs' subpoenas to Github and other third parties. (Ex. 3 at 1–2.)

Throughout and after the Court resolved Defendants' disputes (*see* Dkts. 149, 159, 188), Plaintiffs emailed Github's in-house counsel (including the same in-house counsel who had been in touch with Plaintiffs on July 25, 2019) with updates on the status of the parties' disputes in the case. (Ex. 3 (Apr. 27, 2020 email from Plaintiffs' counsel to Github); Ex. 4 (May 13, 2020 email from Plaintiffs' counsel to Github); Ex. 5 (Jun. 8, 2020 email from Plaintiffs' counsel to Github); Ex. 6 (Jun. 22, 2020 email from Plaintiffs' counsel to Github).)  In particular, on June 22, 2020, Plaintiffs contacted Github's in-house counsel with a copy of the Court's order at Dkt. 188, which relates to the scope of the Subpoena to Github.  In particular, the order identifies the account information, metadata, and user content that are to be produced from specific Github accounts. (Dkt. 188 at ¶¶ 1, 2, 4.)

To date, no representative of Github has responded to the Subpoena or Plaintiffs' related emails and repeated requests to meet and confer.  (Cheng Decl. at ¶¶ 17, 22–23.)

IV. **ARGUMENT**

A. **The Subpoena Meets the Procedural Requirements of Rule 45**

The Subpoena was issued and served pursuant to, and complies with, the procedural requirements set forth in Rule 45 and should be enforced accordingly.  *See, e.g.,* FED. R. CIV. P. 45; *Martinez v. City of Pittsburg*, No. C 11-01017, 2012 WL 699462, *2 (N.D. Cal. Mar. 1, 2012) ("Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court.") (citations omitted).  Specifically, the Subpoena describes in detail (1) the categories of documents and information requested; (2) a reasonable timeframe by which Github should produce the requested materials, and (3) a location for production within 100 miles of Github's headquarters. *See* FED. R. CIV. P. 45(c)(2)(A); https://github.com/about (describing Github's corporate headquarters in San Francisco, California).  Further, the Subpoena was served on Github's registered agent of service, and in accordance with Github's instructions and Rule 45(b). (Ex. 2; Ex. 7 (Jul. 25, 2019 email from Github legal department ("For civil subpoenas or other formal discovery requests, please refer to our policy here: [link to Github webpage].")));  *see also* FED. R. CIV. P. 45.

### B. The Subpoena Meets the Relevance Requirements of Rule 26

The requested information is highly relevant and important to the claims in this action, at least in that it would show Defendants' potential access, use, and/or dissemination of Plaintiffs' confidential and trade secret information. Github provides online services relating to software development, including storing, organizing, and tracking versions of code; and, as described above, Github's services were and are utilized by Defendant Lemarié and the Former Cloudmark Employees, including during and after their employment with Cloudmark. (*E.g.*, Ex. 10 (illustrating Mr. Séjourné's use of Github); Ex. 11 (illustrating Mr. Boussinet's use of Github).) For example, a Github account for Mr. Delannoy shows the creation of repositories in 2012, 2013, 2014, 2015, and 2016 (while he was employed by Cloudmark), as well as recently in 2018, 2019, and 2020 (after he joined Vade), indicating that at least Mr. Delannoy was accessing the Github account during his employments at Cloudmark as well as Vade. (Ex. 12.) As such, the Subpoena seeks information reflecting or relating to the technologies and software products at issue in this dispute, as well as any of Plaintiffs' confidential information, that is hosted in Github accounts associated with—and accessible to—Defendants and/or their employees.

Moreover, the parties have agreed upon a procedure to exclude from production any irrelevant information, thereby addressing and dispelling any potential concerns regarding relevancy. Under the parties' agreement, Github account content responsive to the subpoena requests will first be produced to Defendants so that irrelevant information may be logged and withheld from production; this procedure has been entered as the Court's order at Dkt. 188. And Plaintiffs have notified Github regarding the procedure and the Court's order, as well as the Court's denial of Defendants' Motion to Quash the Subpoena (and other subpoenas issued by Plaintiffs). (Ex. 5; Ex. 6.)

### V. CONCLUSION

Having received no timely objection regarding Plaintiffs' valid and compliant Subpoena, Github has waived all grounds for objection. *Schoonmaker*, 2018 WL 5829851, at *2. Therefore, Plaintiffs respectfully request that the Court enforce the Subpoena and order Github to comply with the Subpoena by immediately producing the requested documents and information.

| | |
|---|---|
| DATED:  July 10, 2020 | Respectfully Submitted, |
| | By */s/ Jodie W. Cheng* |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Iman Lordgooei (SBN 251320)<br>imanlordgooei@quinnemanuel.com<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| | JWC LEGAL<br>Jodie W. Cheng (SBN 292330)<br>jwcheng@jwc-legal.com<br>One Market Street<br>Spear Tower, 36th Floor<br>San Francisco, CA 94105<br>Telephone: (415) 293-8308 |
| | *Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC* |