Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT**<br><br>**<u>REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED</u>**<br><br>**<u>Hearing</u>**<br>**Date:** N/A (General Order 72-5)<br>**Judge:** Hon. Maxine M. Chesney |

99999-77670/12284323.1

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that Plaintiffs PROOFPOINT, INC. and CLOUDMARK LLC, by and through their attorneys, will and hereby do move this Court for leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15 and Civil Local Rule 7. Pursuant to General Order No. 72-5, this motion will be decided on the papers or, if the Court determines a hearing is necessary, heard by telephone or videoconference per the Court's instruction.

In the absence of prejudice, and other factors under *Foman v. Davis*, 371 U.S. 178, 182 (1962), Plaintiffs respectfully request the Court grant leave to amend the Complaint and permit Plaintiffs' to file their First Amended Complaint. The proposed First Amended Complaint is attached as **Exhibit 1**. A "redline" comparison of the original Complaint to the proposed First Amended Complaint is attached as **Exhibit 2**.

Plaintiffs' Motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities; the supporting declaration of Jodie W. Cheng; and accompanying exhibits; all matters of which the Court may take judicial notice; other pleadings on file in this action; and other written or oral argument that Plaintiffs may present to the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 15 and Civil Local Rule 7, Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark LLC ("Cloudmark") (collectively, "Plaintiffs") hereby move for leave to amend the Complaint and to permit Plaintiffs to file the First Amended Complaint (Ex. 1). Plaintiffs' motion for leave to amend the Complaint is brought prior to the deadline to amend pleadings, is offered in good faith, and to add newly discovered and highly relevant allegations and claims specifically relating to Defendants' infringement of Plaintiffs' copyrighted source code. Despite propounding discovery requests for the relevant Vade Secure source code on October 10, 2019, Plaintiffs were not provided access to inspect the code until June 15, 2020. And, even then, the source code production was—and remains—deficient. Nevertheless, Plaintiffs have, through their trade secrets investigation and source code review, identified evidence of Defendants' copyright infringement, including evidence that Defendants directly copied—verbatim or in substantial part—█████████████ from Plaintiffs' protected software into the source code for Defendants' competing products, as well as evidence that Defendants copied and incorporated the protectable architectural expressions of Plaintiffs' protected software into Defendants' products. Thus, Plaintiffs' proposed First Amended Complaint seeks to add a new claim for copyright infringement and alleges a complete account of the facts, events, and responsible parties giving rise to Plaintiffs' new claim.

In absence of the *Foman* factors—"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" (*Foman v. Davis*, 371 U.S. 178, 182 (1962))—and in accordance with the Ninth Circuit's policy to apply Rule 15 "with extreme liberality," Plaintiffs respectfully request that the Court grant their motion for leave to amend the Complaint and permit Plaintiffs to file their First Amended Complaint. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in favor of granting leave to amend.") (emphasis original).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend pleadings before trial should be "freely give[n] . . . when justice so requires"—which the Ninth Circuit has describes as "Rule 15(a)'s liberal amendment policy." FED. R. CIV. P. 15(a)(2); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The decision to grant leave to amend under Rule 15 lies "within the sound discretion of the trial court." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). However, "[t]he Ninth Circuit has emphasized that leave to amend is to be granted with 'extreme liberality.'" *Artemus v. Louie*, Case No. 16-cv-00626-JSC, 2017 WL 747368, at *2 (N.D. Cal. Feb. 27, 2017) (quoting *Sonoma Cnty. Ass'n of Retired Emps. V. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013)).

"In determining whether leave to amend is appropriate under Rule 15, courts consider the following factors: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment'"—known as the "*Foman* factors". *Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, No. C 13-0575, 2013 WL 6354244, at *1 (Chesney, J.) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In the absence of these factors, particularly prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182; *see also Eminence Capital*, 316 F.3d at 1052.

"'The party opposing leave to amend bears the burden of showing prejudice,' and generally of demonstrating why leave to amend should not be granted." *Artemus*, 2017 WL 747368, at *2 (citing *Sherpa v. SBC Comm'cs, Inc.*, 318 F. Supp. 2d 85, 87 (N.D. Cal. 2004); *Genentech, Inc. v. Abbot Labs.*, 127 F.R.D. 529, 530–531 (N.D. Cal. 1989)).

