# EXHIBIT B

| | |
|---|---|
| 1 | Colin H. Murray (SBN 159142) |
| | colin.murray@bakermckenzie.com |
| 2 | **BAKER & McKENZIE LLP** |
| | Two Embarcadero Center, 11th Floor |
| 3 | San Francisco, CA  94111-3802 |
| | Telephone:  +1 415 576 3000 |
| 4 | Facsimile:   +1 415 576 3099 |
| 5 | Danielle L. Benecke (SBN 314896) |
| | danielle.benecke@bakermckenzie.com |
| 6 | **BAKER & McKENZIE LLP** |
| | 600 Hansen Way |
| 7 | Palo Alto, CA  94304 |
| | Telephone:  +1 650 856 2400 |
| 8 | Facsimile:   +1 650 856 9299 |
| 9 | Attorneys for Defendants |
| | VADE SECURE, INCORPORATED; |
| 10 | VADE SECURE SASU; |
| | OLIVIER LEMARIÉ |
| 11 | [Additional counsel listed on signature page] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC, | **Case No. 3:19-cv-04238-MMC** |
| Plaintiffs, | **Date Action Filed: July 23, 2019** |
| v. | **DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 31-39)** |
| VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ, | |
| Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFFS PROOFPOINT, INC.; CLOUDMARK LLC |
| RESPONDING PARTY: | DEFENDANT OLIVIER LEMARIÉ |
| SET NO.: | TWO (Nos. 31-39) |

Defendant OLIVIER LEMARIÉ ("Lemarié" or "Defendant") hereby responds to Plaintiffs PROOFPOINT, INC.; CLOUDMARK LLC's ("Plaintiffs") Second Set of Requests for Production (the "RFPs" or the "Requests"), electronically served on May 19, 2020, as follows:

**PRELIMINARY STATEMENT**

1. Lemarié incorporates by reference each and every General Objection set forth below into each and every specific response. From time to time, a specific response may repeat a General Objection for emphasis or some other reason. The failure to include any General Objection in any specific response is not intended to be and should not be construed as a waiver or limitation of any General Objection to any Request.

2. Lemarié reserves his right to supplement or amend his responses to the Requests with any and all relevant information or documents that may come to his attention as the discovery process continues, as allowed, or required by applicable legal authority. All responses are based only upon such information and documents that are presently available and specifically known to Lemarié as of the date of these Responses. Further discovery, independent investigation, legal research, expert consultation, and analysis may supply additional facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the contentions set forth below.

3. Lemarié makes these objections and responses without prejudice to their right to rely on any subsequently discovered documents or information that he does not presently possess or recall.

4. Lemarié reserves the right to produce or use any documents produced and/or discovered after service of these Objections and Responses in support of, or in opposition to, any motion, in depositions, or at trial.

**GENERAL OBJECTIONS**

Lemarié asserts the following "General Objections," which apply to each request for

production whether or not specifically referred to or incorporated in its response thereto:

1.    Lemarié objects to each and every Request as overly broad and unduly burdensome including to the extent it does not have a reasonable (or any) temporal limitation or subject matter limitation.  Lemarié objects to the extent it seeks information or documents that are not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Lemarié further objects to the breadth of these Requests, particularly when the cost necessary to respond to the Requests is high compared to Plaintiffs' need for the documents requested.

2.    Lemarié objects to the Requests including, without limitation, the instructions and definitions therein, to the extent that they purport to impose on Lemarié's duties or obligations that are additional to, different from, inconsistent with, greater than, and/or not authorized by applicable legal authority or other stipulations or agreements of the Parties.

3.    Lemarié objects to the Requests to the extent they call for information or for the production of documents and/or things that are not within Lemarié's possession, custody or control, or call for Lemarié to prepare documents and/or things that do not exist and which Lemarié is not obligated to create.  Lemarié further objects to the Requests to the extent they seek matters of public record, matters that are already within the files or particular knowledge of Plaintiffs or their agents or matters that are otherwise equally available to Plaintiffs.

