1   Colin H. Murray (SBN 159142)
      colin.murray@bakermckenzie.com
2   **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
3   San Francisco, CA  94111-3802
    Telephone:  +1 415 576 3000
4   Facsimile:   +1 415 576 3099

5   Danielle L. Benecke (SBN 314896)
      danielle.benecke@bakermckenzie.com
6   **BAKER & McKENZIE LLP**
    600 Hansen Way
7   Palo Alto, CA  94304
    Telephone:  +1 650 856 2400
8   Facsimile:   +1 650 856 9299

9   Attorneys for Defendants,
    VADE SECURE, INCORPORATED;
10  VADE SECURE SASU;
    OLIVIER LEMARIÉ
11  [Additional counsel listed on signature page]

12              UNITED STATES DISTRICT COURT

13      NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

14

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC, | **Case No. 3:19-cv-04238-MMC** |
| Plaintiffs, | **Date Action Filed: July 23, 2019** |
| v. | **DEFENDANTS' MOTION TO CHANGE TIME TO RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ, | |
| Defendants. | |
| | **San Francisco Courthouse** |
| | **450 Golden Gate Avenue** |
| | **San Francisco, CA 94102** |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      RELIEF REQUESTED

Plaintiffs refused to disclose the alleged trade secrets that they contend were misappropriated until August 27, 2020—over a year after this lawsuit was filed and a mere three weeks ago.  That disclosure was in the form of an interrogatory response that spanned 29 pages and incorporated hundreds if not thousands of documents and lines of source code.  Those disclosures now underlie the claims contained in Plaintiffs' First Amended Complaint ("FAC"), which was filed on September 2, 2020.  Vade Secure, Incorporated ("Vade Inc."), Vade Secure SASU ("Vade SASU"), and Olivier Lemarié ("Lemarié") (collectively "Defendants") have been investigating Plaintiffs' recent disclosures, which is a necessary task in order to adequately respond to Plaintiffs' FAC.  But to give adequate time to complete that task, Defendants requested a mere two-week extension to their answer deadline.  Such an extension would not in any way delay the litigation of this lawsuit, including the discovery process, result in the movement of any other Court deadlines, and would not result in any prejudice to Plaintiffs.  Despite that, Plaintiffs, without articulating any legitimate justification, refused to agree to Defendants' request.  Accordingly, Defendants bring this motion to enlarge their deadline to answer or otherwise respond to Plaintiffs' FAC by two weeks to and including September 30, 2020.

## II.     FACTUAL BACKGROUND

### A.     At the time Plaintiffs filed this suit, they did not have a basis for their trade secret misappropriation claims.

Plaintiffs commenced this action on July 23, 2019, by filing a five-count Complaint for misappropriation of trade secrets against Defendants and for breach of contract against Lemarié. (Pls.' Compl. ¶¶ 54-104 (ECF No. 1).)  As was apparent from this initial Complaint, Plaintiffs failed to sufficiently identify any purported trade secret(s) misappropriated by Defendants.  (*See generally id.*)  Thus, at various stages in this proceeding, Defendants challenged Plaintiffs' deficient trade secret identification.  (*See, e.g.*, Defs.' Opp. to Pls.' Mot. for Prelim. Inj., ECF No. 85-2;  Defs.' Jt. Ltr Brs., ECF Nos. 128 & 145.)  Indeed, in denying Plaintiffs' Motion for Preliminary Injunction, the Court held that "Plaintiffs have not, however, pointed to evidence identifying the aspects of the claimed combination of elements and architecture that are in fact trade secrets." (Order Denying Pls.'

Mot. for Prelim. Inj. at 5:13–14, ECF No. 126.)   In other words, when this suit was instituted, Plaintiffs were unable to identify any alleged trade secrets that were actually alleged to be misappropriated.

**B.      Plaintiffs did not disclose their allegations of trade secret misappropriation until August 27, 2020.**

Shortly after Plaintiffs initially served discovery requests in this matter, Defendants sought a trade-secret disclosure that would identify what Plaintiffs alleged to have been misappropriated. (Defs.' 1st Set of Interrogs. to Pls. (No. 1).)  Instead of providing that information, which would have provided the parties defined parameters within which to litigate Plaintiffs' claims as required, Plaintiff responded by disclosing their universe of potential trade secrets, irrespective of whether those trade secrets were alleged to have been misappropriated.  (*See* Pls.' Am. Objs. & Resps. to Defs.' 1st Set of Interrogs., ECF No. 144-3.)  When asked repeatedly to narrow the disclosure to those trade secrets Plaintiffs contended were misappropriated, Plaintiffs refused.  By doing so, Plaintiffs refused to disclose what they believed to be the scope of their allegations forming the basis of this lawsuit until over a year after Plaintiffs filed suit.

Indeed, Plaintiffs' first disclosure of the alleged trade secrets that they contend to have been misappropriated was not received until August 27, 2020—a mere three weeks ago.  (Rankin Decl. ¶ 4.)  These disclosures, which were made in response to Interrogatory No. 10, spanned 29 pages and reference and/or incorporate by reference hundreds if not thousands of additional documents and lines of source code.  (Rankin Decl. ¶ 5.)  It is these voluminous disclosures that now underlie Plaintiffs' FAC and the claims asserted therein, which was not deemed filed until September 2, 2020. (FAC, ECF No. 220.)

