1  QUINN EMANUEL URQUHART & SULLIVAN, LLP
     Sean S. Pak (SBN 219032)
2    seanpak@quinnemanuel.com
     Iman Lordgooei (SBN 251320)
3    imanlordgooei@quinnemanuel.com
   50 California Street, 22nd Floor
4  San Francisco, CA 94111
   Telephone: (415) 875-6600
5  Facsimile: (415) 875-6700

6  JWC LEGAL
     Jodie W. Cheng (SBN 292330)
7    jwcheng@jwc-legal.com
   One Market Plaza, Suite 3600
8  San Francisco, California 94105
   Telephone: (415) 293-8308
9
   Attorneys for Plaintiffs,
10 Proofpoint, Inc. and Cloudmark LLC

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14 PROOFPOINT, INC.; CLOUDMARK LLC,

15                                          CASE NO. 3:19-cv-4238-MMC (RMI)
                 Plaintiffs,
16                                          **OPPOSITION TO DEFENDANTS'**
                                            **MOTION TO CHANGE TIME TO**
17      vs.                                 **RESPOND TO PLAINTIFFS' FIRST**
                                            **AMENDED COMPLAINT (DKT. 230)**
18 VADE SECURE, INCORPORATED; VADE
19 SECURE SASU; OLIVIER LEMARIÉ,

20               Defendants.

21

22

23

24

25

26

27

28

## I.   **INTRODUCTION**

From the outset of this case, Defendants have strategically delayed and stymied Plaintiffs' discovery efforts by, *inter alia*, serially raising objections and discovery motions in piecemeal fashion, withholding all discovery on the basis of objections raised with respect to just a subset of requests, and waiting until the eve of their deadlines for compliance with the Court's orders to file motions for reconsideration and to stay, all the while violating the Court's orders compelling production (including to this day).  Through these tactics, Defendants effectively delayed producing even a single document in this case for over seven months from the date of Plaintiffs' requests. Indeed, despite being ordered on April 20, 2020 to make a complete production of documents, including source code, in response to Plaintiffs' first sets of requests for production (Dkt. 149), Defendants did not produce any documents until May 22, and did not make any source code available for inspection until June 15.  Even now, Defendants' source code production is deficient and will be the subject of forthcoming motions to be filed by Plaintiffs.

Defendants' instant motion is yet another attempt to delay the timely progression of this case, consistent with Defendants' pattern and practice throughout this case.  Plaintiffs raised these very concerns when Defendants requested their two-week extension, explaining to Defendants that "throughout this case, Defendants have refused to provide discovery until various motions and objections were finally resolved, causing months of delay to date" and that Plaintiffs could not "allow Defendants to continue their pattern of delay by again seeking an unnecessary 2-week extension here."  Ex. A at 3; *see also* Cheng Decl. attached hereto.  Tellingly, Defendants did not attempt to address or even acknowledge these concerns (*id.*), and have employed their usual delay tactics here—*i.e.*, waiting until the eve of the deadline to request an extension, and, not having received the extension, violating the obligation to timely file a response under the Federal Rules, local rules, and the Court's standing order.  Standing Order ¶ 8 ("[N]o changes in the Court's schedule or procedures shall be made except by signed order of the Court and upon a showing of good cause.").

Contrary to Defendants' arguments, there is no good cause under Rule 6 for Defendants' extension and attempt to excuse their failure to timely respond to Plaintiffs' First Amended

1   Complaint ("FAC") (Dkt. 219).  Unlike *Ahanchian*, here there was no "exceptionally constrained

2   deadline" or unavailability of counsel due to holiday.  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d

3   1253, 1259 (9th Cir. 2010).  Rather, here, Defendants have exhibited a pattern and practice of delay

4   in this case that has prejudiced Plaintiffs and arguably rises to the level of bad faith.

