Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Attorneys for Defendants
VADE SECURE, INCORPORATED;
VADE SECURE SASU;
OLIVIER LEMARIÉ
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | **Case No. 3:19-cv-04238-MMC**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANT OLIVIER LEMARIÉ'S ANSWER, AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS UNDER DTSA (18 U.S.C. § 1836 *et seq*.); BREACH OF EMPLOYMENT AND CONFIDENTIALITY AGREEMENTS; <u>COPYRIGHT INFRINGEMENT</u>**<br><br>**Original Complaint Filed: July 23, 2019**<br><br>**Courtroom: 7, 19th Floor**<br>**Judge: Maxine M. Chesney**<br><br>**San Francisco Courthouse**<br>**450 Golden Gate Avenue**<br>**San Francisco, California 94102** |

Defendant Olivier Lemarié ("Lemarié"), by and through his counsel, files this Answer and Affirmative and Other Defenses separately from Defendants Vade Secure, Inc. ("Vade Inc.") and Vade Secure SASU ("Vade SASU") (collectively "Vade Defendants"; collectively with Lemarié "Defendants") to Plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark, LLC's ("Cloudmark"; collectively with Proofpoint, "Plaintiffs") First Amended Complaint (the "Complaint"):

Lemarié denies each and every matter, allegation, or thing in the Complaint except as may be affirmatively admitted or alleged herein.  Moreover, to the extent any of the headings used by Plaintiffs in the Complaint constitute allegations of fact to which a response is required, Lemarié denies all the allegations contained in those headings.

## RESPONDING TO THE ALLEGATIONS IN THE COMPLAINT

Subject to and without waiving any of the affirmative defenses or available remedies set forth in this Answer or otherwise available at law or equity, Lemarié responds to the separate, numbered paragraphs of Plaintiffs' Complaint as follows:

1. Lemarié denies the allegations in paragraph 1.

2. Lemarié admits that he was a Cloudmark employee.  Lemarié denies the remaining allegations in paragraph 2.

3. Lemarié admits that, while a Cloudmark employee, he worked on developing products for the cybersecurity market. Lemarié denies the remaining allegations in paragraph 3.

4. Lemarié admits that, while a Cloudmark employee, he worked on developing products for the cybersecurity market. Lemarié denies the remaining allegations in paragraph 4.

5. Lemarié admits that he terminated his employment with Cloudmark during the last quarter of 2016.  Lemarié denies the remaining allegations in paragraph 5.

6. Lemarié admits that he joined Vade Inc. in 2017 as its Chief Technology Officer ("CTO"). Lemarié denies the remaining allegations in paragraph 6.

7. Lemarié admits that the Vade Defendants develop and market cybersecurity products. Lemarié denies the remaining allegations in paragraph 7.

8. The patent application and marketing materials referenced in paragraph 8 speak for themselves.  Lemarié denies the remaining allegations in paragraph 8.

1

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

9. Lemarié admits that Plaintiffs filed an "Exhibit L" with the Complaint, and that document speaks for itself. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies them.

10. Lemarié denies the allegations in paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 11.

12. Lemarié admits that Plaintiffs filed a Complaint initiating this lawsuit. Lemarié denies that Plaintiffs are entitled to any remedy or relief as a result of bringing this action. Lemarié denies the remaining allegations in paragraph 12. .

## THE PARTIES

13. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Lemarié admits the allegations in paragraph 15.

16. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Lemarié admits the allegations in paragraph 17.

## JURISDICTION AND VENUE

18. Paragraph 18 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 19.

20. Paragraph 20 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 20.

21. Paragraph 21 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 21.

2

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

22. Paragraph 22 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 22.

23. Paragraph 23 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 25.

## INTRADISTRICT ASSIGNMENT

26. The first sentence of paragraph 26 states legal conclusions to which no response is required. Because this action has already been assigned to the San Francisco Division of the Northern District of California, Lemarié need not respond to the remaining allegations pertaining to intradistrict assignment. Lemarié denies the remaining allegations in paragraph 26.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS

27. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié further admits that he served as Vice President of Gateway Technology of Cloudmark from 2010-2016 and reported directly to the Chief Executive Officer. Lemarié admits that he led the development of new products for the protection against email, mobile, and DNS based security threats. Lemarié denies the remaining allegations in paragraph 30.

31. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 31.

3

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

32. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit A" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 32.

33. Lemarié denies the allegations in paragraph 33.

34. Lemarié denies the allegations in paragraph 34.

35. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit A" and "Exhibit B" with the Complaint, and those documents speak for themselves. Lemarié also admits that he served as Chief Technical Officer of Bizanga. Lemarié denies the remaining allegations in paragraph 35.

36. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit A," "Exhibit C," "Exhibit D," and "Exhibit E" with the Complaint, and those documents speak for themselves. Lemarié also admits that he is now a Vade Inc. employee, and that Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné are now Vade SASU employees. Lemarié denies the remaining allegations in paragraph 36.

37. Lemarié admits that Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné worked at Cloudmark during the time Lemarié was a Cloudmark employee. Lemarié also admits that, while a Cloudmark employee, he helped with the development of a product called Trident. Lemarié denies the remaining allegations in paragraph 37.

38. Lemarié admits that he joined Vade Inc. in 2017 as its CTO. Lemarié also admits that Alexandre Boussinet, Xavier Delannoy, and Guillaume Séjourné are Vade SASU employees. Lemarié denies the remaining allegations in paragraph 38.

39. Lemarié denies the allegations in paragraph 39.

40. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit F" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 41.

42. Lemarié admits that Plaintiffs filed exhibits titled "Exhibit H," "Exhibit I," and "Exhibit J" with the Complaint, and those documents speak for themselves. Lemarié denies the remaining allegations in paragraph 42.

4

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

43. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit K" with the Complaint, and that document speaks for itself. Lemarié denies the remaining allegations in paragraph 43.

44. Lemarié admits that Plaintiffs filed an exhibit titled "Exhibit L" with the Complaint, and that document speaks for itself. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 44 and therefore denies them.

45. Lemarié admits that the Vade Defendants are developing an MTA product. Lemarié denies the remaining allegations in paragraph 45.

46. Lemarié admits that he gave a presentation in 2018. Lemarié denies the remaining allegations in paragraph 46.

**Proofpoint and Cloudmark Protect Their Confidential and Proprietary, Including Trade Secret, Information**

47. Paragraph 47 states legal conclusions to which no response is required. To the extent it does not, any agreement referenced in paragraph 47 speaks for itself, and Lemarié denies any and all interpretations or characterizations of any agreement set forth in paragraph 46. Lemarié denies the remaining allegations in paragraph 47.

48. Lemarié admits that he was offered employment with Cloudmark as the Vice President of Gateway Technology. As to the remaining allegations in paragraph 48 regarding an Employee Proprietary Information and Invention Agreement (the "PIIA"), the PIIA speaks for itself, and Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 48. Lemarié denies the remaining allegations in paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 50.

51. Paragraph 51 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 51.

52. Paragraph 52 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 52.

5

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

53. Paragraph 53 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 53.

54. Lemarié admits that he terminated his employment with Cloudmark in the last quarter of 2016. Lemarié further admits that he joined Vade Inc. in 2017 as its CTO. Lemarié denies the remaining allegations in paragraph 54.

55. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies them.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 57

58. Paragraph 58 states legal conclusions to which no response is required. To the extent it does not, Lemarié denies the allegations in paragraph 58.

## COUNT I – TRADE SECRET MISAPPROPRIATION

**Misappropriation of Trade Secrets under the DTSA, 18 U.S.C. § 1836 et seq.**

**(Against all Defendants)**

59. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 58 of the Complaint by this reference as if set forth in their entirety here.

