Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**Hearing**<br>Date:  N/A (General Order 72-6)<br>Judge:  Hon. Robert M. Illman |

Pursuant to the Northern District of California's Civil Local Rules 7-11 and 79-5, Proofpoint, Inc. and Cloudmark LLC (collectively, "Plaintiffs") respectfully move for an order permitting them to file under seal the following portions of Exhibit 1 to the Declaration of Jodie Cheng ("Cheng Declaration") in support of Plaintiffs' Written Request Regarding the Procedure for Discovery Letter-Briefs ("Plaintiffs' Request"), which contain, discuss, or relate to information that Defendants Vade Secure, Incorporated and Vade Secure SASU ("Vade Defendants") designated as "Confidential," "Highly Confidential – Source Code," or "Highly Confidential – Attorneys' Eyes Only."

The reasons and specific bases for sealing the documents and excerpts identified below are set forth in the Declaration of Iman Lordgooei in Support of Plaintiffs' Administrative Motion to File under Seal filed herewith ("Lordgooei Decl.") ¶ 4:

| Location of Confidential Material | Contains Confidential Information Of: |
|---|---|
| **Exhibit 1** to the Declaration of Jodie W. Cheng In Support of Plaintiffs' Request<br><br>Highly Confidential – Attorneys' Eyes Only and Highly Confidential – Source Code information redacted at pp. 6–8, 10–12. | Defendants |

### I.   LEGAL STANDARD

Records attached to non-dispositive motions, such as here, are not subject to the strong presumption of public access to judicial records and documents. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-5808-HSG, 2015 WL 9023164, at *1 (N.D. Cal. Dec. 16, 2015). Because the documents attached to non-dispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Fed. R. Civ. P. 26(c). *Id*. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted). Sealing is therefore appropriate where the requesting

party "establishes that the document, or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law," and "narrowly tailor[s]" the request to sealable material only. N.D. Cal. Civil L.R. 79-5(a).

## II.  ARGUMENT

Plaintiffs hereby move to seal documents or portions thereof, as set forth fully in the accompanying declaration in support of its Administrative Motion to Seal. (Lordgooei Decl. ¶¶ 1–5.) These documents contain information that has been designated "Highly Confidential – Attorneys' Eyes Only," "Highly Confidential – Source Code," or "Confidential" by Vade under the Protective Order. (*Id.*)

Plaintiffs' request is narrowly tailored and only seeks to seal the portions of Plaintiffs' Request that Plaintiffs consider to be confidential and could create a substantial risk of serious harm if publicly disclosed. *See, e.g.*, *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *2 (N.D. Cal. Mar. 14, 2012) (finding sealing appropriate where "[t]he proposed redactions contain . . . confidential product development information, the disclosure of which could harm [movant's] competitive advantage in the marketplace").

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Administrate Motion to File Under Seal.

DATED:  October 26, 2020              Respectfully Submitted,

                                     By  */s/ Jodie W. Cheng*

                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
                                     Sean S. Pak (SBN 219032)
                                     seanpak@quinnemanuel.com
                                     Iman Lordgooei (SBN 251320)
                                     imanlordgooei@quinnemanuel.com
                                     50 California Street, 22nd Floor
                                     San Francisco, CA 94111
                                     Telephone: (415) 875-6600
                                     Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*