Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' WRITTEN REQUEST REGARDING THE PROCEDURE FOR DISCOVERY LETTER-BRIEFS**<br><br>**Hearing**<br>Date: N/A (General Order 72-6)<br>Judge: Hon. Robert M. Illman |

As the Court has likely observed, this case has seen a fair number of discovery disputes, some of which have required court intervention despite Plaintiffs' repeated efforts to persuade Defendants to cooperate with their discovery obligations. (*See, e.g.*, Dkt. 287 (Plaintiffs' renewed motion for sanctions and enforcement of the Courts' prior orders).)  These disputes have led the parties to file at least 10 joint discovery letter-briefs over the past 10 months—for which the parties have continuously followed the same procedure for exchanging, compiling, and jointly filing the parties' position statements. (J. Cheng Decl. ¶ 3; Dkts. 91–93, 127–128, 145–146, 167, 178, 228.) This established procedure[1] gives all parties an equal amount of time to prepare their position statements and favors neither the movant nor the non-movant.  Having never departed from this procedure, it has become the custom and practice by which the parties work together to timely file their joint letter-briefs in accordance with the Court's General Standing Order. (*Id.*)

But now, Defendants—for the first time and with no legitimate reason—are refusing to provide their position statements under the parties' established procedure, thereby obstructing the timely filing of two prospective joint letter-briefs. (*See* Ex. 1 at 2; *see also* J. Cheng Decl. ¶¶ 5–9.).) Specifically, the subjects of the two letter-briefs were discussed on the parties' lead counsel meet-and-confer on Tuesday, October 20. (*Id.* ¶¶ 4–5; Ex. 1 at 3.)  Later that day, Plaintiffs' counsel sent Defendants an email describing their understanding of the parties' positions, and confirming the date and time for the parties' simultaneous, mutual exchange of position statements, just as the parties had done for all 10 prior joint letter-briefs. (*See id.*; J. Cheng Decl. ¶¶ 3, 6.)  Accordingly, on Sunday, October 25, Plaintiffs provided Defendants with proposed templates/shells in which the parties would later insert their statements. (Ex. 1 at 2.)  However, later that Sunday evening, Vade's counsel responded that Defendants would not provide their position statements unless Plaintiffs first sent their portions of the two letter-briefs "two full business days in advance of filing" on Tuesday, October 27, i.e., **by early the next morning**.  (*See id.* at 1–2 (*e.g.*, "Vade Defendants' insistence on

---

[1] For all 10 of the prior joint letter-briefs, the parties have participated in a simultaneous, mutual exchange of their respective position statements on the evening of the proposed filing. (*E.g.*, Ex. 1 at 1; J. Cheng Decl. ¶ 3.)  A few days prior to the mutual exchange of letter-brief inserts, the moving party circulates a template/shell, which includes a proposed introduction and a description of the relief sought. (*Id.*)

deviating from this procedure . . . would require Plaintiffs to provide their position statement within the next ~9 hours . . . ."); Illman General Standing Order at ¶ 13(a) ("Within five (5) business days of the lead trial counsels' meet and confer session, the parties shall file a detailed joint letter").)

There is no legitimate reason for Defendants' refusal to provide their position statements under the established procedure or, especially, to belatedly inform Plaintiffs of Defendants' refusal at the eleventh hour.  Tellingly, Vade's counsel provided only one reason for its sudden departure from the parties' prior practice:  the two prospective letter-briefs are raised by Plaintiffs to compel discovery from Defendants.  (Ex. 1 at 2 ("Since these are Plaintiffs' motions, we do not agree to a mutual exchange.").)  However, the prior joint letter-briefs involved the mutual exchange of position statements regardless of moving party, including for letter-briefs brought by Defendants.  (*See, e.g.*, J. Cheng Decl. ¶ 3.)  Nor can Defendants argue that they need Plaintiffs' position statements in order to prepare their own.  Even if Defendants did not grasp Plaintiffs' positions during the lead counsel conference (which is unlikely given that the entire purpose of the conference is to try to resolve the dispute), Plaintiffs' written correspondence alone details the parties' positions.  (Ex. 1 at 3, 12–13; Ex. 2 at 1–2.)  In fact, it appears that the only reason for Defendants' new procedure, which is being introduced just 7 weeks before fact discovery cutoff, is to have an inimical effect on Plaintiffs' ability to resolve numerous outstanding discovery issues (*see, e.g.*, Ex. 1 at 10–13), starting by shortening Plaintiffs' time to prepare their position statements by two full days.  (*Id*. at 2 ("Rather, please also provide us with Plaintiffs' letter brief insert(s) at least two full business days in advance of filing . . . .")

Therefore, pursuant to Paragraph 13(b) of the Court's General Standing Order, Plaintiffs respectfully request that the Court order Defendants to provide their position statements for all future joint letter-briefs according to the procedure that the parties have used throughout this case, i.e., through simultaneous, mutual exchange on the evening 5 business days after the lead counsel meet-and-confer.  If Defendants again refuse to or fail provide their position statements accordingly, Plaintiffs ask that the Court grant Plaintiffs prospective leave to file their position statements without Defendants' statements, in order to avoid any future delay.

| | |
|---|---|
| DATED:  October 26, 2020 | Respectfully Submitted, |

By */s/ Jodie W. Cheng*

QUINN EMANUEL URQUHART & SULLIVAN, LLP
Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

JWC LEGAL
Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone: (415) 293-8308

*Attorneys for Plaintiffs Proofpoint, Inc. and Cloudmark LLC*