Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>Plaintiffs,<br><br>vs.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>Defendants. | CASE NO. 3:19-cv-04238-MMC<br><br>**DECLARATION OF JODIE W. CHENG IN SUPPORT OF PLAINTIFFS' WRITTEN REQUEST REGARDING THE PROCEDURE FOR DISCOVERY LETTER-BRIEFS** |

I, Jodie W. Cheng, declare as follows:

1. I am a member of the bar of the State of California and an attorney with Jodie W. Cheng, P.C., counsel for Plaintiffs Proofpoint, Inc. and Cloudmark LLC (collectively, "Plaintiff") in Case No. 3:17-CV-04238.

2. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to the matters set forth herein.

3. For each of the joint discovery letter-briefs filed in this case thus far, the parties had agreed to and indeed engaged in a simultaneous, mutual exchange of their respective portions of the letter-brief on the evening of the filing date. The moving party, i.e., the party that was seeking discovery or other relief, would then combine the parties' position statements and file the joint submission that evening. In each instance, a few days prior to the mutual exchange of letter-brief inserts, the moving party circulated a template/shell, which included a proposed introduction and a description of the relief sought.

4. On Tuesday, October 20, 2020, lead trial counsel (i.e., Messrs. Sean Pak, Jay Utley, and Adam Cashman) for all parties participated in a meet-and-confer regarding several discovery disputes. In addition to lead trial counsel, other attorneys for parties were also present on the meet-and-confer, including myself.

5. During the October 20 meet-and-confer, the parties were unable to reach an agreement or compromise on at least two issues: (1) Vade's[1] deficient responses to Interrogatory Nos. 8 and 9; and (2) Plaintiffs request to take 8 additional depositions and Vade's ongoing failure to provide deposition availability for almost all of witnesses requested by Plaintiffs under Local Rule 30-1.

6. Later on Tuesday, October 20, I wrote to Defendants'[2] counsel, describing, *inter alia*, the parties' impasse, and the need for the Court's guidance, regarding the two topics described above. I also wrote that the parties should plan to mutually exchange their respective position statements for

---

[1] Collectively, Defendants Vade Secure, Incorporated and Vade Secure SASU.
[2] Collectively, Defendants Vade Secure, Incorporated, Vade Secure SASU, and Olivier Lemarié.

the joint letter-briefs at 7:00pm PT on Tuesday, October 27 to ensure timely filings that evening. This procedure is consistent with the parties' practice for the prior discovery letter-briefs.

7. On the afternoon of Sunday, October 25, I sent Defendants' counsel proposed templates/shells for the two separate letter-briefs discussing the two topics for which the parties could not come to an agreement, described above in ¶ 5. This is also consistent with the parties' practice for the prior joint letter-briefs.

8. Later that evening, on Sunday, Vade's counsel informed Plaintiffs that Vade would not agree to a mutual exchange of position statements and, instead, demanded that Plaintiffs provide their portion of the letter-brief to Defendants at least two full business days in advance of filing.

9. In light of Vade's demand to receive Plaintiffs' position statements two full business days before the filing date, coupled with the late notice from Vade's counsel, Plaintiffs would not have been able to timely file the two letter-briefs addressing the topics .

10. Attached hereto as Exhibit 1 is a true and correct copy of email correspondence between counsel of Plaintiffs and Vade Defendants, relating to the parties' October 20 lead counsel meet-and-confer and multiple discovery deficiencies, including Vade Defendants' deficient responses to Interrogatory Nos. 8–9.

11. Attached hereto as Exhibit 2 is a true and correct copy of email correspondence between the parties' counsel, relating to depositions that Plaintiffs intend to take.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 26, 2020, at San Francisco, California.

*/s/ Jodie W. Cheng*
Jodie W. Cheng (SBN 292330)