IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>    Defendants. | Case No. 19-cv-04238-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIMS; AFFORDING DEFENDANTS LEAVE TO AMEND** |

Before the Court is plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark LLC's ("Cloudmark") Motion, filed September 18, 2020, "to Dismiss Vade Defendants' Counterclaims." Defendants Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade Defendants") have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

The Vade Defendants' "Answer, Affirmative and Other Defenses, and Counterclaims to the First Amended Complaint" ("Counterclaims") contains six counterclaims, each of which is based on allegations that Cloudmark made false statements about the Vade Defendants to one of its customers ("Customer 1")[2] and that Proofpoint made false statements about the Vade Defendants to one of its customers

---

[1] By order filed November 10, 2020, the Court took the matter under submission.

[2] By order filed September 30, 2020, the Court granted the Vade Defendants' motion to file under seal the names of the customers to whom the allegedly false statements were made.

("Customer 2").[3]  For the reasons stated below, the Court finds the Vade Defendants have failed to allege sufficient facts to support a finding that the challenged statements were false.

The first set of statements relate to the Vade Defendants' assertedly having misappropriated plaintiffs' trade secrets.  In that regard, the Vade Defendants allege, Cloudmark told Customer 1 that Cloudmark had "uncovered evidence that the Vade Defendants misappropriated Plaintiffs' alleged trade secrets and incorporated those into all of Vade's products" (see Counterclaims ¶ 19) (emphasis in original), and Proofpoint told Customer 2 that "all of Vade Inc.'s products were developed using Plaintiffs' alleged trade secrets" (see Counterclaims ¶ 22), which statements the Vade Defendants allege are "false" (see Counterclaims ¶¶ 19, 22).  As plaintiffs point out, however, the Vade Defendants do not allege facts sufficient to support such assertion.  In particular, they do not allege facts to support a finding that plaintiffs did not uncover evidence that the Vade Defendants' products all incorporated plaintiffs' trade secrets or facts to support a finding that their products were not all developed using plaintiffs' trade secrets.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

The remaining statements concern the Vade Defendants' ability to financially withstand the instant lawsuit.  In particular, the Vade Defendants allege, Cloudmark told Customer 1, that, "in Vade Inc.'s and Vade SASU's . . . current financial condition, Vade could not withstand defending this lawsuit and would be bankrupt in the near term" (see Counterclaims ¶ 19), and Proofpoint told Customer 2 that "Vade was not financially stable, and that defending this lawsuit would easily bankrupt Vade" (see Counterclaims ¶ 22), which statements the Vade Defendants likewise allege are "false" (see

---

[3] The six counterclaims are "Defamation," "Commercial Disparagement," "Intentional Interference With Prospective Economic Advantage," "Unfair Competition Under California Business & Professions Code § 17200," "Monopolization – Section 2 of the Sherman Act – 15 U.S.C. § 2," and "Attempted Monopolization – Section 2 of the Sherman Act – 15 U.S.C. § 2."

2

1  Counterclaims ¶¶ 19, 22).  As plaintiffs point out, however, the Vade Defendants fail to
2  identify the particular assertions they contend are false, let alone facts to support a
3  finding of falsity.

4        Plaintiffs further argue neither statement is actionable because both constitute
5  opinions rather that assertions of fact.  See GetFugu, Inc. v. Patton Boggs LLP, 220 Cal.
6  App. 4th 141, 155-56 (2013) (holding that, "although statements of fact may be
7  actionable as libel, statements of opinion are constitutionally protected") (internal
8  quotation and citation omitted).  Although, ordinarily, "[w]hether challenged statements
9  convey the requisite factual imputation is . . . a question of law," a court, in making such a
10 determination, must "consider the totality of the circumstances."  See id. at 156.  Here,
11 the statements could be read as no more than predictions or expectations on the part of
12 plaintiffs as to what would happen as a result of the filing of the instant action, see id. at
13 155-56, and their reference to "bankrupt[cy]" could be considered no more than a
14 dramatic figure of speech.  See Ferlauto v. Hamsher, 74 Cal. App. 4th 1394, 1401 (1999)
15 (holding "rhetorical hyperbole" is type of statement not "provably false" and,
16 consequently, not actionable).  Nevertheless, in the absence of the Vade Defendants'
17 having identified the particular false assertion(s) of fact in the challenged statements, and
18 with only a general description of the context in which the statements were made, the
19 Court is not in a position at this time to determine whether the statements constitute
20 opinions or assertions of fact.  Even assuming they qualify as the latter, however, the
21 Vade Defendants, as discussed above, fail to allege facts sufficient to plead a claim
22 based thereon.

23       Lastly, to the extent the Vade Defendants bring claims under the Sherman Act,
24 plaintiffs argue the claims are subject to dismissal for an additional reason, namely, the
25 failure to sufficiently define a requisite market.  "In order to state a valid claim under the
26 Sherman Act, a plaintiff must allege that the defendant has market power within a
27 'relevant market,'" specifically, a "product market."  See Newcal Indus., Inc. v. Ikon Office
28 Solution, 513 F.3d 1038, 1044-45 (9th Cir. 2008).  Here, the Vade Defendants define the

relevant product market as "e-mail filtering products for Tier 1 B2C ISPs capable of monitoring and filtering at least 1 million email accounts at the same time." (See Counterclaims ¶ 52.a.)  Plaintiffs argue such an alleged market is deficient as it is defined by reference to customers, rather than by products.  See Newcal Indus., 513 F.3d at 1045 (holding "consumers do not define the boundaries of the market; the products or producers do").  Although the Vade Defendants assert they are not defining the market by reference to customers, their proposed market includes, as plaintiffs point out, a reference to a type of customer, specifically, "Tier 1 B2C ISPs." (See Counterclaims ¶ 52a.)  If the market the Vade Defendants are alleging is not dependent on a reference to Tier 1 B2C ISPs, the reference thereto should be removed.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to dismiss the Vade Defendants' counterclaims is hereby GRANTED, and the counterclaims are hereby DISMISSED. Should the Vade Defendants wish to file amended counterclaims for the purpose of curing any of the above-referenced deficiencies, they shall file such amended counterclaims no later than December 4, 2020.

**IT IS SO ORDERED.**

Dated: November 16, 2020

MAXINE M. CHESNEY
United States District Judge