Colin H. Murray (SBN 159142)
colin.murray@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111-3802
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Danielle L. Benecke (SBN 314896)
danielle.benecke@bakermckenzie.com
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: +1 650 856 2400
Facsimile: +1 650 856 9299

Attorneys for Defendants,
VADE SECURE, INCORPORATED and
VADE SECURE SASU
[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | **Case No. 3:19-cv-04238-MMC-RMI**<br><br>**Date Action Filed: July 23, 2019**<br><br>**DEFENDANTS VADE SECURE, INCORPORATED AND VADE SECURE SASU'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants, Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade Defendants"), hereby move the Court to seal certain appendices attached to Vade Defendants' Certification of Georges Lotigier Pursuant to Court Order (ECF No. 334) (the "Lotigier Certification"). This motion is based upon the positions below, the Declaration of Bart Rankin filed herewith, and such other and further evidence and argument as may be presented at any hearing on this Motion.

## I.  INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 of the United States District Court for the Northern District of California, Vade Defendants hereby submit this supplemental administrative motion to file under seal certain appendices attached to the Lotigier Certification.

Certain appendices attached to the Lotigier Certification contain, discuss, or relate to Vade Defendants' business-confidential information, including information designated as "Highly Confidential – Attorneys' Eyes Only," qualifying for protection under Federal Rule of Civil Procedure 26(c).

| Document(s) Containing Confidential Information | Designating Party and Location of Information |
|---|---|
| **Appendix A** to the Certification of Georges Lotigier Pursuant to Court Order (ECF No. 334)<br><br>**Basis for Filing Under Seal**: Contains, references, or relates to Vade Defendants' business-confidential information (i.e., listing of source code file/repository names), and would cause competitive harm to Vade Defendants if released to the public. | **Vade Defendants**<br>Appendix A to the Certification of Georges Lotigier Pursuant to Court Order (ECF No. 334) |
| **Appendix B** to the Certification of Georges Lotigier Pursuant to Court Order (ECF No. 334)<br><br>**Basis for Filing Under Seal**: Contains, references, or relates to Vade Defendants' business-confidential information (i.e., listing of source code file/repository names), and would cause competitive harm to Vade Defendants if released to the public. | **Vade Defendants**<br>Appendix B to the Certification of Georges Lotigier Pursuant to Court Order (ECF No. 334) |

## II.  ARGUMENT

### A.  Sealing is Necessary to Protect Defendants' Business-Confidential Information.

In *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), the Ninth Circuit established standards governing sealing requests. Records attached to nondispositive

motions are not subject to the strong presumption of access. *Id*. at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id*. at 1179–80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c).

Here, Vade Defendants can establish good cause for sealing their business-confidential information. In *VIA Techs., Inc. v. Asus Comput. Int'l*, the court found good cause for sealing portions of documents because they contained the defendants' "confidential business information" discussing the design of products accused of allegedly misappropriating trade secrets. No. 14-cv-03586-BLF, 2017 U.S. Dist. LEXIS 107268, at *3 (N.D. Cal. July 11, 2017). Similarly, and as set forth in the Rankin Declaration in Support of Vade Defendants' Motion to Seal, Vade Defendants seek to seal certain appendices attached to the Lotigier Certification pertaining to Vade Defendants' business-confidential information discussing products, product development, and highly confidential source code. Rankin Decl. ¶ 3. If disclosed to the public, Vade Defendants' business-confidential information and highly confidential source code would be of particular interests to Vade Defendants' competitors, and Vade Defendants would therefore suffer competitive harm. *Dynetix Design Sols., Inc. v. Synopsys Inc.*, No. C 11-CV-05973 PSG, 2013 U.S. Dist. LEXIS 73436, at *4 (N.D. Cal. May 23, 2013) (granting request to seal portions of a document referencing source code and holding that "[p]roprietary source code is presumed to be sealable"); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 176248, at *19 (N.D. Cal. Dec. 10, 2012).

**B.  Sealing is Necessary to Protect Vade's Information.**

Local Rule 79-5 states that the Court may issue an order to file a document under seal if the requesting party demonstrates: (1) the document, or portions thereof, is "privileged or . . . otherwise entitled to protection under the law" and (2) the request is "narrowly tailored." Here, certain appendices attached to the Lotigier Certification contain or are based on information designated as

highly confidential by Vade Defendants.  As such, these portions are appropriate for sealing, and Vade Defendants' requests are narrowly tailored.

## III. CONCLUSION

In sum, Vade Defendants' request is narrowly tailored to address only certain appendices attached to the Lotigier Certification that correspond to, discuss, or relate to Vade Defendants' business-confidential information.  All other exhibits and evidence will remain fully accessible.  Thus, Vade Defendants request that the Court grant their administrative motion.

| | |
|---|---|
| Dated: November 20, 2020 | **BAKER & McKENZIE LLP**<br><br>By: /s/ *Bart Rankin*<br><br>Colin H. Murray (SBN 159142)<br>colin.murray@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>Two Embarcadero Center, 11th Floor<br>San Francisco, CA  94111-3802<br>Telephone:     +1 415 576 3000<br>Facsimile:      +1 415 576 3099<br><br>Danielle L. Benecke (SBN 314896)<br>danielle.benecke@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>600 Hansen Way<br>Palo Alto, CA  94304<br>Telephone:     +1 650 856 2400<br>Facsimile:      +1 650 856 9299<br><br>Jay F. Utley (Admitted *Pro Hac Vice*)<br>jay.utley@bakermckenzie.com<br>Bart Rankin (Admitted *Pro Hac Vice*)<br>bart.rankin@bakermckenzie.com<br>Mackenzie M. Rankin (Admitted *Pro Hac Vice*)<br>mackenzie.Rankin@bakermckenzie.com<br>John G. Flaim (Admitted *Pro Hac Vice*)<br>john.flaim@bakermckenzie.com<br>Chaoxuan Liu (Admitted *Pro Hac Vice*)<br>charles.liu@bakermckenzie.com<br>Mark Ratway  (Admitted *Pro Hac Vice*)<br>mark.ratway@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>1900 North Pearl Street, Suite 1500<br>Dallas, Texas 75201<br>Telephone:     +1 214 978 3000<br>Facsimile:      +1 214 978 3099<br><br>Shima S. Roy<br>shima.roy@bakermckenzie.com<br>**BAKER & McKENZIE LLP**<br>300 East Randolph Street, Suite 5000<br>Chicago, Illinois  60601<br>Telephone:     +1 312 861 8000<br>Facsimile:      +1 312 861 2899 |

4

Alexander Brauer (appearance pro hac vice)
TX SBN 24038780
abrauer@baileybrauer.com
**BAILEY BRAUER PLLC**
8350 N. Central Expressway
Suite 650
Dallas, Texas 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7435

*Attorneys for Defendants,*
*Vade Secure, Incorporated and Vade Secure SASU*