1  Colin H. Murray (SBN 159142)
    colin.murray@bakermckenzie.com
2  **BAKER & McKENZIE LLP**
    Two Embarcadero Center, 11th Floor
3  San Francisco, CA  94111-3802
    Telephone: +1 415 576 3000
4  Facsimile:  +1 415 576 3099

5  Danielle L. Benecke (SBN 314896)
    danielle.benecke@bakermckenzie.com
6  **BAKER & McKENZIE LLP**
    600 Hansen Way
7  Palo Alto, CA  94304
    Telephone: +1 650 856 2400
8  Facsimile:  +1 650 856 9299

9  Attorneys for Defendants,
    VADE SECURE, INCORPORATED and
10 VADE SECURE SASU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>            Plaintiffs,<br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>            Defendants. | **Case No. 3:19-cv-04238-MMC-RMI**<br><br>**Date Action Filed: July 23, 2019**<br><br>**CERTIFICATION OF GEORGES LOTIGIER PURSUANT TO COURT ORDER (ECF NO. 334)** |

I, Georges Lotigier, declare:

1. I am CEO for Vade Secure SASU, and I make this certification on behalf of Vade Secure SASU and Vade Secure, Incorporated (collectively "Vade").

2. I have personal knowledge of the matters set forth herein.

3. I am aware that on November 11, 2020, the Court entered an order requiring that "Vade's CEO and its counsel in this court have certified to the court in writing that all materials that are responsive to RFP Nos. 1, 2, and 7-10, have been made available for inspection by Plaintiffs." (Order 9-10, ECF No. 334.)

4. Plaintiffs RFP Nos. 1 and 2 read as follows:

> **REQUEST FOR PRODUCTION NO. 1**: Complete copies of the SOURCE CODE, including associated comments and revision histories (e.g., Git Commits) sufficient to show individual authors/contributors, that VADE has used or is using in connection with the development or sale of any and all versions or releases of VADE O365.
>
> **REQUEST FOR PRODUCTION NO. 2**: Complete copies of the SOURCE CODE, including associated comments and revision histories (e.g., Git Commits) sufficient to show individual authors/contributors, that VADE has used or is using in connection with the development or sale of any and all versions or releases of VADE MTA.

5. In response to Plaintiffs' Requests for Production Nos. 1 and 2, before the Court's order was entered, Vade produced for inspection the source code files reflected in **Appendix A** to this declaration. Since the Court's order was entered on November 11, 2020, Vade has further supplemented its source code production with the files reflected in **Appendix B.** The source code now produced for inspection, as reflected in Appendices A and B, constitutes complete copies of the source code, including associated comments and revision histories sufficient to show individual authors/contributors, that Vade has used or is using in connection with the development or sale of any and all versions or releases of its Vade Secure for Office 365 and MTA products, as well as any other products or features developed by Vade.

6.      Plaintiffs' Request for Production Nos. 7-10 read as follows:

**REQUEST FOR PRODUCTION NO. 7**: DOCUMENTS and COMMUNICATIONS sufficient to show Olivier Lemarié's contribution, involvement, or participation in the creation, development, testing, or "debugging" of any VSI or VSS patent, invention, or product related to email, MTAs, spear phishing, or cyber security; INCLUDING any invention disclosure, SOURCE CODE, or technical architecture DOCUMENTS relating thereto.

**REQUEST FOR PRODUCTION NO. 8**: DOCUMENTS and COMMUNICATIONS sufficient to show Guillaume Séjourné's contribution, involvement, or participation in the creation, development, testing, or "debugging" of any VSI or VSS patent, invention, or product related to email, MTAs, spear phishing, or cyber security; INCLUDING any invention disclosure, SOURCE CODE, or technical architecture DOCUMENTS relating thereto.

**REQUEST FOR PRODUCTION NO. 9**: DOCUMENTS and COMMUNICATIONS sufficient to show Alexandre Boussinet's contribution, involvement, or participation in the creation, development, testing, or "debugging" of any VSI or VSS patent, invention, or product related to email, MTAs, spear phishing, or cyber security; INCLUDING any invention disclosure, SOURCE CODE, or technical architecture DOCUMENTS relating thereto.

**REQUEST FOR PRODUCTION NO. 10**: DOCUMENTS and COMMUNICATIONS, within the custody, control, or possession of VSI or VSS, sufficient to show Xavier Delannoy's contribution, involvement, or participation in the creation, development, testing, or "debugging" of any VSI or VSS patent, invention, or product related to email, MTAs, spear phishing, or cyber security; INCLUDING any invention disclosure, SOURCE CODE, or technical architecture DOCUMENTS relating thereto.

7.      I understand that Requests for Production Nos. 7-10 relate to the following former Cloudmark employees: Olivier Lemarié, Guillaume Séjourné, Xavier Delannoy, and Alexandre Boussinet ("LSDB"). In response to these requests, to the extent that LSDB contributed in any

manner to any line of source code, Vade has produced the entire source code files, including the historical versions and revision histories of those files for inspection. Those files are included within those listed in Appendices A and B.

8. Vade has also produced at least the following documents and communications:

   a. Vade, using the search terms provided by Plaintiffs, produced, at least, 30,690 Vade e-mails that listed Olivier Lemarié, Guillaume Séjourné, Xavier Delannoy, or Alexandre Boussinet as a custodian. A listing of the Bates numbers corresponding to examples of those produced e-mails are listed in **Appendix C** attached hereto.

   b. A Jira ticket is intended to reflect a task and issue (typically related to coding) assigned to employee(s) and the employee(s)' activities and comments in handling the task or issue. Vade has produced over 3,700 Jira documents, including each Jira ticket that reflects the work done by LSDB in relation to Vade's source code. The Bates numbers corresponding to examples of those produced Jira tickets are listed in **Appendix D** attached hereto.

   c. To the extent they exist in Vade's documents, Vade has also produced any invention disclosures for inventions involving Olivier Lemarié. Vade is not aware of any invention disclosure involving any other LSDB employee. Also, to the extent they exist in Vade's documents, Vade has produced technical architectural documents for each product or feature that any LSDB employee worked on during their employment at Vade. The Bates numbers corresponding to examples of the invention disclosures and technical architectural documents described are listed in **Appendix E** attached hereto.

9. Therefore, as shown herein and in Appendices A-E, to the best of my knowledge, Vade has made all materials that are responsive to Plaintiffs' RFP Nos. 1, 2, and 7-10 available for inspection by Plaintiffs.

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct, and that this declaration was executed on November 20, 2020.

/s/
Georges Lotigier