IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>    Defendants. | Case No. 19-cv-04238-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is plaintiffs Proofpoint, Inc. ("Proofpoint") and Cloudmark's LLC ("Cloudmark") Motion for Summary Judgment, filed April 23, 2021, whereby plaintiffs seek summary judgment on a number of affirmative defenses raised in response to plaintiffs' First Amended Complaint ("FAC"). Defendants Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade Secure") have file a response, as has defendant Olivier Lemarié ("Lemarié"). Plaintiffs have filed a reply. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

1. With respect to Vade Secure's Fourth, Fifth, Sixth, and Eleventh Affirmative Defenses, titled, respectively, "Estoppel," "Unclean Hands," "Waiver," and "Copyright Misuse," the motion will be granted, as Vade Secure states it "agrees to not advance these defenses at trial." (See Vade Secure's Response at 1:9-10.)

2. With respect to Lemarié's Third, Fourth, Fifth, Eighth, Ninth, Fifteenth, Seventeenth, and Twentieth Affirmative Defenses, titled, respectively, "Modification," "Privilege," "Offset," "Estoppel," "Unclean Hands," "Copyright Misuse," "Merger," "Statute

---

[1] By order filed May 25, 2021, the Court took the matter under submission.

1  of Limitations," and "Laches," the motion will be granted, as Lemarié states he "does not

2  oppose" the motion to such extent. (See Lemarié's Response at 1:3-6.)

3      3. With respect to Lemarié's Tenth Affirmative Defense, titled "Waiver," the motion

4  will be granted for the reasons stated below.

5      "Waiver is the intentional relinquishment of a known right after knowledge of the

6  facts." Waller v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 31 (1995) (internal quotation,

7  citation, and alteration omitted). In his response to an interrogatory requesting he provide

8  "in detail the factual and legal bases" for each of his affirmative defenses, Lemarié

9  included no such information, and, indeed, made no reference to, his affirmative defense

10  of waiver. (See Lordgooie Decl. Ex. C at 16:9-21:2). Accordingly, plaintiffs have met

11  their initial burden to produce evidence either "negating an essential element of the

12  nonmoving party's claim or defense," or, in the alternative, demonstrating "an absence of

13  evidence to support the nonmoving party's case." See Nissan Fire & Marine Ins. Co. v.

14  Fritz Cos., 210 F.3d 1099, 1105 (9th Cir. 2000) (holding party seeking summary judgment

15  meets initial burden of production where it shows non-movant failed to identify, in answer

16  to interrogatory, evidence to support claim). The burden thus shifts to Lemarié to come

17  forward with evidence sufficient to raise a triable issue of fact as to waiver. See id. at

18  1107.

19      In asserting a triable issue exists, Lemarié limits his argument to Count V of the

20  FAC, wherein plaintiffs allege Lemarié, upon termination of his employment with

21  Cloudmark, failed to comply with a contractual obligation to "deliver and return to

22  Cloudmark all of the materials contained with [an] Evernote account." (See FAC ¶ 107).[2]

---

[2] The contractual provision, in relevant part, provides as follows:

> When I leave the employ of the Company, I will deliver to the Company any and all drawings, notes, memoranda, specifications, devices, formulas, and documents, together with all copies thereof, and any other material containing or disclosing any Company Inventions . . . or Proprietary Information of the Company.

(See Budaj Decl. [Doc. No. Ex. H [Doc. No. 476-20] ¶ 6.)

As to that claim, Lemarié contends he "returned relevant files to his Cloudmark colleagues, confirmed they had all the documents they required, and deleted the [Evernote] notebook" (see Lemarié's Response at 4:23-25), after which Cloudmark, being aware of such facts, "declined to seek return of the Evernote notebook" (see id. at 4:9-10), thereby leading him to "reasonably conclude that it had relinquished [its] right" to "delivery of the Evernote notebook" (see id. 4:1-3).  As plaintiffs point out, however, Lemarié offers no evidence to support either his assertion that he returned the files in the Evernote notebook to his colleagues or his assertion that he confirmed his colleagues had all the documents they required.  Consequently, as to waiver, Lemarié has not shown a triable issue of fact exists.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for summary judgment on Vade Secure's Fourth, Fifth, Sixth, and Eleventh Affirmative Defenses and on Lemarié's Third, Fourth, Fifth, Eighth, Ninth, Tenth, Fifteenth, Seventeenth, and Twentieth Affirmative Defenses is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: June 4, 2021

MAXINE M. CHESNEY
United States District Judge