IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>    Defendants. | Case No. 19-cv-04238-MMC<br><br>**ORDER GRANTING DEFENDANTS' DAUBERT MOTION TO EXCLUDE OPINION OF DR. SETH NIELSON** |

Before the Court is defendants' "Daubert Motion," filed July 24, 2021, "to Exclude the Expert Opinion of Dr. Seth Nielson." Plaintiffs have filed opposition, to which defendants have replied. The Court, having found the matter appropriate for decision thereon (see Doc. No. 55), hereby rules as follows.

In the above-titled action, plaintiffs assert, as Count I, a violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836-39, under which an "owner of a trade secret that is misappropriated may bring a civil action . . . if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." See 18 U.S.C. § 1836(b)(1). By the instant motion, defendants seek to preclude Seth James Nielson, Ph.D. ("Dr. Nielson"), an "expert in cyber security" retained by plaintiffs (see Zahoory Decl. Ex. 3 [Doc. No. 451-7] ¶¶ 1-2), from offering one of the opinions set forth in his expert report, specifically, his "opinion that Defendants misappropriated Plaintiffs' trade secrets" (see, e.g., id. Ex. 3 ¶¶ 201, 392).[1]

---

[1] Defendants do not seek to exclude any other opinion proffered by Dr. Nielson, including the various opinions he offers to support his conclusion of misappropriation, e.g., his opinion that "the content of [plaintiffs'] Trident source code is clearly copied into the Vade source code." (See id. Ex. 3 ¶ 331; see also id. Ex. 3 ¶¶ 331.a-d (identifying "identical" portions of plaintiffs' and defendants' respective source codes).)

Although expert testimony "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact," see Fed. R. Evid. 704, "an expert witness cannot give an opinion as to [a] legal conclusion, i.e., an opinion on an ultimate issue of law," see Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004).

Here, the ultimate issue of law presented in Count I is whether defendants misappropriated plaintiffs' trade secrets. See Mainz Brady Group, Inc. v. Shown, 2017 WL 4538968, at *2 (W.D. Wash. October 11, 2017) (holding allegation that "[d]efendant misappropriated trade secrets" is "legal conclusion"). Indeed, the term "misappropriation" has a specific meaning for purposes of the DTSA. See 18 U.S.C. § 1839(5).[2]

The Court thus will preclude Dr. Nielson from opining that any of the defendants misappropriated plaintiffs' trade secrets. See Glenwood Systems, LLC v. Thirugnanam, 2012 WL 1865453, at *8 (C.D. Cal. May 21, 2012) (precluding expert witness from "opin[ing] about whether defendants misappropriated plaintiff's trade secrets"; noting

---

[2] The DTSA defines "misappropriation" as follows:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
(B) disclosure or use of a trade secret of another without express or implied consent by a person who--
    (i) used improper means to acquire knowledge of the trade secret;
    (ii) at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was--
        (I) derived from or through a person who had used improper means to acquire the trade secret;
        (II) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or
        (III) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret; or
    (iii) before a material change of the position of the person, knew or had reason to know that--
        (I) the trade secret was a trade secret; and
        (II) knowledge of the trade secret had been acquired by accident or mistake.

See 18 U.S.C. § 1839(5).

1    such testimony would "improperly invad[e] the province of the jury"); Linkco, Inc. v Fujitsu
2    Ltd., 2002 WL 1585551, at *2 (S.D. N.Y. July 16, 2002).
3          Accordingly, defendants' motion is hereby GRANTED.
4    **IT IS SO ORDERED.**

6    Dated: June 10, 2021

        MAXINE M. CHESNEY
        United States District Judge