Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Iman Lordgooei (SBN 251320)
imanlordgooei@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Jodie W. Cheng (SBN 292330)
jwcheng@jwc-legal.com
**JWC LEGAL**
One Market Plaza, Suite 3600
San Francisco, California 94105
Telephone: (415) 293-8308

Attorneys for Plaintiffs,
Proofpoint, Inc. and Cloudmark LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC<br><br>        Plaintiffs,<br><br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ<br><br>        Defendants. | CASE NO. 3:19-cv-04238-MMC (RMI)<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' RESPONSE TO THE DAUBERT ORDER (DKT. 682)**<br><br><br>Judge:  Hon. Maxine M. Chesney<br>Pretrial Conference:  July 14, 2021, 10:00 AM |

1

## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 7 and CIV. L.R. 7-3(d), Plaintiffs

4 PROOFPOINT, INC. and CLOUDMARK LLC (collectively, "Plaintiffs") will and hereby do move

5 to strike Defendants' Response to Daubert Order (Dkt. 682), filed July 13, 2021.

6      Plaintiffs' motion is based on this Notice of Motion and Motion; the following memorandum

7 of points and authorities; the supporting declaration of Jodie W. Cheng ("Cheng Decl."), all matters

8 of which the Court may take judicial notice; other pleadings on file in this action; and other written

9 or oral argument that Plaintiffs may present to the Court.

10

## RELIEF REQUESTED

11      Plaintiffs seek to strike Defendants' improper "response" to the Court's June 24, 2021 Order

12 Granting In Part and Denying In Part Plaintiffs' Motion To Exclude Testimony Of Expert Witnesses

13 (Dkt. 592).  Defendants' Response To The Daubert Order (Dkt. 682) is improper for the reasons

14 stated in the following memorandum of points and authorities.

15      Instead, any attempt by Defendants to make a showing sufficient to lift or terminate the

16 Court's "protective order precluding defendants from referring to [Mr. Bakewell's] opinion, in

17 opening statement or otherwise, or calling Bakewell to offer it," such "inquiry" should be made

18 through expert *voir dire* in which Plaintiffs may thoroughly and fully examine the bases and

19 reliability of Mr. Bakewell's opinions that were timely disclosed.  (*See* Dkt. 592 at 5, n.4.)

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3      Defendants Vade Secure, Inc., Vade Secure SASU, (collectively, "Vade") and Olivier

4   Lemarié's (collectively with Vade, "Defendants") Response To The Daubert Order (Dkt. 682 (the

5   "Response" or "Resp.")), regarding opinions from Defendants' damages expert, Mr. Christopher

6   Bakewell, regarding deductible costs, improperly seeks to unilaterally reopen *Daubert* briefing in

7   contradiction of the Court's *Daubert* order (Dkt. 592 (the "Order")) and restates the same

8   arguments and evidence that were already raised or available during the original briefing.  Thus,

9   Defendants' Response should be stricken pursuant to Civil L.R. 7-3(d) and the Court's Order; and,

10   should Defendants seek to make a showing regarding the admissibility of Mr. Bakewell's opinion,

11   it should be conducted through *voir dire* examination of Mr. Bakewell at trial.

12      Specifically, the Court's Order found that Defendants had failed to make a sufficient

13   showing for the Court "to determine whether Bakewell's opinion as to the amount of deductible

14   costs 'will help the trier of fact . . . determine a fact in issue." (Order at 5.)  Thus, in response to

15   Plaintiffs' motion seeking to exclude Mr. Bakewell's opinions regarding cost deductions, the

16   Court issued "a protective order precluding defendants from referring to such opinion, in opening

17   statement or otherwise, or calling Bakewell to offer it, until such time as defendants have made a

18   showing that such opinion meets the requirements of Rule 702 and *Daubert.*" (*Id*.)  To the extent

19   defendants sought to make such a showing, the parties were "directed to meet and confer to

20   determine when in the proceeding a further inquiry into the matter should be conducted." (*Id*. at

21   n.4.)

22      That is, the Court's Order is clear on at least three points—***all of which Defendants have***

23   ***chosen to disregard or violate in filing their Response***.  First, Defendants' Response does not

24   offer any new arguments, bases, or evidence that would assist the Court in deciding the

25   admissibility of Mr. Bakewell's deductible costs opinion.  Instead, Defendants' Response repeats

26   the same arguments presented in their Opposition To Plaintiffs' *Daubert* Motion, filed May 7,

27   2021 (*see* Dkt. 511 at 12–16.)  Second, the Court's Order grants Plaintiffs' motion to exclude Mr.

