Douglas E. Lumish (SBN 183863)
doug.lumish@lw.com
Jeffrey G. Homrig (SBN 215890)
jeff.homrig@lw.com
Arman Zahoory (SBN 306421)
arman.zahoory@lw.com
Ryan T. Banks (SBN 318171)
ryan.banks@lw.com
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

*Attorneys for Defendants*
VADE SECURE, INC. and VADE SECURE SASU

SINGER CASHMAN LLP
Adam S. Cashman (Bar No. 255063)
acashman@singercashman.com
Evan Budaj (Bar No. 271213)
ebudaj@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Attorneys for Defendant* OLIVIER LEMARIÉ

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br><br>Defendants. | CASE NO. 3:19-CV-04238-MMC<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING EXEMPLARY DAMAGES**<br><br>Judge: Hon. Maxine M. Chesney<br>Trial: July 26, 2021<br>Time: 8:30 AM |

# TABLE OF CONTENTS

**Page**

A. The DTSA is the Federal Codification of the UTSA and Sends the Question of Exemplary Damages to the Judge, Not the Jury ........................................... 1

B. Plaintiffs' Authorities Rely on State Laws that Deviate from the UTSA.......................... 4

C. Willfulness Should Be Held To A Clear And Convincing Standard................................ 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

i

CASE NO. 3:19-CV-04238-MMC (RMI)
DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING EXEMPLARY DAMAGES

Under the DTSA, whether to impose exemplary damages and the amount of any such damages is an issue for the Court to decide, not the jury. The DTSA is, in essence, the federal codification of the UTSA, which leaves the question of exemplary damages to the Court and applies a clear and convincing standard of proof. Accordingly, Defendants respectfully ask the Court to send only the question of willfulness to the jury to be decided on a clear and convincing standard, and to reserve any question of exemplary damages for the Court.

**A. The DTSA is the Federal Codification of the UTSA and Sends the Question of Exemplary Damages to the Judge, Not the Jury**

The DTSA was designed to provide a federal cause of action to "allow trade secret owners to protect their innovations" by "modelling" the UTSA. S. REP. 114-220, 3. Congress noted that the UTSA "has been adopted (in its entirety or with some modifications) in 47 States and the District of Columbia" but recognized that "[a]lthough the differences between State laws and the UTSA are generally relatively minor, they can prove case-dispositive[.]" *Id.* at 2. So the DTSA brings trade secret owners' "rights into alignment with those long enjoyed by owners of other forms of intellectual property" by providing a uniform federal cause of action. *Id.* at 3. Most importantly, Congress further explained that the damages provision of the DTSA was "***drawn directly*** from § 3 of the UTSA." H.R. REP. No. 114-529, at 13.[1]

The UTSA is thus the starting point for interpreting the DTSA's damages provisions:

> Indeed, Congress expressed its specific intent to model the DTSA in large part after the UTSA. For example, ***Congress directly modeled the DTSA's damages provisions after the UTSA's damages provisions***.

*Brand Energy & Infrastructure Servs., Inc. v. Irex Contracting Grp.*, 2017 WL 1105648, at *7 (E.D. Pa. Mar. 24, 2017) (citing H.R. REP. NO. 114-529, at 12–13 (2016)); *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1227 (E.D. Cal. 2018) ("The DTSA is largely modelled after the Uniform Trade Secrets Act").

Using the UTSA as the guide resolves the question at hand: Section 3(b) of the UTSA states that "[i]f willful and malicious misappropriation exists, ***the court*** may award exemplary damages in an amount not exceeding twice any award made under subsection (a)." Unif. Trade

---

[1] Emphases supplied unless otherwise noted.

Secrets Act § 3. "This provision follows federal patent law in ***leaving discretionary trebling to the judge even though there may be a jury***, *compare* 35 U.S.C. Section 284 (1976)." Commissioners' Comment to Section 3 of the UTSA.

