UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC, | CASE NO. 3:19-CV-04238-MMC |
| Plaintiffs, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ, | |
| Defendants. | |

# TABLE OF CONTENTS

**Page**

JURY INSTRUCTION 1.  TWO OR MORE PARTIES ............................................................. 1

JURY INSTRUCTION 2.  FOREIGN NATIONALS.................................................................. 2

JURY INSTRUCTION 3.  WHAT IS EVIDENCE .................................................................... 3

JURY INSTRUCTION 4.  WHAT IS NOT EVIDENCE ........................................................... 4

JURY INSTRUCTION 5.  DIRECT AND CIRCUMSTANTIAL EVIDENCE .......................... 5

JURY INSTRUCTION 6.  CREDIBILITY OF WITNESSES.................................................... 6

JURY INSTRUCTION 7.  IMPEACHMENT EVIDENCE – WITNESS ................................... 7

JURY INSTRUCTION 8.  FOREIGN LANGUAGE TESTIMONY ......................................... 8

JURY INSTRUCTION 9.  USE OF INTERROGATORIES ...................................................... 9

JURY INSTRUCTION 10.  EVIDENCE IN ELECTRONIC FORMAT ................................. 10

JURY INSTRUCTION 11.  ESSENTIAL FACTUAL ELEMENTS ........................................ 11

JURY INSTRUCTION 12.  BURDEN OF PROOF – PREPONDERANCE OF
        THE EVIDENCE ................................................................ 12

JURY INSTRUCTION 13.  TRADE SECRETS – DEFINITION................................................ 13

JURY INSTRUCTION 14.  TRADE SECRETS – SECRECY REQUIRED ............................ 14

JURY INSTRUCTION 15.  TRADE SECRETS – REASONABLE EFFORTS
        TO PROTECT TRADE SECRETS ................................................ 15

JURY INSTRUCTION 16.  TRADE SECRETS – INDEPENDENT ECONOMIC
        VALUE ................................................................................. 17

JURY INSTRUCTION 17.  TRADE SECRETS – NOT READILY
        ASCERTAINABLE ................................................................ 18

JURY INSTRUCTION 18.  TRADE SECRETS – MISAPPROPRIATION............................. 19

JURY INSTRUCTION 19.  TRADE SECRETS – IMPROPER MEANS ................................. 20

JURY INSTRUCTION 20.  WILLFULNESS............................................................................ 21

JURY INSTRUCTION 21.  TRADE SECRETS – DAMAGES
        INTRODUCTION................................................................. 22

JURY INSTRUCTION 22.  TRADE SECRETS – REMEDIES ................................................ 23

JURY INSTRUCTION 23.  TRADE SECRETS – DAMAGES – CAUSATION .................... 24

JURY INSTRUCTION 24.  TRADE SECRETS – DAMAGES – CAUSATION – SUBSTANTIAL FACTOR ...................................................................... 25

JURY INSTRUCTION 25.  TRADE SECRETS – DAMAGES – GEOGRAPHIC SCOPE .............................................................................................. 26

JURY INSTRUCTION 26.  TRADE SECRETS – COMPENSATORY DAMAGES – GENERALLY ......................................................... 27

JURY INSTRUCTION 27.  TRADE SECRETS – UNJUST ENRICHMENT ........................ 28

JURY INSTRUCTION 28.  TRADE SECRETS – ACTUAL LOSS – PRICE EROSION .......................................................................................... 29

JURY INSTRUCTION 29.  COPYRIGHT – DEFINED ........................................................ 30

JURY INSTRUCTION 30.  COPYRIGHT – SUBJECT MATTER – GENERALLY ....................................................................................... 31

JURY INSTRUCTION 31.  COPYRIGHT – IDEAS AND EXPRESSIONS ........................... 32

JURY INSTRUCTION 32.  COPYRIGHT – ORIGINALITY ................................................. 33

JURY INSTRUCTION 33.  COPYRIGHT – OWNERSHIP OF A VALID COPYRIGHT .................................................................................... 34

JURY INSTRUCTION 34.  COPYRIGHT – OWNERSHIP AND COPYING ........................ 35

JURY INSTRUCTION 35.  COPYRIGHT – SUFFICIENCY OF COPYING ........................ 36

JURY INSTRUCTION 36.  COPYRIGHT – AFFIRMATIVE DEFENSES: MERGER ...................................................................................... 37

JURY INSTRUCTION 37.  COPYRIGHT – DAMAGES – DEFENDANTS' PROFITS ........................................................................................ 38

JURY INSTRUCTION 38.  BREACH OF CONTRACT – INTRODUCTION ........................ 39

JURY INSTRUCTION 39.  CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS ............................................................. 40

JURY INSTRUCTION 40.  BREACH OF CONTRACT – ESSENTIAL ELEMENTS ................................................................................. 41

JURY INSTRUCTION 41.  BREACH OF CONTRACT – CONTRACT INTERPRETATION ...................................................................... 42

JURY INSTRUCTION 42.  INTRODUCTION TO CONTRACT DAMAGES ........................ 43

JURY INSTRUCTION 43.  DAMAGES – UNJUST ENRICHMENT / DISGORGEMENT ........................................................................ 44

JURY INSTRUCTION 44.  BREACH OF CONTRACT – NOMINAL DAMAGES ................................................................................. 45

