1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PROOFPOINT, INC.; CLOUDMARK LLC,<br><br>         Plaintiffs,<br>    v.<br><br>VADE SECURE, INCORPORATED; VADE SECURE SASU; OLIVIER LEMARIÉ,<br>         Defendants. | CASE NO. 3:19-CV-04238-MMC<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR EXEMPLARY DAMAGES** |

1    Having considered Plaintiffs' Motion For Exemplary Damages (the "Motion"), Vade's Opposition, and all briefing, evidence, and argument submitted in support and opposition thereof, the Court rules as follows:

The evidence adduced at trial shows that no exemplary damages are warranted.

Under the Defend Trade Secrets Act ("DTSA"), the Court may "award exemplary damages in an amount not more than two times the amount of the damages awarded" if the misappropriation is found to be willful and malicious. 18 U.S.C. § 1836(b)(3)(C). The fact that "[d]efendants' actions are found to be willful and malicious, however, does not necessarily mean that exemplary damages must follow." *Agrofresh Inc. v. Essentiv LLC*, 2020 WL 7024867, at *23 (D. Del. Nov. 30, 2020), *appeal dismissed sub nom. AgroFresh Inc. v. Decco U.S. Post-Harvest, Inc.*, 2021 WL 2555475 (Fed. Cir. Mar. 29, 2021). The Supreme Court has also explained that punitive damages awards implicate due process rights, which require that "[t]he award of exemplary damages must reasonably correspond with the reprehensibility of the misconduct, the harm or potential harm suffered by the plaintiff, and civil penalties authorized or imposed in comparable cases." *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 562 (1996). Therefore, "[l]iability for punitive damages is reserved for particularly egregious cases involving deliberate malice or conscious, blatant wrongdoing which is nearly certain to cause substantial harm." *Trent P. Fisher Enterprises, LLC v. SAS Automation, LLC*, 2021 WL 1209637, at *5 (S.D. Ohio Mar. 31, 2021); *see also Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1120 (Fed. Cir. 1996) (explaining that "punitive damages are not favored in the law, and the courts must take caution to see that punitive damages are not improperly or unwisely awarded" and that they should be "allowed with caution and confined").

Consistent with these principles, exemplary damages require more than intentional misappropriation. *Roton Barrier*, 79 F.3d at 1120. Otherwise, "exemplary damages would be recoverable as a matter of course in every misappropriation case, rather than the exceptional case involving egregious misconduct and injury." *Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 285 (Tex. App. 2018); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, (2003); *Trent P. Fisher Enterprises*, 2021 WL 1209637, at *5 ("[T]o warrant the imposition

of additional punitive damages, above and beyond compensatory damages, the tort must be committed with a particularly depraved mental state, and mere recklessness or carelessness will not suffice").

While there is no binding authority applying the DTSA, federal courts in California evaluating exemplary damages in trade secret cases traditionally "consider the following factors in determining whether to award punitive damages: (1) the particular nature of the defendant's acts in light of the record; (2) the amount of compensatory damages awarded; and (3) the wealth of the particular defendant." *Citcon USA, LLC v. RiverPay, Inc.*, 2020 WL 5365980, at *5 (N.D. Cal. Sept. 8, 2020) (Cousins, M.J.) (citing *Neal v. Farmers Ins. Exch.*, 21 Cal. 3d 910, 928 (1978)); *see also BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, 2021 WL 3852630, at *10 (9th Cir. Aug. 30, 2021). The *Neal* factors track the "guideposts" identified by the Supreme Court "for reviewing punitive damages awards," which are: "(1) 'the degree of reprehensibility' associated with [the wrongdoer's] actions; (2) 'the disparity between the harm or potential harm suffered' and the size of the punitive award; and (3) the difference between the remedy in this case and the penalties imposed in comparable cases." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2021 WL 1553926, at *8 (S.D.N.Y. Apr. 20, 2021).

Here none of the applicable factors support Plaintiffs' request for exemplary damages. Because the jury only found liability on Plaintiffs' spear-phishing and Gateway Daily Licensing Report alleged trade secrets, the Court's analysis focuses on Vade's conduct relating to those alleged trade secrets. *State Farm*, 538 U.S. at 422-23.

