1   Douglas E. Lumish (SBN 183863)
   doug.lumish@lw.com
2   Jeffrey G. Homrig (SBN 215890)
   jeff.homrig@lw.com
3   Arman Zahoory (SBN 306421)
   arman.zahoory@lw.com
4   Ryan T. Banks (SBN 318171)
   ryan.banks@lw.com
5   **LATHAM & WATKINS LLP**
6   140 Scott Drive
   Menlo Park, CA 94025
7   Telephone: (650) 328-4600
   *Attorneys for Defendants*
8   VADE SECURE, INC. and VADE SECURE SASU

9   SINGER CASHMAN LLP
10     Adam S. Cashman (Bar No. 255063)
   acashman@singercashman.com
11     Evan Budaj (Bar No. 271213)
   ebudaj@singercashman.com
12  505 Montgomery Street, Suite 1100
13  San Francisco, CA  94111
   Telephone: (415) 500-6080
14  *Attorneys for Defendant* OLIVIER LEMARIÉ

15  [Additional counsel listed on signature page]

16

17  UNITED STATES DISTRICT COURT

18  NORTHERN DISTRICT OF CALIFORNIA

19  SAN FRANCISCO DIVISION

20  PROOFPOINT, INC.; CLOUDMARK
   LLC,

21                 Plaintiffs,

22       v.

23  VADE SECURE, INCORPORATED;
24  VADE SECURE SASU; OLIVIER
   LEMARIÉ,
25                 Defendants.
26
27
28

CASE NO. 3:19-CV-04238-MMC

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY (DKT. 829)**

Judge: Hon. Maxine M. Chesney
Hearing Date: May 20, 2022
Time: 9:00 a.m.
Courtroom: 7, 19th Floor

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND.......................................... 1

III.    LEGAL STANDARD............................................................................................ 2

IV.     ARGUMENT ........................................................................................................ 3

        A.      Plaintiffs Cite No Authority Justifying the Discovery they Seek ......... 3

        B.      Plaintiffs' Requested Discovery is Not Needed..................................... 6

        C.      Plaintiffs Have Not Been Diligent in Seeking to Reopen
                Discovery, and the Discovery They Seek Does Not Warrant
                Further Delay ........................................................................................ 12

        D.      The Scope of Discovery Sought is Not Limited .................................. 14

        E.      If Discovery is Reopened, It Should be Reciprocal............................. 14

V.      CONCLUSION.................................................................................................... 15

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

i

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### CASES

4

*AirWair Int'l Ltd. v. ITX USA LLC*,
5
    No. 19-CV-07641-SI, 2021 WL 5302922 (N.D. Cal. Nov. 15, 2021) ...................................12

6

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. C 11-1846 LHK PSG, 2012 WL 5350268 (N.D. Cal. Oct. 29, 2012) .........................5, 14

7

8

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-CV-01846-LHK, 2014 WL 60121 (N.D. Cal. Jan. 7, 2014) ............................... *passim*

9

*BladeRoom Group Ltd. v. Emerson Electric Co.*,
10
    No. 5:15-cv-01370 (N.D. Cal. 2019) ..................................................................................12

11

*In re Data Gen. Corp. Antitrust Litig.*,
    No. MDL 369 (MHP), 1986 WL 10899 (N.D. Cal. July 30, 1986) ......................................8

12

*eBay Inc. v. MereExchange, LLC*,
13
    547 U.S. 388 (2006)...............................................................................................................7

14

*Fed. Trade Comm'n v. Qualcomm Inc.*,
15
    No. 17-CV-00220-LHK, 2018 WL 6597273 (N.D. Cal. Dec. 13, 2018) ..............................3, 7

16

*Guzman v. Chipotle Mexican Grill, Inc.*,
    No. 17-CV-02606-HSG, 2018 WL 6609564 (N.D. Cal. Dec. 17, 2018) ...............................5

17

*Heath v. Google Inc.*,
18
    No. 15-cv-01824-BLF, 2016 WL 4070135 (N.D. Cal. July 29, 2016)....................................5

19

*Hunt v. County of Orange*,
20
    672 F.3d 606 (9th Cir. 2012) .................................................................................................4

21

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .................................................................................................4

22

*King v. GEICO Indem. Co.*,
23
    712 F. App'x 649 (9th Cir. 2017) ..........................................................................................4

24

*Metso Mins., Inc. v. Powerscreen Int'l Distrib. Ltd.*,
25
    833 F. Supp. 2d 333 (E.D.N.Y. 2011) ..................................................................................5

26

*Noyes v. Kelly Servs.*,
    488 F.3d 1163 (9th Cir. 2007) ...............................................................................................4

27

*Rosco, Inc. v. Mirror Lite Co.*,
28
    No. CV-96-5658 (CPS), 2006 WL 2844400 (E.D.N.Y. Sept. 29, 2006)................................5

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SILICON VALLEY

ii

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
    323 F. Supp. 3d 1071 (W.D. Wis. 2018) ...........................................................5, 14

*Wandering Dago Inc. v. New York State Off. of Gen. Servs.*,
    No. 1:13-CV-1053, 2015 WL 3453321 (N.D.N.Y. May 29, 2015)............................................3

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) ...................................................................2, 3, 4, 13

**RULES**

Fed. R. Civ. P. 16(b)(4)....................................................................................2

