IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No.  19-cv-04238-MMC<br><br>**ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS MATTER OF LAW** |

　　　　Before the Court is plaintiffs' "Renewed Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b)," filed February 24, 2023.  Defendants have filed opposition, to which plaintiffs have replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

　　　　"Under Rule 50, a court should render judgment as a matter of law when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000) (internal quotation and citation omitted).  In considering a motion under Rule 50, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  See id. at 150.

　　　　Here, plaintiffs argue they are entitled to judgment in their favor as to several findings made by the jury.  As to each challenged finding, however, the Court, having

---

[1] By order filed March 27, 2023, the Court took the matter under submission.

"review[ed] the record as a whole," see id. at 151, concludes, as set forth below, a sufficient evidentiary basis for each such finding exists:

1. Sufficient evidence exists to support the jury's finding that plaintiffs' Asserted Trade Secret No. 8 did not qualify as a protectable trade secret. (See Transcript of Trial Proceedings ("Trial Tr.") 731:20-733:13, 1007:20-1011:15, 1058:18-1062:25, 1431:9-24, 2153:2-2155:6; 2426:3-2428:13.)

2. Sufficient evidence exists to support the jury's finding that defendants did not misappropriate Asserted Trade Secret Nos. 17-20. (See Trial Tr. 1138:1-2 (Doc. No. 785-1 at 36-37 (82:9-12, 14-25)), 2098:21-25, 2105:6-2113:18, 2116:14-2118:7, 2121:17-2122:15.)

3. Sufficient evidence exists to support the jury's finding that plaintiffs did not incur an actual loss as a result of the misappropriation and/or infringement the jury found had occurred. (See Trial Tr. 1681:11-1687:22, 2485:17-18 (Doc. No. 785-1 at 126 (202:25-203:13, 203:21-22, 204:2-3)), 2492:23-24 (Doc. No. 785-1 at 135 (122:08-15)).)

4. Sufficient evidence exists to support the jury's finding that plaintiffs are entitled to $13,495,659 as compensation for unjust enrichment, rather than $46,579,461, the sum plaintiffs had requested. Specifically, sufficient evidence exists to support a finding that defendants' post-Zenika sales were not the result of misappropriation or infringement. (See Trial Tr. 802:7-21, 1833:4-8, 2123:17-2128:5.)

Accordingly, plaintiffs' renewed motion for judgment as a matter of law is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 18, 2023

MAXINE M. CHESNEY
United States District Judge