IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-04238-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT TO ADD PREJUDGMENT INTEREST** |

Before the Court is plaintiffs' "Motion Under Fed. R. Civ. P. 59(e) to Alter Judgment to Add Prejudgment Interest," filed February 24, 2023. Defendants have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

Beginning July 26, 2021, a jury trial was conducted, and, on August 20, 2021, the jury rendered its verdict, finding (1) defendants violated the Defend Trade Secrets Act ("DTSA") by misappropriating certain of plaintiffs' claimed trade secrets, (2) plaintiffs failed to establish they incurred any actual loss by reason of the misappropriation, (3) plaintiffs established they were entitled to recover the amount of $13,495,659, which amount the jury found corresponded to the profits by which defendants Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade Secure") were unjustly enriched by selling products containing plaintiffs' misappropriated trade secrets, (4) defendant Olivier Lemarié ("Lemarié") breached his employment contract with plaintiff Cloudmark LLC, and (5) plaintiffs were entitled to recover from Lemarié the amount of

---

[1] By order filed March 27, 2023, the Court took the matter under submission.

$480,000, which sum corresponded to a portion of the salary Vade Secure paid him.[2]

By the instant motion, plaintiffs argue they are entitled to an order altering the judgment so as to award them prejudgment interest on the entire amount the jury awarded.

Under federal law, "[p]rejudgment interest is a measure that serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." See Schneider v. County of San Diego, 285 F.3d 784, 789 (9th Cir. 2002) (internal quotation and citation omitted). Similarly, under state law, the "purpose of . . . prejudgment interest in general" is "to provide just compensation to the injured party for loss of use of the award during the prejudgment period – in other words, to make the plaintiff whole as of the date of the injury." See Lakin v. Watkins Assoc. Indus., 6 Cal. 4th 644, 663 (1993). "[T]he ultimate decision whether to award prejudgment interest lies within the court's sound discretion, to be answered by balancing the equities." Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013) (internal quotation and citation omitted).

Here, the amount awarded by the jury was based on (1) the disgorgement of profits Vade Secure realized by selling products containing plaintiffs' trade secrets and (2) the disgorgement of a portion of the salary Lemarié earned while working for Vade Secure. The amounts awarded do not correspond to any actual loss plaintiffs incurred, and, consequently, are not the type of award for which prejudgment interest ordinarily is appropriate. See id. (noting awards for "actual loss," such as "economic damages" or "pain and suffering," are awards for which "prejudgment interest is in order") (internal quotation and citation omitted); see also Softkeepers, Inc. v. Regal West Corp., 2023 WL

---

[2] In their closing argument, with regard to the breach of contract claim, plaintiffs stated: "[W]e're asking for roughly $1 million, because that is the salary [Lemarié] earned as chief technology officer at Vade Secure when he started to misappropriate the technology." (See Trial Transcript at 2976:8-11.)

2024701, at *6 (C.D. Cal. February 7, 2023) (declining to award prejudgment interest under state law, where jury found plaintiff entitled to "disgorgement of [defendant's] profits"; noting such award does "not involve the restoration of anything [plaintiff] previously possessed") (internal quotation and citation omitted).

Moreover, assuming, arguendo, a court is not precluded from altering a judgment to add prejudgment interest on an award of unjust enrichment, the Court does not find the balance of equities weighs in favor of such relief in the instant action. The amount ordered disgorged, well over thirteen million dollars, is a substantial sum and one the Court finds sufficient to deter future misappropriation. Further, Vade Secure paid, within five weeks after entry of judgment, the entire amount the jury found it was required to disgorge.

Accordingly, plaintiffs' motion for prejudgment interest is hereby DENIED.

**IT IS SO ORDERED.**

Dated: April 18, 2023

MAXINE M. CHESNEY
United States District Judge