IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROOFPOINT, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>VADE SECURE, INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-04238-MMC<br><br>**ORDER GRANTING DEFENDANT LEMARIÉ'S MOTION FOR RELIEF FROM JUDGMENT; GRANTING LEMARIÉ'S RENEWED MOTION FOR JUDGMENT AS MATTER OF LAW; DIRECTIONS TO CLERK** |

Before the Court is defendant Olivier Lemarié's ("Lemarié") "Motion for Relief from a Judgment or Order; Renewed Motion for Judgment as a Matter of Law," filed February 24, 2023.[1]  Plaintiffs Proofpoint, Inc. ("Proofpoint') and Cloudmark LLC ("Cloudmark") have filed opposition, to which Lemarié has replied.  Having read and considered the papers filed in support of and in opposition to the motions, the Court rules as follows.[2]

**BACKGROUND**

In the operative complaint, the First Amended Complaint, plaintiffs asserted against Lemarié, a former employee of Cloudmark, and two other defendants, specifically, Vade Secure, Incorporated and Vade Secure SASU (collectively, "Vade Defendants"), claims alleging violations of the Defend Trade Secrets Act ("DTSA") and the Copyright Act.  In addition, plaintiffs asserted, against Lemarié only, claims for breach of contract arising from his alleged violations of provisions set forth in an agreement with Cloudmark titled "Employee Proprietary Information and Inventions Agreement ("PIIA").

---

[1] The two motions are set forth in a single filing.  (See Doc. No. 873.)

[2] By order filed March 27, 2023, the Court took the matters under submission.

On July 26, 2021, a jury trial commenced on plaintiffs' claims.  At the trial, plaintiffs sought an award of damages for their asserted actual losses and an additional award based on unjust enrichment, the latter assertedly measured by the profits realized by the Vade Defendants' sales of allegedly infringing products and by the salary Lemarié earned while employed by the Vade Defendants.  On August 20, 2021, the jury rendered its verdict, finding that all three defendants violated DTSA and the Copyright Act (see Final Verdict Form (Doc. No. 795) at 11-12, 15) and that Lemarié breached the PIIA (see id. at 16).  Lastly, as to a monetary award, the jury found as follows:

> What is the total dollar amount of compensatory damages to which Plaintiffs are entitled?"
>
> $  13,975,659
>
> Please identify the portion of the total amount above that is attributable to each of the following:
>
> 1. Actual Loss: $ 0
>
> 2. Unjust Enrichment: $ 13,495,659
>
> 3. Breach of Contract: $ 480,000

(See id. at 18.)[3]

Thereafter, plaintiffs' post-trial motions for exemplary damages and a permanent injunction were resolved, and, on January 27, 2023, the Clerk of Court entered judgment, which, in relevant part, states: "The jury found in favor of plaintiffs and against defendants and awarded compensatory damages in the amount of $13,495,659 jointly and severally against all defendants, and $480,000 severally against defendant Olivier

---

[3] Although the parties, after the Court's resolution of various disputes pertaining to its content, approved the verdict as to form, it would have been, in retrospect, preferable to set up the ultimate paragraph as follows:

> 1. Actual Loss: $ _____
>
> 2. Unjust Enrichment (Statutory Violations): $ _____
>
> 3. Unjust Enrichment (Breach of Contract): $ _____

Lemarié."  (See Judgment in a Civil Case (Doc. No. 863).)

## DISCUSSION

In his Motion for Relief, Lemarié contends the judgment contains a clerical error, namely, the statement that "all defendants" are "jointly and severally" liable for the "unjust enrichment" award of $13,495,659, which, Lemarié argues, should be corrected to state that only the Vade Defendants are so liable.  In his Renewed Motion for Judgment, Lemarié argues plaintiffs failed to offer evidence to support their claim that they are entitled to recover from Lemarié $480,000 as a remedy for "breach of contract."

The Court considers the two motions, in turn.

**A.  Motion for Relief from Judgment**

Under Rule 60(a) of the Federal Rules of Civil Procedure, a district court is authorized to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  See Fed. R. Civ. P. 60(a).  For purposes of Rule 60(a), a clerical mistake includes a statement that does not accurately reflect the findings made by the trier of fact, such as an error in identifying which defendants are "jointly and severally liable for [an award of damages]."  See Rebis v. Universal Cad Consultants, Inc., 1999 WL 1000435, at *2 (N.D. Cal. October 27, 1999).