## III. BACKGROUND

### a. The Original Complaint and Allegations

On July 23, 2019, Plaintiffs Proofpoint and Cloudmark filed this action in connection with Defendants'[1] unauthorized removal and use of Plaintiffs' confidential and proprietary technical

---

[1] Defendants Vade Secure, Incorporated ("VSI"); Vade Secure SASU ("VSS") (collectively with VSI, "Vade Secure"); and Olivier Lemarié.

information, including valuable technical trade secrets, relating to Cloudmark's proprietary anti-spear phishing and email processing technology. (Dkt. 1 (hereinafter the "Complaint").) Defendant Lemarié had directly worked on and overseen Cloudmark's development of these technologies, which required extensive access to Cloudmark's source code, for over a decade before his abrupt resignation from his employment at Cloudmark to join Vade Secure as its Chief Technology Officer. (*E.g.*, Complaint ¶¶ 30–35.) Soon after Lemarié joined, Vade Secure launched its "Vade Secure For Office 365" software product with anti-spear phishing functionalities and began developing its "NextGen MTA" software product for email processing—both of which incorporate features and functionalities bearing striking similarities to the technologies developed by Cloudmark during Lemarié's employment. (*E.g.*, *Id.* at ¶¶ 38–39, 41–42, 44–45.)

Plaintiffs' original Complaint alleges causes of action against Defendants for trade secret misappropriation and Defendant Lemarié for breach of his contractual obligations to Cloudmark. (*Id.* at Counts I–V.)

### b. Facts & Circumstances Leading to Plaintiffs' Proposed Amendment

Fact discovery in this case commenced on October 9, 2019. The next day, Plaintiffs propounded their Requests For Production Nos. 1 and 2, which seek the complete source code for Vade Secure For Office 365 and MTA software products, among other discovery requests. (*E.g.*, Dkt. 91-1 at 9.) Vade Secure's source code was (and remains) highly critical evidence relevant to Plaintiffs' claims for misappropriation and breach of contract. However, Defendants refused to provide any discovery whatsoever until nearly seven months into discovery; and, instead, inundated the Court and Plaintiffs with motion practice seeking to block or delay discovery. (*See* Dkt. 164 at 2 ("Indeed, Defendants produced their first document just this past Friday, May 22, 2020—nearly 7 months into discovery. . . . Defendants have repeatedly resisted discovery in this case, raising objections *ad seriatim*, and forcing extensive motion practice." (citing, *e.g.,* Dkts. 78, 91, 112, 121–123, 145, 149, 152, 154)).)

Indeed, Defendants made their first production in the case on May 22, 2020, and only in response to an order compelling said production. (*See, e.g.*, Dkts. 149, 159.) Accordingly, as the original May 28, 2020 deadline to amend pleadings approached (Dkt. 63), Plaintiffs recognized the

necessity to extend the deadline to amend pleadings.  (*See* Dkt. 164 at 2–3 ("The extension is necessary to provide Plaintiffs time . . . to assess Defendants' recent and forthcoming discovery and to identify necessary amendments to the pleadings . . . .  Despite the expectation that the parties would have engaged in significant discovery by the deadline to amend pleadings, that deadline is now impending, with discovery still in its infancy.").)  After several refusals from Defendants to stipulate to extend the deadline, and the original deadline still rapidly approaching, Plaintiffs were forced to bring a motion to change time.  (*E.g.*, Dkt. 164 at 3.)  Defendants did not oppose Plaintiffs' requested relief; and the Court granted Plaintiffs motion and extended the deadline to amend pleadings to August 14, 2020.  (Dkt. 171 at 2; Dkt. 176.)

On June 15, 2020, over 8 months after Plaintiffs first served the related Requests For Production and after numerous communications from Plaintiffs imploring Defendants to produce the source code, Defendants finally agreed to produce the requested Vade Secure source code for inspection at their counsel's offices in Dallas, Texas, pursuant to the terms of the Protective Order (*i.e.*, on a standalone computer in a secure room, during regular business hours).  Despite the travel restrictions and disruptions due to COVID-19, Plaintiffs and their experts set out to begin review of Vade Secure's voluminous source code production as part of their investigation of Vade's trade secrets misappropriation.[2]

However, Plaintiffs quickly recognized that Defendants' source code production was missing numerous files and modules required for a complete understanding of the operation of the software program.  Beginning on June 25th, Plaintiffs began identifying missing files and modules to Defendants and requesting supplementation of the source code production.  As of this writing, Defendants still maintain that they are "investigating" many of the deficiencies identified by Plaintiffs.