4.    Lemarié objects to any Request that calls for information or documents protected by the attorney-client privilege, work-product privilege, common-interest or joint-defense privilege, and/or any other applicable privilege or protection.  The inadvertent identification or production of any such information or documents shall not be deemed to be a waiver, in whole or in part, of any privilege or protection applicable to any such information or documents.  Further, Lemarié responds to the Requests with the understanding that none of the Requests seek privileged documents.  To the extent any of the Requests can be interpreted in some form or manner to seek privileged information or documents, Lemarié objects to the Requests and will not produce the requested information.

2

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

5. Lemarié expressly reserves the right to object to the use of these responses, the subject matter contained herein, or the documents produced in connection herewith during any subsequent proceeding, including the trial of this or any other action.

6. Lemarié objects to the Requests to the extent that they seek disclosure or production of information or documents subject to nondisclosure protections under any legal, constitutional, contractual, or other basis, the disclosure of which would work harm or injury on Lemarié, current or former employees, or any other individual or entity not a party to this action, data privacy restrictions, and laws of any foreign countries, including but not limited to Loi 68-678 du 26 juillet 1968 relative à la communication de documents et renseignements d'ordre économique, commercial, industriel, financier ou technique à des personnes physiques ou morales étrangères [Law 68-678 of July 26, 1968, related to the disclosure to foreign natural or juridical person, of economic, commercial, industrial, financial or technical documents and information] (the "French Blocking Statute") and the General Data Protection Regulation of the European Union (the "GDPR"). Commission Regulation 2016/679, 2016 O.J. (L 119) (EU).

7. Lemarié objects to these Requests to the extent they seek proprietary or confidential business information, trade secrets, or other sensitive information of Defendants or a third-party.

8. Lemarié objects to each Request to the extent that it is duplicative and/or cumulative of other Requests, Plaintiffs' Interrogatories, and/or subpoenas demanding documents from nonparties, including the content of online service accounts duplicative of these Requests, and, thus, is duplicative and unduly burdensome.

9. Lemarié objects to the Requests to the extent they call for documents that have already been produced, are within Plaintiffs' possession, custody or control, and/or where the burden to derive such information is substantially the same or less for the Plaintiffs as for Lemarié.

10. Lemarié objects to each Request to the extent it purports to require, without his consent or without any basis in law or fact, access to or production of electronic storage devices, other devices, and account content, used for work and/or personal purposes, which is highly and unduly intrusive, purports to require access to or production of irrelevant, private, and privileged information, and is not provided as a routine right to a party seeking discovery under the Federal

3

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

Rules of Civil Procedure or relevant authorities. *See* Advisory Committee's Comments to the 2006 Amendments to Rule 34; *see, e.g*, *Lincoln Ben. Life Co. v. Fundament*, No. SACV 18-000260-DOC, 2018 U.S. Dist. LEXIS 224363, at *9-13 (C.D. Cal. Nov. 7, 2018). Lemarié further objects to the requests for such production and access because the requests are overly broad without being relevant to the claims and defenses in the case and/or any purported connection to the devices and accounts is vague and speculative.

11. Lemarié objects to each Request to the extent the documents, information, or things requested may be obtained through a less intrusive, burdensome, or overbroad means of discovery.

12. Lemarié objects to each Request to the extent it fails to describe the requested documents and things the documents requested with reasonable particularity.

13. Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act.

14. Lemarié objects to the time and place of production as unreasonable and inconvenient.

15. Lemarié objects to each Request using "all," "every," "each," "any," "relating to," "relates to," "in connection with," "complete," and "including, but not limited to," to the extent it is used in a manner that renders the Request overly broad, unduly burdensome, vague, ambiguous, or requires Lemarié to engage in speculation.

16. Defendants object to the extent that the Requests purport to require Defendants to produce or rely on documents, communications, expert analysis, or other information beyond what is required by the Orders of the Court, including the ESI Order, Scheduling Order, and Joint Discovery Order.

17. Lemarié objects to the "Definitions" and "Instructions" sections to the extent that they require Lemarié to provide information beyond that of which is required by the Federal Rules of Civil Procedure or other applicable legal authority.