**C.      Plaintiffs would not agree to Defendants' requested extension.**

Before filing this motion, Defendants contacted Plaintiffs to determine whether they would be opposed to the short extension being requested herein.  (Rankin Decl. ¶ 6.)  In response, Plaintiffs refused to agree to a two-week extension, and would only agree to a one-week extension if Defendants agreed to give up their right to file a Rule 12 motion in response to the FAC.  (*Id.*) Defendants, however, were not willing to waive any rights just to reach an agreement on a benign

2

extension request.  Accordingly, Defendants bring this motion and respectfully request that it be granted in its entirety.

## III.     ARGUMENT AND AUTHORITIES

Under Federal Rule of Civil Procedure 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."  Rule 6, "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quoting *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir. 1983)).  Thus, requests for extensions under Rule 6 "made before the applicable deadline has passed should normally [] be granted in the absence of bad faith or prejudice to the adverse party."  *Id*. at 1259 (citation and internal quotation marks omitted).  Here, Defendants file this Motion before Defendants' deadline to respond to the FAC has expired, and good cause exists to grant the modest extension requested.

As reflected above, good cause exists to grant this Motion.  Specifically, Plaintiffs, by their own admission, refused to articulate with any specificity what alleged trade secrets or now copyrights they contended to be misappropriated or infringed until August 27, 2020.  (Rankin Decl. ¶¶ 3–4.)  Before then, Defendants were in the dark about the scope or basis of Plaintiffs' allegations.  Now, in order to adequately respond to Plaintiffs' FAC, Defendants have the task of investigating Plaintiffs recently served 29-page disclosure that itself incorporates thousands of pages of documents.  (Rankin Decl. ¶ 5.)  Accordingly, providing Defendants adequate time to complete that task establishes good cause for Defendants' modest request of two weeks to their deadline to respond to the FAC.

Further, Defendants request will not prejudice Plaintiffs.  In refusing to agree to the requested extension, Plaintiffs cited an undefined concern that doing so would delay discovery.  (Rankin Decl. ¶ 7.)  That concern is unfounded, as Defendants do not intend for their response to the FAC to be the basis of delaying discovery.  Indeed, discovery is moving forward, including on Plaintiffs' newly asserted claims.  Moreover, Defendants' requested extension will not impact any other deadlines set by the Court.  As a result, good cause exists to grant this Motion, which will not prejudice Plaintiffs

1  in any way.

2  **IV.     CONCLUSION**

3          For the foregoing reasons, Defendants respectfully request that the Court GRANT this

4  Motion and enter the Proposed Order extending Defendants' deadline to respond to Plaintiffs' First

5  Amended Complaint to and including September 30, 2020.

4

1    Dated: September 16, 2020                    **BAKER & McKENZIE LLP**

2

3                                                 By: _/s/ Bart Rankin_

4                                                 Colin H. Murray (SBN 159142)
                                                   colin.murray@bakermckenzie.com
5                                                 **BAKER & McKENZIE LLP**
                                                 Two Embarcadero Center, 11th Floor
6                                                 San Francisco, CA  94111-3802
                                                 Telephone:      +1 415 576 3000
7                                                 Facsimile:      +1 415 576 3099

8                                                 Danielle L. Benecke (SBN 314896)
                                                   danielle.benecke@bakermckenzie.com
9                                                 **BAKER & McKENZIE LLP**
                                                 600 Hansen Way
10                                                Palo Alto, CA  94304
                                                 Telephone:      +1 650 856 2400
11                                                Facsimile:      +1 650 856 9299

12                                                Jay F. Utley (Admitted *Pro Hac Vice*)
                                                   jay.utley@bakermckenzie.com
13                                                Bart Rankin (Admitted *Pro Hac Vice*)
                                                   bart.rankin@bakermckenzie.com
14                                                Mackenzie M. Martin (Admitted *Pro Hac Vice*)
                                                   mackenzie.martin@bakermckenzie.com
15                                                John G. Flaim (Admitted *Pro Hac Vice*)
                                                   john.flaim@bakermckenzie.com
16                                                Chaoxuan Liu (Admitted *Pro Hac Vice*)
                                                   charles.liu@bakermckenzie.com
17                                                Mark Ratway  (Admitted *Pro Hac Vice*)
                                                   mark.ratway@bakermckenzie.com
18                                                **BAKER & McKENZIE LLP**
                                                 1900 North Pearl Street, Suite 1500
19                                                Dallas, Texas 75201
                                                 Telephone:      +1 214 978 3000
20                                                Facsimile:      +1 214 978 3099

21                                                Alexander Brauer (appearance pro hac vice)
                                                 TX SBN 24038780
22                                                abrauer@baileybrauer.com
                                                 **BAILEY BRAUER PLLC**
23                                                8350 N. Central Expressway
                                                 Suite 650
24                                                Dallas, Texas 75206
                                                 Telephone: (214) 360-7433
25                                                Facsimile: (214) 360-7435

26                                                *Attorneys for Defendants,*
                                                 *Vade Secure, Incorporated; Vade Secure SASU;*
27                                                *and Olivier Lemarié*

28

                                                     5