5        At bottom, there is no legitimate need for an additional two weeks to respond to Plaintiffs'

6   FAC, which was shared with them over one month ago, and only adds a claim for copyright

7   infringement to existing claims for trade secret misappropriation and breach of contract.  Indeed,

8   Defendants inexplicably claim that they need more time to investigate an interrogatory response

9   served three weeks ago and that relates to Plaintiffs' misappropriation claims as part of their

10  investigation and response to Plaintiffs' FAC.  But the misappropriation claim has been in this case

11  for over one year, and was already found by this Court to be sufficiently pleaded. Dkt. 61.  Contrary

12  to Defendants' assertions, Plaintiffs have also timely and sufficiently identified their trade secrets at

13  issue (Dkts. 149, 159), and timely responded to Defendants' interrogatory seeking identification of

14  specific instances of misappropriation based on evidence produced to date.

15       The only new allegation in Plaintiffs FAC was the literal copying of Plaintiffs' source code,

16  including the undisputed fact that Defendant Lemarié copied at least five Cloudmark source code

17  files verbatim into Vade's code two years after he left Cloudmark.  Since such evidence was within

18  Defendants' possession before Plaintiffs filed their FAC—or, at a minimum, has been in their

19  possession for over a month (Dkt. 197-4)—there is no good cause for Defendants to request another

20  extension to respond to Plaintiffs' claims, let alone raise their request just ***one day*** before their

21  response was due under Fed. R. Civ. P. 15.  *See*, *e.g.*, *Estate of Mohammed ex rel. Wideman v. City*

22  *of Morgan  Hill*, 2012 WL 2906239, at *1-3 (N.D.  Cal. July 13, 2012) (finding the moving party

23  failed to meet the "good cause" standard when they "filed their extension request one day [before]

24  expiration of the deadline"); *Progressive Solutions, Inc. v. Stanley*, 2018 WL 1449395, at *1 (N.D.

25  Cal. Feb. 14, 2018) ("strongly admonishing" the parties that "requests to extend deadlines shall be

26  made before the deadline, with sufficient time for the court to rule on the request before the deadline

27  passes").

28       Plaintiffs have tried numerous times to accommodate Defendants in this case, only to be

prejudiced by lost evidence, delayed justice, risk of further dissemination of Plaintiffs' confidential trade secrets and proprietary source code, and furtherance of Defendants' increasingly egregious gamesmanship.  With less than three months of fact discovery left, and deposition scheduling underway, the case schedule cannot accommodate any more of Defendants' delays and Plaintiffs need to have clarity on the scope of the claims and issues in this case.[1]  Plaintiffs therefore respectfully request that Defendants' Motion to Change Time ("Motion") be denied and Defendants be ordered to answer the FAC, having waived their right to file a Rule 12 motion by missing the deadline for such motion under Rule 15.

## II.    ARGUMENT

### A.    Plaintiffs' Prejudice From Defendants' Repeated Delay Tactics

Plaintiffs served their first set of discovery requests on October 10, 2019 (Dkt. 78-2), yet did not receive a single document from Defendants until May 22, 2020.  Plaintiffs have repeatedly pressed Defendants to comply with their discovery obligations, including by filing a motion to compel and several discovery letters.  Dkts. 78, 91, 127, 128.  Yet Defendants resisted producing anything, or even complying with the Court's order compelling production.  At first, Defendants tried to invoke the French Blocking Statute.  Dkt. 91.  After Judge Illman determined discovery should proceed under Federal Rules and ordered Defendants to produce all responsive documents by February 14, 2020 (Dkt. 112 ("First Order")), Defendants failed to comply with the First Order.  Rather, despite Plaintiffs' warning, Defendants waited ***until the last day*** of their compliance deadline to file a motion to simultaneously appeal and seek reconsideration of the First Order (Dkts. 121, 122, 123, filed on February 14, 2020).