60. Lemarié denies the allegations in paragraph 60.

61. Lemarié denies the allegations in paragraph 61.

62. Lemarié denies the allegations in paragraph 62.

63. Lemarié denies the allegations in paragraph 63.

64. Lemarié denies the allegations in paragraph 64.

65. Lemarié denies the allegations in paragraph 65.

66. Lemarié denies the allegations in paragraph 66.

67. Lemarié denies the allegations in paragraph 67.

6

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

68. Lemarié denies the allegations in paragraph 68.

69. Lemarié denies the allegations in paragraph 69.

70. Lemarié denies the allegations in paragraph 70.

71. Lemarié denies the allegations in paragraph 71.

72. Lemarié denies the allegations in paragraph 72.

73. Lemarié denies the allegations in paragraph 73.

74. Lemarié denies the allegations in paragraph 74.

75. Lemarié denies the allegations in paragraph 75.

76. Lemarié denies the allegations in paragraph 76.

77. Lemarié denies the allegations in paragraph 77.

78. Lemarié denies the allegations in paragraph 78.

79. Lemarié denies the allegations in paragraph 79.

## COUNT II – BREACH OF CONTRACT

**Unauthorized Disclosure and Failure to Maintain Confidentiality of**

**Cloudmark Proprietary Information**

**(Against Lemarié)**

80. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 79 of the Complaint by this reference as if set forth in their entirety here.

81. Paragraph 81 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 81. Lemarié denies the remaining allegations in paragraph 81.

82. Paragraph 82 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 82. Lemarié denies the remaining allegations in paragraph 82.

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

83. Paragraph 83 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 83. Lemarié denies the remaining allegations in paragraph 83.

84. Lemarié denies the allegations in paragraph 84.

85. Lemarié denies the allegations in paragraph 85.

86. Lemarié denies the allegations in paragraph 86.

## COUNT III – BREACH OF CONTRACT

### Failure to Disclose Inventions

### (Against Lemarié)

87. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 86 of the Complaint by this reference as if set forth in their entirety here.

88. Paragraph 88 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 88.

89. Paragraph 89 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 89. Lemarié denies the remaining allegations in paragraph 89.

90. Paragraph 90 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 90. Lemarié denies the remaining allegations in paragraph 90.

91. Lemarié denies the allegations in paragraph 91.

92. Lemarié denies the allegations in paragraph 92.

93. Lemarié denies the allegations in paragraph 93.

94. Lemarié denies the allegations in paragraph 94.

8

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

## COUNT IV – BREACH OF CONTRACT

**Failure to Maintain and Make Available Cloudmark Company Records**

**(Against Lemarié)**

95. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 94 of the Complaint by this reference as if set forth in their entirety here.

96. Paragraph 96 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 96.

97. Paragraph 97 states legal conclusions to which no response is required. Lemarié denies any and all interpretations or characterizations of the PIIA in paragraph 97. Lemarié denies the remaining allegations in paragraph 97.

98. Paragraph 98 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 98.

99. Lemarié denies the allegations in paragraph 99.

100. Lemarié denies the allegations in paragraph 100.

101. Lemarié denies the allegations in paragraph 101.

102. Lemarié denies the allegations in paragraph 102.

## COUNT V – BREACH OF CONTRACT

**Failure to Deliver Materials Containing Cloudmark Proprietary Information**

**(Against Lemarié)**

103. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 102 of the Complaint by this reference as if set forth in their entirety here.

104. Paragraph 104 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 104.

105. Lemarié denies the allegations in paragraph 105.

9

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

106. Lemarié denies the allegations in paragraph 106.

107. Lemarié denies the allegations in paragraph 107.

108. Lemarié denies the allegations in paragraph 108.

109. Lemarié denies the allegations in paragraph 109.

## COUNT VI — COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501, et seq.

### Violation of Plaintiffs' Exclusive Copyrights

### (Against all Defendants)

110. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 109 of the Complaint by this reference as if set forth in their entirety here.

111. Paragraph 111 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 111.

112. Paragraph 112 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 112.

113. Paragraph 113 references U.S. Copyright Registration Numbers, which speak for themselves.

114. Lemarié admits the allegations contained in the last two sentences of paragraph 114. Lemarié denies the remaining allegations in paragraph 114.

115. Lemarié denies the allegations in paragraph 115.

116. Lemarié lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 116 and therefore denies them.

117. Lemarié denies the allegations in paragraph 117.

118. Lemarié denies the allegations in paragraph 118.

119. Paragraph 119 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 119.

120. Paragraph 120 states a legal conclusion to which no response is required. Lemarié denies the remaining allegations in paragraph 120.