28   Bakewell's deductible cost opinion and issues a protective order precluding reference to such

1   opinions—a fact that Defendants' Response ignores from the outset (*see* Resp. at 1).  Third,

2   Defendants' unilateral filing of the Response, without response from Plaintiffs, does not comport

3   with the Court's directive "to **meet and confer** to determine **when in the proceeding** a further

4   **inquiry** into the matter should be **conducted**" (*see* Order at n.4).

5           Therefore, having neither sought nor received leave to file supplemental briefing, and

6   having no good cause or bases to submit such supplemental briefing, Defendants' Response must

7   be stricken.

8   **II.     BACKGROUND**

9           **A.     The Court's *Daubert* Order**

10          On April 23, 2021, Plaintiffs moved to exclude Defendants' damages expert, Mr.

11  Christopher Bakewell, from offering opinions regarding deductible costs attributable to the accused

12  sales unjustly obtained by Vade as a result of Defendants' misappropriation.  (*See* Dkt. 462 at 10–

13  13.)  Among other issues, Mr. Bakewell relied on an unreliable methodology supplied by Vade's

14  fact witness—comprising of merely pro-rating the three largest cost categories reported in Vade's

15  financials, and applying them to the total sum of unjust revenue identified by Plaintiffs' damages

16  expert—and supported it only through a correlation analysis that evaluated whether there was "some

17  relationship" to Vade's accused and unaccused revenue.  (*Id.*)

18          After the parties' briefing on the matter, on June 24, 2021, the Court determined that Vade

19  Secure "has not shown, through [Bakewell] or otherwise, that the challenged 'methodology' is

20  'scientifically valid.'"  (Order at 5 (internal citation omitted).)  Because "the Court [was] not in a

21  position to determine whether Bakewell's opinion as to the amount of deductible costs 'will help

22  the trier of fact . . . determine a fact in issue" on the record presented, the Court held that it would

23  preclude Defendants from offering or referring to Mr. Bakewell's opinion regarding deductible costs

24  until Defendants "made a showing that such opinion meets the requirements of Rule 702 and

25  *Daubert*."  (*Id.*)  To the extent Defendants would attempt to make such a showing, the Court directed

26  the parties to "meet and confer to determine when in the proceeding a further inquiry into the matter

27  should be conducted."  (*Id.* at n.4.)

28

### B.  Plaintiffs' Attempts to Meet & Confer Per the Court's Order

On June 26, 2021, two days after the Court issued the *Daubert* order, Plaintiffs sought Defendants' proposed timing for any further inquiry into Mr. Bakewell's deductible costs opinion, pursuant to the Court's directive.  (Cheng Decl., ¶ 1.)  Specifically, Plaintiffs explained that any further showing by Defendants should be made through inquiry or examination of Mr. Bakewell through *voir dire*, and solicited Defendants' proposal on when such examination should occur.  (*Id.*)

Defendants remained silent until July 10, 2021 when, during a meet-and-confer, they argued that the Court's Order affirmatively requested Defendants to file supplemental briefing and expert opinion and, until the (improper) supplemental briefing was decided by the Court, Plaintiffs' motion to exclude Mr. Bakewell's deductible costs opinions were denied.  (*See* Resp. at 1; Ex. 1).  Plaintiffs objected to Defendants' blatant mischaracterization of the Order and proposed plan; and restated that an expert *voir dire* is the appropriate mechanism for any "further inquiry" contemplated by the Court's Order.  (*Id.*; Order at n.4.)  Defendants then sent the Response to Plaintiffs after business hours after 10:00pm on July 12; and—without any discussion with or response from Plaintiffs— filed their Response on July 13.  (Ex. 2; Resp.)

## III.  ARGUMENT

### A.  Defendants' Improper Response Should Be Stricken

As an initial matter, Defendants misleadingly misstates the holding of the Court's Order.  The Court did ***not*** "decline[] Plaintiffs' request to exclude Defendants' damages expert, Christopher Bakewell."  (*Cf.* Resp. at 1.)  Quite the opposite, the Court stated it "***will issue a protective order precluding defendants from referring to such an opinion***, in opening statement or otherwise, or calling Bakewell to offer it" until Defendants made the requisite showing under FED. R. EVID. 702 and *Daubert*.  (Order at 5 (emphasis added).)

Defendants' Response is an unsolicited and uninvited submission, for which Defendants had no leave to file.  (*See* Civ. L.R. 7-3(d).)  Contrary to  the mischaracterizations in Defendants' Response, the Court did not affirmatively "ask[] for an additional showing" regarding Mr. Bakewell's deductible cost opinions or "invit[e]" Defendants to address the *Daubert* Order "through [its] submission."  (*Cf.* Resp. at 1.)  Instead, the Court explained that the protective order it had

1   issued could be lifted or terminated *if* Defendants sufficiently proved the admissibility of Mr.