California's treatment of the UTSA is especially probative because "California adopted the UTSA without significant change through enactment of CUTSA." *Deerpoint,* 345 F. Supp. 3d at 1227. "Accordingly, federal district courts in California have applied California's trade secret case law to causes of action brought under the federal DTSA." *Corelogic Sols., LLC v. Credifi Corp.*, 2021 WL 1156860, at *8 (C.D. Cal. Jan. 29, 2021) (citing *Founder Starcoin, Inc. v. Launch Labs, Inc.*, 2018 U.S. Dist. LEXIS 113737, at *10 (S.D. Cal. July 9, 2018)); *see also InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657-58 (9th Cir. 2020) (interpreting DTSA misappropriation elements according to CUTSA jurisprudence); *Veronica Foods Co. v. Ecklin*, 2017 WL 2806706, at *13 (N.D. Cal. June 29, 2017) ("[S]everal courts have addressed DTSA claims in conjunction with claims under the CUTSA").

In accord with the UTSA, California federal courts have long interpreted CUTSA to leave exemplary damages to judges: "Although a jury must determine whether there was willful and malicious misappropriation, 'the Court has the discretion to award exemplary damages.'" *EnerTrode, Inc. v. General Capacitor*, 2019 WL 1715170, *8 (N.D. Cal. Apr. 17, 2019); *see also Mattel, Inc. MGA Entm't, Inc.*, 801 F. Supp. 2d 950, 952 (C.D. Cal. 2011) ("Though the existence of willful and malicious misappropriation is ordinarily considered a fact that a jury must find by clear and convincing evidence," it is "the court [that] calculates the amount of exemplary damages."); *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1311 n.7 (2010) ("Since the CUTSA is derived from the Uniform Act, it is appropriate to accord substantial weight to the Commissioners' comments, where applicable."). Most recently, in *Citcon USA, LLC v. RiverPay, Inc.*, 2020 WL 5365980 (N.D. Cal. Sept. 8, 2020), the Court sent only the question of willfulness to the jury and reserved to the Court the question of whether to award exemplary damages. No. 5:18-cv-02585-NC (Dec. 17, 2019), ECF No. 469, Jury Instruction No. XV(F).[2]

[2] In *Waymo LLC v. Uber Technologies, Inc. and Ottomotto LLC*, the Court tentatively decided to send the question of exemplary damages to the jury, but neither party had yet briefed the issue

Many other jurisdictions follow suit. For example, in *Agrofresh Inc. v. Essentiv LLC*, Judge Noreika in the district of Delaware held that, because both the DTSA and Pennsylvania enactment of the UTSA state that "the ***Court*** may award additional exemplary damages," under the DTSA "[w]hether to award exemplary damages is committed to the Court's discretion." *Id.* 2020 WL 7024867, at *23 (D. Del. Nov. 30, 2020). And district courts have routinely interpreted their states' versions of the UTSA to send the question of exemplary damages to the judge. *See, e.g.*, *Astro-Med, Inc. v. Plant*, 2008 WL 2883769, at *2 (D. R.I. July 25, 2008) ("The court has discretion to determine the amount of the exemplary damages…."); *Ice Corp. v. Hamilton Sundstrand Corp.*, 615 F. Supp. 2d 1266, 1269 (D. Kan. 2009) ("[T]he damages provision of the UTSA, adopted by Kansas, is modeled after patent law") (rev'd on other grounds); *Pearl Investments, LLC v. Standard I/O, Inc.*, 297 F. Supp. 2d 335, 339 (D. Me. 2004) (jury's finding of no willfulness left court without discretion to award enhanced damages or fees).

As noted above, the UTSA takes its cue on exemplary damages from patent law. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1078-79 (N.D. Cal. 2005), *amended sub nom. O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 420 F. Supp. 2d 1070 (N.D. Cal. 2006), *aff'd*, 221 F. App'x 996 (Fed. Cir. 2007), *and aff'd*, 221 F. App'x 996 (Fed. Cir. 2007) ("[A]s O2 Micro correctly notes, the Commissioners' Comments [] state that, ***as in patent law***, exemplary damages are for the judge, not jury, to determine."); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1111–12 (9th Cir. 2001) ("[T]he official commentary to the MUTSA establishes that the exemplary damages provision '***follows federal patent law***.'"). The Patent Act, like the DTSA and the UTSA, states that "the ***court may"*** increase damages for a willful violation of the law. *Cf.* 35 U.S.C. § 284 ("the ***court may*** increase the damages"); 18 U.S.C. § 1836(b)(3) ("***a court may*** … if the trade secret is willfully and maliciously misappropriated, award exemplary damages"). The Supreme Court "has emphasized that the word 'may' clearly connotes discretion," and that "***a district court's discretion*** should be exercised in light of the considerations underlying the grant of that discretion." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136

which remained in dispute until mooted by the parties' settlement. 3:17-cv-00939-WHA (N.D. Cal. Jan. 30, 2018), ECF No. 2610, at 102-03 and ECF No. 2449.