1  JURY INSTRUCTION 45.  VICARIOUS LIABILITY ............................................................ 46

2  JURY INSTRUCTION 46.  NO DOUBLE RECOVERY ........................................................ 47

3  JURY INSTRUCTION 47.  DUTY TO DELIBERATE................................................................ 48

4  JURY INSTRUCTION 48.  CONDUCT OF THE JURY............................................................ 49

5  JURY INSTRUCTION 49.  COMMUNICATIONS WITH COURT ........................................ 51

6  JURY INSTRUCTION 50.  RETURN OF VERDICT ................................................................ 52

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION 1.  TWO OR MORE PARTIES

2      You should decide the case as to each party, Proofpoint, Inc., Cloudmark LLC

3 ("Plaintiffs"), Vade Secure, Incorporated, Vade Secure SASU ("Vade"), and Olivier Lemarié

4 ("Mr. Lemarié"), (Vade and Mr. Lemarié, together, "Defendants"), separately.  Unless otherwise

5 stated, the instructions apply to all parties.  Plaintiffs' breach of contract causes of action are

6 brought against Mr. Lemarié individually and are not asserted against Vade.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 2.  FOREIGN NATIONALS

2   Each one of us has biases about or certain perceptions or stereotypes of other people.  We

3   may be aware of some of our biases, though we may not share them with others.  We may not be

4   fully aware of some of our other biases.

5   Our biases often affect how we act, favorably or unfavorably, toward someone.  Bias can

6   affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and

7   how we make important decisions.

8   As jurors you are being asked to make very important decisions in this case.  You must not

9   let bias, prejudice, or public opinion influence your decision.  You must not be biased in favor of

10   or against parties or witnesses because of their disability, gender, gender identity, gender

11   expression, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic

12   status.

13   Your verdict must be based solely on the evidence presented.  You must carefully evaluate

14   the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party

15   or witness.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>JURY INSTRUCTION 3.  WHAT IS EVIDENCE</u>

2      The evidence you are to consider in deciding the facts consists of:

3           1.   the sworn testimony of any witnesses;

4           2.   the exhibits that are admitted into evidence;

5           3.   any facts to which the parties have agreed; and

6           4.   any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    3

1

## <u>JURY INSTRUCTION 4.  WHAT IS NOT EVIDENCE</u>

2       In reaching your verdict, you may consider only the testimony and exhibits received into

3 evidence.  Certain things are not evidence, and you may not consider them in deciding what the

4 facts are.  I will list them for you:

5       1.  Arguments and statements by lawyers are not evidence.  The lawyers are not

6          witnesses.  What they may say in their opening statements, closing arguments,

7          and at other times is intended to help you interpret the evidence, but it is not

8          evidence.  If the facts as you remember them differ from the way the lawyers

9          have stated them, your memory of them controls.

10      2.  Questions and objections by lawyers are not evidence.  Attorneys have a duty

11         to their clients to object when they believe a question is improper under the

12         rules of evidence.  You should not be influenced by the objection or by the

13         court's ruling on it.

14      3.  Testimony that is excluded or stricken, or that you may be instructed to

15         disregard, is not evidence and must not be considered.  In addition, some

16         evidence may be received only for a limited purpose; when I instruct you to

17         consider certain evidence only for a limited purpose, you must do so, and you

18         may not consider that evidence for any other purpose.

19      4.  Anything you may have seen or heard when the court was not in session is not

20         evidence.  You are to decide the case solely on the evidence received at the trial.

21

22

23

24

25

26

27

28                      4

1          **JURY INSTRUCTION 5.  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3     testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

4     evidence is proof of one or more facts from which you could find another fact.  You should

5     consider both kinds of evidence.  The law makes no distinction between the weight to be given to

6     either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

7     evidence.

8          By way of example, if you wake up in the morning and see that the sidewalk is wet, you

9     may find from that fact that it rained during the night.  However, other evidence, such as a turned

10    on garden hose, may provide a different explanation for the presence of water on the sidewalk.

11    Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

12    consider all the evidence in the light of reason, experience, and common sense.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 6.  CREDIBILITY OF WITNESSES

2       In deciding the facts in this case, you may have to decide which testimony to believe and

3  which testimony not to believe.  You may believe everything a witness said, or part of it, or none

4  of it.

5       In considering the testimony of any witness, you may take into account:

6           1.  the opportunity and ability of the witness to see or hear or know the things

7               testified to;

8           2.  the witness's memory;

9           3.  the witness's manner while testifying;

10          4.  the witness's interest in the outcome of the case, if any;

11          5.  the witness's bias or prejudice, if any;

12          6.  whether other evidence contradicted the witness's testimony;

13          7.  the reasonableness of the witness's testimony in light of all the evidence; and

14          8.  any other factors that bear on believability.

15      Sometimes a witness may have said something that is not consistent with something else

16  he or she said.  Sometimes different witnesses will give different versions of what happened.

17  People often forget things or make mistakes in what they remember.  Also, two people may see

18  the same event but remember it differently.  You may consider these differences, but do not decide

19  that testimony is untrue just because it differs from other testimony.

20      However, if you decide that a witness has deliberately testified untruthfully about

21  something important, you may choose not to believe anything that witness said.  On the other hand,

22  if you think the witness testified untruthfully about some things but told the truth about others, you

23  may accept the part you think is true and ignore the rest.

24      The weight of the evidence as to a fact does not necessarily depend on the number of

25  witnesses who testify.  What is important is how believable the witnesses were, and how much

26  weight you think their testimony deserves.