First, Vade's conduct was not reprehensible, including because Plaintiffs can identify no physical harm, no reckless disregard of the health or safety of others, no targeting of the financially vulnerable, no intentional malice, trickery, or deceit, and no repeated conduct. *State Farm*, 538 U.S. at 419.

The record is devoid of any egregious or wanton acts by Vade relating to the misappropriation of the spear-phishing alleged trade secrets. Instead, Plaintiffs' spear-phishing allegations at trial focused on *Mr. Lemarié's* conduct. *See* Tr. 2770:19-23 (Pak); *see also id.* at 2762:24-2763:3. But the jury found that Mr. Lemarié had not acted willfully and maliciously.

Dkt. 795 at 13-14. This means his actions cannot support an exemplary damages award against Vade. *Citcon USA*, 2020 WL 5365980, at *5. With regards to Vade specifically, the evidence shows that Vade was not initially aware of Mr. Lemarié's actions. *See* Tr. 2770:19-23, 2762:24-2763:3 (Pak). This counsels against an award of exemplary damages. *NCMIC Fin. Corp. v. Artino*, 638 F. Supp. 2d 1042, 1081 (S.D. Iowa 2009). The evidence also shows that Vade acted responsibility when it did learn of Plaintiffs' allegations, including by putting Mr. Lemarié on administrative leave after Plaintiffs amended their complaint to allege copying of source code, *id.* at 1858:9-23; DX4601, and by engaging a third party to recreate Vade's spear-phishing module in a clean room environment. Tr. 1832:23-1833:8 (Lotigier).

Plaintiffs similarly fail to identify any "particularly egregious" behavior by Vade with regards to the misappropriation of Cloudmark's Licensing Reports. *Trent P. Fisher Enterprises*, 2021 WL 1209637, at *5. Significantly, the only use Plaintiffs could identify of the Gateway Daily Licensing Reports was that they were forwarded internally at Vade, *see*, *e.g.*, Tr. 1315:5-15 (Nielson); *id.* at 1877:9-18 (Lotigier); *id.* at 2737:4-2740:2 (Pak), and Plaintiffs could identify no value for them. *Id.* at 1692:5-17 (Arnold). Moreover, the fact that Vade has taken responsibility for possessing those reports shows that further deterrence is not required. *See Becker Equip., Inc. v. Flynn*, 2004-Ohio-1190, ¶ 17.

Second, the jury's determination that Plaintiffs suffered no actual harm, Dkt. 795 at 18, also requires denying Plaintiffs' Motion. *Gore*, 517 U.S. at 580 ("The second and perhaps most commonly cited indicium of an unreasonable or excessive punitive damages award is its ratio to the ***actual harm*** inflicted on the plaintiff.").

Third, Vade's financial condition similarly weighs heavily against awarding exemplary damages. *Citcon*, 202 WL 5365980, at *5. Here, the evidence presented at trial shows that Vade has been operating at a loss. Tr. 1900:8-21 (Seguy); *id.* at 2630:21-22 (Bakewell). A significant exemplary damages award risks putting Vade out of business.

Plaintiffs point to a host of other allegations that are unrelated to their misappropriation claims. This includes, for example, past discovery disputes, Plaintiffs' allegations that Mr. Lemarié destroyed relevant evidence, Mr. Bakewell's testimony at trial, statements made by

Vade's employee's and its Chief Executive Officer, and the recruitment by Vade of Cloudmark employees.  The Supreme Court has explained that a "defendant's dissimilar acts, independent from the acts upon which liability was premised, may not serve as the basis for punitive damages." *State Farm*, 538 U.S. at 422-23.  Although the Court does not consider these unrelated issues, the Court notes that none of the conduct Plaintiffs identify, even if it were relevant, is reprehensible or warrants punitive damages.  *See Gore*, 517 U.S. at 580 (reversing punitive damages award where "case exhibits none of the circumstances ordinarily associated with egregiously improper conduct").

Plaintiffs have failed to show that exemplary damages are warranted in this case.  For the reasons described above, Plaintiffs' Motion is **<u>DENIED</u>**.

**IT IS SO ORDERED.**

Dated: _____

The Honorable Maxine M. Chesney
United States District Judge