LATHAM&WATKINS™
ATTORNEYS AT LAW
SILICON VALLEY

iii

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

## I.     INTRODUCTION

After years of contentious litigation, 3,653,047 pages of discovery exchanged, hundreds of hours of expert review, countless discovery disputes, three weeks of trial, and millions of dollars spent by both sides, Plaintiffs now seek to further delay closing out this case by at least another five months by opening up broad, time-consuming, and unnecessary discovery.  Far from motions to reopen being "regularly authorize[d]" in cases like these as they contend (Mot. at 4), Plaintiffs in fact point to zero controlling authority that suggests reopening discovery is warranted on the record here.  Instead, the motion is an unnecessary delay tactic.  If and when Plaintiffs ever choose to bring their long-threatened injunction motion, the Court has more than enough evidence to make its decision.  The motion should be denied.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Discovery in this case was expansive and taxing.  In the nearly one-and-a-half years of fact discovery, the parties issued 411 requests for production and 81 interrogatories and produced 3,653,047 pages of discovery.  Vade handed over *all* of its source code from *all* of its products (Dkts. 149, 337, 724) and Plaintiffs deposed 10 Vade fact witnesses.  Several dozen of Mr. Lemarié's devices, including two computers, three iPhones, an iPad, and 26 of his other storage devices and accounts, were made available to Plaintiffs.  Moore Report at 3-4.  Pursuant to the pretrial schedule set by the Court, fact discovery closed on February 12, 2021.  Dkts. 63, 361. Expert discovery followed for another three months and was no less comprehensive: Plaintiffs deposed six Vade expert witnesses and submitted reports by four of their own.  Seth Nielson, Plaintiffs' expert in computer science, alone spent 500 hours (almost 21 whole days) reviewing source code and 10,000 files from Vade's source code repository.  Trial Tr. 1208:4-9, 1369:23-1370:5 (Nielson).

Before and during trial, discovery continued.  Plaintiffs demanded up-to-date financial figures in the months before trial, and Vade complied, providing supplemental productions with Vade's recent sales figures.  Trial Tr. 1478:3-10.  Then, on the eve of trial, following an order from the Court, Mr. Lemarié produced even more code and related files from his devices, including *all* source code on his personal devices and systems, as well as *all* of the files found in the directory

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

containing that code.  Dkts. 693, 724.  Altogether, the sprawling discovery enabled Plaintiffs to include 2,981 exhibits on their exhibit list, and through 44 hours of testimony, over 350 trial exhibits were admitted into evidence.  Dkts. 690, 786.

On August 20, 2021, the jury delivered a mixed verdict, finding that neither Vade nor Mr. Lemarié had misappropriated Plaintiffs' MTA technology, but that both defendants had misappropriated the spear-phishing trade secrets and that Vade had misappropriated the Gateway Licensing Reports.  Dkt. 795.  The jury awarded Plaintiffs less than one-quarter of the damages they sought.  *Id.*; *see* Trial Tr. 2969:13–21 (Pak closing argument).  Three weeks later, Plaintiffs moved for exemplary damages, making many of the same arguments they repeat in the present motion.  The Court denied that request.  Dkt. 820.  Inexplicably, Plaintiffs then went silent for seven months, doing nothing to bring the case to a close.  Finally, after months of Plaintiffs' inaction, on January 24, 2022, Vade asked the Court to enter final judgment so as to move the case forward (Dkt. 821), followed only begrudgingly by Plaintiffs agreeing after the Court instructed them to respond (Dkts. 823, 824).  Two days later, the Court denied Defendants' request to enter judgment as premature in light of Plaintiffs' stated desire for injunctive relief, and set a case management conference.  Dkt. 825.  In the intervening month and half, Plaintiffs still did not move for injunctive relief or for further discovery.  The instant motion to reopen discovery now comes eight months after the jury's verdict.  And it seeks to delay the case by at least five more.[1]

## III.   LEGAL STANDARD

District courts have broad discretion in deciding whether to reopen discovery.  *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2014 WL 60121, at *2 (N.D. Cal. Jan. 7, 2014).  Discovery outside of the case schedule is permitted "only for good cause," Fed. R. Civ. P. 16(b)(4), and it is the burden of the party seeking additional discovery to convince the court that good cause exists.  *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).  Although courts have discretion to reopen discovery for good cause, they have recognized that

---

[1] The present motion is set to be heard on May 20.  Plaintiffs request a three-month discovery period, and then say they will (finally) be ready to move for injunctive relief 21 days after that. Mot. at 11.  At best, then, their opening brief would not be due until mid-September 2022, more than a year after the verdict.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1  "continually producing new evidence would only burden the parties and the court." *See Fed. Trade*

2  *Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6597273, at *3 (N.D. Cal. Dec. 13,

3  2018); *see also Wandering Dago Inc. v. N. Y. State Off. of Gen. Servs.*, No. 1:13-CV-1053

4  (MAD/RFT), 2015 WL 3453321, at *15 (N.D.N.Y. May 29, 2015) (stating that discovery "is not

5  designed to accomplish such infinite mining of facts" and "is never expected to be perfect,

6  boundless nor pursued *ad infinitum*.").

7      In determining whether good cause exists, a court may consider a variety of different

8  factors, including the need for additional discovery, the diligence of the party seeking it, and

9  whether that need justifies further delay. *See Apple,* 2014 WL 60121, at *2; *Zivkovic*, 302 F.3d

10  1080 at 1087. Courts typically balance these factors, weighing the expected relevance of the

11  additional discovery against the further delay it would cause. *Qualcomm*, 2018 WL 6597273, at

12  *2-5; *see also Apple*, 2014 WL 60121, at *2 (asking whether the "need for discovery . . . justifies

13  further delay in resolving Apple's request for permanent injunctive relief").