Here, as noted, the jury found plaintiffs were entitled to recover, as "unjust enrichment," the amount of $13,495,659.[4]  Lemarié argues such award constitutes the amount the jury found the Vade Defendants realized as a result of their sales of infringing products, not any amount realized by Lemarié, and, consequently, that the reference in the judgment to the sum of $13,495,659 being awarded "jointly and severally against all defendants" constitutes a clerical mistake subject to correction under Rule 60(a).

In response, plaintiffs, at the outset, argue Lemarié's claim for relief from the

---

[4] To the extent Lemarié challenges the jury's award of unjust enrichment in the separate amount of $480,000, such challenge is brought solely by way of his Motion for Judgment.

3

judgment is moot, given that the Vade Defendants, shortly after Lemarié filed the instant motion, "paid the full amount of the judgment of $13,495,659.00 and post-judgment interest in the amount of $54,155.14, for a total payment of $13,549,814.14." (See Vade Defs.' Notice of Satisfaction of Judgment (Doc. No. 880); see also Pls.' Opp. at 3:2-4 (citing Doc. No. 880).) As Lemarié points out, however, the Vade Defendants' satisfaction of the judgment does not moot the controversy, as there continues to exist the possibility of the Vade Defendants' bringing against him a claim for contribution. The Court thus turns to the question of whether the judgment accurately reflects the jury's findings.

"The phrase 'unjust enrichment' is used in law to characterize the result or effect of a failure to make restitution of or for property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor," and, consequently, an unjust enrichment award that "does not represent property or benefits received by [a defendant]" is improper. See Ajaxo Inc. v. E*Trade Financial Corp., 187 Cal. App. 4th 1295, 1305 (2010); see also Restatement (Third) of Restitution and Unjust Enrichment § 42, cmt. a. (2011) (noting "[t]here is no unjust enrichment . . . unless the defendant has obtained a benefit in violation of the claimant's right to exclude others from the interest in question"); AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F. Supp. 2d 941, 958 (N.D. Cal. 2003) (dismissing claim for unjust enrichment where "plaintiff fail[ed] to allege any specific facts regarding the amount of benefit that [the defendant] received or any detail of the circumstances surrounding [defendant's] actual receipt of the benefit").

Here, during closing argument, plaintiffs contended the Vade Defendants unlawfully obtained a benefit in the form of profits realized on their sale of products developed with the use of plaintiffs' trade secrets and that Lemarié unlawfully obtained a benefit in the form of the salary he received from the Vade Defendants by reason of his use of Cloudmark's confidential property in the development of the Vade Defendants' products.

4

Plaintiffs, relying on the jury's finding that Lemarié misappropriated plaintiffs' trade secrets, argue the judgment nonetheless is accurate in stating all defendants are liable in the amount of $13,465,659. In support thereof, however, plaintiffs cite no authority suggesting it would be proper to hold Lemarié liable, under a theory of unjust enrichment, for property or benefits realized by the Vade Defendants only, and, as set forth above, the law is to the contrary.[5]

Accordingly, Lemarié's motion for relief from the judgment will be granted.

**B. Renewed Motion for Judgment as a Matter of Law**

"If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." See Fed. R. Civ. P. 50(a)(1). A motion for such relief "may be made at any time before the case is submitted to the jury," see Fed. R. Civ. P. 50(a)(2), and, "[i]f the court does not grant [the] motion . . ., the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion," see Fed. Civ. P. 50(b); the movant may then, after entry of judgment, file a "renewed motion for judgment as a matter of law," see id.

Here, Lemarié, after the close of plaintiffs' case, moved for judgment as a matter of law on plaintiffs' breach of contract claim, arguing plaintiffs had failed to offer evidence to support a finding that he was paid his salary as a result of his having breached the PIIA and that, even if such evidence existed, plaintiff had made no attempt to quantify the amount of any unjust enrichment. (See Def.'s Mot. for J. as Matter of Law (Doc. No. 755)

---

[5] Although the jury's finding that Lemarié misappropriated trade secrets might have supported a joint and several award against both Lemarié and the Vade Defendants for an actual loss incurred by plaintiffs, the jury, as noted, found plaintiffs failed to establish any actual loss.

5

at 3.)  The Court did not grant the motion (see Trial Tr. 3083:21-22), and, as noted, Lemarié, in light of the jury's unjust enrichment award of $480,000, has now renewed his motion.[6]  The Court, as set forth below, agrees Lemarié is entitled to judgment on plaintiffs' claim for unjust enrichment.