---

[2] Plaintiffs have scheduled source code inspections every week that Defendants agreed to make the source code computer available for inspection, except in limited instances where none of Plaintiffs' approved experts were available to travel to inspect code.  As a result, Plaintiffs sent at least one expert to review Vade Secure's source code for the weeks of June 15, June 22, July 20, and July 27.  Plaintiffs' experts are also continuing to inspect Vade Secure's source code this week.

1    Nevertheless, even with Vade Secure's deficient source code production, Plaintiffs have
2 already identified clear evidence of misappropriation *as well as* copyright infringement—including
3 ███████████████████████████████████ from Plaintiffs' copyrighted anti-spear phishing and
4 email processing code into source code used at least in Defendants' Vade Secure For Office 365
5 product. ███████████████████████████████████████████████████████
6 ███████████████████████████████████████████████  Plaintiffs have
7 also discovered significant portions of the Vade Secure code that incorporates the architectural
8 expressions of Plaintiffs' protected source code, including by mimicking the structure, sequence,
9 and organization of the protected source code. Notably, these instances of copying were discovered
10 through manual line-by-line review, from memory and without the aid of automated comparison
11 tools, after only 20 days of review of Vade Secure's voluminous (yet still deficient) source code
12 production.

13    Based on this evidence, Plaintiffs presently seek to amend the original Complaint to add
14 allegations against Defendants for copyright infringement before the deadline to amend pleadings.
15 With complete production of Vade Secure code, additional time, and access to adequate code
16 comparison tools, Plaintiffs expect to uncover even more instances of copied code.

17    Plaintiffs' proposed First Amended Complaint is attached as **Exhibit 1**. A "redline"
18 comparison of the original Complaint to the proposed First Amended Complaint is attached as
19 **Exhibit 2**.

20    IV.    **ARGUMENT**

21    There is no recognized reason, including under the *Foman* factors, that Plaintiffs should not
22 be "freely give[n]" leave to amend the Complaint and file their proposed First Amended Complaint
23 (Ex. 1). FED. R. CIV. P. 15(a)(2). As a result, Plaintiffs are entitled to a presumption in favor of
24 granting their motion. *See Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong
25 showing of any of the remaining *Foman* factors, there exists a ***presumption*** under Rule 15(a) in
26 favor of granting leave to amend.") (emphasis original).

27
28

### a. Plaintiffs' Proposed Amendment Evinces No Undue Delay

Plaintiffs have brought this motion for leave to amend the Complaint to add a cause of action for copyright infringement without any undue delay; in fact, Plaintiffs' motion and amendment have come as soon as practically possible considering Defendants' obstructions and delays in providing access to the requested source code (which remains incomplete and deficient to date) on which Plaintiffs' copyright infringement claim is based.

As described above, Plaintiffs' proposed amendment adds a claim for copyright infringement relating to portions of Plaintiffs' protected software source code found in the source code of Defendants' Vade Secure For Office 365 software product. Because Defendants' source code is not publicly available, Plaintiffs could not have discovered the facts giving rise to their copyright infringement allegations before Defendants made the Vade Secure source code available for inspection for the first time on June 15, 2020. After that time, Plaintiffs and their experts were afforded a mere 43 business days[3] to:

- Travel to the offices of Defendants' counsel in Dallas, Texas;
- Inspect a voluminous source code production, which is still missing numerous important files and modules, in Defendants' counsel's offices, during limited hours[4];
- Manually compare—from memory and without the aid of automated comparison tools[5]—the Vade Secure source code with Plaintiffs' proprietary trade secrets and source code;

---

[3] Although 43 business days have passed since the source code was first made available for inspection, Plaintiffs experts could not inspect the source code over several weeks in the interim, either because they were not available to travel to Dallas for the inspection, or because Defendants would not agree to schedule an inspection. As a result, Plaintiffs have only inspected the source code for twenty days (excluding this week).

[4] Plaintiffs' experts were permitted to inspect the source code computers only from 9 a.m. to 5 p.m. on weekdays.

[5] See Dkt. 117 (Protective Order) at 14 ("The Receiving Party . . . may not copy the Source Code into the notes. No copies of all or any portion of Source Code may leave the room in which the Source Code Computer is inspected except as otherwise provided herein.").

- Confirm that suspiciously similar code in Vade Secure's production was, in fact, copied from Plaintiffs' copyrighted source code—down to the embedded textual comments authored by Cloudmark employees (including those other than Lemarié);
- Draft and prepare Plaintiffs' proposed First Amended Complaint; and
- Draft and prepare the present motion and supporting papers.