18. Subject to and without waiver of the foregoing General Objections, which are incorporated by reference in each of the following responses to the Requests, Lemarié specifically objects and responds as follows.

4

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 31:** All DOCUMENTS and THINGS referencing or discussing CLOUDMARK, PROOFPOINT, or BIZANGA, or any products or technologies thereof, that are in YOUR possession, custody, and/or control.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence, including to the extent the Request demands "all" documents and things. Lemarié further objects to the extent this Request is unbounded by time or subject matter. Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection. Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "any products or technologies thereof." Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests. Lemarié further objects to the extent this Request seeks documents not in his custody, control, or possession and/or the requested documents are in the custody, control, or possession of Plaintiffs.

Subject to and without waiver of the foregoing General and Specific Objections, Lemarié will produce non-privileged, non-cumulative, non-duplicative, relevant documents responsive to this Request in his possession, custody, or control, if any, at a time and location that is mutually agreeable between the parties (or has already done so).

**REQUEST FOR PRODUCTION NO. 32:** DOCUMENTS sufficient to identify electronic computing and storage devices (e.g., desktop computers, laptop computers, tablet computers, PDAs, mobile telephones, USB drives, flash drives, portable hard drives, CD/DVD/Blu-Ray discs, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued devices.

**ANSWER:**

5

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

1   Lemarié objects to this Request on the grounds that it is overly broad and unduly
2   burdensome in that it seeks documents and information that are not relevant to the subject matter of
3   this lawsuit and not reasonably calculated to lead to admissible evidence (including about devices
4   that are not relevant).  Lemarié further objects to the extent this Request is unbounded by time or
5   subject matter.  Lemarié further objects to this Request as unduly intrusive.  Lemarié further objects
6   to the extent this Request seeks documents and information that are protected from disclosure by the
7   attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection.
8   Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the
9   phrase "electronic computing and storage devices."  Lemarié further objects to the extent this
10  Request is duplicative and cumulative of other discovery requests.  Lemarié further objects to the
11  extent this Request seeks documents not in his custody, control, or possession and/or the requested
12  documents are in the custody, control, or possession of Plaintiffs.

13  Subject to and without waiver of the foregoing General and Specific Objections, Lemarié
14  will produce, or has already produced, non-privileged, non-cumulative, non-duplicative, relevant
15  documents, if any, at a time and location that is mutually agreeable between the parties.

**REQUEST FOR PRODUCTION NO. 33:** All electronic computing and storage devices (e.g., desktop computers, laptop computers, tablet computers, PDAs, mobile telephones, USB drives, flash drives, portable hard drives, CD/DVD/Blu-Ray discs, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued devices.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "all" electronic computing and storage devices, necessarily including personal documents and information and other documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence (including about devices that are not relevant). Lemarié further objects to the extent this Request is unbounded by time or subject matter.  Lemarié objects to this Request to the extent it purports to require access to or production of documents and things, including electronic storage devices,

6

devices, and account content for work and personal devices and accounts that is highly and unduly intrusive, purports to require access to or production of irrelevant, private, and privileged information, and is not provided as a routine right to a party seeking discovery under the Federal Rules of Civil Procedure or relevant authorities. *See* Advisory Committee's Comments to the 2006 Amendments to Rule 34; *see, e.g*, *Lincoln Ben. Life Co. v. Fundament*, No. SACV 18-000260-DOC, 2018 U.S. Dist. LEXIS 224363, at *9-13 (C.D. Cal. Nov. 7, 2018).   Lemarié further objects to the requests for such production and access because the requests are overly broad without being relevant to the claims and defenses in the case and/or any purported connection to the devices and accounts is vague and speculative.  Lemarié objects to each Request to the extent the documents, information, or things requested may be obtained through a less intrusive, burdensome, or overbroad means of discovery.  Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act.  Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection.  Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "electronic computing and storage devices."  Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests.  Lemarié further objects to the extent this Request seeks things not in his custody, control, or possession and/or the requested things are in the custody, control, or possession of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 34:** All DOCUMENTS that were or are stored on electronic computing and storage devices (e.g., desktop computers, laptop computers, tablet computers, PDAs, mobile telephones, USB drives, flash drives, portable hard drives, CD/DVD/Blu-Ray discs, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued devices.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "all" documents stored on electronic computing and storage devices,