At the same time, Defendants raised a new objection, arguing for first time that all discovery should be stayed because Plaintiffs purportedly had not complied with CCP 2019.210 in this Federal Defense of Trade Secrets Act ("DTSA") case.  Plaintiffs, however, timely provided a detailed

---

[1] It was for precisely this reason that Plaintiffs agreed to stipulate to the non-opposition of Defendants' motion for leave to amend their counterclaims.  Dkt. 210; Dkt. 198.

identification of Plaintiffs' trade secrets ("Trade Secret Disclosure") in response to Defendants' Interrogatory No. 1 (Dkt. 145-2), yet Defendants still sought a protective order staying all discovery. On April 20, 2020, Judge Illman again determined that discovery in this case should proceed under the Federal Rules of Civil Procedure, and also found Plaintiffs' Trade Secret Disclosure sufficient, ordering Defendants to produce all responsive documents by May 4, 2020.  Dkt. 149 (the "Second Order").  For the *second time*, Defendants failed to comply with the Court's Order, and again waited *until the last day* for compliance to file objections and seek reconsideration of the Second Order, while unilaterally granting themselves a stay by failing to comply with the Court's order or otherwise provide any discovery.  Dkts. 152, 153.  On May 12, 2020, the Court affirmed the Second Order.  Dkt. 159.  Defendants, however, did not produce a single document until May 22, 2020, almost three weeks after the court-imposed deadline, and even then did not produce all responsive documents.  To date, Defendants still have not produced all responsive documents subject to the First and Second Order, and have refused to supplement—which will be the subject of forthcoming motion practice.

Despite Defendants' delays and violation of the Court's orders, as well as deficiencies in their document and source code production, Plaintiffs nevertheless found at least five confidential Cloudmark source code files copied verbatim, or in substantial part, by Defendant Lemarié into Vade's source code.  Dkt. 220 ¶¶ 116–117.  Some of the copied code was even authored by Cloudmark employees other than Lemarié.  The evidence, therefore, not only proved Plaintiffs' misappropriation claims, but also provided evidence of copyright infringement, which Plaintiffs immediately moved to add to their Complaint.  Dkt. 198.

The new discovery of Defendants' literal copying of Plaintiffs' confidential source code has underscored the need to timely adjudicate this case, as it has demonstrated that Defendants have or had a copy of Plaintiffs' source code, yet they have not produced, returned, or been otherwise able to explain what happened to Plaintiffs' source code.  Any further delays in resolving Defendants' upcoming motion to dismiss will cause substantial prejudice, since it is likely Defendants will,

consistent with their pattern and practice to date, resist discovery into Plaintiffs' claims until their forthcoming motion has been fully adjudicated.

### B. No Good Cause Exists To Grant Defendants' Request Made At The Last Minute When The FAC Was Filed A Month Ago

Defendants' instant motion seems to allege that there is good cause for the requested extension based on purported delays in Plaintiffs providing responses to Defendants' interrogatories. The facts do not support Defendants allegations.  In particular, Defendants served their Interrogatory No. 1 on March 2, 2020 seeking an identification of Plaintiffs' trade secrets at issue in this case. Dkt. 145-2.  Plaintiffs timely responded on March 19 and 29 with a detailed identification of trade secrets that this Court found was sufficient to allow discovery to proceed. Dkt. 149.  Several months later, on July 27, Defendants served Interrogatory No. 10 asking Plaintiffs to identify the evidence of Defendants' misappropriation of trade secrets.  Again, Plaintiffs timely responded on August 27, 2020 with a detailed identification of evidence uncovered to date, and have been continuing to supplement their response based on newly-discovered evidence.  Thus, Defendants have had Plaintiffs' Trade Secret Disclosure for nearly six months, a detailed identification of evidence of Defendants' misappropriation for three weeks, and Plaintiffs' FAC adding a new claim for copyright infringement for over a month (Dkt. 197, filed August 13, 2020).  Thus Defendants have had ample time to conduct their investigation into Plaintiffs' claims at least for the purposes of responding to the FAC.  Yet, even so, Defendants did not ask for any extension to respond to the FAC until September 16, just *one day* before the deadline to respond.  Ex. A.  Defendants' late request is consistent with their pattern of strategic delay in this case, and should be denied.

## III.   CONCLUSION

Based on the foregoing, Defendants' Motion should be denied, and Defendants should be ordered to answer Plaintiffs' FAC as soon as possible.

DATED:  September 17, 2020                        Respectfully Submitted,

By */s/ Sean Pak*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and
Cloudmark LLC*