10

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

121. Lemarié denies the allegations in paragraph 121.

122. Lemarié denies the allegations in paragraph 122.

123. Lemarié denies the allegations in paragraph 123.

124. Paragraph 124 states legal conclusions to which no response is required. Lemarié denies the remaining allegations in paragraph 124.

## VICARIOUS LIABILITY / RESPONDEAT SUPERIOR

125. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 124 of the Complaint by this reference as if set forth in their entirety here.

126. Lemarié denies the allegations in paragraph 126.

## JOINT AND SEVERAL LIABILITY

127. With respect to Plaintiffs' statement purporting to incorporate their foregoing allegations into their cause of action, no admission or denial is required. Lemarié incorporates his responses above to paragraphs 1 through 126 of the Complaint by this reference as if set forth in their entirety here.

128. Lemarié denies the allegations in paragraph 128.

## JURY DEMAND

129. Lemarié need not respond to Plaintiffs' jury demand and any allegations relating thereto.

## PLAINTIFFS' PRAYER FOR RELIEF

Lemarié denies that Plaintiffs are entitled to any relief whatsoever, either as requested in the Complaint or otherwise.

## LEMARIÉ'S AFFIRMATIVE DEFENSES

130. By alleging the Affirmative Defenses set forth below, Lemarié does not admit or concede liability on any claim brought by Plaintiffs, nor does he concede that he bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.

11

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

**FIRST DEFENSE**

**(Failure to State a Claim)**

131. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to state a claim(s) upon which relief can be granted.

**SECOND DEFENSE**

**(Readily Ascertainable Through Proper Means)**

132. Plaintiffs' trade secret misappropriation claim(s) is barred, in whole or in part, because Plaintiff(s) alleged trade secret(s) are readily ascertainable through proper means.

**THIRD DEFENSE**

**(Modification)**

133. Plaintiffs' breach of contract claim is barred, in whole or in part, based on the doctrine of modification.

**FOURTH DEFENSE**

**(Privilege)**

134. Plaintiffs' breach of contract claim is barred, in whole or in part, based on the doctrine of privilege.

**FIFTH DEFENSE**

**(Offset)**

135. The amount of damages, if any, owed to Plaintiffs must be reduced or offset by the amount of damages owed to Lemarié.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

136. Plaintiffs' claims are barred, in whole or in part, for failure to make reasonable efforts to mitigate Plaintiffs' damages, if any, as required by law.

**SEVENTH DEFENSE**

**(Punitive Damages Unconstitutional or Not Permitted by Statute)**

137. Under the circumstances of this case, any award of punitive damages would violate the United States Constitution and/or the California Constitution.

12

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

## EIGHTH DEFENSE

### (Estoppel)

138.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied estoppel.

## NINTH DEFENSE

### (Unclean Hands)

139.   Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## TENTH DEFENSE

### (Waiver)

140.   Plaintiffs' claims are barred, in whole or in part, by the doctrines of express and/or implied waiver.

## ELEVENTH DEFENSE

### (Invalid Copyright)

141.   Plaintiffs' copyright claim is barred to the extent that it seeks to enforce a copyright that is invalid because the registration is based on material misstatements made during the registration process, which statements are material to the purpose for which Plaintiffs invoke the registration(s) in this action.  To the extent Plaintiffs misrepresented the scope of their original creation while pursuing a copyright registration, Plaintiffs' claims are barred.

## TWELFTH DEFENSE

### (Lack of Originality)

142.   Plaintiffs copyright claim is barred, in whole or in part, on the grounds that Plaintiffs' copyrights are invalid for lack of originality pursuant to 17 U.S.C. § 102(a).

## THIRTEENTH DEFENSE

### (Insufficient Range of Protectable Expression)

143.   Plaintiffs' copyright claim is barred, in whole or in part, on the grounds that it is asserting copyright over a range of expression too narrow to be afforded copyright protection. Plaintiffs' claim is barred for want of protectable expression for reasons including, but not limited

13

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

to, those listed herein. To the extent Plaintiffs are asserting a copyright in an expression of an idea that is too narrow to be afforded copyright protection, such as a file name, Plaintiffs' claim fails.

## FOURTEENTH DEFENSE

### (Functionality)

144. Plaintiffs' copyright claim is barred, in whole or in part, because the allegedly protected characteristics of its products are functional in nature, and therefore not protectable in copyright. Plaintiffs' claim is barred by functionality for reasons including, but not limited to, those listed herein. To the extent that Plaintiffs are claiming a copyright in, *inter alia*, features that are determined by the function of Plaintiffs' source code, copyright does not protect function, and Plaintiffs' claim fails.

## FIFTEENTH DEFENSE

### (Copyright Misuse)

145. Plaintiffs' copyright claim is barred, in whole or in part, because Plaintiffs are misusing their alleged copyrights by attempting to enforce rights over material not protected by their copyright.

## SIXTEENTH DEFENSE

### (Merger)

146. Plaintiffs' copyright claim is barred, in whole or in part, because the allegedly protected characteristics of Plaintiffs' product(s) are merged with abstract ideas, and thus rendered not protectable in copyright.

## RESERVATION OF RIGHTS

Lemarié reserves the right to raise additional affirmative and other defenses as they are discovered or become available.

## DEFENDANT LEMARIÉ'S PRAYER FOR RELIEF

Lemarié respectfully prays that:

i. The Court enter judgment on Plaintiffs' First Amended Complaint against Plaintiffs and in favor of Lemarié;

14

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

      ii.      The Court declare that Lemarié did not infringe on the copyright(s) that Plaintiffs have asserted in the First Amended Complaint;

      iii.     The Court award Defendants their attorneys' fees as permitted by law;

      iv.     The Court award Defendants their costs of suit, including reasonable litigation expenses, as permitted by law; and

      v.      The Court award Defendants any additional relief the Court deems just and proper.

15

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | Dated: September 23, 2020 | **BAKER & McKENZIE LLP** |
| 2 | | By: /s/ *Bart Rankin* |
| 3 | | Colin H. Murray (SBN 159142) |
| 4 | | colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP** |
| 5 | | Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802 |
| 6 | | Telephone:     +1 415 576 3000<br>Facsimile:      +1 415 576 3099 |
| 7 | | Danielle L. Benecke (SBN 314896) |
| 8 | | danielle.benecke@bakermckenzie.com<br>**BAKER & McKENZIE LLP** |
| 9 | | 600 Hansen Way<br>Palo Alto, CA  94304 |
| 10 | | Telephone:     +1 650 856 2400<br>Facsimile:      +1 650 856 9299 |
| 11 | | |
| 12 | | Jay F. Utley (Admitted *Pro Hac Vice*)<br>jay.utley@bakermckenzie.com |
| 13 | | Bart Rankin (Admitted *Pro Hac Vice*)<br>bart.rankin@bakermckenzie.com |
| 14 | | Mackenzie M. Martin (Admitted *Pro Hac Vice*)<br>mackenzie.martin@bakermckenzie.com |
| 15 | | John G. Flaim (Admitted *Pro Hac Vice*)<br>john.flaim@bakermckenzie.com |
| 16 | | Chaoxuan Liu (Admitted *Pro Hac Vice*)<br>charles.liu@bakermckenzie.com |
| 17 | | Mark Ratway  (Admitted *Pro Hac Vice*)<br>mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP** |
| 18 | | 1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201 |
| 19 | | Telephone:     +1 214 978 3000<br>Facsimile:      +1 214 978 3099 |
| 20 | | Alexander Brauer (appearance pro hac vice) |
| 21 | | TX SBN 24038780<br>abrauer@baileybrauer.com |
| 22 | | **BAILEY BRAUER PLLC**<br>8350 N. Central Expressway |
| 23 | | Suite 650<br>Dallas, Texas 75206 |
| 24 | | Telephone: (214) 360-7433<br>Facsimile: (214) 360-7435 |
| 25 | | |
| 26 | | *Attorneys for Defendants,*<br>*Vade Secure, Incorporated; Vade Secure SASU;*<br>*and Olivier Lemarié* |
| 27 | | |
| 28 | | |

16

Case No. 3:19-cv-04238-MMC
DEFENDANT OLIVIER LEMARIÉ'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO FIRST AMENDED COMPLAINT