2   Bakewell's deductible costs opinion; at no point did the Court order supplemental briefing on the

3   issue, a request with which the Court is undoubtedly familiar if that is what it wished.  (*See* Order

4   at 5.)  Indeed, the Court's Order had directed the parties to "***meet and confer*** to determine ***when in***

5   ***the proceeding*** a further ***inquiry*** into the matter should be ***conducted***."  (Order at n.4 (emphases

6   added).)  Yet, as set forth *supra*, Defendants filed the Response without conferring with Plaintiffs

7   regarding timing, and despite Plaintiffs' objection that Defendants' supplemental briefing is not the

8   "inquiry" to "conduct."  (Exs. 1–2.)  Because Defendants had no leave or invitation to file the

9   Response, nor did they comply with the Court's Order, the Response should be stricken.  Civ. L.R.

10  7-3(d); *e.g.*, *Optinrealbig.com, LLC v. Ironport Sys.*, 323 F. Supp. 2d 1037, 1038–39 (N.D. Cal.

11  2004) (granting defendant's motion to strike a supplemental brief and declarations as the

12  submissions were uninvited by the court and unrelated to the issue on which the court had requested

13  briefing).

14      **B.**      **Any Further Inquiry Regarding Admissibility of Mr. Bakewell's Opinions Should Be Conducted Through Expert *Voir Dire* At Trial and in the Presence Of The Jury**

15

16      Instead, the appropriate mechanism for any "further inquiry" regarding admissibility of Mr.

17  Bakewell's deductible costs opinion should be "conducted" by examination of Mr. Bakewell

18  through expert *voir dire*, in which Plaintiffs would have the opportunity to examine the scientific

19  validity and reliability of Mr. Bakewell's opinion.  (*See* Order at 5); *e.g.*, *United States v. Alatorre*,

20  222 F.3d 1098, 1104 (9th Cir. 2000) ("Here the [trial] court adopted a practical procedure, well

21  within its discretion, when it allowed Alatorre to explore Jacob's qualifications and the basis for his

22  testimony at trial via *voir dire* . . . .  [T]he trial court permitted Alatorre to question Jacobs—and to

23  question him extensively—and also indicated that it would allow further questioning outside the

24  presence of the jury should that become necessary.  ***Such a procedure is appropriate***.") (emphasis

25  added and citation omitted).

26      Moreover, given that Defendants waited until the eve of the Pretrial Conference to file any

27  proposal regarding the Court's Order, and that trial commences in eight court-days, the *voir dire* of

28  Mr. Bakewell should be conducted at trial when Mr. Bakewell takes the stand.  This is simply the

-4-

most practical and efficient solution at this stage of the case, and the only one that minimizes disruption to the proceedings.  (*Id*. ("The Supreme Court's insistence on flexibility and the need for case-by-case analysis of the proffered expert testimony cannot be squared with Alatorre's insistence that a *Daubert* hearing must be conducted before trial.  To hold otherwise would impermissibly narrow the trial court's discretion to decide what procedures are necessary to assess the reliability of challenged testimony."); *Kellner v. NCL (Bahamas), Ltd.*, No. 15-23002-CIV, 2016 WL 8679313, at *1 (S.D. Fla. Aug. 17, 2016) ("One such mechanism" "for ensuring the reliability and relevance of expert witness testimony" "is, instead of holding a pre-trial Daubert hearing, conducting a *voir dire* of the expert witness during trial").

Additionally, to maximize efficiency of time and maintain the trial schedule, *voir dire* of Mr. Bakewell should be conducted in the presence of the jury so that, if admitted, there would be no need to duplicate the presentation of Mr. Bakewell's basis and methodology again for the jury.  *See, e.g.*, *United States v. Herrera*, No. CR 08-0730 WHA, 2011 WL 175887, at *1 (N.D. Cal. Jan. 19, 2011) ("Accordingly, reliability may be adequately addressed during *voir dire **at trial** (**in the presence of the jury**).") (emphases added); *United States v. Macias*, No. 2:15-CR-00125-GEB, 2018 WL 8950142, at *2 (E.D. Cal. Oct. 17, 2018) ("[N]either party has presented authority supporting the position that the . . . referenced defense *voir dire* must occur outside the presence of the jury."). Thus, should Defendants seek to present argument or evidence relating to Mr. Bakewell's deductible costs opinion, the "further inquiry" into the reliability of his methodology should be "conducted" through an expert *voir dire* at trial in the presence of the jury.