S. Ct. 1923, 1928-30 (2016) (internal quotation marks omitted); *see also Delta-X Corp. v. Baker Hughes Prod. Tools,* 984 F.2d 410, 414 (Fed. Cir. 1993) ("For good reasons, this court affords ***trial judges discretion*** to award enhanced damages and attorney fees."). The Supreme Court further explained this discretion ensures exemplary damages are "not to be meted out in a typical infringement case, but are instead designed as a sanction for egregious infringement behavior." *Id.* at 1932.[3]

Given that it is "drawn directly" from § 3 of the UTSA, which "follows" federal patent law, the DTSA's exemplary damages provision should also be interpreted to leave the question of exemplary damages to the trial judge's discretion.

**B. Plaintiffs' Authorities Rely on State Laws that Deviate from the UTSA**

The out-of-circuit cases Plaintiffs cite, Dkt. 630, reflect other states' trade secret laws which, unlike the CUTSA, deviate from the UTSA. For example, *Resman, LLC v. Karya Property Mgmt., LLC*, follows the Texas trade secret act, which departs markedly from the UTSA by stating that "***the fact finder*** may award exemplary damages[.]" No. 4:19-cv-00402-ALM, Dkt. 286 at 12; Tex. Civ. Prac. & Rem. Code Ann. § 134A.004(b). Similarly, *Zest Labs, Inc. v. Walmart Inc.* involved claims under both the DTSA and the Arkansas Trade Secrets Act, which omits any reference to exemplary damages entirely. 4:18-cv-00500-JM, Dkt. 12 at 10–11; Arkansas Trade Secret law, § 4-75-606. Accordingly, the district court did not look to the Arkansas version of the UTSA for guidance on the DTSA. *Id.* And *Motorola Solutions, Inc. v. Hytera Comms. Corp. Ltd.* also involved causes of action under both the DTSA and the Illinois Trade Secrets Act, which leaves the question of exemplary damages to the jury. *See Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 730–31 (7th Cir. 2003). Because the DTSA was intended to codify the UTSA and not some individual state's modified version of it, the Court should look to decisions from California and other states that adhere to the UTSA's damages provisions—not to the cases Plaintiffs cite, which do not.

---

[3] Both the Patent Act and DTSA also use the term "court" in the context of compensatory damages which go to the jury, 35 U.S.C. § 284. But, as noted above, patent law is clear in requiring exemplary damages to be decided by the judge even though a jury decides the amount of compensatory damages. The same is true for the DTSA. *See Halo*, 136 S. Ct. at 1928-30; *Delta-X Corp.,* 984 F.2d at 414; *EnerTrode,* 2019 WL 1715170 at *8.

### C. Willfulness Should Be Held To A Clear And Convincing Standard

The guidance of the UTSA applies equally to the burden of proof for Plaintiffs' allegations of willful misappropriation. Under the CUTSA, "the existence of willful and malicious misappropriation is ordinarily considered a fact that a jury must find ***by clear and convincing evidence***." *Mattel*, 801 F. Supp. 2d at 952-53; *see also, Ajaxo Inc. v. E*Trade Group Inc.*, (2005) 135 Cal. App. 4th 21, 66-67 (2005). Following from this, the Judicial Council of California's model jury instruction for willful misappropriation states as follows: "In order to recover punitive damages, [*name of plaintiff*] must prove [***by clear and convincing evidence***] that [*name of defendant*] acted willfully and maliciously." CACI 4411 (*citing Vacco Industries, Inc. v. Van Den Berg*, (1992) 5 Cal.App.4th 34, 54 ("In order to justify [attorney] fees under Civil Code section 3426.4, the court must find that a 'willful and malicious misappropriation' occurred. That requirement is satisfied, in our view, by the jury's determination, ***upon clear and convincing evidence***, that defendants' acts of misappropriation were done with malice. This finding was necessary to the award of punitive damages which was made by the jury.").