27

28                                    6

1

**<u>JURY INSTRUCTION 7.  IMPEACHMENT EVIDENCE – WITNESS</u>**

2

     The evidence that a witness has lied under oath on a prior occasion may be considered,

3

along with all other evidence, in deciding whether or not to believe the witness and how much

4

weight to give to the testimony of the witness and for no other purpose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## **JURY INSTRUCTION 8.  FOREIGN LANGUAGE TESTIMONY**

2
3
4
5
6

You have heard throughout this trial testimony of witnesses who testified in the French language.  Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know the French language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

7
8

You must not make any assumptions about a witness or a party based solely on the use of an interpreter to assist that witness or party.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 9.  USE OF INTERROGATORIES

2

Evidence has been presented to you in the form of answers of one of the parties to written

3

interrogatories submitted by the other side.  These answers were given in writing and under oath

4

before the trial in response to questions that were submitted under established court procedures.

5

You should consider the answers, insofar as possible, in the same way as if they were made from

6

the witness stand.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION 10.  EVIDENCE IN ELECTRONIC FORMAT**

2      Those exhibits received in evidence that are capable of being displayed electronically will

3 be provided to you in that form, and you will be able to view them in the jury room.  A computer

4 will be available to you in the jury room.

5      A court technician will show you how to operate the computer and other equipment; how

6 to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be

7 provided with a paper list of all exhibits received in evidence.  You may request a paper copy of

8 any exhibit received in evidence by sending a note through the clerk.  If you need additional

9 equipment or supplies or if you have questions about how to operate the computer or other

10 equipment, you may send a note to the clerk, signed by your foreperson or by one or more members

11 of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

12      If a technical problem or question requires hands-on maintenance or instruction, a court

13 technician may enter the jury room with the clerk present for the sole purpose of assuring that the

14 only matter that is discussed is the technical problem.  When the court technician or any non-juror

15 is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician

16 or any non-juror other than to describe the technical problem or to seek information about

17 operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

18      The sole purpose of providing the computer in the jury room is to enable jurors to view the

19 exhibits received in evidence in this case.  You may not use the computer for any other purpose.

20 At my direction, technicians have taken steps to ensure that the computer does not permit access

21 to the Internet or to any "outside" website, database, directory, game, or other material.  Do not

22 attempt to alter the computer to obtain access to such materials.  If you discover that the computer

23 provides or allows access to such materials, you must inform the court immediately and refrain

24 from viewing such materials.  Do not remove the computer or any electronic data from the jury

25 room, and do not copy any such data.

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

**JURY INSTRUCTION 11.  ESSENTIAL FACTUAL ELEMENTS**

2        Plaintiffs claim that Defendants misappropriated asserted trade secrets 1-20.  To succeed

3   on their claims, Plaintiffs must prove, by a preponderance of the evidence, all of the following:

4              1.   That Plaintiffs owned asserted trade secrets 1-20.

5              2.   That asserted trade secrets 1-20 were trade secrets at the time of the alleged

6                   misappropriation;

7              3.   That Defendants improperly used or disclosed asserted trade secrets 1-20;

8              4.   That Plaintiffs were harmed or Defendants were unjustly enriched;

9              5.   That Defendants' use or disclosure was a substantial factor in causing Plaintiffs'

10                  alleged harm or Defendants to be unjustly enriched.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **JURY INSTRUCTION 12.  BURDEN OF PROOF – PREPONDERANCE OF THE**

2

## **EVIDENCE**

3      When a party has the burden of proving any claim or affirmative defense by a

4   preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5   affirmative defense is more probably true than not true.

6      You should base your decisions on all the evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION 13.  TRADE SECRETS – DEFINITION

2      To prove that asserted trade secrets 1-20 were trade secrets, Plaintiffs must prove, by a

3 preponderance of the evidence, all of the following:

4           1.  That the information was secret;

5           2.  That Plaintiffs made reasonable efforts to keep asserted trade secrets 1-20

6               secret; and

7           3.  That asserted trade secrets 1-20 had actual or potential independent economic

8               value because they were secret.

9      A "trade secret" involves information and can mean all forms and types of financial,

10 business, scientific, technical, economic, or engineering information, including patterns, plans,

11 compilations, program devices, formulas, designs, prototypes, methods, techniques, processes,

12 procedures, programs, or codes, whether tangible or intangible, and whether or how stored,

13 compiled, or memorialized physically, electronically, graphically, photographically, or in writing.

14     A "trade secret" can include compilations of public information when combined or

15 compiled in a novel way, even if a portion or each individual portion of that compilation is

16 generally known.

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

**<u>JURY INSTRUCTION 14.  TRADE SECRETS – SECRECY REQUIRED</u>**

2      The secrecy required to prove that something is a trade secret does not have to be absolute

3  in the sense that no one else in the world possesses the information.  It may be disclosed to

4  employees involved in Plaintiffs' use of the trade secret as long as they are obligated to keep the

5  information secret.  It may also be disclosed to nonemployees if they are obligated to keep the

6  information secret.  However, it must not have been generally known to the public or to people

7  who could obtain value from knowing it.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

**JURY INSTRUCTION 15.  TRADE SECRETS – REASONABLE EFFORTS TO PROTECT TRADE SECRETS**

To establish that asserted trade secrets 1-20 are trade secrets, Plaintiffs must prove that they made reasonable efforts under the circumstances to keep them secret.  "Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as Plaintiffs exercising due care to protect important information of the same kind.  This requirement applies separately to each item that Plaintiffs claim to be a trade secret.