14  **IV.   ARGUMENT**

15      **A.   Plaintiffs Cite No Authority Justifying the Discovery they Seek**

16      On one score Plaintiffs are correct: reopening discovery is entirely a matter of the Court's

17  discretion, and a district court "has wide latitude in controlling discovery." *United States ex rel.*

18  *Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526-27 (9th Cir. 1995), *vacated on other grounds,*

19  520 U.S. 939 (1997).[2] But Plaintiffs fail entirely to show why the Court should exercise its broad

20  discretion to reopen discovery in this case and at this juncture. Their motion noticeably lacks *any*

21  relevant precedent that would justify this further intrusion on the Court's and parties' time, with

22  nothing to support their assertion that courts "regularly authorize post-trial discovery" in

23  _____

24  [2] Although Plaintiffs cite *Schumer* as the controlling test, that test is primarily used in the pretrial
context and is rarely cited in the post-trial context. Regardless, the analysis is similar in pretrial

25  and post-trial cases, and Plaintiffs appear to agree that the key inquiry focuses on the plaintiff's
diligence in seeking to reopen discovery, whether the discovery is necessary to the current needs

26  of the case, and whether further delay will prejudice the opposing party. Mot. at 9-10. Another
of the *Schumer* factors is the "foreseeability of the need for additional discovery" (*Schumer*, 63

27  F.3d at 1526), which is analogous to the diligence question. Because Plaintiffs addressed the
same issues they raise now at trial and in their motion for exemplary damages (Dkt. 810), they

28  could have—and did—foresee the facts and circumstances which they now contend warrant
supplemental discovery.

LATHAM&WATKINS_LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

"intellectual property cases." Mot. at 4. Indeed, in many of the cases that Plaintiffs cite, the Ninth Circuit upheld district courts **denying** motions to amend scheduling orders or to reopen discovery in any posture. *See, e.g., King v. GEICO Indem. Co.*, 712 F. App'x 649, 651 (9th Cir. 2017) (affirming denial of motion to reopen discovery where "there was no compelling reason"); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002) (affirming denial of motion to modify scheduling order where plaintiff "did not demonstrate diligence" or "good cause"); *Hunt v. County of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (affirming denial of request to amend pretrial order because it "would have delayed the proceedings"); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (finding that plaintiff "failed to establish 'good cause' for modifying the pretrial scheduling order.").

Plaintiffs do not cite a single case in which post-trial discovery was granted to "discover the extent to which their intellectual property rights continue to be violated to-date in order to assess the proper scope of injunctive relief," as Plaintiffs claim is necessary in this case. Mot. at 7-8. Instead, they cite a number of factually dissimilar cases, none involving a trade secret claim and none permitting the sort of broad, months-long post-trial discovery Plaintiffs request here.

Many of Plaintiffs' cited cases relate to extensions of *pretrial* discovery. *See, e.g., Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (on appeal of a *summary judgment* decision, noting in dicta that because plaintiff's unopposed motion to reopen discovery had been granted, the evidence plaintiff obtained in subsequent discovery period was timely); *see also Hunt*, 672 F.3d at 617 (holding that district court did not abuse its discretion in denying motion to amend a pretrial order made less than three weeks *before trial,* since additional discovery "would have interfered with orderly and efficient conduct of the case"); *Schumer*, 63 F.3d at 1526 (affirming district court's denial of motion to reopen discovery at the *summary judgment stage* based on evidence that had just come to light in a newspaper article, finding that plaintiff could have sought the requested material sooner and could "only speculate[] as to what evidence, if any, further discovery would produce"). These cases have limited relevance here, where the parties have already completed a lengthy and contentious pretrial discovery process and taken the case to trial.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1    The handful of cases Plaintiffs cite that are in a post-trial posture involve supplemental

2  discovery requests sought not *in support* of an injunction motion but to assist with accounting for

3  post-trial damages *after* the court had already entered judgment and granted an injunction.  *See,*

4  *e.g., Metso Mins., Inc. v. Powerscreen Int'l Distrib. Ltd.*, 833 F. Supp. 2d 333 (E.D.N.Y. 2011)

5  (allowing discovery after granting a permanent injunction to account for damages from ongoing

6  infringement from the time of the verdict to the time the injunction was entered); *Fitness IQ*, No.

7  3:10-cv-02584-WMC, Dkt. 59 (same); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, 323 F. Supp. 3d

8  1071, 1074–75 (W.D. Wis. 2018) (granting injunction and then permitting discovery to allow for

9  an accounting of supplemental damages); *cf. Rosco, Inc. v. Mirror Lite Co.*, No. CV-96-5658

10  (CPS), 2006 WL 2844400 (E.D.N.Y. Sept. 29, 2006) (additional discovery for damages "incurred

11  during the years between trial and the present day" only appropriate due to six years of protracted

12  appeals).  Plaintiffs put the cart before the horse in asserting that any of these post-judgment cases

13  have any bearing here, where the Court has not yet determined whether further relief is warranted.