Under California law, unjust enrichment is an available remedy for "breach of a contract protecting trade secrets and proprietary confidential information."  See Foster Poultry Farms, Inc. v. SunTrust Bank, 377 Fed. Appx. 665, 669 (9th Cir. 2010) (applying California law; affirming district court's disgorgement award of "specifically quantifiable" gains realized from breach of confidentiality agreement).

Here, plaintiffs rely on evidence, undisputed by Lemarié for purposes of the instant motion, that Lemarié, in violation of the PIIA, used Cloudmark's confidential information during the course of his employment with Vade Defendants.  Although such evidence suffices to support the jury's finding that Lemarié breached the PIIA, plaintiffs point to no evidence to support a finding that Lemarié earned his salary "as a result of" any such breach.  (See Final Jury Instructions at 44:12-13 (Instruction 43).)  For example, there is no evidence that the Vade Defendants hired Lemarié with the expectation he would use confidential information obtained from his employment with Cloudmark.  Nor, as another example, is there any evidence that Lemarié was paid a bonus or other compensation tied to the Vade Defendants' sales of, or profits realized from, products that Lemarié developed using plaintiffs' trade secrets.  Rather, the uncontested evidence is that Georges Lotigier ("Lotigier"), Vade Defendants' Chief Executive Officer, who frequently was in contact with Lemarié when Lemarié was employed by Cloudmark and was familiar with Lemarié's work there as a supervising engineer,[7] hired Lemarié to take over

---

[6] The $480,000 award corresponds to two years of Lemarié's annual salary of $240,000.  (See Trial Tr. 602:7-14.)

[7] At that time, the Vade Defendants were customers of Cloudmark (see Trial Tr. 1817:8-12) and Lemarié was the Vade Defendants' "main contact" (see Trial Tr. 1846:2-4).

supervision of Vade Defendants' engineers, which work Lotigier had been doing on top of his regular management duties.  (See Trial Tr. 1846:1-1847:3.)

Moreover, even if plaintiffs had made the above-referenced requisite connection between misappropriation and salary, there is no evidence to support a finding that, for any year, the entirety of Lemarié's salary was attributable to his use of Cloudmark's confidential information, nor is there any evidence from which an apportionment could be made.[8]  See O2 Micro Int'l Ltd. v. Monolithic Power Systems, Inc., 399 F. Supp. 2d 1064, 1076-77 (N.D. Cal. 2005) (finding defendant entitled to judgment as matter of law on claim for unjust enrichment, where plaintiff failed to offer evidence that could have "provide[d] a reasonable basis for the jury to apportion" amount of benefit attributable to misappropriation)

Lastly, Lemarié asserts that, in light of plaintiffs' failure to show he was unjustly enriched by his breach, he is entitled to judgment on their breach of contract claim. Under California law, however, "[n]ominal damages are properly awarded . . . [w]here there is no loss or injury to be compensated but where the law still recognizes a technical invasion of a plaintiff's rights or a breach of a defendant's duty."  See Avina v. Spurlock, 28 Cal. App. 3d 1086, 1088 (1972).  Indeed, such an award has been found not only proper but required under the precise circumstances pertaining here, namely, where a former employee, in breach of a confidentiality agreement with his former employer, uses the former employer's confidential information during the course of subsequent employment and the former employer is unable to establish any compensable loss.  See Elation Systems, Inc. v. Fenn Bridge LLC, 71 Cal. App. 5th 958, 965-66 (2021) (holding, where insufficient evidence supported jury's finding that former employee's breach of

---

[8] The Court finds unpersuasive plaintiffs' argument that Lemarié, by not raising the issue in his Rule 50(a) motion, waived his ability to argue any failure to apportion.  That issue was adequately raised in the Rule 50(a) motion, wherein Lemarié, after asserting there was no "nexus" between his salary and the breach, further argued that plaintiffs did not make "an attempt to quantify any such 'unjust enrichment.'"  (See Def.'s Mot. for J. as Matter of Law at 3.)

non-disclosure agreement caused financial loss, "trial court should have awarded nominal damages").

## CONCLUSION

For the reasons stated above, Lemarié's Motion for Relief From the Judgment and Renewed Motion for Judgment as a Matter of Law are hereby GRANTED.

The Clerk of Court is hereby DIRECTED to file an amended judgment that enters judgment in favor of plaintiffs and against Vade Defendants in the amount of $13,495,659, and judgment in favor of plaintiffs and against Lemarié in the amount of $1.00.

**IT IS SO ORDERED.**

Dated: July 10, 2023

MAXINE M. CHESNEY
United States District Judge