It cannot be reasonably argued that Plaintiffs' expedient and diligent efforts to complete these tasks and their pre-filing investigation—within 44 days—constitutes any undue delay. Moreover, Plaintiffs have sought leave to amend their Complaint before the deadline to amend pleadings set by the Court. (Dkt. 176.) Thus, although "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend," there is no undue delay in the present circumstances. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

### b. There Is No Bad Faith or Dilatory Motive On The Part Of Plaintiffs

There is no credible basis to attribute any bad faith or dilatory motive to Plaintiffs, particularly because Plaintiffs have expeditiously and diligently reviewed the discovery giving rise to the new copyright infringement allegations.

Rather, if there is any bad faith or dilatory motive, it can only be attributed to Defendants, who refused to provide any discovery whatsoever until 225 days into fact discovery and whose source code production remains deficient even though Plaintiffs identified missing files over 3 months ago. Indeed, the parties are continuing to meet and confer on these deficiencies, which may well lead to further motion practice.

### c. Plaintiffs Have Not Previously Amended The Complaint

Plaintiffs' proposed amendment is the first amendment to the original Complaint; and, as such, there is, and has been, no "repeated failure to cure deficiencies by amendments previously allowed." *See Foman*, 371 U.S. at 182.

### d. Defendants Would Suffer No Undue Prejudice If Leave Is Granted

Defendants cannot and will not meet their burden to show they will suffer undue prejudice if Plaintiffs are granted leave to file their First Amended Complaint. *See, e.g., Green Valley Corp.*

*v. Caldo Oil Co.*, No. 09-cv-04028, 2011 WL 1465883, at *4 (N.D. Cal. Apr. 18, 2011); *Artemus*, 2017 WL 747368, at *2; *Sherpa*, 318 F. Supp. 2d at 870.

Plaintiffs' new copyright infringement allegations relate to the same events at issue in the original Complaint: Defendant Lemarié's unauthorized removal and use of Plaintiffs' confidential and proprietary information, including valuable trade secret technology, relating to anti-spear phishing and email processing, after ending his employment with Cloudmark; and Defendants' subsequent unlawful use of Plaintiffs' confidential and proprietary information and technology to develop Vade Secure software products. (*E.g.*, Complaint ¶¶ 29–45.) Moreover, because the new copyright infringement allegations relate to the same events at issue in the original Complaint, there is at least a significant, if not complete, overlap in discovery relevant to the original and amended complaints; and the current "deadlines are not unachievable" even if leave is granted. *See Green Valley Corp.*, 2011 WL 1465883, at *5 (granting leave to amend; even though it "may force the parties to hasten their discovery efforts, the deadlines are not unachievable."). In fact, the evidence of Defendants' copyright infringement was discovered during review of source code relevant to the claims asserted in the original Complaint. Therefore, nothing in Plaintiffs' amendment should come as a surprise, or undue prejudice, to Defendants. *See id.*

Further, with four months remaining until close of fact discovery, Plaintiffs' amendment at this stage of litigation would cause no undue prejudice to Defendants, especially when Defendants are the ones who refused to produce any discovery until seven months into fact discovery. *See id.* (granting motion for leave to amend pleadings, finding no undue prejudice to defendant when "over four months still remain before the close of discovery").)

### e. Plaintiffs' Proposed Amendment Would Not Be Futile

Plaintiffs' proposed amendment to add a cause of action for copyright infringement is not futile because Plaintiffs have already identified evidence of Defendants' infringement. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."). Plaintiffs have already identified ███████ where Defendants copied portions of Plaintiffs' copyrighted source code, and expect to uncover

more evidence of infringement after Defendants resolve the deficiencies in the current source code production.  Thus, Plaintiffs should be afforded the opportunity to present their case because "a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).  In any event, "denial [of a motion for leave to amend] on this ground is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke v. Upton*, 703 F. Supp. 2d. 1037, 1043 (E.D. Cal. 2010) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

## V. CONCLUSION

In absence of the *Foman* factors, and in accordance with the Ninth Circuit's policy to apply Rule 15 "with extreme liberality," Plaintiffs respectfully request that the Court grant their motion for leave to amend the Complaint and permit Plaintiffs to file their First Amended Complaint.  See *Foman*, 371 U.S at 182; *Eminence Capital*, 316 F.3d at 1051.

DATED:  August 13, 2020                    Respectfully Submitted,

By /s/ Sean S. Pak

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 13, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Executed on August 13, 2020, at San Francisco, California.

                              */s/ Jodie W. Cheng*
                              Jodie W. Cheng