7

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

necessarily including personal documents and information and other documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence. Lemarié further objects to the extent this Request is unbounded by time or subject matter. Lemarié objects to this Request to the extent it purports to require access to or production of documents and things, including electronic storage devices, devices, and account content for work and personal devices and accounts that is highly and unduly intrusive, purports to require access to or production of irrelevant and private information, and is not provided as a routine right to a party seeking discovery under the Federal Rules of Civil Procedure. (*See* Advisory Committee's Comments to the 2006 Amendments to Rule 34.) Lemarié further objects to the requests for such production and access because the requests are overly broad without being relevant to the claims and defenses in the case and/or any purported connection to the devices and accounts is vague and speculative. Lemarié objects to each Request to the extent the documents, information, or things requested may be obtained through a less intrusive, burdensome, or overbroad means of discovery. Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act. Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection. Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "electronic computing and storage devices." Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests. Lemarié further objects to the extent this Request seeks things not in his custody, control, or possession and/or the requested things are in the custody, control, or possession of Plaintiffs.

**REQUEST FOR PRODUCTION NO. 35:** DOCUMENTS sufficient to identify online service accounts (e.g., file storage, source code storage and control, software development control, email, cloud computing, task management, note taking/organization, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued accounts.

**ANSWER:**

8

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

1 Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence (including about online service accounts that are not relevant).  Lemarié further objects to the extent this Request is unbounded by time or subject matter.  Lemarié further objects to this Request as unduly intrusive.  Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection.  Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "online service accounts."  Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests, including subpoenas directed to nonparties and regarding which Plaintiffs have represented would obviate any purported requirement for Lemarié to provide documents requested by this Request.  Lemarié further objects to the extent this Request seeks documents not in his custody, control, or possession and/or the requested documents are in the custody, control, or possession of Plaintiffs or a third party.  Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act.

**REQUEST FOR PRODUCTION NO. 36:** All DOCUMENTS relating to online service accounts (e.g., file storage, source code storage and control, software development control, email, cloud computing, task management, note taking/organization, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued accounts.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "all" documents relating to online service accounts, necessarily including personal documents and information and other documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence (including about online service accounts that are not relevant).  Lemarié further objects to the extent this Request is unbounded by time or subject matter.  Lemarié objects to this Request to the extent

9

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

it purports to require access to or production of documents and things, including account content and information for work and personal accounts that is highly and unduly intrusive, purports to require access to or production of irrelevant and private information, and is not provided as a routine right to a party seeking discovery under the Federal Rules of Civil Procedure. (*See* Advisory Committee's Comments to the 2006 Amendments to Rule 34.) Lemarié further objects to the requests for such production and access because the requests are overly broad without being relevant to the claims and defenses in the case and/or any purported connection to the devices and accounts is vague and speculative. Lemarié objects to each Request to the extent the documents, information, or things requested may be obtained through a less intrusive, burdensome, or overbroad means of discovery. Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection. Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "relating to online service accounts." Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests, including subpoenas directed to nonparties and regarding which Plaintiffs have represented would obviate any purported requirement for Lemarié to provide documents requested by this Request. Lemarié further objects to the extent this Request seeks documents not in his custody, control, or possession and/or the requested documents are in the custody, control, or possession of Plaintiffs or a third party. Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act.