### C.  Defendants' Response Does Not Offer New Arguments or Evidence of Admissibility

Even *assuming arguendo* that the Court's order invited additional briefing, Defendants' response should be stricken because it fails to raise any new arguments or offer new evidentiary showings of the admissibility of Mr. Bakewell's deductible costs opinion.  Thus, there is no reason to disturb the Court's Order and the protective order should remain in effect.  *See Harris v. Escamilla*, No. 113CV1354DADMJSPC, 2016 WL 7210113, at *2 (E.D. Cal. Dec. 12, 2016) (holding that "objections" filed by plaintiff, which were filed without first seeking leave, "should

1   be stricken from the record" as plaintiff "merely restates and reiterates his version of the facts

2   underlying this case, while addressing no new arguments raised by Defendant").

3       Defendants simply rehash the same prior arguments that they previously made during the

4   *Daubert* briefing.  (*E.g.*, *compare* Dkt. 511 at 14–15 *with* Resp. at 5–6 (regarding purported

5   reliability of correlation analysis); *compare* Dkt. 511 at *16 with* Resp. at 3–5 (describing Mr.

6   Bakewell's analysis).)  The Court already held that these arguments are insufficient to find that Mr.

7   Bakewell's cost deductions are "scientifically valid" or that they "will help the trier of fact . . .

8   determine a fact in issue."  (Order at 5.)  Defendants' Response is thus redundant, offers nothing

9   that would modify the Court's earlier determination, and should be stricken.  *Avendano v. Sec.*

10  *Consultants Grp.,* No. 3:13-CV-00168-HDM, 2014 WL 6611384, at *1 (D. Nev. Nov. 19, 2014)

11  (courts have inherent authority to strike non-pleading papers when they are redundant).

12      **D.      Mr. Bakewell's Methodology Remains Unreliable**

13      Nothing in Defendants' Response changes the fact that Mr. Bakewell's correlation analysis,

14  on which his cost allocation approach is based, remains unreliable as a matter of law.  As Plaintiffs

15  set forth during *Daubert* briefing (Dkt. 543), Judge Posner of the Seventh Circuit explained precisely

16  why such an analysis is deeply flawed in a factually similar case.  In *ATA Airlines, Inc. v. Fed. Exp.*

17  *Corp.*, 665 F.3d 882, 896 (7th Cir. 2011), the at-issue expert opinion purported to relate plaintiff's

18  annual costs of participating in a particular program to plaintiff's total annual revenue of

19  participating in that program.  Judge Posner rebuked the expert's use of econometric correlation for

20  this use, explaining that using "costs as his dependent variable and revenues as his independent

21  variable" was a "glaring error" since "***revenue does not influence cost directly***; ***nor is it clear that***

22  ***it is closely correlated with unmeasured variables that do influence costs***."  *Id.* at 893.  Just as the

23  rejected expert opinion in *ATA Airlines*, Mr. Bakewell's deductible costs opinion unreliability and

24  misleadingly attempts to use correlation to show that certain costs are attributable to the accused

25  revenues.  Nor are Mr. Bakewell's attempts to justify his use of unreliable methodology by pointing

26  to Vade's lack of detailed cost records availing.  The Seventh Circuit was unpersuaded by the same

27  argument made by the expert in *ATA Airlines*.  *Id.* ("[A party]'s failure to maintain adequate records

28  is not a justification for an irrational damages theory.").

1    Like the expert analysis in *ATA Airlines*, Mr. Bakewell's opinion regarding cost deductions

2   "should never [be] allowed to be put before a jury" given its reliance on the flawed correlation

3   analysis methodology.  *Id.* at 891.

4   **IV.    CONCLUSION**

5    For the foregoing reasons, Plaintiffs respectfully request that the Court strike Defendants'

6   Response To The *Daubert* Order (Dkt. 682).  Instead, if further inquiry is sought, Plaintiffs

7   respectfully request that such inquiry be conducted through expert *voir dire* that allows Plaintiffs

8   to thoroughly examine Mr. Bakewell's methodology and opinion during trial.

9

10  DATED:  July 13, 2021                                    Respectfully Submitted,

11                                                                      By  */s/ Jodie W. Cheng*

12                                                    Sean S. Pak (SBN 219032)
                                                      seanpak@quinnemanuel.com
13                                                    Iman Lordgooei (SBN 251320)
                                                      imanlordgooei@quinnemanuel.com
14                                                    QUINN EMANUEL URQUHART &
                                                      SULLIVAN, LLP
15                                                    50 California Street, 22nd Floor
                                                      San Francisco, CA 94111
16                                                    Telephone: (415) 875-6600
                                                      Facsimile: (415) 875-6700
17

18                                                    Jodie W. Cheng (SBN 292330)
                                                      jwcheng@jwc-legal.com
19                                                    JWC LEGAL
                                                      One Market Street
20                                                    Spear Tower, 36th Floor
                                                      San Francisco, CA 94105
21                                                    Telephone: (415) 293-8308

22                                                    *Attorneys for Plaintiffs Proofpoint, Inc. and*
                                                      *Cloudmark LLC*

23

24

25

26

27

28