Following this, in *Citcon* the Court instructed the jury that both DTSA and CUTSA claims of willful and malicious misappropriation must be proved by clear and convincing evidence. No. 5:18-cv-02585-NC (Dec. 17, 2019), ECF No. 469, Jury Instruction No. XV(F). This is consistent with the law in several other states when applying the UTSA. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 134A.004(b) (2015); *Biocore, Inc. v. Khosrowshahi*, 2004 WL 303194, at *4 (D. Kan. Feb. 2, 2004) (Kansas UTSA); *Kehoe Component Sales Inc. v. Best Lighting Products, Inc.*, 2014 WL 5034643, at *4 (S.D. Ohio Oct. 8, 2014), *aff'd in part, vacated in part on other grounds*; *Centrol, Inc. v. Morrow*, 489 N.W.2d 890, 896 (S.D. 1992)) (South Dakota UTSA); *cf. Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 666 (4th Cir. 1993).

Accordingly, the Court should apply the UTSA's guidance and require in this action a showing of willfulness by clear and convincing evidence.

Dated: August 8, 2021

Respectfully Submitted,

*/s/ Douglas E. Lumish*
Douglas E. Lumish

Douglas E. Lumish (SBN 183863)
Jeffrey G. Homrig (SBN 215890)
Arman Zahoory (SBN 306421)
Ryan Banks (SBN 318171)
**LATHAM & WATKINS LLP**
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600
doug.lumish@lw.com
jeff.homrig@lw.com
arman.zahoory@lw.com
ryan.banks@lw.com

Margaret A. Tough (SBN 218056)
Sadik Huseny (SBN 224659)
Joseph R. Wetzel (SBN 238008)
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 91444
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
margaret.tough@lw.com
sadik.huseny@lw.com
joe.wetzel@lw.com

Danielle L. Benecke (SBN 314896)
**BAKER & McKENZIE LLP**
600 Hansen Way
Palo Alto, CA 94304
Telephone: (650) 856-2400
Facsimile: (650) 856-9299
danielle.benecke@bakermckenzie.com

Mackenzie M. Martin (Admitted Pro Hac Vice)
John G. Flaim (Admitted Pro Hac Vice)
Chaoxuan Liu (Admitted Pro Hac Vice)
Mark Ratway (Admitted Pro Hac Vice)
Benjamin B. Kelly (Admitted Pro Hac Vice)
**BAKER & McKENZIE LLP**
1900 North Pearl Street, Suite 1500
Dallas, TX 75201
Telephone: (214) 978-3000
Facsimile: (214) 978-3099
mackenzie.martin@bakermckenzie.com
john.flaim@bakermckenzie.com
charles.liu@bakermckenzie.com
mark.ratway@bakermckenzie.com
ben.kelly@bakermckenzie.com

Shima S. Roy
**BAKER & McKENZIE LLP**
300 East Randolph Street, Suite 500
Chicago, IL 60601
Telephone: (312) 861-8000
Facsimile: (312) 861-2899
shima.roy@bakermckenzie.com

Alexander Brauer (Admitted Pro Hac Vice)
(TX SBN 24038780)
**BAILEY BRAUER PLLC**
8350 N. Central Expressway, Suite 650
Dallas, TX 75206
Telephone: (214) 360-7433
Facsimile: (214) 360-7435
abrauer@baileybrauer.com

*Attorneys for Defendants*
*Vade Secure, Inc. and Vade Secure SASU*

Dated: August 8, 2021

Respectfully Submitted,

**SINGER CASHMAN LLP**

*/s/ Adam S. Cashman*
Adam S. Cashman

Adam S. Cashman (Bar No. 255063)
acashman@singercashman.com
Evan Budaj (Bar No. 271213)
ebudaj@singercashman.com
505 Montgomery Street, Suite 1100
San Francisco, CA 94111
Telephone: (415) 500-6080
Facsimile: (415) 500-6080

*Attorneys for Defendant OLIVIER LEMARIÉ*

**ATTESTATION OF CONCURRENCE**

I, Jeffrey G. Homrig, have the permission to file on behalf of Adam S. Cashman this **DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING EXEMPLARY DAMAGES**. Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in the filing of this document.

Dated: August 8, 2021

*/s/ Douglas E. Lumish*
Douglas E. Lumish

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

CASE NO. 3:19-CV-04238-MMC (RMI)
DEFENDANTS' SUPPLEMENTAL BRIEFING REGARDING EXEMPLARY DAMAGES