In determining whether or not Plaintiffs made reasonable efforts to keep asserted trade secrets 1-20 secret, you should consider all of the facts and circumstances.  Among the factors you may consider are the following:

a) Whether documents or computer files containing the information were marked with confidentiality warnings;

b) Whether Plaintiffs instructed their employees to treat the information as confidential;

c) Whether Plaintiffs restricted access to the information to persons who had a business reason to know the information;

d) Whether Plaintiffs kept the information in a restricted or secured area;

e) Whether Plaintiffs required employees or others with access to the information to sign confidentiality or non-disclosure agreements;

f) Whether Plaintiffs took any specific action to protect asserted trade secrets 1-20, or whether they relied on general measures taken to protect their business information or assets;

g) The extent to which any general measures taken by Plaintiffs would prevent the unauthorized disclosure of the information;

h) Whether there were other reasonable measures Plaintiffs took to prevent the

1        unauthorized disclosure of the information;

2           i)   Whether there were other reasonable measures available to Plaintiffs that they

3        did not take to prevent the unauthorized disclosure of the information.

4       The presence or absence of any one or more of these factors by themselves is not

5 necessarily determinative of how you should decide this issue.

1    **JURY INSTRUCTION 16.  TRADE SECRETS – INDEPENDENT ECONOMIC VALUE**

2    Information derives independent economic value, actual or potential, from not being

3    generally known to, and not being readily ascertainable through proper means by, another person

4    who can obtain economic value from the disclosure or use of the information.

5    In determining whether asserted trade secrets 1-20 had actual or potential independent

6    economic value because they were secret, you should consider all of the facts and circumstances.

7    Among the factors you may consider are the following:

8          a)   The extent to which Plaintiffs obtained or could obtain economic value from

9              the information in keeping it secret;

10         b)   The extent to which others could obtain economic value from the information

11             if it was not secret;

12         c)   The amount of time, money, or labor that Plaintiffs expended in developing the

13             information;

14         d)   The amount of time, money, or labor that was saved by a competitor who used

15             the information.

16   The presence or absence of any one or more of these factors by themselves is not

17   necessarily determinative of how you should decide this issue.

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

**JURY INSTRUCTION 17.  TRADE SECRETS – NOT READILY ASCERTAINABLE**

2       Information is not a trade secret if it was readily ascertainable by proper means.  There is

3   no fixed standard for determining what is "readily ascertainable by proper means."  In general,

4   information is readily ascertainable if it can be obtained, discovered, developed, or compiled

5   without significant difficulty, effort, or expense.  For example, information is readily ascertainable

6   if it is available in trade journals, reference books, or published materials.  On the other hand, the

7   more difficult information is to obtain, and the more time and resources that must be expended in

8   gathering it, the less likely it is that the information is readily ascertainable by proper means.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION 18.  TRADE SECRETS – MISAPPROPRIATION

2      If you find that Plaintiffs have proved by a preponderance of the evidence that a trade secret

3   existed,  then  you  must  decide  whether  that  individual  trade  secret  was  misappropriated  by

4   Defendants.  To prove misappropriation, Plaintiffs must prove by a preponderance of the evidence

5   that Defendants disclosed or used the trade secret without Plaintiffs' express or implied consent,

6   and Defendants either:

7          (a)  Used improper means to acquire knowledge of the trade secret; or

8          (b)  At the time of the disclosure or use of the trade secret, knew or had reason to know

9                 that knowledge of the trade secret was:

10               (i)      derived from or through a person who used improper means to acquire it;

11               (ii)     acquired under circumstances giving rise to a duty to maintain its secrecy

12                        or limit its use; or

13               (iii)    derived from or through a person who owed a duty to Plaintiffs to maintain

14                        its secrecy or limit its use.

15     Employees have the right to change employers and to apply their talents and skills in their

16   new jobs.  Doing so is lawful as long as they do not reveal or use information qualifying as the

17   trade secret of their prior employer.

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 19.  TRADE SECRETS – IMPROPER MEANS

2        Improper means of acquiring a trade secret or knowledge of a trade secret include, but are

3  not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain

4  secrecy, wiretapping, or electronic eavesdropping.

5        However, it is not improper to acquire a trade secret or knowledge of the trade secret by

6  any of the following:  (1) independent efforts to invent or discover the information; (2) reverse

7  engineering; that is, examining or testing a product to determine how it works, by a person who

8  has the right to possess the product; (3) observing the information in public use or on public

9  display; (4) obtaining the information from published literature, such as trade journals, reference

10  books, the Internet, or other publicly available sources; (5) or any other lawful means of

11  acquisition.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## **JURY INSTRUCTION 20.  WILLFULNESS**

2    If you decide that Defendants' misappropriation caused Plaintiffs harm, you must decide

3  whether that conduct was willful and malicious.  Plaintiffs must prove by a preponderance of the

4  evidence that Defendants acted willfully and maliciously.

5    Conduct is willful if a defendant acted with a purpose or willingness to commit the act or

6  engage in the conduct in question, and the conduct was not reasonable under the circumstances at

7  the time and was not undertaken in good faith.

8    Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of

9  injuring the plaintiff.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION 21.  TRADE SECRETS – DAMAGES INTRODUCTION**

2          It is the duty of the Court to instruct you about the measure of damages.  By instructing

3    you on damages, the Court does not mean to suggest for which party your verdict should be

4    rendered.

5          If you find for Plaintiffs on any of their claims, you must determine their damages.

6    Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages

7    means the amount of money that will reasonably and fairly compensate Plaintiffs for any injury or

8    harm you find was caused by the Defendants.

9          It is for you to determine what damages, if any, have been proved.

10         Your award must be based upon evidence and not upon speculation, guesswork, or

11   conjecture.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## **JURY INSTRUCTION 22.  TRADE SECRETS – REMEDIES**

2    If Plaintiffs prove that Defendants misappropriated their trade secrets, then Plaintiffs are

3    entitled to recover damages if the misappropriation caused Plaintiffs to suffer an actual loss or

4    caused Defendants to be unjustly enriched.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**JURY INSTRUCTION 23.  TRADE SECRETS – DAMAGES – CAUSATION**</u>

2         The law defines cause in its own particular way.  The cause of actual loss or unjust

3    enrichment is something that is a substantial factor in bringing about an actual loss or unjust

4    enrichment.

1

## **JURY INSTRUCTION 24.  TRADE SECRETS – DAMAGES – CAUSATION –**

2

## **SUBSTANTIAL FACTOR**

3      A substantial factor in causing harm is a factor that a reasonable person would consider to

4  have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to

5  be the only cause of the harm.

6      If, however, there is more than one cause and the Defendant's conduct is not, by itself,

7  sufficient to have caused the harm, the Defendant's conduct is not a substantial factor if the same

8  harm would have occurred without the Defendant's conduct.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

**JURY INSTRUCTION 25.  TRADE SECRETS – DAMAGES – GEOGRAPHIC SCOPE**

2

     If you find that Defendants misappropriated one or more of the trade secrets anywhere in

3

the world, and an act in furtherance of that misappropriation was committed in the United States,

4

Plaintiffs are entitled to recover damages reasonably caused by that misappropriation, including

5

any unjust enrichment or actual loss.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1   **JURY INSTRUCTION 26.  TRADE SECRETS – COMPENSATORY DAMAGES –**

2   **GENERALLY**

3       The purpose of compensatory damages is to compensate Plaintiffs for any injury or harm

4   caused by Defendants' conduct.  In other words, compensatory damages should, as close as

5   possible, put the parties in the positions in which they would have been if the unlawful conduct

6   had not occurred.

7       Compensatory damages may be the unjust enrichment obtained by a Defendant or the

8   actual loss (including price erosion) suffered by a Plaintiff; or a combination of unjust enrichment

9   and actual loss, as long as both are not being used to compensate for the same injury or harm.

10      Plaintiffs have the burden of proving by a preponderance of the evidence that Defendants'

11  misappropriation caused the unjust enrichment and/or actual loss.

12      If you decide to award compensatory damages, you must be guided by dispassionate

13  common sense.  Calculating damages may be difficult, but you must not let that difficulty lead you

14  to engage in arbitrary guesswork.  On the other hand, the law does not require Plaintiffs to prove

15  the amount of damages with mathematical precision, but only with reasonable certainty.  You

16  should use sound discretion in determining an amount of damages, drawing reasonable inferences

17  where you deem appropriate from the facts and circumstances in evidence.

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION 27.  TRADE SECRETS – UNJUST ENRICHMENT

2       A defendant is unjustly enriched if the misappropriation of the plaintiff's trade secret

3   caused the defendant to receive a benefit that the defendant would not have otherwise achieved

4   without the wrongful conduct.

5       To decide the amount of any unjust enrichment, first determine the value of Defendants'

6   benefit that would not have been achieved except for Defendants' misappropriation.  Then subtract

7   from that amount of Defendants' reasonable expenses.

8       Plaintiffs have the burden of establishing Defendants' sales, whereas Defendants have the

9   burden of establishing any portion of the sales not attributable to the trade secret and any expenses

10   to be deducted in determining net profits.  Precision is not required in proving these amounts,

11   however, as long as a reasonable and just calculation is reached.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### JURY INSTRUCTION 28.  TRADE SECRETS – ACTUAL LOSS – PRICE EROSION

2    Actual loss is the profits a plaintiff proves that it would have made, if any, had the

3   defendant not misappropriated the trade secrets.  One type of actual loss is price erosion, which is

4   the actual loss damages that Plaintiffs seek in this case.

5    Plaintiffs can recover price erosion damages if they can establish by a preponderance of

6   the evidence that, if there had been no misappropriation, Plaintiffs would have been able to charge

7   higher prices for at least some of its products that compete with Defendants' accused products.

8    If you find that Plaintiffs have established these facts, you may award the difference

9   between:

10    1.   The amount Plaintiffs would have charged by selling its product(s) at the higher

11        price, and

12    2.   The amount Plaintiffs actually charged by selling its product(s) at the lower price.

13    Plaintiffs must prove price erosion with reasonable certainty and are not entitled to

14   damages that are remote or speculative.  An award of price erosion does not require that Plaintiffs

15   knew that Defendants' competing product was the result of Defendants' misappropriation; instead,

16   Plaintiffs need only establish by a preponderance of the evidence that Plaintiffs reduced their price

17   to meet Defendants' prices.  However, in calculating total losses from price erosion, you must also

18   take into account any drop in sales that would have resulted from a higher price.

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 29.  COPYRIGHT – DEFINED

2   Plaintiffs claim ownership of one or more copyrights and seeks damages against
3   Defendants for alleged copyright infringement. The Defendants deny infringing the copyrights.

4   Copyright is the exclusive right to copy. The right to copy includes the exclusive rights to:

5   1.   make additional copies or otherwise reproduce the copyrighted work in copies;

6   2.   recast, transform, adapt the work, that is prepare derivative works based upon the
7        copyrighted work; and

8   3.   distribute copies of the copyrighted work to the public by sale or other transfer of
9        ownership or by rental, lease, or lending.

10   It is the owner of a copyright who may exercise these exclusive rights to copy. The term
11   "owner" includes the author of the work. In general, copyright law protects against reproduction,
12   adaptation, distribution, or display of copies of the owner's copyrighted work without the owner's
13   permission. An owner may enforce these rights to exclude others in an action for copyright
14   infringement.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

30

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>JURY INSTRUCTION 30.  COPYRIGHT – SUBJECT MATTER – GENERALLY</u>**

The works involved in this trial are known as computer programs, that is, sets of statements or instructions to be used directly or indirectly in a computer to bring about a certain result.  You are instructed that a copyright may be obtained in a computer program.  The functional aspects of a computer program, including the program's algorithm, formatting, functions, logic, system design, or the like, are not subject to copyright protection.

1

## JURY INSTRUCTION 31.  COPYRIGHT – IDEAS AND EXPRESSIONS

2   Copyright law allows the author of an original work to prevent others from copying the

3   original way or form the author used to express the ideas in the author's work. Only the particular

4   way of expressing or the expression of an idea can be copyrighted. Copyright law does not give

5   the author the right to prevent others from copying or using the underlying ideas contained in the

6   work, such as any procedures, processes, systems, methods of operation, concepts, principles or

7   discoveries. In order to protect any ideas in the work from being copied, the author must secure

8   some other form of legal protection because ideas cannot be copyrighted.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**JURY INSTRUCTION 32.  COPYRIGHT – ORIGINALITY**

2         An original work may include or incorporate elements taken from prior works or works

3    from the public domain. The original parts of the plaintiff's work are the parts created:

4       1.  independently by the work's author, that is, the author did not copy it from another work;

5           and

6       2.  by use of at least some minimal creativity.

7           In copyright law, the "original" part of a work need not be new or novel.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   **JURY INSTRUCTION 33.  COPYRIGHT – OWNERSHIP OF A VALID COPYRIGHT**

2          Plaintiffs can show they are the owner of a valid copyright in "Trident Software," "Trident

3   Software Module 1," "Trident Software Module 2," and "Trident Software Module 3" if Plaintiffs

4   prove by a preponderance of the evidence that, for each work:

5       1.   the work is original; and

6       2.   Plaintiffs are the author or creator of the work or received a transfer of the copyright.

1

**JURY INSTRUCTION 34.  COPYRIGHT – OWNERSHIP AND COPYING**

2   Anyone who copies original expression from a copyrighted work during the term of the

3   copyright without the owner's permission infringes the copyright.

4   On Plaintiffs' copyright infringement claim, Plaintiffs have the burden of proving by a

5   preponderance of the evidence that:

6   1.   Plaintiffs are the owner of valid copyrights; and

7   2.   Defendants copied original expression from the copyrighted works.

8   If you find that Plaintiffs have proved both of these elements, your verdict should be for

9   Plaintiffs.   If, on the other hand, you find that Plaintiffs have failed to prove either of these

10   elements, your verdict should be for Defendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   35

1

## **JURY INSTRUCTION 35.  COPYRIGHT – SUFFICIENCY OF COPYING**

2

If you conclude that Plaintiffs have proven, whether by direct or indirect evidence, that

3  Defendants copied original, protected elements of Plaintiffs' works, you must then determine

4  whether that copying was greater than *de minimis*—that is, more than a trivial amount of Plaintiffs'

5  works as a whole.  In making this determination, you should consider the qualitative as well as the

6  quantitative significance of the copied portion in relation to Plaintiffs' works as a whole.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1    **JURY INSTRUCTION 36.  COPYRIGHT – AFFIRMATIVE DEFENSES: MERGER**

2    Copyright law allows the author of an original work to stop others from copying the

3    original expression in the author's work. Only the particular expression of an idea can be

4    copyrighted and protected. Copyright law does not give the author the right to prevent others from

5    copying or using the underlying ideas contained in the work, such as any procedures, processes,

6    systems, methods of operation, concepts, principles, or discoveries. Where there is only one way

7    or only a few possible ways to express an underlying idea, the idea and the expression are said to

8    have 'merged' and are not protectable by copyright.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION 37.  COPYRIGHT – DAMAGES – DEFENDANTS' PROFITS**

2    Plaintiffs are entitled to any profits of the Defendants attributable to the infringement.

3    You may make an award of the Defendants' profits only if you find that the Plaintiffs
4    showed a causal relationship between the infringement and Defendants' gross revenue.

5    Defendants' profit is determined by deducting all expenses from Defendants' gross
6    revenue.

7    Defendants' gross revenue is all of Defendants' receipts from the sale of a product
8    containing or using the copyrighted work.  Plaintiffs have the burden of proving Defendants' gross
9    revenue by a preponderance of the evidence.

10   Expenses are all costs incurred in producing Defendants' gross revenue.  Defendants have
11   the burden of proving their expenses by a preponderance of the evidence.

12   Unless you find that a portion of the profit from the sale of a product containing or using
13   the copyrighted work is attributable to factors other than use of the copyrighted work, all of the
14   profit is to be attributed to the infringement.  Defendants have the burden of proving the portion
15   of the profit, if any, attributable to factors other than infringing the copyrighted work.  Precision
16   is not required in proving these amounts, however, as long as a reasonable and just calculation is
17   reached.

18

19

20

21

22

23

24

25

26

27

28
CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

**JURY INSTRUCTION 38.  BREACH OF CONTRACT – INTRODUCTION**

2      Plaintiffs claim that Mr. Lemarié and Cloudmark entered into a contract called the

3 Employee Proprietary Information and Inventions Agreement, or PIIA for short, and that Mr.

4 Lemarié breached Sections 1.1 and 6 of that agreement.  Plaintiffs and Mr. Lemarié dispute

5 whether Mr. Lemarié has breached the PIIA, or whether Plaintiffs have suffered harm as a result

6 of any alleged breach.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>JURY INSTRUCTION 39.  CONTRACT FORMATION – ESSENTIAL FACTUAL</u>**

2    **<u>ELEMENTS</u>**

3    To recover actual damages from Mr. Lemarié for breach of contract, Plaintiffs must prove all of

4    the following:

5         (1)  Cloudmark and Mr. Lemarié entered into the PIIA, and:

6              i.   The contract terms were clear enough that the parties could understand what

7                   each was required to do under the PIIA;

8              ii.  The parties agreed to give each other something of value; and

9              iii. The parties agreed to the terms of the contract.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **JURY INSTRUCTION 40.  BREACH OF CONTRACT – ESSENTIAL ELEMENTS**

2         To recover actual damages from Mr. Lemarié for breach of contract, Plaintiffs must prove

3    all of the following:

4    1.   Cloudmark and Mr. Lemarié entered into the PIIA;

5    2.   Cloudmark did all, or substantially all, of the significant things the PIIA required it to

6         do;

7    3.   All conditions required by the PIIA for Mr. Lemarié's performance ocurred;

8    4.   Mr. Lemarié failed to do something the contract required him to do, or he did something

9         the contract prohibited him from doing;

10   5.   Cloudmark sustained harm caused by Mr. Lemarié's breach of contract; and

11   6.   Mr. Lemarié's breach of the PIIA was a substantial factor in causing Plaintiffs' harm.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                41

1   **JURY INSTRUCTION 41.  BREACH OF CONTRACT – CONTRACT**

2   **INTERPRETATION**

3       You should assume that the parties intended the words in the PIIA to have their usual and

4   ordinary meaning unless you decide that the parties intended the words to have a special meaning.

5       In deciding what the words of the PIIA meant to the parties, you should consider the whole

6   document, not just isolated parts.  You should use each part to help you interpret the others, so that

7   all the parts make sense when taken together.

8       In determining the meaning of the words of the PIIA, you must first consider all of the

9   other instructions that I have given you.  If, after considering these instructions, you still cannot

10   agree on the meaning of the words, then you should interpret the PIIA against Cloudmark and in

11   favor of Mr. Lemarié.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>JURY INSTRUCTION 42.  INTRODUCTION TO CONTRACT DAMAGES</u>

2      If you decide that Plaintiffs have proved their claim against Mr. Lemarié for breach of

3  contract, you also must decide how much money will reasonably compensate Plaintiffs for the

4  harm caused by the breach.  This compensation is called "damages."  The purpose of such damages

5  is to put Cloudmark in as good a position as it would have been if Mr. Lemarié had performed as

6  promised.

7      To recover damages for any harm, Plaintiffs must prove that when the PIIA was made,

8  both parties knew or could reasonably have forseen that the harm was likely to occur in the

9  ordinary course of events as result of the breach of the PIIA.

10      To recover, Plaintiffs also must prove the amount of Cloudmark's damages according to

11  the following instructions.  They do not have to prove the exact amount of damages.  You must

12  not speculate or guess in awarding damages.

13      Plaintiffs claim damages for Mr. Lemarié's breach of Section 1.1 of the PIIA.

14      Plaintiffs claim damages for Mr. Lemarié's breach of Section 6 of the PIIA.

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    43

1    **JURY INSTRUCTION 43.  DAMAGES – UNJUST ENRICHMENT / DISGORGEMENT**

2    If you decide that Plaintiffs have proved their claim against Mr. Lemarié for breach of

3 contract, you must determine the damages or remedy, if any, for the breach.

4    The law does not allow a person to benefit by wrongdoing at the expense of another.  The

5 benefits obtained through wrongdoing are referred to as "unjust enrichment."  "Disgorgement" is

6 the act of giving up or taking away the benefits that were unjustly obtained.

7    In this case, Plaintiffs seek disgorgement of the unjust enrichment they allege was obtained

8 by Mr. Lemarié as a result of his alleged breach of Section 1.1 and/or Section 6 of his contract

9 with Cloudmark.  Mr. Lemarié was unjustly enriched if his alleged breach of either of those

10 sections of his contract with Cloudmark caused him to receive a benefit that he would not have

11 otherwise achieved had he not breached that contract.

12    The amount of unjust enrichment, if any, is the value of the benefit that Mr. Lemarié

13 obtained as a result of his breach of the contract with Cloudmark.  Plaintiffs have the burden to

14 prove by a preponderance of evidence the value or amount of the unjust benefits Mr. Lemarié

15 obtained as a result of his alleged breaches.  The unjust enrichment Plaintiffs claim that Mr.

16 Lemarié obtained is Mr. Lemarié's salary and other compensation earned from his employment

17 with Vade.

18    To recover damages for any harm, Plaintiffs are not required to prove the exact amount of

19 damages.  You must not speculate or guess in awarding damages.

20

21

22

23

24

25

26

27

28                                                  44

1

## **<u>JURY INSTRUCTION 44.  BREACH OF CONTRACT – NOMINAL DAMAGES</u>**

2

    If you decide that Mr. Lemarié breached the PIIA but also that Cloudmark was not harmed

3

by the breach, you may still award it nominal damages.  Nominal damages may not exceed one

4

dollar.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 45.  VICARIOUS LIABILITY

2

In this case Olivier Lemarié was and is an employee of Vade.  An employer is only

3

responsible for the harm caused by the wrongful conduct of an employee while acting within the

4

scope of his employment.  Conduct is within the scope of employment if it is (1) reasonably related

5

to the kinds of tasks that the employee was employed to perform, and was performed, at least in

6

part, for the purpose of serving the employer; or (2) reasonably foreseeable in light of the

7

employer's business or the employee's job responsibilities.  Plaintiffs have the burden of proving

8

vicarious liability by a preponderance of the evidence.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>JURY INSTRUCTION 46.  NO DOUBLE RECOVERY</u>**

2          If you award Plaintiffs damages for multiple claims, you must not award damages in a

3    manner that results in double recovery for the same injury or harm.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## JURY INSTRUCTION 47.  DUTY TO DELIBERATE

2       Before you begin your deliberations, elect one member of the jury as your foreperson.  The

3   foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

4       You shall diligently strive to reach agreement with all of the other jurors if you can do so.

5   Your verdict must be unanimous.

6       Each of you must decide the case for yourself, but you should do so only after you have

7   considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

8       It is important that you attempt to reach a unanimous verdict but, of course, only if each of

9   you do so after having made your own conscientious decision.  Do not be unwilling to change your

10   opinion if the discussion persuades you that you should.  But do not come to a decision simply

11   because other jurors think it is right, or change an honest belief about the weight and effect of the

12   evidence simply to reach a verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## JURY INSTRUCTION 48.  CONDUCT OF THE JURY

2      Because you must base your verdict only on the evidence received in the case and on these

3   instructions, I remind you that you must not be exposed to any other information about the case or

4   to the issues it involves.  Except for discussing the case with your fellow jurors during your

5   deliberations:

6          Do not communicate with anyone in any way and do not let anyone else

7      communicate with you in any way about the merits of the case or anything to do

8      with it.  This includes discussing the case in person, in writing, by phone, tablet,

9      computer, or any other means, via email, via text messaging, or any internet chat

10     room, blog, website or application, including but not limited to Facebook,

11     YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of

12     social media.  This applies to communicating with your family members, your

13     employer, the media or press, and the people involved in the trial.  If you are asked

14     or approached in any way about your jury service or anything about this case, you

15     must respond that you have been ordered not to discuss the matter and to report the

16     contact to the court.

17         Do not read, watch, or listen to any news or media accounts or commentary

18     about the case or anything to do with it, although I have no information that there

19     will be news reports about this case; do not do any research, such as consulting

20     dictionaries, searching the Internet, or using other reference materials; and do not

21     make any investigation or in any other way try to learn about the case on your own.

22     Do not visit or view any place discussed in this case, and do not use Internet

23     programs or other devices to search for or view any place discussed during the trial.

24     Also, do not do any research about this case, the law, or the people involved—

25     including the parties, the witnesses or the lawyers—until you have been excused as

26     jurors.  If you happen to read or hear anything touching on this case in the media,

27

28                                            49

1       turn away and report it to me as soon as possible.

2          These rules protect each party's right to have this case decided only on evidence that has

3   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy

4   of their testimony is tested through the trial process.  If you do any research or investigation outside

5   the courtroom, or gain any information through improper communications, then your verdict may

6   be influenced by inaccurate, incomplete or misleading information that has not been tested by the

7   trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide

8   the case based on information not presented in court, you will have denied the parties a fair trial.

9   Remember, you have taken an oath to follow the rules, and it is very important that you follow

10  these rules.

11         A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and

12  a mistrial could result that would require the entire trial process to start over].  If any juror is

13  exposed to any outside information, please notify the court immediately.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

## <u>JURY INSTRUCTION 49.  COMMUNICATIONS WITH COURT</u>

2       If it becomes necessary during delibarations to communicate with me, you may send a note

3   through the courtroom deputy, signed by one or more members of the jury.  No member of the

4   jury should ever attempt to communicate with me except by a signed writing.  I will communicate

5   with any member of the jury on anything concerning the case only in writing, or here in open court.

6   If you send out a question, I wil consult the parties before answering it, which may take some time.

7   Remember that you are not to tell anyone—including me—how the jury stands or what any

8   member of the jury is thinking, until after the trial is over and you have reached a unanimous

9   verdict or have been discharged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:19-CV-04238-MMC
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION 50.  RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.