14    In short, none of the cases cited by Plaintiffs support the proposition that the Court should

15  exercise its discretion to allow extensive post-trial discovery prior to determining whether or not

16  to award permanent injunctive relief.[3]  The only two cases Plaintiffs do cite that are in the post-

17  verdict, pre-injunction posture and in which discovery was permitted in service of an injunction

18  motion are inapposite.  In the first, *Apple, Inc. v. Samsung Electronics Co.*, Apple sought to depose

19  four experts (two of whom were previously undisclosed) from whom Samsung had submitted

20  declarations in support of its opposition to Apple's permanent injunction motion.  No. C 11-1846

21  LHK PSG, 2012 WL 5350268, at *2 (N.D. Cal. Oct. 29, 2012).  The Magistrate Judge permitted

22  the depositions, but limited them to three hours each and ordered that they be taken within the *one*

23  *week* before Apple's reply brief was due.  *Id*.  This limited discovery, warranted to avoid

24  prejudicing a party that was surprised by undisclosed experts, could not be further from the

---

25  [3] To the extent Plaintiffs suggest that the Court's discretion is limited by a rule requiring the Court

26  to reopen discovery as long as Plaintiffs have been diligent and reopening would not be "futile,"
Plaintiffs conflate the standard for amending a complaint under Rule 15(a) with the standard for

27  amending previously-set discovery deadlines under Rule 16(b).  *See* Mot. at 4 (citing *Guzman v.*
*Chipotle Mexican Grill, Inc.*, No. 17-CV-02606-HSG, 2018 WL 6609564, at *2 (N.D. Cal. Dec.

28  17, 2018) and *Heath v. Google Inc.*, No. 15-cv-01824-BLF, 2016 WL 4070135, at *2 (N.D. Cal.
July 29, 2016)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

discovery Plaintiffs seek here: three months of additional discovery—interrogatories, document requests and depositions—that would further delay post-trial motions by at least another five months and push the possibility of final resolution of this case to well over a year post-verdict. Moreover, the holding in *Apple* was in no way a categorical rule that reopening discovery is permissible in service of an injunction motion; there, in fact, after the Federal Circuit vacated the court's denial of a permanent injunction and the case was remanded, the district court denied a further request for additional discovery relevant to the injunction motion, finding that the need for discovery did not justify further delay. *Apple*, 2014 WL 60121, at *2. Plaintiffs notably do not cite this later case in their papers. That court's decision was also based, in part, on the fact that Samsung had failed to explain why it had not sought the discovery sooner in the months after the jury's verdict. *Id.* at *2.

Plaintiffs also cite *McCormick v. Cohn* as authority for allowing post-trial discovery. CV 90-0323 H, 1992 WL 687291 (S.D. Cal. July 31, 1992). It is of no help, either. There, limited discovery was permitted before the Court ruled on several post-trial motions, including for injunctive relief, but only because plaintiffs had committed discovery abuse and violated a court order by not producing the requested discovery earlier. *Id.* at *4, *6. The newly discovered information was relevant to the court's decision regarding a permanent injunction only because plaintiffs had lost their entitlement to an injunction by perpetuating a fraud on the court in concealing pertinent evidence. *Id.* at *22. Here, Plaintiffs do not contend that any of the discovery they now seek should have been produced earlier or that it was fraudulently withheld. In sum, neither *Apple* nor *McCormick* held that post-verdict discovery is allowed as a matter of course in deciding an injunction motion, and neither authorized the sort of broad fishing expedition that Plaintiffs request here—particularly after so much post-verdict delay.

**B.     Plaintiffs' Requested Discovery is Not Needed**

Plaintiffs have not shown that the discovery they seek is necessary to a determination of their contemplated injunction motion. To obtain an injunction, Plaintiffs will be required to show: (1) that they have suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of

LATHAM&WATKINS^{LLP}
ATTORNEYS AT LAW
SILICON VALLEY

6

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1   hardships between the parties, an equitable remedy is warranted; and (4) that the public interest

2   would not be disserved by the Court entering a permanent injunction. *eBay Inc. v. MercExchange,*

3   *LLC*, 547 U.S. 388, 391 (2006).  Plaintiffs make no effort to explain how any of their requested

4   discovery will help establish any of these elements, aside from making vague claims that Vade

5   "could cause irreparable harm" by securing funding from investors and otherwise carrying on its

6   business, and that Plaintiffs therefore need to "assess" whether there has been "further

7   dissemination of the trade secrets." Mot. at 6.  But Plaintiffs' professed fears of irreparable harm

8   are simply not credible when Plaintiffs have sat on their hands for eight months following the

9   jury's verdict.

10   　　　Plaintiffs claim that the additional discovery is needed to enable them "to assess the proper

11   scope of injunctive relief." Mot. at 8.  Courts in this district have previously rejected spurious

12   arguments that evidence of post-trial events is required to decide an injunction motion. *See Fed.*

13   *Qualcomm*, 2018 WL 6597273, at *3.  And here Plaintiffs fail to show how the discovery they

14   now seek is new or at least sufficiently different from evidence already in the record so as to change

15   the nature or scope of the injunctive relief they plan to seek.  There has already been extensive

16   discovery in this case, including discovery taken in contemplation of a future injunction motion,[4]

17   and that factual record is sufficient for the Court to make a ruling on whether an injunction is

18   appropriate.  Courts typically rule on injunction motions after a verdict, and as a result, there is

19   inevitably some gap between the time when discovery is completed and the time when the Court

20   is deciding whether to grant an injunction.  That "does not prevent the court from fashioning an

21

22   [4] The Parties took discovery regarding, *inter alia*, Vade's remediation efforts, Vade's projections
     and business plans for future sales, and the disposition of Plaintiffs' trade secrets. *See, e.g.,*

23   PX2273 (Zenika specifications for redesign of spear-phishing module); Ex. B (Plaintiffs' RFP No.
     97) (requesting documents concerning Vade's "strategies and business plans for competing with

24   PROOFPOINT, CLOUDMARK, and other competitors"); Ex. D (Plaintiffs' RFP No. 129)
     (requesting documents "reflecting projections, sales forecasts, marketing plans or strategies, or

25   business planning documents, relating to VADE's products"); Ex. C (Plaintiffs' Interrogatory No.
     5 to Vade) (requesting detail on every product or service which a former employee of Plaintiffs

26   had "directly or indirectly contributed to"); PX2726 (Plaintiffs' Interrogatory No. 7 to Olivier

27   Lemarié) (asking Mr. Lemarié to identify any of Plaintiffs' information possessed or accessed after
     Jan. 1, 2016, whether such information was destroyed, and attendant factual circumstances).

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

7

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1   injunction." *In re Data Gen. Corp. Antitrust Litig*., No. MDL 369 (MHP), 1986 WL 10899, at *5

2   (N.D. Cal. July 30, 1986) ("[A] permanent injunction almost by definition must rest on outdated

3   facts, those facts presented at the earlier trial and developed through even earlier discovery.").

4         Turning to the four "recent developments" Plaintiffs claim warrant reopening the existing

5   record, all are topics that have already been hashed and rehashed over the long trajectory of this

6   case.  Taking each in turn:

7         ***First***, Plaintiffs argue that "Vade's public refusal to recognize or remediate its

8   wrongdoing" is a recent development which entitles them to "discover the extent to which their

9   intellectual property rights continue to be violated to-date."  Mot. at 1, 7-8.  In particular, they

10  fixate once again on public statements by Vade's CEO, Georges Lotigier, expressing that the

11  Court's declining to order exemplary damages from Vade means that "it is not guilty" and that

12  "the risk has been eliminated for Vade" as a result of the jury and the Court awarding much less

13  in damages than Plaintiffs had requested.  Mot. at 3.  Putting aside that there are nuances lost in

14  translation, the sentiment expressed by Mr. Lotigier is not new, and his statements are in no way

15  relevant to the factors Plaintiffs need to prove for an injunction to issue.  Mr. Lotigier has long

16  made clear, including in his testimony at trial and in his statements to the press in the eight months

17  since, that he believes that Vade is "not guilty," that Plaintiffs used the litigation as a competitive

18  tool against Vade, and that as a result of the jury and Court not awarding Plaintiffs the entirety of

19  the damages they sought, Vade was able to keep its doors open, a result which was in no way

20  inevitable given the enormous costs of this litigation.  Plaintiffs used this same "gotcha" tactic in

21  their motion for exemplary damages, arguing that comments Mr. Lotigier made in August 2021

22  shortly after the verdict were evidence of Vade's failure to recognize its wrongdoing.  Dkt. 810 at

23  2, 4, 10, 16.  The Court found the argument unpersuasive, observing that Mr. Lotigier's public

24  statements were nothing more than "an apparent effort to put on what might be described as a

25  brave face, as well as to reassure its customers and potential customers it would remain a viable

26  company." Dkt. 820 (Order Denying Plaintiffs' Motion for Exemplary Damages) at 6:1-5.  Mr.

27  Lotigier's more recent statements have no more relevance now than they did then.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1    For similar reasons, Plaintiffs' false claim that Vade "has taken no apparent remediation

2    efforts" also does not warrant reopening discovery.  Mot. at 3.  Plaintiffs cite no authority for their

3    contention that evidence of post-trial remediation efforts is necessary to decide a permanent

4    injunction motion, and they ignore the significant evidence of Defendants' remedial efforts that

5    *already was* produced in discovery and offered at trial, including evidence that: (1) Mr. Lemarié

6    rewrote and replaced the five copied source code files before Vade ever knew he had put them in;

7    (2) Vade reassigned Mr. Lemarié as soon as the lawsuit was brought and cut off his access to all

8    work on the accused products; (3) Vade placed Mr. Lemarié on leave when the allegations grew

9    more extensive and specific; and (4) Vade engaged a third party, Zenika, to create a new spear-

10   phishing module in a clean room environment.  *See, e.g.,* Dkt. 820 (Order denying Plaintiffs'

11   Motion for Punitive Damages) at 4 (noting that it was "undisputed" that Mr. Lemarié had replaced

12   the copied code with publicly available code and that Vade had commissioned Zenika to wholly

13   redesign the spear-phishing module); *see also, e.g.,* Trial Tr. 1373:10-17, 1376:7-11, 1386:20-

14   1387:4, 1387:12-14, 1387:19-1388:3, 1390:19-1391:19 (Nielson) (testifying that the handful of

15   allegedly copied source code files no longer appear in Vade's products); Tr. 1832:23-1833:8

16   (Lotigier) ("[W]e immediately decided to record – remake from zero in a clean room the spear-

17   phishing module with a third-party company").  Although the jury found misappropriation of

18   Plaintiffs' spear-phishing trade secrets, it did not make an explicit finding of when the

19   misappropriation occurred or find that it was ongoing, and evidence elicited from Plaintiffs' own

20   experts confirms that the Zenika module in no way uses or incorporates Plaintiffs' trade secrets.

21   *See*, *e.g.*, Tr. Tr. 1390:1-9 (Nielson) (reviewed but did not "analyze" the Zenika code); 1399:8-

22   1400:18 (Nielson) (admitting he did not and cannot show "where the alleged trade secrets are in

23   the specification"); 1405:4-7 (Nielson) (admitting that his opinion is that Mr. Goutal stole trade

24   secrets by **not** using them in the Zenika specification).  There is therefore no basis to accept

25   Plaintiffs' speculation that Vade's pretrial remedial efforts were insufficient or that different post-

26   trial remedial efforts were required.

27        ***Second***, Plaintiffs claim that discovery is warranted based on "public statements from

28   Vade's CEO that Vade has doubled its sales and obtained some form of financial support."  Mot.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

at 1, 6, 8.  Here, again, Mr. Lotigier's statements are not a "recent development" warranting further discovery at this late stage of the case.  Vade's sales have been trending upward for years—indeed, Plaintiffs collected evidence of this in discovery (*see, e.g.,* Ex. D (Plaintiffs' RFP No. 129) (requesting documents "reflecting projections, sales forecasts, marketing plans or strategies, or business planning documents, relating to VADE's products")) and introduced evidence of it at trial (*see, e.g.,* Trial Tr. 1646:13-16, 1665:11-1666:9 (Arnold) (testifying that Vade's "sales are continuing" and that the "primary source of growth for Vade will be through Office 365")).  Plaintiffs also explored in discovery and at trial Vade's efforts to obtain funding.  *See* Ex. F (Plaintiffs' Interrogatory No. 7 to Vade) (requesting detail on "all financial transactions," anticipated and consummated, between Vade and any third-party); *see also* Ex. A (Plaintiffs' RFP Nos. 34-36) (requesting all of Vade's investment agreements and term sheets as well as all presentations and prospectuses used to solicit investments).

If there exists more recent evidence on these same subjects, that is only by virtue of the fact that Plaintiffs have failed to close out their case for eight months following the jury's verdict. Vade has made no secret of the fact that it has continued to operate its business since the trial, despite Plaintiffs' best efforts to eliminate Vade as a competitor.  Plaintiffs evidently assume there is ongoing misappropriation based on nothing more than the fact that Vade continues to stay in business, but there has been no finding—by the jury or Court—that Vade's products continue to misappropriate Plaintiffs' trade secrets.  Moreover, any discovery Plaintiffs could obtain regarding the terms of Vade's funding or other commercial relationships are not worth the further delay discovery would cause, particularly since Plaintiffs can—and undoubtedly will—ask the Court to fashion an injunction that would encompass any dissemination of their trade secrets to third parties, including investors, partners, and customers.[5]  Instead, the requested discovery seems little more than an effort by a competitor to interfere with Vade's business relationships.

*Third*, Plaintiffs seek to reopen discovery based on "Vade press releases announcing new distribution partners and expanded customer base for the very products found to have incorporated

---

[5] And, of course, much of what Plaintiffs claimed as trade secrets were aired publicly at trial, so it is at best unclear how they would be harmed by disclosures to third parties at this point.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

Plaintiffs' trade secrets." Mot. at 1, 8.  Again putting aside the fact that the jury did not make a finding of ongoing misappropriation and that Vade introduced evidence that all of the copied source code has been removed from the products and its spear-phishing module completely redesigned in a clean room, this is not a "new development."  Not only do these press releases date back to January, but Plaintiffs compete with Vade in the same market and were well aware that Vade continued to operate and sell its products following the trial.  If they truly believed that Vade's continued activity in the market threatened irreparable injury, they could have promptly moved for an injunction following the jury's verdict.

Additionally, Plaintiffs have also already sought and obtained evidence within the Court's discovery deadlines of Vade's customer base and partnerships.  *See, e.g.,* Ex. E (Plaintiffs' Interrogatory No. 23 to Vade) (requesting a detailed description of "all sales of VADE products," including *inter alia* "an identification of every customer of each such product"); Ex. D (Plaintiffs' RFP No. 128) (requesting all documents "reflecting or regarding contracts or agreements relating to the sale or licensing of VADE products and services").  As evidenced by the fact that Plaintiffs have learned of Vade's new distribution partners and customers, any recent updates to this information are public, and expensive and time-consuming discovery is not necessary.

*Finally*, Plaintiffs argue that Vade's termination of Mr. Lemarié is a "recent development" warranting additional discovery into "the terms of his departure," "what information Vade may have retained upon his departure," and "the disposition of the servers and any other Cloudmark and Proofpoint confidential information in his possession."  Mot at 1, 8, 10.  Plaintiffs offer no explanation for how Mr. Lemarié's departure from Vade—which, at trial, they faulted Vade for not initiating sooner—invites irreparable harm or is in any other way relevant to their contemplated injunction motion.  *See* Trial Tr. at 196:12–17 (Pak opening statement) ("despite everything that you are going to see in this case, not a single employee of Vade Secure was fired."); *see also id.* at 601:12-17 (Lemarié) (Q: "And you're still compensated as the CTO of Vade Secure, is that correct?" A: "Yes.").  Nor do they explain how Mr. Lemarié's departure would in any way affect the disposition of their trade secrets, particularly given, as Plaintiffs themselves established at trial, Mr. Lemarié no longer has any of Plaintiffs' proprietary information on any of his devices. Trial

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

Tr. 649:13–650:8 (Lemarié) (Q: "Now, you deleted all of that Cloudmark information because—so you know you shouldn't have had that in your possession; is that correct?" A: "Well, I deleted information because I realized that I had potentially Cloudmark confidential information, yes."); *see also* PX2726 (Mr. Lemarié's February 8, 2021 Response to Plaintiffs' Interrogatory No. 7) ("In approximately September or October 2018, Lemarié deleted these backups entirely and created a fresh backup of his personal laptop computer.").  Plaintiffs already accessed Mr. Lemarié's devices; there is nothing new here.  *Supra* Section II.

Inexplicably, Plaintiffs also claim that additional discovery would show "what information Vade may have retained upon his departure," ignoring evidence in the record that Mr. Lemarié deleted Plaintiffs' information from his devices, that Vade was never given access to Mr. Lemarié's backup devices (PX2726 at 14), and that prior to his departure, Mr. Lemarié had been placed on leave from Vade as of September 2020, with no access to any Vade systems or emails. DX-4601 (Letter placing Mr. Lemarié on administrative leave); Trial Tr. 1858:12-23 (Lotigier). Mr. Lemarié did not return from leave after the trial.  There is therefore no additional information Plaintiffs could possibly glean in further discovery that would impact "the disposition and potential exposure of Plaintiffs' trade secrets." Mot. at 10.

**C.    Plaintiffs Have Not Been Diligent in Seeking to Reopen Discovery, and the Discovery They Seek Does Not Warrant Further Delay**

Even if the discovery Plaintiffs now seek were relevant to their contemplated injunction motion—which it is not—Plaintiffs have not been diligent in seeking to reopen discovery and have failed to show why their claimed need for this discovery justifies any further delay.  *See Apple,* 2014 WL 60121, at *2  (N.D. Cal. Jan. 7, 2014).  Litigation has now stretched almost three years, at great expense to all parties.  Following extensive discovery, motion practice, three weeks of trial, and a full week of deliberations, the jury returned its verdict on August 20, 2021.  Although prevailing plaintiffs generally seek an injunction shortly after verdict,[6] Plaintiffs here did not,

---

[6] *See, e.g., AirWair Int'l Ltd. v. ITX USA LLC*, No. 19-CV-07641-SI, 2021 WL 5302922, at *1 (N.D. Cal. Nov. 15, 2021) (motion for permanent injunction (Dkt. 189) filed 13 days after jury verdict (Dkt. 183)); *BladeRoom Grp. Ltd. v. Emerson Elec. Co.*, No. 5:15-cv-01370 (N.D. Cal. 2019) (motion for permanent injunction (Dkt. 894) filed 21 days after the jury verdict (Dkt. 867)).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

choosing instead to let the case sit idle for eight months. Now Plaintiffs seek to delay resolution of this case by at least another five months to entertain as yet-unspecified discovery requests, apparently to cover a broad array of topics.

The Ninth Circuit counsels that "[i]f the party seeking the modification [to a scheduling order] 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic*, 302 F.3d 1080 at 1087 (citation omitted). Plaintiffs argue that they were diligent in filing this motion because they moved "shortly after receiving Mr. Lotigier's public statements and recent press releases regarding ongoing use" which they claim alerted them to the fact that "Vade appears to have taken no efforts to remediate or acknowledge its misappropriation even after the jury's verdict." Mot. at 7, 9. Yet Plaintiffs made a near identical argument back in September 2021, just a month after the jury's verdict, writing in their motion for exemplary damages that "Vade has yet to acknowledge any wrongdoing or express any remorse, let alone indicate any willingness to impose remedial measures to address the misappropriation and any ongoing or future misappropriation—which continues to this day through Vade's continued use of technologies and products that have been implicated in the misappropriation of Plaintiffs' trade secrets." Dkt. 810 at 10. They also cited statements made by Mr. Lotigier in August 2021 showing that Vade was forecasting future growth by 30 to 40% per year. *Id*. at 8, 11; Dkts 810.3, 810.4. Plaintiffs offer no explanation for their failure to pursue an injunction or additional discovery for over seven months after being put on notice of conduct which they claimed back then evidenced ongoing misappropriation, and which is almost identical to the "recent" conduct they now claim spurred them to file the instant motion. Mot. at 8. And the citation, again, to an email that was front and center at trial is water long under the bridge. *See* Mot. at 6 (referring to PX2040); *see also* Dkt. 785-1 (Peck Dep. Desig.) at 21-22 (discussing PX2040); Trial Tr. 200:21-201:14 (Pak opening) (same); *id*. at 2978:10-2979:3 (Pak closing) (same).

Plaintiffs' inaction and delays are deliberate. Having failed to drive Vade out of the market with crushing litigation costs and damages, Plaintiffs now seek to prolong this case for as long as possible, capitalizing on the uncertainty of this post-verdict posture in the hopes that it will drive

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

13

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1    prospective customers, partners, and investors away from Vade.  This motion is merely a further

2    attempt to drag out the litigation at great cost.  It should be denied.

3           **D.      The Scope of Discovery Sought is Not Limited**

4           In addition, the discovery Plaintiffs seek is neither reasonable nor proportional to the needs

5    of the case.  Plaintiffs seek five requests for production, ten interrogatories, and three depositions

6    of "each defendant."  Mot. at 10.  This is not "limited" fact discovery as Plaintiffs pretend.  *Id*.

7    Even in the couple of cases Plaintiffs cite as authority for reopening discovery post-trial, any

8    discovery permitted was far more limited than the discovery Plaintiffs request here.  *See, e.g.,*

9    *Apple, Inc.*, 2012 WL 5350268 at *2 (requiring the parties to complete depositions within one

10   week, with depositions limited to three hours each); *see also Ultratec,* 323 F. Supp. 3d at 1074–75

11   (allowing only two RFPs, with responses due in fourteen days).  Plaintiffs offer no justification for

12   the extent of discovery they seek, including why discovery should last for months rather than

13   weeks, why depositions are needed on top of written discovery, or why <u>three</u> depositions are

14   needed.  The resulting delay, expense, and intrusion into Vade's business relationships and Mr.

15   Lemarié's life would not be justified.  *See Apple,* 2014 WL 60121, at *2 (denying motion to reopen

16   discovery that would "postpone hearing Apple's renewed motion possibly by as much as four

17   months" because the intrusion and delay caused "would be unfair to Apple.").

18          **E.      If Discovery is Reopened, It Should be Reciprocal**

19          If the Court does grant Plaintiffs' motion, in whole or in part, Defendants respectfully

20   request that discovery be reciprocal, and that Defendants be permitted to obtain limited discovery

21   from Plaintiffs and their counsel, including discovery concerning Plaintiffs' sales of allegedly

22   competing products (to determine, *inter alia,* whether Proofpoint does in fact face any risk of

23   "irreparable" harm to its business) and the reasons for Plaintiffs' failure to prosecute this action

24   post-verdict, including their communications and communications strategy with third parties—

25   including Vade's customers and other potential and actual customers, and Vade's investors and

26   potential investors—about the verdict, its implications, Vade and its products, and the purported

27   irreparable harm they pose.  Such discovery is expected to illustrate that Plaintiffs do not genuinely

28   face irreparable harm, and that they have been using the eight-month delay to intimidate Vade's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

14

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

potential customers and investors, among other things by playing up the prospect of a broad injunction that they have not yet even filed a motion to obtain.

## V.  CONCLUSION

This motion finds no support in the law and the stated bases for reopening discovery do not bear up under even cursory scrutiny.  For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to reopen discovery.  It is time for this case to conclude.  If the Court is inclined to grant any part of Plaintiffs' motion, then any discovery should be reciprocal.

DATED:  April 29, 2022                    Respectfully submitted,


                                          By  /s/ Jeffrey G. Homrig

                                          Douglas E. Lumish (SBN 183863)
                                          Jeffrey G. Homrig (SBN 215890)
                                          Arman Zahoory (SBN 306421)
                                          Ryan Banks (SBN 318171)
                                          LATHAM & WATKINS LLP
                                          140 Scott Drive
                                          Menlo Park, CA 94025
                                          Telephone: (650) 328-4600
                                          doug.lumish@lw.com
                                          jeff.homrig@lw.com
                                          arman.zahoory@lw.com
                                          ryan.banks@lw.com

                                          Margaret A. Tough (SBN 218056)
                                          Sadik Huseny (SBN 224659)
                                          Joseph R. Wetzel (SBN 238008)
                                          Robert Hemstreet (SBN 335736)
                                          LATHAM & WATKINS LLP
                                          505 Montgomery Street, Suite 2000
                                          San Francisco, CA 91444
                                          Telephone: (415) 391 0600
                                          margaret.tough@lw.com
                                          sadik.huseny@lw.com
                                          joe.wetzel@lw.com
                                          robbie.hemstreet@lw.com

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1

2

3

4

Joseph H. Lee (SBN 248046)
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540 1235
joseph.lee@lw.com

5

6

7

8

Colin H. Murray (SBN 159142)
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA  94111-3802
Telephone: (415) 576 3000
colin.murray@bakermckenzie.com

9

10

11

12

Danielle L. Benecke (SBN 314896)
BAKER & McKENZIE LLP
600 Hansen Way
Palo Alto, CA  94304
Telephone: (650) 856 2400
danielle.benecke@bakermckenzie.com

13

14

15

16

17

18

19

20

21

Mackenzie M. Martin (Admitted *Pro Hac Vice*)
John G. Flaim (Admitted *Pro Hac Vice*)
Chaoxuan Liu (Admitted *Pro Hac Vice*)
Mark Ratway  (Admitted *Pro Hac Vice*)
Benjamin B. Kelly  (Admitted *Pro Hac Vice*)
BAKER & McKENZIE LLP
1900 North Pearl Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978 3000
mackenzie.martin@bakermckenzie.com
john.flaim@bakermckenzie.com
charles.liu@bakermckenzie.com
mark.ratway@bakermckenzie.com
ben.kelly@bakermckenzie.com

22

23

24

25

Shima S. Roy
BAKER & McKENZIE LLP
300 East Randolph Street, Suite 500
Chicago, IL 60601
Telephone: (312) 861 8000
shima.roy@bakermckenzie.com

26

27

28

Alexander Brauer (appearance pro hac vice)
(TX SBN 24038780)
BAILEY BRAUER PLLC
8350 N. Central Expressway
Suite 650

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1
Dallas, Texas 75206
Telephone: (214) 360-7433

2
abrauer@baileybrauer.com

3
*Attorneys for Defendants, Vade Secure,*

4
*Incorporated and Vade Secure SASU*

5
DATED: April 29, 2022
SINGER CASHMAN LLP

6

7
By: */s/ Adam S. Cashman*

8
Adam S. Cashman (Bar No. 255063)
acashman@singercashman.com

9
Benjamin L. Singer (Bar No. 264295)
bsinger@singercashman.com

10
Evan Budaj (Bar No. 271213)
ebudaj@singercashman.com

11
Neil Cave (admitted *pro hac vice*)
ncave@singercashman.com

12
505 Montgomery Street, Suite 1100

13
San Francisco, CA 94111
Telephone: (415) 500-6080

14
Facsimile: (415) 500-6080

15
*Attorneys for Defendant Olivier Lemarié*

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY

1

## **ATTESTATION OF CONCURRENCE**

2      I, Jeffrey G. Homrig, am the ECF user whose ID and password are being used to file the

3   preceding DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN

4   DISCOVERY (DKT. 829).   I hereby attest that each of the signatories identified above has

5   concurred in the filing of this document.

6

7   Dated:  April 29, 2022                    */s/ Jeffrey G. Homrig*
                                               Jeffrey G. Homrig

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

18

Case No. 3:19-cv-04238-MMC
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO REOPEN DISCOVERY