**REQUEST FOR PRODUCTION NO. 37:** All DOCUMENTS stored on online service accounts (e.g., file storage, source code storage and control, software development control, email, cloud computing, task management, note taking/organization, etc.) YOU used during the time YOU were employed by CLOUDMARK, including all personal as well as company-issued accounts.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks documents and information that are not relevant to the subject matter of

10

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

this lawsuit and not reasonably calculated to lead to admissible evidence, including to the extent the Request demands "all" documents stored on online service accounts. Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "all" documents stored on online service accounts, necessarily including personal documents and information and other documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence. Lemarié further objects to the extent this Request is unbounded by time or subject matter. Lemarié objects to this Request to the extent it purports to require access to or production of documents and things, including account content and information for work and personal accounts that is highly and unduly intrusive, purports to require access to or production of irrelevant and private information, and is not provided as a routine right to a party seeking discovery under the Federal Rules of Civil Procedure. (*See* Advisory Committee's Comments to the 2006 Amendments to Rule 34.) Lemarié further objects to the requests for such production because the requests are overly broad without being relevant to the claims and defenses in the case and/or any purported connection to the devices and accounts is vague and speculative. Lemarié objects to each Request to the extent the documents, information, or things requested may be obtained through a less intrusive, burdensome, or overbroad means of discovery. Lemarié further objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, work-product privilege, and/or any other applicable privilege or protection. Lemarié also objects to this Request on the basis that it is vague and ambiguous with respect to the phrase "online service accounts." Lemarié further objects to the extent this Request is duplicative and cumulative of other discovery requests, including subpoenas directed to nonparties and regarding which Plaintiffs have represented would obviate any purported requirement for Lemarié to provide documents requested by this Request. Lemarié further objects to the extent this Request seeks documents not in his custody, control, or possession and/or the requested documents are in the custody, control, or possession of Plaintiffs or a third party. Lemarié objects to each Request to the extent it violates federal or state privacy laws, including, but not limited to, the Stored Communications Act or Electronic Communications Privacy Act.

11

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 38:** All DOCUMENTS and THINGS relating to email filtering, anti-spear phishing, anti-spam, anti-phishing, mail transfer agent, message transfer agent, and related technologies (including without limitation Cloudmark Trident, Cloudmark Authority, Cloudmark Security Platform, Cloudmark's MTA, Bizanga IMP, and Bizanga OOS) created prior to February 1, 2017, or that are derived from or include any portion of a DOCUMENT created prior to February 1, 2017.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence, including to the extent the Request demands "all" documents and things. Lemarié also objects to the extent this Request lacks temporal or subject matter limitations. Lemarié also objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work-product protection, and/or any other applicable privilege or protection. Lemarié also objects to this Request on the basis that it is vague and ambiguous and fails to describe the requested documents with reasonable particularity. Lemarié also objects to the extent this Request as duplicative of other discovery requests.

**REQUEST FOR PRODUCTION NO. 39:** All DOCUMENTS and THINGS relating to YOUR work at Cloudmark.

**ANSWER:**

Lemarié objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks documents and information that are not relevant to the subject matter of this lawsuit and not reasonably calculated to lead to admissible evidence, including to the extent the Request demands "all" documents and things. Lemarié also objects to the extent this Request lacks temporal or subject matter limitations. Lemarié also objects to the extent this Request seeks documents and information that are protected from disclosure by the attorney-client privilege, the attorney work-product protection, and/or any other applicable privilege or protection. Lemarié also

12

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

objects to this Request on the basis that it is vague and ambiguous and fails to describe the requested documents with reasonable particularity, including but not limited to the phrase "your work at Cloudmark." Lemarié also objects to the extent this Request as duplicative of other discovery requests.

13

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

# CERTIFICATE OF SERVICE

I hereby certify that I caused copies of the foregoing document to be served on June 18, 2020, upon the following in the manner indicated:

Sean S. Pak  VIA ELECTRONIC MAIL
Iman Lordgooei
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

Email: seanpak@quinnemanuel.com
       imanlordgooei@quinnemanuel.com

*Attorneys for Plaintiffs,*
*Proofpoint, Inc. and Cloudmark LLC*

Jodie W. Cheng  VIA ELECTRONIC MAIL
JWC Legal
One Market Plaza, Suite 3600
San Francisco, California 94105

Email: jwcheng@jwc-legal.com

*Attorneys for Plaintiffs,*
*Proofpoint, Inc. and Cloudmark LLC*

By: /s/ *Benjamin B. Kelly*

14

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION